UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**AMENDED CLASS ACTION COMPLAINT**

**JURY DEMANDED**

## INTRODUCTION

1) This lawsuit arises out of an illegal enterprise owned and operated by Defendants individually and jointly, and by their partners, employers, employees, agents, and co-conspirators since December 2023, Club 180, and for some time prior thereto at other locations. Plaintiffs collectively request $10,000,000 in monetary damages, plus treble damages and declaratory relief, including the immediate closure of Club 180.

## SUMMARY OF FACTS

2) On or about September 2, 2022, Defendant Matthew Longcor, by and through his company AM314, LLC, (dba Two Fine Irishmen) entered a lease with property owner Evron, Inc. and property manager 7 Oaks Investments, both owned and operated by Defendants Paul and Nancy Waggener, for the property located at 18101 R Plaza, Suite 107, Omaha, NE 68135.

3) The lease states in paragraph (e) "Tenants Trade Name: Two Fine Irishmen" and specifically limits the use of the premises as follows: "Permitted Use of Premises: Bar & Grill for dine-in and take out."

4) The Two Fine Irishmen Bar & Grill went out of business sometime in 2023 and they allowed their liquor license to lapse, but the building and Club 180 still display the Two Fine Irishmen Sign, they bill credit cards as Two Fine Irishmen, they advertise on social media as Two Fine Irishmen, the Trade Name Two Fine Irishmen is still active, and the Two Fine Irishmen Trade Name used by AM314, LLC (Club 180) in their lease was never altered.

5) In addition, according to Nebraska.gov "TWO FINE IRISHMEN" is an active Trade Name with an Expiration Date of August 29, 2032.

6) Club 180 co-founder Miroslava posted the following in the club's group chat: "Two Fine Irishmen/Club 180 only has one legal owner and investor: Matthew Longcor. Everyone else

is a client." This post demonstrates that the owners considered Two Fine Irishmen and Club 180 as a single entity.

7) On December 12, 2023, Club 180 received a notice from the Omaha Planning Department to, "STOP ALL WORK," while they were secretly turning their bar and grill into an illegal strip club without permission from the landlord or the City of Omaha.

8) On or about December 22, 2023, Defendants Matthew Longcor, his wife Miroslava Kotsan ("Matt and Miro"), and their corporation AM314, LLC, opened Club 180, an illegal strip club that has ruined the neighborhood and caused at least two deaths.

9) On that night, Plaintiff the American Dream Bar ("American Dream") had no dancers because they were all recruited by Club 180 and the next night there were only two dancers.

10) Christmas week of 2023 was the worst ever for Plaintiff the American Dream, as it grossed less than $3,000 when the bar would normally average between $16,000 - $20,000.

11) In all, the American Dream estimates that it has lost in excess of $200,000 as a result of unfair competition by Club 180 since December 2023, as well as lost income from Tony Pham's and Ivon Penny's private parties which are held with Club 180 and American Dream dancers.

12) Matt and Miro opened Club 180 with the assistance of numerous silent partners and co-conspirators including drug dealers, prostitutes, and wealthy men from throughout the Omaha Metropolitan area like Defendants James Pull and Eric Havermann.

13) The cover charge is typically $20, but Club 180 often lets customers in for free.

14) They falsely advertise themselves as a "membership" club but there are no memberships at Club 180.

15) This is a false designation to stop law enforcement from entering the building without a warrant.

16) Club 180 has operated primarily from Wednesday to Sunday nights from 5:00 or 6:00 pm – 4:00 am on Sunday, Wednesday and Thursday and closing 5:00 on Friday and Saturdays, as well as after-hours parties at various locations.

17) Club 180 is adjacent to a church, daycare, and a high school along with several other traditional and mainstream businesses as well as residential zoning.

18) In the first few weeks, Matt and Miro invited all their wealthiest partners, clients, and friends to Club 180 to tip tens of thousands of dollars to the dancers on stage.

19) It was not uncommon for dancers to make $2,000 - $3,000 per night at Club 180 in the weeks after it first opened.

20) This however was short-lived, and Club 180 became more of a party spot for the owners, employees, dancers, and customers to consume alcohol, cocaine and other drugs, rather than a place for the dancers to financially prosper.

21) There are photos of Club 180 dancers drunk and passed out on the floor in their dressing room during shifts.

22) In addition, the owner Matt had sexual intercourse and oral sex with Club 180 dancers at the club during operating hours in front of other people.

23) While the neighbors and local community protested against the opening and operation of Club 180, Defendants ignored the community response and the City of Omaha and the Landlord Defendants (Evron, Inc., Seven Oaks Investment Corporation and Highland Associates, Inc., CTS, LLC and the Waggener family) failed to evict their tenants who were in violation of the parties' lease.

24) Matthew Longcor violated the lease by turning a bar and grill into a strip club, by allowing and participating in illegal activities, by failing to maintain $2 million in insurance per incident, by costing adjacent businesses hundreds of thousands of dollars and causing at least one establishment to go out of business, and by making renovations to the premises in excess of $2,500 without permission from the landlord.

25) A restaurant in R Plaza adjacent to Club 180, the Deviled Egg went out of business due to the strip club, which constitutes a direct violation of the Club 180 lease.

26) Upon information and belief, Club 180 was established to fulfill the sexual fantasies of its husband and wife founders, Defendants Matt and Miro and their silent partners and friends, while selling cocaine, illegally selling alcohol without a license, giving alcohol to minors as young as age 17, while facilitating prostitution, sex trafficking, and stealing from employees and customers, all at the expense of their dancers, security guards, customers, and residential and commercial neighbors.

27) Matt and Miro are longtime swingers who have had orgies and sex parties with cocaine and other drugs in the Omaha metropolitan area at many locations for a period of years.

28) Miro used her charm and success to approach, hire, and groom young, innocent girls from the Omaha metropolitan area to work at Club 180 and attend sex parties in exchange for money and cocaine, similar to Jeffrey Epstein's partner, sex trafficker Ghislaine Maxwell who is currently serving a 20-year prison sentence.

29) Defendants Ellie Jaike and Blaike Koca performed similar services for Club 180 as Miro.

30) Club 180 was never designed to be a law-abiding tax paying business.

31) Upon information and belief, Defendants have not paid accurate sales tax or income tax for Club 180.

32) It is estimated that the Defendants have jointly grossed in excess of $1 million since December 2023 from Club 180 operations.

33) Defendant Eric Havermann is one of Matt's silent partners who helps provide cocaine, customers, and dancers/prostitutes to Club 180.

34) Eric and Matt are creepy and disgusting bosses who forced Plaintiff Kimberly Hernandez to dance fully nude against her wishes.

35) After convincing her to do so, Eric repeatedly demanded that she spread her vagina so that he could look inside.

36) Plaintiff Hernandez was forced to dance for Matt and Eric in this demeaning manner on approximately 8 separate occasions of approximately 1 – 2 songs each (around 3 – 7 minutes each time).

37) Plaintiff Hernandez and other Jane Doe Dancers were harassed, bullied and defamed by Defendant dancers including but not limited to Malibu, Violet, Persuasia, Amira, and Raine.

38) Defendant James (Jim) Pull was accused of rape and sex trafficking by a Club 180 dancer in an Omaha Police Department report dated October 24, 2024, less than six months ago:

> "(She) stated **she was sad and wanted to forget (Jim Pull) raping her**," "she tried to get three protection orders on Pull," and while "crying" she said that, "**Pull threatens her almost everyday to have intercourse with her** …**Pull sells her body for sex with his friends constantly"** … and she believes, "**Pull puts drugs in her drinks…"**

39) Defendant Nicholas Scalise ("Nick") has been voted the #1 DJ in Omaha, has thousands of followers on social media and in the community, and was the primary reason Club 180 was able to open and operate, due to his following and credibility.

40) Nick promoted Club 180 on Facebook on dates including but not limited to 12/20/24, 12/7/24, 8/9/24, 1/12/24, 1/6/24.

41) Nick has had and continues to have sexual relations with Club 180 dancers.

42) Nick has a notorious reputation for playing music way too loud, and security guards have measured the decibels at 90 – 100 indoors and in excess of 70 outdoors, which constitutes a nuisance to the entire neighborhood.

43) Neighbors have complained that even when the police do respond to 911 noise complaints at Club 180, that the music is turned down temporarily and then returns to the same high volume the next night.

44) Defendant Breauna Hoffman aka Rose was one of Defendants' primary dancers and supporters and was intimately involved in Defendants' illegal activities.

45) Defendant Blaike Koca assisted with recruiting male and female customers as well as dancers with Club 180 owner Matt at bars throughout Omaha including Voodoo Bar as well as going on trips with Matt and other Club 180 employees.

46) Defendant Blaike Koca worked at Club 180 as a hostess and traveled with Matt and Eric to Florida when they sex trafficked a dancer.

47) Defendant Koca appeared in a Club 180 Facebook post on February 16, 2025, entitled: "Come meet our beautiful weekend front desk host Blaike!!"

48) Ms. Koca has also posted pictures on social media promoting the Voodoo Bar on behalf of Club 180.

49) Defendant Koca was aware, or with the use of reasonable care, should have been aware of the array of illegal activities occurring at Club 180.

