IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, JANE DOE DANCERS #1 – 7, JOHN DOE SECURITY GUARDS #1 – 5, JOHN & JANE DOE CUSTOMERS #1 – 11, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>Plaintiffs,<br><br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE dba DJ NEXT1, ERIC HAVERMANN, ELLIE JAEKE, EVRON, INC., SEVEN OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, PTM, INC., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER aka STUPAC X, DAVID EKDAHL, CHAD MCMAHON, JAMES PULL, IVON | Case No. 8:25-cv-00241-JFB-RCC<br><br>BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANT JESSICA RICHARDSON |

| | |
|---|---|
| PENNY, BLAIKE KOCA, MARLEY NYGAARD, ROMAN, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI aka JAMAAL, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, BRE MANNING aka ROSE, BROOKE LEIBERT aka MALIBU, ELENA RHODD-MORALES aka STARR, CHRISTINA CRAFT aka SKYLA, KATHERINE TEDI SMITH aka SIENNA, , ECHO, AMIRA, PERSUSIA, KINO, JESSIE, INDIE, NEA, PRETTY P, STORMIE, SANTANA, VOODOO LOUNGE, INC., KYRON O'BRIEN SR., TOAST, INC., COSTCO WHOLESALE CORP., and JOHN & JANE ROES #1– 50,<br><br>Defendants. | |

**COMES NOW** Defendant, Jessica Richardson ("Richardson") by and through her Attorney of Record, Lynae Tucker Chellew, and submits this Brief in Support of her Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

This Motion arises out of the filing of the Plaintiffs' First Amended Class Action Complaint filed on April 21, 2025 wherein the Defendant, Jessica Richardson, was added to the suit as a party for her alleged

actions while operating as a 1099 contractor at the Club 180 private lifestyle club (hereinafter referred to as "Club 180"). Club 180 advertises as a bring-your-own-beverage, members only Club that offers stage and private performances by local and traveling exotic dancers.

Jessica Richardson, known on stage as "Marie," is an experienced exotic dancer with nearly ten years of experience in the adult entertainment industry in Nebraska, Iowa, and Texas. She has worked as an independent contractor at Club 180 for over a year as well as at other similar clubs during the same timeframe. Plaintiffs put forward twenty-one causes of action for the Court's consideration. Of those causes of action, Ms. Richardson is named in only one well plead cause- Plaintiffs' First Cause of Action, Wrongful Death- a Nebraska state law claim. (Filing No. 24, pp 267-287).[1] Plaintiffs allege "Jessica Richardson aka Marie is a Club 180 dancer involved in Defendants' illegal enterprise who has a reputation for drugging customers and overserving them alcohol." (Filing No. 24, pp 217). Further and more specifically, Plaintiffs allege Ms. Richardson interacted with Mr. Gordon Brummel, a patron at Club 180, on or about September 14, 2024; that Ms. Richardson overserved Mr. Brummel alcohol; that Ms. Richardson put something in Mr. Brummel's mouth that Plaintiffs imply was a drug; and Ms. Richardson's actions, in combination with negligence of Club 180 and Defendant Bravo1 Security, proximately caused Mr. Brummel's death. According to the Complaint, Mr. Brummel had a blood alcohol content of 0.28, walked to and got into his car, drove from Club 180 towards his home and fatally crashed at or around 3:49 p.m. on September 15, 2024. *Id*. Plaintiffs request compensation for pain and suffering, lost earnings, and loss of consortium by Plaintiff Kristen Rozmiarek, widow of Mr. Brummel, and "that Club 180 be closed immediately so they do not cause any more deaths." (Filing No. 24, pp 287).

---

[1] Plaintiffs do name Defendant, Jessica Richardson, in Cause of Action Eleven by stating "Dancer Marie committed battery by drugging Gordon Brummel." (Filing No. 24, pp 432.) Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause of action supported by mere conclusory statements.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015).

Along with the wrongful death claim, Plaintiffs claim multiple federal causes of action, predominately civil RICO violations, none of which name Ms. Richardson or allege her involvement, as the “hook” to bring their First Cause of Action- Wrongful Death- before this Court under supplemental jurisdiction which is not only improper but illogical. Finally, Plaintiffs put forward multiple additional Causes of Action within which no plausible set of facts contained within the Amended Complaint could be put forward wherein Ms. Richardson may be liable for and therefore should be dismissed for failure to state a claim.

## STANDARD OF REVIEW

'[J]urisdiction is power to declare the law,' and '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) (second alteration in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). Federal courts have limited jurisdiction. *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 328 (8th Cir. 2016).