50) Defendant Ayden Longcor referred Club 180 dancers to Blaike for chiropractic services: "text blaike if you want care"

51) On Saturday, April 27, 2024, at 4:25 pm, a Club 180 dancer texted a customer about a recent trip to Florida with Defendants Matt, Miro, Eric and Blaike stating:

> "I went out there (Florida) with Matt, Miro, Eric this girl Blake (Defendant Blaike Koca) and **Eric choked slammed and threw me into a car because I wouldn't have sex with him** and he was expecting me to but he was being so dirty and gross and I said that wasn't part of this trip … that's why I came home early because **he also slapped me in the face and then he was trying to do really gross things and over power me** and I just couldn't deal with it." (emphasis added)

52) These text messages are accompanied by a photograph of the dancer's swollen face after being struck by Eric Havermann.

53) Upon information and belief, Defendant Voodoo Lounge, Inc. (dba Voodoo Bar) has allowed Club 180 partners and employees to consume cocaine at Voodoo Bar parties, has allowed underage Club 180 dancers to consume alcohol at Voodoo Bar, has accepted fake IDs from Club 180 dancers, has allowed Club 180 dancers to expose their naked bodies in public at Voodoo Bar, and allowed Matt, Miro, Eric, Ellie, Blaike, Malibu and other Defendants to recruit customers and/or dancers for Club 180 from Voodoo Bar.

54) The Two Fine Irishmen Trade Name lists Irishmen 180, LLC as its contact on the Nebraska Secretary of State website Nebraska.gov.

55) Irishmen 180, LLC and Voodoo Lounge, Inc. dba Voodoo Bar share the same principal office address: 13974 Hickory Circle, Omaha, NE 68144, which is also the home address of Kyron O'Brien.

56) Irishmen 180, LLC breached corporate formalities by continuing to operate after being dissolved by the Secretary of State on or about June 21, 2023.

57) In a Club 180 group chat, a dancer asked, "Can you possibly send me a pic of that list that has all the bars to promote I never did this before besides Krush," to which the Club 180 manager replied, "Voodooo … (and other Omaha bars)"

58) Club 180 manager Dave Ekdahl promoted Voodoo Bar on Facebook on dates including but not limited to 12/30/24.

59) Defendant Brooke Liebert aka Malibu posted in the Club 180 group chat on an unknown date that, "There is a party at Voodoo that I'm gunna hit to promote before I go to the club feel free to join!"

60) Club 180 promoted an event at Krush Ultra Lounge on Facebook on 3/1/25 and Krush promoted an after party at Club 180 that night with hundreds of people.

61) Krush's liquor license was revoked and surrendered on April 14, 2025, due to numerous liquor law violations and other illegal activities allowed and perpetuated by its owner Defendant Tony Pham.

62) Upon information and belief, Tony is an addicted gambler who spends much of his time in Las Vegas and has engaged in numerous illegal activities including high-stakes poker games with Club 180 dancers, drugs, and minors.

63) A former employee of Tony Pham's recently posted the following scathing commentary on social media:

> My old boss Tony Pahm / @Krush is refusing to give me my last 2 paychecks … **<u>Between the underage women he's both hired AND made us serve, the illegal poker tournaments he holds, physically assaulting his staff members</u>**, being instructed to kick everyone out the back door to avoid questions from Omaha Police Department and SO much more…" (emphasis added)

64) Defendants including Matt, specifically told Club 180 security guards to look the other way when illegal activities were occurring; that certain security cameras shouldn't be watched at certain times; that certain people should not be frisked for weapons; and that certain people should not have to produce identification.

65) Despite actual notice of Defendants' illegal enterprise, Defendants Bravo1 Security and its owner Michael (Mike) Elayan continued to provide security guards for Club 180 and receive income from Club 180; without the services of these Defendants, Club 180 would have been unable to operate.

66) In the weeks before this lawsuit was filed, at least five Club 180 security guards quit due to Defendants' illegal activities and unsafe working environment.

67) At the time of filing, Club 180's head security guard was Stu Sleeper aka Stupac X ("Stu").

68) Despite knowledge of all the illegal activities, Defendant Stu continues to work at Club 180.

69) On or about March 12, 2025, Defendants began requiring Club 180 security guards to sign non-disclosure agreements to hide illegal activities.

70) Plaintiffs have collected a variety of evidence from several sources including videos of the owner Matt giving cocaine to a customer while molesting her, videos of Matt having sexual intercourse with a dancer on stage and receiving oral sex while his 21-year-old friend Roman watches, videos of Matt and Ayden stealing money, photos of Defendant Jim Pull snorting cocaine off a Club 180 dancer's nude body, screenshots of Kirkland brand alcohol in Club 180's office purchased by Matt at Costco.

71) Other incriminating evidence includes numerous videos, screenshots of photos, text messages, group chats, police reports and witness statements from five former security guards and Club 180 dancers, customers, and neighbors.

72) A customer of Club 180 recently walked into another club in Omaha and asked how much they charged for sex, stating that at Club 180 he could, "F*** the girls for $800."

73) When Club 180 opened in December 2023, it was primarily operated by Defendants Matt and Miro with the assistance of manager Dave Ekdahl and Matt's son Ayden Longcor who

was only 17 when he began working there, with Bravo1 Security and Mike Elayan providing security guards and DJ Next1 providing music on Friday and Saturday nights.

74) Matt and Dave worked as the managers along with Ayden and Miro worked as the hostess in the front.

75) When Matt wasn't working at Club 180, he was often partying there with Defendants, his silent partners, friends and the dancers, as well as the Voodoo Bar.

76) The Voodoo Bar profited from the business provided by the Club 180 Defendants including Matthew Longcor, Eric Havermann and Club 180 dancers.

77) Matt and Miro had a very dysfunctional relationship with a lot of yelling and physical abuse at Club 180 and are presently in the midst of a divorce.

78) Matt on at least one occasion pushed Miro to the ground and Miro once threw a full beer bottle at Matt.

79) Miro also angrily ripped wires out from the walls at Club 180 and broke the credit card machine.

80) Club 180 offers customers traditional strip club dances and entertainment in addition to prostitution, cocaine and other illegal substances.

81) The Club 180 ATM machine(s) and Toast credit card machine have evidence of the majority of financial transactions that occurred at Club 180.

82) Other evidence was maintained by Club 180 itself.

83) Club 180 features nude dancing by exotic dancers that Defendants recruited from other regional strip clubs and from bars and night clubs in the Omaha metropolitan area.

84) During Club 180's first weekend of operation, they recruited approximately 15 dancers from Plaintiff the American Dream.

85) Defendants lured dancers from the American Dream and other local gentlemen's clubs with drugs, cash, and false promises.

86) Plaintiff the American Dream has a roster of dancers around half the size it was before Club 180 opened.

87) In over 20 years of operation, the American Dream was never damaged as much by a competitor as it has been by Club 180 since December 2023, due to all the illegal activities that lure away dancers and customers.

88) Upon information and belief, Defendant Eric Havermann was barred from the Spearmint Rhino in Carter Lake for recruiting dancers for Club 180.

89) Club 180 attracted primarily dancers that had been fired from other clubs for drugs, prostitution, and/or breaches of their contracts or dancers under age 21 that were allowed to drink alcohol at Club 180 without restriction.

90) Upon information and belief, dancers work at Club 180 for three main reasons: (a) They allow minors age 20 and under as young as 17 (and possibly younger) to drink alcohol; (b) The owner Matt and his partners provide the dancers with cocaine; and (c) The dancers are allowed to engage in prostitution at Club 180 and other locations to supplement their income from exotic dancing.

91) Defendants including Matt give dancers and customers cocaine in exchange for sex acts at Club 180 and other locations in Nebraska, Florida, and Las Vegas.

92) Some Club 180 dancers receive free cocaine and free house (nightly fee paid by dancers) in exchange for sex acts with the owner Matt.

93) When dancers at Club 180 have a slow shift, they are sometimes paid to attend after hours parties where they are expected to have sex with some of the Defendants and their friends and partners.

94) In his brief tenure at Club 180, one security guard saw at least 3 or 4 dancers give customers hand jobs in private dances, which are illegal acts of prostitution.

**UNLICENSED ALCOHOL SALES & UNDERAGE CONSUMPTION**

95) Defendants including but not limited to Matt, purchase large amounts of alcohol at Costco Wholesale Corporation ("Costco") and illegally sell bottles of Kirkland brand Vodka, Tequila, and other alcohol for $60 - $100 per bottle to their customers at Club 180 without a liquor license in violation of Nebraska liquor law.

96) Club 180 sells these bottles at all times of the night and early morning, including after 2:00 am when alcohol cannot be legally purchased anywhere in Nebraska.

97) Club 180 Defendants, including Matt and Ayden, create, provide, and accept fake IDs from customers and dancers between the ages of 17 – 20, and possibly younger.

98) Defendant Rose who began working and drinking alcohol at Club 180 at age 19, consumed large quantities of alcohol at Club 180, and while leaving on two separate occasions, she crashed her vehicle in accidents that could have killed people.

99) Defendant Persuasia's two fake IDs were confiscated at Club 180 by security guards, yet Matt, Miro, Ayden, Mike and other Defendants allowed her to consume alcohol at Club 180.

100) Voodoo Bar allowed underage Club 180 dancers to consume alcohol at their bar since at least December 2023.

101) Defendants' illegal alcohol policies subject the minors who are drinking and the public at large to grave dangers from intoxicated drivers.

## PATTERN OF ILLEGAL ACTIVITIES AT CLUB 180

102) On the early morning of February 18, 2024, after being overserved alcohol at Club 180, Joshua Kuhl was driving home with a blood alcohol level of 0.192, when he crashed and killed another driver.

103) Though Mr. Kuhl was sentenced to 32 – 40 years for his crime, Club 180 was never held accountable for his death.

104) One Club 180 customer posted on Facebook on May 8, 2024, that, “I was in there last Saturday and I am pretty sure there is no way all these charges can be correct.”