**A. Standing.**

A court has no subject-matter jurisdiction when "a plaintiff lacks standing to sue." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). The normal rule is that, "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed.". *Hayes v. Faulkner Cty*., 388 F.3d 669, 361 (8th Cir. 2004). (quotation omitted); see *Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998), cert. denied, 526 U.S. 1146, 119 S. Ct. 2022, 143 L. Ed. 2d 1033 (1999). To establish Article III standing, Plaintiffs "must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury." *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). The Plaintiffs must show they have standing for each claim

brought and the relief sought. See *Town of Chester v. Laroe Estates, Inc.*, 581 U.S. __, __, 137 S. Ct. 1645, 1650 (2017)).

**B. Supplemental Jurisdiction.**

A motion to dismiss under Rule 12(b)(1) "challenges whether the district court has subject matter jurisdiction to hear the matter." *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In a facial attack, "a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction," *Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018). Further, "[p]leading jurisdiction requires only 'a short and plain statement of the grounds for the court's jurisdiction,' while pleading the merits requires not just 'a short and plain statement of the claim,' but one that 'show[s] that the pleader is entitled to relief.'" *Huizenga v. Indep. Sch. Dist. No. 11*, 44 F.4th 806, 811 (8th Cir. 2022) (comparing Fed. R. Civ. P. 8(a)(2) with Fed. R. Civ. P. 8(a)(1)). To avoid dismissal under Rule 12(b)(6), "[a] complaint must contain facts that, if 'accepted as true, . . . state a claim to relief that is plausible on its face.'" *Liscomb v. Boyce*, 954 F.3d 1151, 1153-54 (8th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

The doctrine of supplemental jurisdiction is traditionally “a doctrine of discretion, not of plaintiff’s right.” *United Mine Workers v. Gibbs*, 383 U.S. 715, at page 726, (1966). As the party asserting subject-matter jurisdiction in federal court, Plaintiffs bear the burden of proving jurisdiction is proper. *See, e.g., Compart's Boar Store,* Inc. v. United States, 829 F.3d 600, 604 (8th Cir. 2016).

They can exercise supplemental jurisdiction over state-law claims that "are so related to claims in the action" that they are "part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). In determining whether a claim arises out of the same case or controversy, the Court must determine whether the state law claim arises out of the “common nucleus of operative facts” as the substantive federal claims.

*Parker v. Scrap Metals Processors Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing Gibbs, 383 U.S. at 725). Whether the Federal court possess supplemental jurisdiction is fact-based and, on a case,-by-case basis. See *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. *Osborn v. United States,* 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal citations omitted). The method in which the district court resolves a Rule 12(b)(1) motion—that is, whether the district court treats the motion as a facial attack or a factual attack—obliges [the Court] to follow the same approach. *Carlsen v. GameStop, Inc., 833 F.3d 903, 909 (8th Cir. 2016).* "[If] a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). "If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.". *Haywood v. Drown*, 556 U.S. 729, 769, 129 S. Ct. 2108, 173 L. Ed. 2d 920 (2009)."

**C. Failure to State a Claim.**

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' " *Id* citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.* "A complaint states a plausible claim for relief if its 'factual content…allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged.'" *Id.* citing *Iqbal*, 129 S. Ct. at 1949. "[T]he court must take the plaintiff's factual allegations as true." *Id.* This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Id.* "In addition, some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." *Id.* "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* citing *Iqbal*, 129 S. Ct. at 1950.

## ARGUMENT

Plaintiff's attempts to shoehorn a state law claim for wrongful death into this federal suit are unsuccessful for (1) standing, (2) lack of supplemental subject-matter jurisdiction as it relates to the First Cause of Action, and (3) Failure to State a Claim as it relates to the remaining twenty Causes of Action on the face of the Amended Complaint. For that reason, the Court, in its discretion, should find for Jessica Richardson, and dismiss the Amended Complaint against Ms. Richardson in its entirety.

### I. WRONGFUL DEATH CLAIM

#### A. STANDING.

The normal rule is that, "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed." *Hayes*, 725 F.3d at 361 n.12 (quotation omitted); see *Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998), cert. denied, 526 U.S. 1146, 119 S. Ct. 2022, 143 L. Ed. 2d 1033 (1999). To establish Article III standing, Plaintiffs "must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress the injury." *Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

In this matter, Plaintiff put forward only one Class representative, Plaintiff Sarah Houston. (Filing No. 24, pp. 194). Even in taking all claims by the Plaintiffs as true, Ms. Houston lacks standing to bring the first cause of action- Wrongful Death. She is not incorporated or listed in any way in the recitation of the claim nor was she personally injured by the death of Mr. Gordon Brummel. (Filing No. 24, pp. 267-287). For that reason, the First Cause of Action should be dismissed for lack of standing.