105) One security guard alone was aware of at least 10 chargebacks including one for $8,000.

106) Another customer Joe Hunsucker posted online 11 months ago that, “This started off fun but got drugged by one of the girls and my credit card got ran three times to over $5,000 after saying it wasn’t working!! Total scam!!!”

107) Club 180 also does not perform background checks on their dancers, many of whom have extensive criminal records.

108) The Defendants’ lease requires AM314, LLC dba Club 180 to have at least $2 million in liability insurance per incident, which they do not have.

109) Upon information and belief, Defendants including Club 180, Matthew Longcor and Nicholas Scalise dba DJ Next1 (“Nick”), do not have blanket music licenses with any of the four of companies: ASCAP, BMI, GMR, and SESAC.

110) As such, Defendants are engaged in copyright infringement every time a song is played at Club 180.

111) Civil penalties are $750 - $30,000 per infringed work up to $150,000 for willful infringement, and criminal penalties including five years of imprisonment and fines up to $250,000.

112) In addition, Nick has been playing his music so loud at Club 180 since December 2023, that he and Club 180 constitute a public nuisance to all neighbors in the vicinity of 180th and Q Streets in West Omaha.

113) Despite numerous warnings from the Omaha Police Department, Nick and Club 180 insist on playing their music very loud during operating hours from 9:00 pm – 5:00 am, disturbing the entire neighborhood.

114) There have been at least 48 calls to 911 about Club 180, most of them anonymous noise complaints.

115) While they should have been ticketed three times and their certificate of occupancy revoked pursuant to the Good Neighbor Ordinance, the authorities have taken no action.

116) Club 180 has been illegally charging credit cards through the company Toast under the guise that they are still the Two Fine Irishmen Bar & Grill.

117) Plaintiff Kristin Rozmariek's husband Gordon Brummel was charged over $1,000 in unusual increments without an accounting or explanation for the charges.

118) Her husband's credit card was charged by "Two Fine Irishmen."

119) Club 180 has a reputation for charging customer credit cards without providing receipts.

120) Club 180 has an occupancy of only 85 but permits hundreds of people to enter the club at any given time.

121) On early Sunday morning, March 2, 2025, Defendant Krush had an after party at Club 180 with over 200 customers.

122) A brawl broke out that night among gang members where someone could have been killed.

123) A security guard reported finding bullets in the parking lot.

124) One security guard said he pulled his gun 6 times in one year at Club 180, more than 30 years of combined security.

125) Another part-time security guard pulled his gun 3 times during his short period at Club 180.

126) In March 2025, a customer pulled a gun on a security guard at Club 180.

127) Dancers were told by Defendants, including Matt to limit their cocaine consumption to the restrooms and the back room where there are no cameras.

128) Defendants congregate in the restrooms for extended periods of time to consume illegal drugs.

129) A dancer in the Club 180 group chat asked about the "coke (cocaine) problem" at Club 180.

130) Defendants Matt and Eric assault their dancers by smacking and slapping their bodies and forcing them to consume large amounts of hard alcohol.

131) Matt and Eric required Plaintiff Kimberly Hernandez to dance for them completely naked (when she had never done so before) and to spread her vagina open wide so they could look inside.

132) They subject Mr. Hernandez to this demeaning treatment on approximately 8 occasions for one to two songs each time.

133) Matt and Miro would make people watch them have sex.

134) Upon information and belief, Defendants including Matt, Miro and their friends, invite(d) customers and other individuals to sex parties at Club 180 and other locations where Defendants receive sex and cocaine in exchange for money.

135) Matt and other Defendants often hire security guards to work at their sex parties.

136) Voodoo Bar hires security guards for its private parties.

137) Upon information and belief, Defendants including but not limited to Matt, Eric and Club 180 dancers, traffic dancers to and from the State of Iowa to Nebraska for purposes of prostitution.

138) Defendants Matt and Eric have sex trafficked young women to Florida and Las Vegas for immoral purposes.

139) Defendants Matt and Miro have recruited dancers, prostitutes and customers from public places including the Voodoo Bar in West Omaha.

140) Club 180 Defendants have violated Title VII of the Civil Rights Act of 1964 by way of racial and ethnic discrimination of minority dancers including Asians and Africans and gender discrimination.

141) Dancers and a DJ were discriminated against and fired from Club 180 due to their race or ethnicity.

**DEFENDANTS REFUSE TO STOP THEIR ILLEGAL ENTERPRISE**

142) Defendants had actual knowledge of all illegal and tortious activities alleged herein.

143) Five of Defendants' security guards have quit Club 180 in the last month due to the illegal activities and dangerous working conditions.

144) Plaintiffs' counsel sent Defendants' owner Matt a lengthy email and text message demanding that Club 180 cease all illegal activities and these requests were ignored.

145) Plaintiffs' counsel sent many of the Defendants letters advising them of all the illegal activities at Club 180 and requesting that they cease and desist.

146) Plaintiffs' counsel sent the landlord Defendants an envelope with witness statements and a flash drive filled with evidence sufficient to evict the Club 180 tenant(s).

147) Plaintiff Chuck Streblow quit on March 5, 2025, when Defendant Matt allowed a young female customer to snort cocaine in the front of the club out in the open after Matt had already been informed that he was being sued and that the authorities were investigating Club 180.

148) Instead of closing or stopping their illegal activities, Defendants' response was to have the security guards sign non-disclosure agreements.

149) In addition, Defendant Eric Havermann called Plaintiffs' attorney on the phone at 6:00 pm on March 27, 2025, and essentially threatened the life of Plaintiffs' counsel.

150) Plaintiffs' counsel filed a report with the Douglas County Sheriff's Office against Mr. Havermann on March 31, 2025, for violating NRS 28-1310 Intimidation by telephone call or electronic communication which is a Class I Misdemeanor.

151) As of April 18, 2025, the authorities are pursuing charges and a warrant has been issued for the arrest of Defendant Eric Havermann.

152) Defendants' illegal enterprise poses dangers to its dancers and customers, together with its neighbors and the local community.

153) Plaintiffs reported these activities to the authorities prior to filing this original complaint on April 1, 2025, for the benefit of the community and the people that are being exploited by Defendants.

154) Defendants are jointly and severally liable for all damages caused by their illegal enterprise.

155) Defendants have participated in and profited from Club 180 since December 2023, and for some time prior thereto at other locations.

156) Plaintiffs respectfully request that Defendants be held accountable for the damages they have caused, that Club 180 be ordered to close immediately and that they be prohibited from opening another similar establishment in the future.

**CLUB 180 DANCERS ARE EMPLOYEES ENTITLED TO WAGES**

157) The arbitration agreements in AM314, LLC's contracts are unenforceable because they do not comply with Nebraska law.

158) Specifically, the contracts do not contain the statutorily required statement by the signature block: THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES.

159) In addition, Defendants by and through their contracts, mischaracterize Plaintiff Kimberly Hernandez and the Jane Doe Dancer Plaintiffs as independent contractors instead of employees to avoid paying wages, taxes, and worker's compensation.

160) Defendants have violated the Fair Labor Standards Act (FLSA) under the totality of circumstances rule and the prior 2021 rule.

161) Ms. Hernandez and all Club 180 dancers are in fact employees entitled to wages because Defendants have detailed contracts that control how the Dancer Plaintiffs' work is done, Defendants tell Plaintiff Dancers where they can and cannot work, they issue new rules on a frequent basis in group texts, and they make dancers pay monetary fines if they do not come to work upon demand by Defendants.

162) After paying $35 - $200 for a shift, Plaintiffs often earn less than minimum wage from tips because Club 180 has inconsistent business.

163) In fact, Plaintiff Dancers sometimes leave Club 180 with less money than they arrive with.

164) After promising for one year that they would provide Plaintiff Kimberly Hernandez and other dancers with 1099's to file taxes, they refused to provide either a 1099, W-2, K1 or any tax forms whatsoever, when they provided the male security guards with 1099's.

165) Dancer Plaintiffs spend many years developing their skills as exotic dancers as well as their social skills with customers. This includes but is not limited to acrobatic pole tricks, complex dancing, and other skills that take years to acquire. Without Plaintiffs' skills and initiative, they are unable to perform their job and earn money at Club 180.

166) The working relationship between Dancer Plaintiffs and Defendants is ongoing as dancers are required to dance a minimum of 2-3 times per week.

167) Plaintiff Hernandez has danced at Club 180 approximately 90 shifts in 15 months.

168) Furthermore, pursuant to their contracts, Defendants maintain a "Promotional License" in "perpetuity" to use Plaintiffs' "photos, videos, snapchat, and dancer name to promote Club 180."

169) Dancer Plaintiffs spend thousands of dollars on equipment and materials including outfits, jewelry, shoes, makeup, perfume, lotions, hair extensions, all of which are not provided by Club 180.

170) Dancer Plaintiffs spend thousands of dollars on gym memberships, tanning, cosmetic surgery, and services to improve their looks and performances at Club 180.

171) Dancer Plaintiffs have their own vehicles and provide their own transportation.

172) The service rendered by the dancers is integral to Defendants' business; without the Dancer Plaintiffs there would in fact be no business.

173) Dancer Plaintiffs were never offered the option of being an employee.

174) Plaintiff Hernandez and all Dancers were provided take it or leave it contracts by Matt and Miro labelling them either as "Independent Contractor" or "Traveling Independent Contractor."