**B. SUBJECT-MATTER JURISDICTION.**

In determining whether to exercise supplemental jurisdiction over a state law claim, the Federal court must first determine whether the movant is making a "facial" or "factual" attack of the alleged jurisdictional authority. In this matter, Defendant Ms. Richardson brings a facial attack due to Plaintiffs failure to connect any Federal law claim to the singular cause of action alleged against Ms. Richardson.

Next, the Federal court then must consider if the federal and state claims are closely enough connected to be "arising out of the common nucleus of operative fact". *United Mine Workers v. Gibbs,* 383 U.S. 715, at page 722, 86 S. Ct. 1130, at pages 1137-1138, 16 L. Ed. 2d 218 (1966). Plaintiffs' cause or controversy, for the purposes of this analysis, is muddled at best. Plaintiffs' federal causes of action found in their Amended Complaint, as found in Plaintiff's Amended Complaint, subsection "The Class," point to a dispute between Club 180, and its owners, agents, and affiliates and Plaintiff Sarah Houston on behalf of herself, individually, and on behalf of all other similarly situated neighbors of Club 180. Plaintiffs state that the dispute arises out of (a) Nuisances caused by Defendants to Plaintiff Sarah Houston on behalf of herself, individually, and on behalf of all other similarly situated neighbors of Club 180 via music, vibrations, lights, litter, and motor vehicles; (b) Damages caused by Defendants' nuisances; and (c) Loss of property value and business revenue as a result of Defendants' illegal enterprise. (Filing No. 24, pp. 199).

Plaintiffs allege the following nuisances in their Amended Complaint: (1) noise, (2) lights, (3) vibrations, (4) busy roadways near

Club 180, and (5) litter, all occurring between 9:00 p.m. and 5:00 a.m. Wednesday through Sunday. (Filing No. 24, pp. 522-531). Plaintiffs then specifically allege the damages arising out of the nuisances are decreased property values and loss of enjoyment of their homes.

The allegations contained in the wrongful death claim are not closely related to the case or controversy plead as the basis for the Plaintiffs' class action. First, the basis for the class is identified as "neighbors of Club 180". Multiple parts of the Amended Complaint specifically narrow "neighbors" to those businesses in and around the leased location of Club 180 and the adjacent residential neighborhood. The area at issue is locally known as "180th and Q". The only individual with standing to bring the wrongful death claim is Ms. Kristen Rozmiarek, Mr. Brummel's widow. Plaintiffs fail to plead whether Ms. Rozmiarek does or ever did reside within the adjacent residential neighborhood making her a "neighbor" of Club 180. Plaintiffs do plead that Mr. Brummel patronized Club 180 on or about September 14, 2024, that Club 180 is located at 18101 R Plaza, Suite 107, Omaha, NE 68135, 18101 R Plaza, Suite 107, Omaha, NE 68135, that Club 180 operated between 9:00 p.m. and 5:00 a.m., that Mr. Brummel died in a car accident resulting from being intoxicated, and that the accident occurred outside of Club 180 business hours, specifically, at 3:49 p.m., at a location between Club 180 and his home. (Filing No. 24, pp 279). On the face of Plaintiffs' pleadings, Ms. Rozmiarek and her late partner are not alleged to be "neighbors of Club 180". Defendant knows from news coverage of the accident that Mr. Brummel's accident occurred near 204th and Dodge Street which would lead reasonable minds to opine that Mr. Brummel and Ms. Rozmiarek did not reside near 180th and Q as a "neighbor of Club 180". Further, the damages being sought are not alleged to have arisen out of 1) noise, (2) lights, (3) vibrations, (4) busy roadways near Club 180, or (5) litter, occurring between 9:00 p.m. and 5:00 a.m.

For the above reasons, Defendant Jessica Richardson, respectfully requests the Court find the allegations against her are not closely

connected to the federal state claims and therefore should be dismissed for lack of subject matter jurisdiction.

**II. RICO CLAIMS**

The Racketeer Influenced and Corrupt Organization Act ("RICO") "provides a private right of action for any person 'injured in his business or property by reason of a violation of [RICO's] substantive prohibitions." *GP Industries, LLC v. Bachman*, 514 F.Supp.2d 1156, 1166 (8th Cir. 2007). "To establish a RICO violation, a plaintiff must allege and prove '(1) the existence of an enterprise (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *Id* citing *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003). "A RICO claim must be pleaded with particularity under Rule 9(b)." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) citing *Nitro Distrib., Inc. v. Alticor, Inc*., 565 F.3d 417, 428 (8th Cir. 2009). "Under Rule 9(b)'s heightened pleading standard, allegation of fraud…[must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how…" *Id* citing *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir. 2011).