175) As a result of the foregoing, Kimberly Hernandez, the Dancer Plaintiffs and all dancers from Club 180 are entitled to wages in the amount of $13.50 per hour for every hour worked at Club 180, approximately $120 per shift.

**DEFENDANTS ARE ENGAGED IN A CONSPIRACY**

176) Defendants are engaged in a common enterprise of advertising, marketing, promoting, supporting, and patronizing Club 180 and its employee dancers, and profiting therefrom.

177) Club 180 dancers advertise and promote "Two Fine Irishmen Bar & Grill" as the location of their enterprise on Instagram where they have 90 posts and 530 followers.

178) Club 180 also recruits dancers and hundreds of customers from bars like the Voodoo Bar in West Omaha.

179) Defendants Throwback Empire, LLC dba Ultra Krush Lounge ("Krush") and Tony Pham cross-promote with Club 180 and have held illegal poker games with drugs and Club 180 dancers for years.

180) These illegal poker games used to be held most Sunday nights at the Throwback Lounge when it was closed to the public.

181) Defendants jointly promote Club 180, Krush Ultra Lounge, and Voodoo Bar on social media.

182) Upon information and belief, Defendants arrange and participate in illegal sex and drug parties at other locations.

## JURISDICTION

183) This court has jurisdiction under Civil RICO, Title VII of the Civil Rights Act of 1964, and the National Labor Relations Act (NLRA) and supplemental jurisdiction over the Nebraska State causes of action. Defendants' arbitration clause in their dancer contracts is unenforceable as it fails to comply with NRS 25-2602.02 (it does not contain the statutorily required statement by the signature block: THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES), and because the majority of Plaintiffs (security, neighbors, competitor, and customers) have no written contract with Defendants.

## VENUE

184) The activities underlying this complaint arose in this district and the Plaintiffs and majority of Defendants and witnesses reside in this district.

## PARTIES

### PLAINTIFFS

185) Chuck (aka Charles) Streblow is a Nebraska resident and a former security guard of Club 180.

186) Kristen Rozmiarek is a Nebraska resident and the widow and representative of Gordon Brummel, former customer of Club 180.

187) Kimberly Hernandez is a Nebraska resident and an exotic dancer formerly employed by Club 180.

188) Sarah Houston is a Nebraska resident residing adjacent to Club 180.

189) Imagination Industries, Inc. dba the American Dream Bar is an Omaha bar with showgirls that is a competitor of Club 180.

190) Casey Rowe is the sole owner and operator of the American Dream.

191) John Doe Security Guards #1 – 7 are Club 180 former security guards who wish to remain anonymous.

192) Jane Doe Dancers #1 – 25 are Club 180 current and former dancers who wish to remain anonymous.

193) John and Jane Doe Customers #1 – 100 are Club 180 former customers who wish to remain anonymous.

**THE CLASS**

194) Pursuant to Federal Rules of Civil Procedure 23, and 28 U.S.C. § 1332, Plaintiff Sarah Houston brings this action on behalf herself individually and on behalf of all other similarly situated neighbors of Club 180.

195) Excluded from the Class are the Defendants, and any firm, trust, corporation, or other entity in which any Defendant is an agent, beneficiary, officer, director, shareholder, or trustee, as well as the agents, representatives, officers, directors, subsidiaries, heirs, successors-in-interest, and assigns of any such excluded party.

196) The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believes that the Class consists of approximately 75 – 100 members.

197) The identity of every residential homeowner and commercial business owner can be obtained publicly by way of the Douglas County property records online.

198) Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

199) Commonality includes but is not limited to: (a) Nuisances caused by Defendants to members of the Class via music, vibrations, lights, litter, and motor vehicles; (b) Damages caused by Defendants' nuisances; and (c) Loss of property value and business revenue as a result of Defendants' illegal enterprise.

200) Since joinder of all members is impracticable, a Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

201) Because the damages suffered by individual Class members may be small relative to the total damages suffered by the Class, the expense and burden of litigation make it impossible for members of the Class to individually redress the wrongs done to them.

202) There will be no difficulty in the management of this suit as a class action as Plaintiffs' counsel has experience in such matters.

## DEFENDANTS

203) Club 180 is an all-nude BYOB strip club located at 18101 R Plaza, Suite 107, Omaha, NE 68135, operating out of the Two Fine Irishmen Bar & Grill.

204) AM314, LLC is a corporate owner, co-owner, and/or operator or co-operator of Club 180 with a principal office address of 18101 R Plaza, Suite 107, Omaha, NE 68135.

205) Irishmen 180, LLC, is the legal owner of the Two Fine Irishmen trade name, company and brand.

206) Toast, Inc. is a credit processing service for restaurants used by Defendants with a corporate address of 333 Summer St. Boston, MA 02210.

207) Matthew Longcor ("Matt") is the co-owner and operator of Club 180 with a home address of 4913 South 192nd Ave., Omaha, NE 68135.

208) Ayden Longcor ("Ayden") is a co-owner and co-operator of Club 180 with a home address of 4913 South 192nd Ave, Omaha, NE 68135.

209) Eric Havermann ("Eric") is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees who openly sells and consumes cocaine at Club 180 and resides at 17725 Lochland Ridge, Council Bluffs, IA 51503.

210) Nicholas Scalise dba DJ Next1 ("Nick") has been an employee and the primary DJ for Club 180 since it opened, maintaining home and business addresses including 13535 Westwood Lane, Omaha, NE 68144 and/or 14105 Sprague Street, Omaha, NE 68164.

211) Miroslava Kotsan ("Miro") was the co-owner of Club 180 for the majority of its existence.

212) James Pull ("Jim") is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees who resides at 5901 S. 190th Terrace, Omaha, NE 68135.

213) David Ekdahl ("Dave") is a manager of Club 180 with a home address of 4723 N. 131st Street, Omaha, NE 68164.

214) Ellie Jaeke has been Eric Havermann's girlfriend, partner, agent, recruiter and co-conspirator since at least September 7, 2024.

215) Marley Nygaard was a partner, agent, recruiter and/or co-conspirator of Matt, Club 180, and its servants, agents and employees, who was openly allowed to sell and deliver cocaine to Club 180.

216) Blaike Koca was an employee, partner, agent, recruiter and/or conspirator of Matt, Eric, Club 180, and its servants, agents, and employees who allegedly quite working at Club 180 on or about March 29, 2025.

217) Jessica Richardson aka Marie is a Club 180 dancer involved in Defendants' illegal enterprise who has a reputation for drugging customers and overserving them alcohol.

218) Brooke Leibert aka Malibu is a Club 180 dancer involved in Defendants' illegal enterprise and one of Matt's primary partners, employees, and/or agents.

219) Breauna Hoffman aka Rose is a Club 180 dancer involved in Defendants' illegal enterprise and one of Matt's primary partners, employees, and/or agents.

220) Teaona Mason aka Violet is a Club 180 dancer involved in Defendants' illegal enterprise.

221) Lanie Wilson aka Stormie is a Club 180 dancer involved in Defendants' illegal enterprise.

222) Katherine Tedi Smith aka Sienna is a Club 180 dancer involved in Defendants' illegal enterprise.

223) Patience Elizabeth aka Pretty P is a Club 180 dancer involved in Defendants' illegal enterprise.

224) Elena Rhodd-Morales aka Starr is a Club 180 dancer involved in Defendants' illegal enterprise.

225) Christina Craft aka Skyla is a Club 180 dancer involved in Defendants' illegal enterprise.

226) Brittney Dinovo aka Indie is a Club 180 dancer involved in Defendants' illegal enterprise.

227) Kiara Morales aka Kino is a Club 180 dancer involved in Defendants' illegal enterprise.

228) Tanea White aka Nea is a Club 180 dancer involved in Defendants' illegal enterprise.

229) Skylar Dickey aka Skye is a Club 180 dancer involved in Defendants' illegal enterprise.

230) Janae Balt aka Raine is a Club 180 dancer involved in Defendants' illegal enterprise.

231) A. Jansen aka Persusia is a Club 180 dancer involved in Defendants' illegal enterprise.

232) Amira is a Club 180 dancer involved in Defendants' illegal enterprise.

233) Octavia is a Club 180 dancer involved in Defendants' illegal enterprise.

234) Jessie is a Club 180 dancer involved in Defendants' illegal enterprise.

235) Santana is a Club 180 dancer involved in Defendants' illegal enterprise.

236) Sapphire is a Club 180 dancer involved in Defendants' illegal enterprise.

237) Winter is a Club 180 dancer involved in Defendants' illegal enterprise.

238) Mireya is a Club 180 dancer involved in Defendants' illegal enterprise.

239) Tiny is a Club 180 dancer involved in Defendants' illegal enterprise.

240) Echo is a Club 180 dancer involved in Defendants' illegal enterprise.

241) Defendants Amira, Octavia, Jessie, Santana, Sapphire, Winter, Mireya, Tiny, and Echo are stage names of Club 180 exotic dancers with real names unknown.

242) Evron, Inc. is the owner of the properties where Club 180 is located (18101 and 18021 R Plaza) maintaining a registered office address at 13304 West Center Road, #202, Omaha, NE 68144.

243) Seven Oaks Investment Corporation is a self-described "Real Estate Owner and Operator" that is a co-owner, operator, and/or manager of properties located at 18101 and 18021 R Plaza, Omaha, NE 68135, with a registered office address of 13304 West Center Road, #202, Omaha, NE 68144.