Plaintiffs' Amended Complaint is not sufficient for the typical broad pleading standards of Fed. R. Civ. P. 8, let alone the heightened standards required under Fed. R. Civ. P. 9(b) for a RICO violation. Specifically, Plaintiffs' allegations pertaining to RICO are based upon other individual Defendants' actions, none of which are alleged to have involved Ms. Ricardson. Each cause of action raised under Federal law, as demonstrated above are not sufficiently pleaded to survive a motion to dismiss. A district court "may decline to exercise supplemental jurisdiction" over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Consequently, the allegations plead regarding the Federal causes are action are not sufficient to establish a RICO violation by Ms. Richardson to allow the Federal court supplemental jurisdiction over Ms. Richardson and therefore should be dismissed, followed by the

Court's declination to exercise supplemental jurisdiction over the state causes of action.

### III. All Additional Causes of Action

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Each allegation must also be "simple, concise, and direct." Fed. R. Civ. P. 8(d). The purpose of Rule 8 is to "give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) A pleading which does not satisfy this standard is considered "shotgun" when it is overly verbose or if it does not "allow a defendant to discern who, specifically, did what and when." *Doe v. Univ. of Iowa*, No. 3:22-cv-00001, 2022 U.S. Dist. LEXIS 167137, 2022 WL 4182196, at *1 (S.D. Iowa Sept. 2, 2022). The general rule is that a party seeking more clarity in a pleading should seek relief through a motion under Rule 12(e), not Rule 12(b)(6). *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1356 (4th ed. June 2024) ("Wright & Miller") However, district courts in the Eighth Circuit have occasionally dismissed claims when they are pled against every defendant where the alleged conduct of the specific defendants is meaningfully distinct. *See Qwest Commc'ns Co., LLC v. Free Conferencing*, 990 F. Supp. 2d 953, 969 (D. Minn. 2014) (noting that claims brought against "all defendants" are dismissed when "those defendants appeared to be responsible for discrete actions alleged in the complaint, but the complaint did not identify which defendant took which action") Essentially, the Courts have found that the Plaintiffs cannot vaguely plead claims with the hopes of seeing what sticks. Causes of Action numbered Eight through Twenty-One are such where they appear to be "shotgun" or generically plead against every defendant despite the alleged conduct of Ms. Richardson being meaningfully distinct. For that reason, Defendant, Jessica Richardson, respectfully

requests the additional causes of action be dismissed for failure to state a claim.

## CONCULSION

For the aforementioned reasons, Defendant Jessica Richardson respectfully requests this Court dismiss Plaintiffs' Amended Complaint against her in its entirety.

JESSICA RICHARDSON, DEFENDANT

By: *s/Lynae Tucker-Chellew*

LYNAE TUCKER-CHELLEW #27521
Attorney for Defendant
Dornan, Howard, Breitkreutz,
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044 (phone)
(402) 884-7045 (fax)
Lynae@dltlawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025 I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which automatically sent notification of such filing all attorneys of record. Parties served by the CM/ECF system are as follows:

| | |
|---|---|
| Kimberly Hernandez<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Sarah Houston<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Imagination Industries, Inc.<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Jane Doe Dancers #1-25<br>(Plaintiffs) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| John & Jane Doe Customers #1-100 | EVAN SPENCER<br>305 Broadway |

| | |
|---|---|
| and all Similarly Situated<br>Residential & Commercial<br>Neighbors of Club 180<br>(Plaintiffs) | 7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| John Doe Security Guards #1-7<br>(Plaintiffs) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| James Pull<br>5901 S. 190th Terrace<br>Omaha, NE 68135<br>(Defendant) | RYAN M. KUNHART<br>DVORAK LAW GROUP<br>9500 West Dodge Road<br>Suite 100<br>Omaha, NE 68114<br>(402) 934-4770<br>(402) 933-9630 (fax)<br>rkunhart@ddlawgroup.com |
| Casey Rowe | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Kristen Rozmiarek | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Chuck Streblow | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007 |

917-547-4665
Evan@EvanSpencerEsq.com

*s/Lynae Tucker-Chellew*

Lynae Tucker-Chellew #27521
Attorney for Defendant,
Jessica Richardson