244) Highland Associates, Inc. is a self-described "Real Estate Investment and Operation" corporation that is a co-owner, operator, and/or manager of properties located at 18101 and

18021 R Plaza, Omaha, NE 68135, with a registered office address of 13304 West Center Road, #202, Omaha, NE 68144.

245) CTS, LLC, is a co-owner, operator, and/or manager of properties located at 18101 and 18021 R Plaza, Omaha, NE 68135, with a registered office address of 13304 West Center Road, #202, Omaha, NE 68144.

246) "Landlord Defendants" Evron, Inc., Seven Oaks Investment Corporation and Highland Associates, Inc., CTS, LLC, have failed to comply with corporate formalities, thus entitling Plaintiffs to proceed against the corporate shareholders of the Waggener family individually, including but not limited to Nancy and Paul Waggener.

247) Nancy Waggener is a shareholder of all four of the Landlord Corporations and resides at 427 S. 38th Ave., Omaha, NE 68131.

248) Paul Waggener is affiliated with all four of the Landlord Corporations and resides at 2340 County Road P40, Omaha, NE 68112.

249) Voodoo Lounge, Inc. dba Voodoo Bar owns and operates a bar in West Omaha at 304 North 168th Circle, #210, Omaha, NE 68118.

250) Kyron O'Brien is the owner of Voodoo Lounge, Inc. dba Voodoo Bar and co-owner of Irishmen 180, LLC dba Two Fine Irishmen.

251) The Two Fine Irishmen Trade Name is an associated entity of Irishmen 180, LLC

252) Bravo1 Security has been the exclusive provider of security guards for Club 180 since it opened, maintaining a principal office address of 2305 S. 123rd Ave., Omaha, NE 68144.

253) Michael Elayan is the sole owner of Bravo1 Security.

254) Stu Sleeper aka Stupac X is an employee of Bravo1 Security and the head security guard at Club 180 at the time this complaint was filed.

255) Jalil Tookhi is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents and employees, who is openly allowed to sell illegal drugs at Club 180.

256) Malik Harmon is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents and employees, who is openly allowed to sell illegal drugs at Club 180.

257) Abdul Rahmanzai aka Jamaal is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents and employees, who is openly allowed to sell illegal drugs at Club 180, and who assaulted the Club 180 dancer Mysol.

258) David Looloo is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents and employees, who is openly allowed to sell illegal drugs at Club 180.

259) Eric, Roman, Marley, Jalil, Malik, Abdul and David shall hereinafter be referred to collectively as the "Drug Dealer Defendants."

260) Tony Pham is the former owner of the Ultra Krush Lounge who is a promoter and frequent customer of Club 180, referring promoters and hundreds of customers to Club 180, and formerly maintaining a business address of 1402 Howard Street, Omaha, NE 68102.

261) Breanna Pham-Carr is a partner in Throwback Empire, LLC., with a principal office address of 2505 N 188th Street, Elkhorn, NE 68022.

262) Throwback Empire, LLC dba Krush Ultra Lounge was an Omaha night club (whose liquor license was recently revoked) where Defendants held illegal poker parties with Club 180 dancers at 1402 Howard Street, Omaha, NE 68102.

263) Ivon Penny is a partner, agent and/or co-conspirator of Club 180 dancers and former American Dream dancers.

264) Chad (last name unknown) is a frequent Club 180 customer who owns and operates a party bus that is used by Club 180.

265) Roman (last name unknown) is Chad's son and a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents and employees who was allowed to sell marijuana at Club 180.

266) John and Jane Roes #1 – 50 are unidentified partners in Defendants' drug trafficking, prostitution and gambling enterprise.

## FIRST CAUSE OF ACTION

## WRONGFUL DEATH

267) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

268) On the Saturday night and/or early Sunday morning of September 14 and 15, 2024, Plaintiff Kristen Rozmiarek's husband Gordon Brummel was a customer at Club 180.

269) Upon information and belief, that night/morning he was drugged by dancer Marie (Jessica Richardson).

270) Upon information and belief, that night/morning Marie overserved Mr. Brummel large amounts of hard alcohol.

271) Upon information and belief, Marie served Mr. Brummel at least 15 shots/ounces of hard alcohol.

272) Upon information and belief, Mr. Brummel was served alcohol after he was in a blackout.

273) In addition to overserving and/or poisoning Mr. Brummel with alcohol, a security guard saw Marie put something in Mr. Brummel's mouth the night of the incident.

274) Marie had a reputation for drugging customers at Club 180 and the Spearmint Rhino in Carter Lake.

275) Club 180 and Bravo1 Security knew, or with the exercise of reasonable care, should have known that Marie was drugging and overserving alcohol to customers.

276) Jessica Richardson aka Marie, was an employee of Club 180 acting in the scope of her employment when she drugged and overserved Mr. Brummel.

277) Bravo1 Security was negligent, careless and reckless in failing to provide adequate security for Mr. Brummel.

278) Club 180 was negligent, careless and reckless in allowing Mr. Brummel to leave Club 180 and drive in the condition he was in.

279) As a proximate cause of the foregoing, Gordon Brummel crashed his car on the way home at approximately 3:49 pm.

280) Upon information and belief, Mr. Brummel lost consciousness while driving home as a result of the drugs and alcohol consumed at Club 180.

281) Even though the airbag deployed Mr. Brummel was ejected from the vehicle.

282) His blood alcohol content was approximately 0.28, nearly four times the legal limit.

283) After two days of severe pain and suffering and life-saving efforts at the hospital, Mr. Brummel tragically passed away at the age of 35.

284) Mr. Brummel is survived by his wife, Plaintiff Kristen Rozmiarek, and two young children.

285) After the accident occurred, Club 180 covered up the crime by claiming none of their 23 cameras were working the night of the incident.

286) In addition, while the GPS in Mr. Brummel's wallet was still pinging from Club 180, Matt and Club 180 claimed they never found it.

287) Plaintiffs request compensation for pain and suffering, lost earnings, and loss of consortium by Plaintiff Kristen Rozmiarek, and that Club 180 be closed immediately so they do not cause any more deaths.

## SECOND CAUSE OF ACTION

## CIVIL RICO VIOLATIONS

## PROSTITUTION

288) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

289) Defendants Matthew Longcor, Miroslava Kotsan, Eric Havermann, AM314, LLC, and some of the Dancer Defendants engage and/or have participated in prostitution and/or recruiting innocent young women from the Omaha metropolitan area and groom them to be prostitutes.

290) These locations include but are not limited to the Voodoo Bar.

291) These Defendants also convert hardworking innocent young exotic dancers into drug addicted prostitutes.

292) Upon information and belief, Defendants have facilitated the prostitution of dancers to customers at Club 180 and other locations in the City of Omaha.

293) Upon information and belief, Defendants including but not limited to Matt, Eric and Jim pimp their dancers to customers during operating hours and private parties, including poker parties, in exchange for money and/or cocaine.

294) Upon information and belief, Defendants including but not limited to Matt, Eric, and Jim pay dancers with cash and/or cocaine to engage in sex acts with customers of Club 180.

295) Upon information and belief, their prostitution enterprise has grossed hundreds of thousands of dollars since December 2023.

296) Upon information and belief, Defendants were engaging in similar activities prior to December 2023 at other locations in Omaha.

297) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

298) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

299) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

300) The aforementioned Defendants are associated with this enterprise.

301) The enterprise engages in interstate commerce.

302) The enterprise's activities effect interstate commerce.

303) As a result of this prostitution enterprise, Club 180, by and through the aforementioned Defendants while acting within the scope of their duties, did injure Plaintiffs.

304) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

305) Some Jane Doe Dancers were coerced into committing acts of prostitution by Matt, Eric, Jim and other Defendants, suffering damages as a result.

306) When exotic dancers like Plaintiff Hernandez and the Jane Doe Dancers are offering legal services in an environment where other women are offering illegal oral sex and intercourse, it makes it much harder to compete and law-abiding Dancer Plaintiffs earn much less money as a result.

307) Plaintiff the American Dream has lost dancers, customers, and income due to Plaintiffs' prostitution.

308) The Neighbor Defendants have suffered lost property value to their homes and businesses due to Defendants' prostitution enterprise.

309) As a direct and proximate result of Defendants' aforementioned racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

310) Wherefore, the Neighbor Plaintiffs, Ms. Hernandez, the Jane Doe Dancer Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' prostitution enterprise.

## THIRD CAUSE OF ACTION

## CIVIL RICO VIOLATION

## SEX TRAFFICKING

311) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

312) Defendants, including Matt, Miro, Eric, Jim, Blaike, AM314, LLC, and their co-conspirators, including the exotic dancers named as Defendants in this amended complaint, have facilitated sex trafficking of young women by recruiting them at local establishments in Omaha including the Voodoo Bar, and across state lines in Iowa at the Spearmint Rhino.

313) Some of the Defendants engage in the acquisition of exotic dancers and prostitutes at other local bars in Omaha.

314) Defendants pimp prostitutes to customers at Club 180 and other locations, including high-stakes illegal poker parties.

315) Defendants travel with these young women across state lines for purposes of prostitution in states including but not limited to Florida and Nevada.

316) On one trip to Florida, Eric beat up a dancer Skyla who refused to have sex with him, which is documented with photos and text messages.

317) A Club 180 dancer filed a police report in October 2024, stating that Defendant James Pull was sex trafficking her.

318) Amy Hadan Fleming posted on social media that, "The old Two Fine Irishmen (180th & Q) is and has been a gentlemen's club DBA Club 180. I personally know a lady whose daughter was a dancer there and trafficked. She and others were offered (cocaine emojis) routinely and that's when they were taken advantage of. Allegations of SA, trafficking and physical assault. Everything has been reported to the police…"

319) The aforementioned activities violate 22 U.S.C. § 7102.

320) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

321) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

322) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

323) The aforementioned Defendants are associated with this enterprise.

324) The enterprise engages in interstate commerce.

325) The enterprise's activities effect interstate commerce.

326) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

327) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

328) As a result of the foregoing, the Plaintiffs who are legitimate exotic dancers at Club 180 earn far less money because a large percentage of gross revenue is channeled toward the Defendants' sex trafficking, leaving far less money for stage tipping and private dances to be earned by Kimberly Hernandez and the Jane Doe Plaintiffs.

329) The Neighbor Plaintiffs have suffered lost property value to their homes and businesses due to Defendants' sex trafficking enterprise and Plaintiff American Dream has lost dancers, customers and revenue.

330) Wherefore, Plaintiff Hernandez, the Jane Doe Dancer Plaintiffs, Neighbor Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' sex trafficking.

## FOURTH CAUSE OF ACTION

## CIVIL RICO

## DRUG TRAFFICKING

331) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

332) Defendants Matt, Eric, Jim, AM314, LLC, and their cocaine dealers including but not limited to Defendants Marley Nygaard ("Marely"), Malik Jarmon ("Malik"), Abdul Rahmanzai aka Jamaal ("Jamaal"), Jalil Tookhi ("Jalil") and David Looloo ("David") distribute and consume cocaine at Club 180 in violation of the Controlled Substances Act and Nebraska State law.

333) Upon information and belief, the Drug Dealer Defendants Matt, Eric, Marley, Malik, Jamaal, Jalil, and David have additional undisclosed partners.

334) The Drug Defendants obtain large quantities of cocaine from sources outside the State of Nebraska who deliver it to Defendants at Club 180 and other locations in the Omaha Metropolitan area.

335) Upon information and belief, the aforementioned Defendants allow and encourage cocaine consumption and trafficking at Club 180 in the restrooms, the back room, and a blind spot in the hallway.

336) On New Year's Eve of 2024, many people were openly consuming cocaine at Club 180.

337) There are videos of Matt providing cocaine to customers at Club 180.

338) Oftentimes when cocaine is being consumed, Matt will instruct Club 180 security guards to ignore it and look the other way.

339) In the group chat Defendant Tanea A. White aka Nea wrote, *"Also what about the coke problem as well?"*

340) The response by management was, *"If you know there are multiple ladies in a stall doing, cocaine, then notify security."*

341) Plaintiff Chuck Streblow quit as head security guard on March 5, 2025, when Defendant Matt gave a female customer cocaine to snort in the front of the club in plain view of customers and security cameras.

342) On January 29, of 2024 or 2025, there was drug dealing in the Club 180 group chat between Laney Wilson, Princess AK, and na3xotic, stating in part: "hey sexies my order from cali just arrived … is it the dispos or u gotta have a pen … dispos" (marijuana/cannibus)

343) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

344) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

345) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

346) The aforementioned Defendants are associated with this enterprise.

347) The enterprise engages in interstate commerce.

348) The enterprise's activities effect interstate commerce.

349) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

350) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

351) Plaintiffs have sustained damages because cocaine is used to trade for sex acts at Club 180, which make it more difficult for legitimate exotic dancers like the Dancer Plaintiffs to earn monetary tips.

352) It also makes it more difficult for Plaintiff the American Dream to compete as they do not allow the sale or consumption of illegal drugs including cocaine.

353) Some Jane Doe Plaintiffs were introduced to cocaine by Defendants, and it has ruined their lives.

354) Some Club 180 Dancer Defendants are so hooked on drugs, that they are willing to tolerate the physical and mental abuse of Defendants Matt, Eric and their friends just so they can get their cocaine.

355) Some of these drug addicted dancers have even said they will lie to protect Matt and Eric from criminal prosecution.

356) Wherefore, Plaintiff Hernandez and the Jane Doe Dancer Plaintiffs request damages in the amount of lost earnings, together with physical, emotional and mental damages caused as a result of Defendants' drug trafficking enterprise, the Residential and Commercial Neighbor Plaintiffs request damages for lost property value, and Plaintiff the American Dream requests damages for lost income.

**FIFTH CAUSE OF ACTION**

**CIVIL RICO**

**WIRE FRAUD**

357) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

358) Defendant including but not limited to AM314, LLC, Two Fine Irishmen and Matthew Longcor commit wire fraud by overcharging customers credit and debit cards without their knowledge or consent, often when they are in blackouts and by failing to provide receipts to customers including but not limited to Plaintiff Gordon Brummel.

359) One customer was charged $8,000 in such a scheme and another $5,000, when no goods or services offered by Club 180 could cost a fraction of that.

360) Club 180 also commits wire fraud by advertising itself as an exclusive private membership club, when in fact it is a dangerous strip club that is open to the public where customers are allowed to bring drugs and weapons and the security is told to never call the police unless there is an absolute emergency.

361) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

362) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

363) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

364) The aforementioned Defendants are associated with this enterprise.

365) The enterprise engages in interstate commerce.

366) The enterprise's activities effect interstate commerce.

367) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

368) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

369) Wherefore, Plaintiffs seek damages in the amount of overcharges and charges made without the consent of customers, including Plaintiff Gordon Brummel.

## SIXTH CAUSE OF ACTION

## CIVIL RICO

## ILLEGAL GAMBLING

370) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

371) Upon information and belief, Defendants Tony Pham, Breanna Pham-Carr, Club 180 dancers and their co-conspirators, and John Roe Defendants held illegal poker games, traditionally on Sundays at Throwback Empire, LLC dba the Throwback Lounge (now known as Krush Ultra Lounge) where cocaine was sold or traded for sex, dancers were pimped out, and high-stakes illegal poker was played.

372) The aforementioned Defendants have held illegal poker games at other locations with Club 180 dancers since December 2023 and for some time prior thereto.

373) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

374) Throwback Empire, LLC constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

375) Throwback Empire, LLC has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

376) The aforementioned Defendants are associated with this enterprise.

377) The enterprise engages in interstate commerce.

378) The enterprise's activities effect interstate commerce.

379) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

380) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiff Hernandez, the Jane Doe Plaintiff Dancers and the American Dream have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

381) Club 180 and the American Dream have had difficulty finding dancers on Sunday nights (or any night an illegal gambling event is held) because many of their dancers attend these gambling parties with drugs and prostitution.

382) As a result of the foregoing, Plaintiff Hernandez, the Jane Doe Plaintiffs, and the Security Guards have suffered damages in lost income and for the Jane Doe dancers who attended the events, damages for assault, sexual harassment, and wages.

383) Plaintiff American Dream has suffered damages through Defendants' acts of luring away dancers and customers for illegal gambling events and activities associated with Club 180.

## SEVENTH CAUSE OF ACTION

## CIVIL RICO

## WITNESS & ATTORNEY TAMPERING

384) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

385) To protect his enterprise Club 180, Defendant Matthew Longcor, acting individually and on behalf of AM314, LLC, engaged in witness tampering by threatening to send people to the homes of witnesses, parties and their attorney in this action to cause them physical harm and prevent them from testifying.

386) These threats were made to Plaintiff Chuck Streblow before Matt realized that Chuck was a Plaintiff in this case.

387) Matt made threats by text message and in person to employees at Club 180 and other individuals, all for the purpose of scaring and intimidating Plaintiffs, Plaintiffs' counsel, and witnesses in this case.

388) Upon information and belief, Matt has threatened some or all of the Jane Doe Dancer Defendants for the purpose of intimidating and silencing them.

389) Defendant Eric Havermann, acting individually and on behalf of AM314, LLC, Matthew Longcor, and all other Defendants, called Plaintiffs' attorney Evan Spencer on March 27, 2025, at 6:00 pm and essentially threatened his life.

390) A police report was filed with the Douglas County Sheriff's Office on March 31, 2025, at approximately 4:00 pm for the crime of Intimidation by Telephone Call (report #: DCSO2025008565) against Mr. Havermann.

391) A warrant was issued for Mr. Havermann's arrest due to the threats made to Plaintiffs' counsel.

392) Defendant Breauna Hoffman aka Rose unknowingly told Plaintiff Chuck Streblow in March 2025, that she would "destroy" and "go after anyone" involved in the lawsuit against Club 180, for the purpose of deterring Plaintiffs and witnesses from participating in the lawsuit.

393) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

394) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

395) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

396) The aforementioned Defendants are associated with this enterprise.

397) The enterprise engages in interstate commerce.

398) The enterprise's activities effect interstate commerce.

399) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

400) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

401) As a result of the foregoing, many prospective Dancer Plaintiffs and witnesses have been discouraged from joining or otherwise participating in this litigation, including many of the Club 180 dancers and other Club 180 employees.

402) These threats have also caused all Plaintiffs severe emotional distress, as they fear for their lives and safety of themselves and their families.

403) Wherefore, Plaintiffs demand monetary damages and request an order prohibiting Defendants from future witness tampering.

## EIGHTH CAUSE OF ACTION

## TITLE VII CIVIL RIGHTS ACT OF 1964

404) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

405) Defendants including Matt, Eric, and AM314, LLC, violated the Civil Rights Act of 1964, through gender discrimination and discrimination based upon race or national origin.

406) Plaintiff Kimberly Hernandez and some Jane Doe Dancer Plaintiffs were discriminated against on the basis of their ethnicity or national origin.

407) The dancer Plaintiffs were discriminated against on the basis of their gender and were treated differently than the male employees of Club 180.

408) Some female employees were pimped out, sexually assaulted, and forced to use drugs and alcohol while the male employees were not subjected to such mistreatment.

409) The dancer Plaintiffs were subjected to crude sexual language and unwanted touching by Defendants whereas the male employees were not subjected to any sexual harassment.

410) A male security guard, who is married and religious, was sexually assaulted by a female dancer, and when the owner Matt was informed, he took no action.

411) Male employees were provided with 1099 tax forms while female employees were provided with W-9 tax forms.

412) Female employees were fined monetarily for not coming to work on demand when this policy was never used against male employees or contractors.

413) An African-American DJ was discriminated against by Eric Havermann on the basis of his ethnicity and ultimately fired without reasonable cause.

414) As a result of the foregoing, Plaintiffs suffered damages arising from their gender, race, and ethnicity.

## NINTH CAUSE OF ACTION

## NLRA VIOLATIONS

415) Plaintiff Kimberly Hernandez and the Jane Doe Dancer Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

416) Pursuant to the NLRA, employees are entitled to be paid minimum wage, regardless of their characterization of work status by their employer, unless they are truly independent contractors.

417) Due to the Club 180 dancer contracts, Club 180 group chat, and strict oral instructions given by the owners, Club 180 dancers are in fact employees.

418) This is largely based upon the fact that Club 180 dancers are not given an option to be an employee.

419) Defendants exercised control over the Jane Doe Dancer Plaintiffs such that they are legally considered employees.

420) Plaintiff Hernandez worked approximately 90 shifts at Club 180 at an average of 8 hours per shift and is therefore owed approximately $10,000 in wages.

421) Jane Doe Dancer Plaintiffs are therefore entitled to minimum wages as employees from December 2023 to date in the amount of $13.50 per hour or around $120 per shift.

## TENTH CAUSE OF ACTION

## NEBRASKA FAIR EMPLOYMENT PRACTICES ACT

422) Plaintiff Kimberly Hernandez and the Jane Doe Dancer Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

423) Plaintiff Hernandez was fired without cause and multiple Jane Doe Plaintiffs were fired by Matthew Longcor in retaliation for refusing to perform sex acts upon him or his friends.

424) Jane Doe Plaintiffs were subjected to gender discrimination as they were subjected to sexual harassment while the male employees, including but not limited to security and DJs were not discriminated against.

425) As a result of Defendants' firing of Plaintiff Hernandez and certain Jane Doe Dancer Plaintiffs, said Plaintiffs suffered monetary damages.

## ELEVENTH CAUSE OF ACTION

## ASSAULT AND BATTERY

426) Plaintiff Kimberly Hernandez, Jane Doe Dancer Plaintiffs, Security Guard Plaintiffs and Customers repeat and reiterate all previous paragraphs as if fully set forth herein.

427) Plaintiff Hernandez was assaulted one night by four customers while dancing on stage when there were no security guards at Club 180. The only male at the club was DJ Nick Scalise and he did nothing to help or protect her.

428) Dancer Plaintiffs including Ms. Hernandez were assaulted and battered by Defendants on a regular basis at Club 180 and at after-hours parties sponsored by Club 180.

429) Dancer Sienna reported that a woman was raped in the restroom recently by Defendant Matthew Longcor and that there was at least one witness.

430) Dancer Desire was assaulted by another dancer Starr in the restroom and a video of the assault was circulated on Snapchat.

431) A dancer Skyla was beaten up by Eric on a trip to Florida with Matt and Miro when she refused his sexual advances.

432) Dancer Marie committed battery by drugging Gordon Brummel.

433) Jane Doe Dancer Plaintiffs were smacked on their buttocks and other naked body parts.

434) Jane Doe Dancer Plaintiffs were forced to drink alcohol against their will.

435) Jane Doe Dancer Plaintiffs were forced to use cocaine against their will.

436) Jane Doe Dancer Plaintiffs were sexually assaulted by Defendants while in black outs and/or after losing consciousness.

437) Chuck Streblow and the other Security Guard Plaintiffs were assaulted and battered by dancers and customers due to the unsafe work environment created by Defendants.

438) Plaintiff Hernandez, the Jane Doe Dancer Plaintiffs and the Security Guard Plaintiffs request damages for injuries suffered as a result of these assaults.

## TWELTH CAUSE OF ACTION

## SEXUAL HARASSMENT

439) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

440) Plaintiff Kimberly Hernandez, Jane Doe Dancer Plaintiffs, Chuck Streblow and other Plaintiff Security Guards, were sexually harassed by Defendants since Club 180 opened in December 2023.

441) Such harassment includes but is not limited to a hostile work environment created and maintained by Defendants as well as quid pro quo sexual harassment.

442) These Plaintiffs were required to watch and endure the sexual assault and battery of dancers and the demeaning and insulting of women.

443) These Plaintiffs were subjected to crude sexual language and inappropriate conduct.

444) One Security Guard was sexually assaulted by a dancer and the Dancer Defendants often behaved in a sexually inappropriate manner around the Security Guard Plaintiffs.

445) Dancer Plaintiffs were subjected to quid pro quo sexual harassment by being forced to engage in sexual acts in exchange for keeping their job and/or receiving money and/or cocaine.

446) Plaintiff Dancers and Security Guards request damages for injuries suffered as a result of sexual harassment.

**<u>THIRTEENTH CAUSE OF ACTION</u>**

**FALSE ADVERTISING & DECEPTIVE PRACTICES**

447) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

448) Defendants falsely advertise Club 180 as an "EXCLUSIVE PRIVATE CLUB" on their website and social media when in fact they are open to the public.

449) There are no private memberships at Club 180 as some customers merely pay a $20 entry fee while many are let in for free.

450) Defendants' have operated as the Two Fine Irishmen Bar & Grill since December 2023 and they promote Club 180 as Two Fine Irishmen Bar & Grill on the internet, when this bar and grill has been closed for nearly two years.

451) The purpose of this false advertising is to fool and deceive customers and the public into believing that the strip club 180 is still Two Fine Irishmen Bar & Grill.

452) As a result, Defendants should be ordered to take down their website, stop advertising or referencing Two Fine Irishmen Bar & Grill, remove their Two Fine Irishmen Bar & Grill sign from their property, and cease all advertising and marketing.

**<u>FOURTEENTH CAUSE OF ACTION</u>**

**THEFT**

453) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

454) Defendants stole money from the Plaintiffs by intentionally shorting them on single dollar bills during transactions.

455) Plaintiffs have obtained numerous video recordings of these thefts and screenshots from Club 180 dancers complaining about thefts by management.

456) After receiving wrapped 100 dollars bundles from the bank, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

457) After counting singles in their money counter, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

458) After stealing 10% from these bundles, Defendants would give customers and dancers $90 bundles wrapped with a $100 label while falsely claiming it was $100.

459) Upon information and belief, Defendants stole $10 from every $100 bundle of one-dollar bills.

460) Jane Doe Plaintiff Dancers and Customers routinely complained about being shorted and the response of Defendant Ayden Longcor was that, “you can’t tell me that other clubs don’t do that.”

461) Another method of stealing from dancers by Defendants was that after dancing on stage when money was scooped into a basket, Miro, Matt, or another manager would insist on counting the money and would often steal from the dancer.

462) In addition, multiple dancers reported receiving counterfeit $100 and $20 bills from the Club 180 front desk.

463) Upon information and belief, an employee was paid with six hundred-dollar bundles of one’s and when the money was counted at the bank prior to deposit, it was revealed that there was only $540.

464) Club 180 also stole money from customers by overcharging their credit cards or charging them without consent.

465) Plaintiff Hernandez and the Jane Doe Plaintiff Dancers and Customers demand an accounting of all money that was stolen.

466) Plaintiffs estimate that Defendants stole approximately $100,000 from Plaintiffs.

467) As a result of the foregoing, Plaintiff Hernandez and the Jane Doe Dancer Plaintiffs and Customer Plaintiffs are entitled to an accounting and to damages in an amount to be determined at trial.

## FIFTEENTH CAUSE OF ACTION

## NEGLIGENCE

468) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

469) The Landlord Defendants were negligent, careless and reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants.

470) The Landlord Defendants' attorneys committed legal malpractice by failing to properly plead and litigate their eviction lawsuit against Club 180, which had no legal right to operate as a "Bar & Grill."

471) The Landlord Defendants have been negligent in failing to use the 48 calls to 911 over the past 16 months as a basis for eviction.

472) Upon information and belief, the Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants.

473) Landlord was negligent in failing to require tenant to maintain $2 million per incident liability insurance in accordance with their lease.

474) The Landlord Defendants were also negligent in allowing elderly Defendant Nancy Waggener to manage their properties, including 18101 R Plaza in Omaha.

475) Defendants Bravo1 Security and Mike Elayan were negligent in providing security services to Defendants at Club 180 in spite of being aware of Defendants' illegal activities.

476) Without Bravo1 Security or another security company, Defendants could not have operated Club 180.

477) Defendants were negligent in allowing minors under 21, some as young as age 17 or younger, to consume large amounts of alcohol at Club 180.

478) Defendants were negligent in getting intoxicated at Club 180 before driving to other destinations from Club 180.

479) Defendants were negligent in allowing Club 180 dancers to consume alcohol at Club 180 and drive home or to other destinations while intoxicated.

480) Defendants were negligent in allowing Club 180 dancers to overserve alcohol to customers.

481) Defendant Toast, Inc. was negligent, careless and reckless in providing credit card services to Club 180 for over a year under the false impression that it was a restaurant and not a strip club.

482) Defendant Voodoo Bar and its owners were negligent, careless, and reckless in allowing Club 180 to recruit dancers and customers at their bar.

483) Irishmen 180, LLC and Two Fine Irishmen were negligent in allowing AM314, LLC, Club 180 and Matt Longcor, to use their Trade Name in commerce.

484) Defendant Nick was negligent in playing Club 180 music too loud, such that it disturbs the entire neighborhood, especially 10:00 pm to 5:00 am on Friday and Saturday nights.

485) Defendants AM314, LLC, Matthew Longcor, and Bravo1 Security were negligent in the hiring, training, and supervision of Club 180 dancers, managers, and security guards.

486) As a result of the negligence of the aforementioned Defendants, Club 180 has been permitted to operate since December 2023, at the expense of its employees and neighbors, and at least two deaths have resulted.

487) As a result of the foregoing, Plaintiffs have sustained damages in an amount to be determined at trial.

## SIXTEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

488) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

489) Through a custom and practice abuse, including yelling, physical abuse, sexual abuse and emotional abuse, Kimberly Hernandez and the Jane Doe Dancers suffered severe emotional distress at the hands of Defendants, including Matt, Eric, Jim and their male friends and customers, as well as many of the Dancer Defendants including Malibu, Rose, Violet, and Amira.

490) Ms. Hernandez had never danced nude before working at Club 180, and the owner Matt and his partner Eric caused her severe emotional distress by forcing her to dance nude and spread her vagina open for them.

491) Forcing an employee to do such things constitutes extreme and outrageous conduct.

492) Jane Doe Plaintiffs were sexually assaulted during private dances, one customer was raped in a restroom and witnessed by a dancer, and a dancer was beaten up by a Defendant while being trafficked interstate to Florida for sex without consent.

493) Plaintiff Chuck Streblow and other Security Guards suffered damages by being exposed to this toxic, unprofessional environment.

494) Some Jane Doe Plaintiff Dancer and Security Guards quit Club 180 due to emotional distress.

495) As a result of the foregoing, Plaintiff Hernandez, the Jane Doe Dancers and Security Guard Plaintiffs are entitled to compensatory damages.

**SEVENTEENTH CAUSE OF ACTION**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

496) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

497) The loud noises and activities at Club 180 caused all residential neighbors' emotional distress.

498) Defendants were negligent, careless, and reckless in creating an unsafe work environment.

499) Through a custom and practice abuse, including yelling, physical abuse, sexual abuse and emotional abuse, Plaintiff Hernandez, the Jane Doe Dancers and Plaintiff Security Guards suffered severe emotional distress at the hands of Defendants, including Matt, Eric, Jim and their male friends and customers.

500) Jane Doe Plaintiffs were sexually assaulted during private dances, one customer was raped in a restroom and witnessed by a dancer, and a dancer was beaten up by a Defendant while being trafficked interstate to Florida for sex without consent.

501) Jane Doe Plaintiff Dancers and Club 180 Security Guards also worked in fear due to Defendants' policy of allowing gang members and drug dealers to enter Club 180 with weapons including guns and knives.

502) Some Jane Doe Plaintiff Dancer and Security Guards quit Club 180 due to emotional distress.

503) As a result of the foregoing, the Neighbor Plaintiffs, Dancers Plaintiffs and Plaintiff Security Guards are entitled to compensatory damages.

## EIGHTEENTH CAUSE OF ACTION

## BREACH OF CONTRACT

504) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

505) Defendant AM314, LLC and other Defendants have breached numerous provisions of their written contracts with Plaintiff Hernandez, the Jane Doe Dancer Plaintiff dancers and their oral contracts with the Plaintiff Security Guards.

506) Paragraph 18 of the Plaintiffs' contracts states "ILLEGAL ACTIVITIES PROHIBITED" yet Defendants are routinely engaged in illegal activities, including cocaine sale and use, prostitution and sex trafficking, and numerous other crimes enumerated in this Complaint.

507) Paragraph 19 contains an "ALCOHOL" policy which Defendants' breach by allowing, encouraging and forcing dancers to consume large amounts of alcohol.

508) Paragraph 21 states "OUTSIDE CONTACT PROHIBITED" but Defendants breach this provision by bringing Club 180 dancers to after-hours parties at other locations.

509) Paragraph 25 contains a "30-DAY DISPUTE RESOLUTION POLICY" which Defendants do not follow; they simply fire dancers (including Plaintiff Kimberly Hernandez) without following their own policy.

510) Paragraph 32 contains a "DEFAMATION PROHIBITED" provision that Defendants have violated as alleged in a prior cause of action.

511) Wherefore, the Jane Doe Plaintiff Dancers request damages and equitable relief for Defendants' breaches of contract.

**NINETEENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**Neb. Rev. Stat. §59-1602**

512) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

513) By providing customers with prostitution and drugs, Defendant Club 180 and other Defendants are engaging in unfair competition to Plaintiff the American Dream, that does in fact follow the law, as well as Kimberly Hernandez and the Jane Doe Plaintiff dancers who offer legal adult entertainment services.

514) Defendants recruited 15 dancers from the American Dream and others from amongst the other five local strip clubs when they opened in December 2023.

515) Since opening in December 2023, Defendants have artificially inflated income for the Club 180 dancers by "tipping" the dancers thousands of dollars to give the false impression that Club 180 is a flourishing business.

516) Defendants offer dancers a place to do drugs and consume alcohol, as well as allowing dancers ages 18 – 20 to consume alcohol.

517) Defendants do not have a liquor license, yet they buy, sell, and give away alcohol at all times of the night and early morning, making it difficult for Plaintiff the American Dream who legally sells alcohol to compete.

518) Defendants provide their dancers with cocaine and other drugs and allow consumption of illegal drugs at Club 180.

519) Defendant Club 180 has a legal occupancy of only 85, yet they allow over 200 customers at any given time.

520) Since Defendants do not follow the law, it makes it far more difficult for Plaintiff the American Dream and individual dancers to compete in the marketplace.

521) Wherefore, Plaintiff the American Dream, Plaintiff Hernandez and the Jane Doe Dancers request monetary damages in an amount to be determined at trial.

**TWENTIETH CAUSE OF ACTION**

**NUISANCE**

522) Plaintiff Sarah Houston ("Sarah") repeats and reiterate all previous paragraphs as if fully set forth herein.

523) Sarah has lived adjacent to the current site of Club 180 for 35 years and is a business owner in the neighborhood.

524) Club 180 has created a public nuisance for approximately 40+ hours per week from 8:00 pm – 5:00 am or later, Wednesday – Sunday nights for nearly 16 months.

525) Defendants have received dozens of noise complaints from the Omaha Police Department yet refused to lower their music and/or soundproof their building.

526) In fact, the 911 records reveal at least 48 calls since Club 180 opened, mostly anonymous noise complaints.

527) Defendants individually, and their friends and customers, drive hundreds of motor vehicles and motorcycles in and out of the Club 180 parking lot every week between, particularly after midnight, disturbing Plaintiff Sarah and the entire neighborhood.

528) Defendants maintain an outdoor smoking area with lights that disturb the neighbors.

529) Defendants and their friends and customers litter the Club 180 parking lot and local properties with beer bottles, cigarette butts, urine, cans and other garbage and debris, including soiled condoms.

530) As a result of the foregoing secondary effects and others, the Neighbor Plaintiff's property value and that of their Class has been collectively lowered by millions of dollars and Plaintiffs' businesses and those of the commercial Class have lost millions of dollars in income in an amount to be determined at trial.

531) The Neighbor Plaintiffs have also suffered damages in the personal disturbances and lost use and enjoyment of their properties due to Defendants' loud music played from 9:00 pm – 5:00 am five nights per week.

**TWENTY-FIRST CAUSE OF ACTION**

**CONSPIRACY**

532) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

533) Defendants have engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, wire fraud, gambling and other crimes and torts at Club 180 and other locations, causing Plaintiffs collective damages in excess of $10,000,000.

534) Defendants are jointly and severally liable for all damages sustained by Plaintiffs.

**REQUEST FOR DECLARATORY RELIEF**

535) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

536) Due to all the criminal activities and torts committed by Defendants, Plaintiffs respectfully request the following declaratory relief:

a. An order from this Court permanently closing Club 180;

b. An order prohibiting Defendants Matthew Longcor, Eric Havermann, or Tony Pham from opening another bar, night club, or gentlemen's club in the State of Nebraska;

c. An order requiring Defendants to provide an accounting of all financial activities since December 2021; and

d. An order prohibiting Defendants from organizing or participating in illegal poker games in the State of Nebraska.

**PRAYER FOR RELIEF**

I. Damages for wrongful death of Gordon Brummel and loss of consortium by his wife Plaintiff Kristen Rozmiarek.

II. Damages for battery and sexual assault to Plaintiff Kimberly Hernandez and the Jane Doe Dancers.

III. Damages for Plaintiff Chuck Streblow and the American Dream.

IV. Damages for sexual harassment to all Plaintiff Dancers and Employees including the creation of a hostile work environment and quid pro quo to Club 180 employees.

V. Damages for infliction of emotional distress to Club 180 Dancers, employees and neighbors;

VI. Damages for lost wages in an amount to be determined at trial at $13.50 per hour for Plaintiff Hernandez and for each Jane Doe Dancer.

VII. Collective monetary damages in the amount of $10,000,000 plus treble damages for Plaintiffs' and the classes' financial losses, property damage and emotional, mental and physical damages suffered by Plaintiffs.

VIII. Plaintiffs' attorneys' fees in accordance with the parties' "LOSER PAYS" contractual agreement.

Respectfully Submitted,

April 21, 2025

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21st Day of April, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.