IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., dba THE AMERICAN DREAM BAR, et al.,

Plaintiffs,

v.

CLUB 180, et al.,

Defendants.

CASE NO: 8:25-cv-00241

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

COMES NOW Defendants, Evron, Inc. ("Evron"), Seven Oaks Investment Corporation ("Seven Oaks"), Highland Associates, Inc. ("Highland") and CTS, LLC ("CTS"), by and through their undersigned counsel, and for their brief in support of their Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) state as follows.

## INTRODUCTION

Plaintiffs initiated this lawsuit on April 1, 2025. In their original Complaint, Plaintiffs alleged that the Landlord Defendants (as defined below), had the opportunity to evict Club 180 (also defined below) but "chose not to do so; instead, they increased monthly rent…and allowed their co-Defendants to operate their illegal enterprise without interference." Doc. #1 at ¶ 10.

On April 29, 2025, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint"). Doc. #24. Defendants Evron, Seven Oaks, Highland and

CTS, were each served with the Amended Complaint on April 29, 2025. Doc. ##62-65. In Paragraph 246 of the Amended Complaint, Plaintiffs define Evron, Seven Oaks, Highland and CTS as the "Landlord Defendants."

As alleged in the Amended Complaint, AM314, LLC, entered into a lease with property owner Evron and property manager Seven Oaks on September 2, 2022 (the "Lease"). Doc. #24 at ¶ 2. Plaintiffs further allege that on or about December 22, 2023, Defendants Matthew Longcor, his wife Miroslava Kotsan and AM314, LLC opened Club 180 ("Club 180"). *Id.* at ¶ 8. While the Amended Complaint contains twenty-one causes of action, the only cause of action asserted against the Landlord Defendants is found at cause of action twenty: a claim of negligence. *Id.* at 50. The allegations regarding Landlord Defendants previously found in Paragraph 10 of Plaintiffs' Complaint were eliminated from the Amended Complaint.

## <u>ARGUMENT</u>

### I. STANDARD OF REVIEW

In reviewing a motion under Rule 12(b)(6), the Court accepts as true all factual allegations in the light most favorable to the nonmoving party. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (citing *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014)). However, the Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Id.* (citing *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)).

"'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' 'Courts must not presume the truth of legal conclusions couched as factual allegations.'" *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)).

"'Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.' Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) (internal citations omitted).

## II. AS TO THE LANDLORD DEFENDANTS, PLAINTIFFS' AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Outside of its negligence cause of action, the only factual allegations pertaining to the Landlord Defendants can be found at Paragraphs 23 and 146, which read: "While the neighbors and local community protested against the opening and operation of Club 180, Defendants ignored the community response and the City of Omaha and the Landlord Defendants…failed to evict their tenants who were in violation of the parties' lease" and "Plaintiffs' counsel sent the landlord

Defendants an envelope with witness statements and a flash drive filled with evidence sufficient to evict the Club 180 tenant(s)." Doc. #24 at 4 and 18.

The only other allegations pertaining to the Landlord Defendants are found within Plaintiffs' negligence cause of action. Within that claim, Plaintiffs assert the following:

> 469) The Landlord Defendants were negligent, careless and reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants.
>
> 470) The Landlord Defendants' attorneys committed legal malpractice by failing to properly plead and litigate their eviction lawsuit against Club 180, which had no legal right to operate as a "Bar & Grill."
>
> 471) The Landlord Defendants have been negligent in failing to use the 48 calls to 911 over the past 16 months as a basis for eviction.
>
> 472) Upon information and belief, the Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants.
>
> 473) Landlord was negligent in failing to require tenant to maintain $2 million per incident liability insurance in accordance with their lease.
>
> 474) The Landlord Defendants were also negligent in allowing elderly Defendant Nancy Waggener to manage their properties, including 18101 R Plaza in Omaha.
>
> ....
>
> 486) As a result of the negligence of the aforementioned Defendants, Club 180 has been permitted to operate since December 2023, at the expense of its employees and neighbors, and at least two deaths have resulted.

> 487) As a result of the foregoing, Plaintiffs have sustained damages in an amount to be determined at trial.

Doc. #24 at 50-51.[1]

The foregoing allegations are insufficient to state a negligence claim against the Landlord Defendants. "For actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, a failure to discharge that duty, and damage proximately resulting from such undischarged duty." *Brown v. Soc. Settlement Ass'n*, 259 Neb. 390, 393, 610 N.W.2d 9, 11 (2000) (citing *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999)).

Here, Plaintiffs comprise the following categories of individuals: 1) current and former employees of Club 180; 2) Kristen Rozmiarek, the widow and representative of Gordon Brummel, a former customer of Club 180; 3) former customers of Club 180; 4) Imagination Industries, Inc., a competitor of Club 180, and its owner; and 5) Sarah Houston, a resident residing adjacent to Club 180. Doc. #24 at 22-23.

Plaintiffs' negligence claim fails as to the Landlord Defendants because no legal duty exists. The Nebraska Supreme Court has held that a landlord can be liable for injury caused by a lawful visitor by a condition on the land,

> if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved

[1] While the allegations found in Paragraphs 469, 472 and 474 were included within Plaintiffs' Original Complaint, after learning that Landlord Defendants had attempted to evict Club 180, Plaintiffs added the allegations found at Paragraphs 470, 471 and 473 to Plaintiffs' Amended Complaint. *Compare* Doc. #1 *with* Doc. #24.

> an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

*Sundermann v. Hy-Vee, Inc.*, 306 Neb. 749, 766, 947 N.W.2d 492, 504-05 (2020). However, Plaintiffs' allegations that the Landlord Defendants were negligent "by failing to properly plead and litigate their eviction lawsuit against Club 180," "in failing to use the 48 calls to 911 over the past 16 months as a basis for eviction," "were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants," "in failing to require tenant to maintain $2 million per incident liability insurance in accordance with their lease," and "in allowing elderly Defendant Nancy Waggener to manage their properties," has nothing to do with an injury caused by a condition on the land. Doc. #24 at 50-51.

**a. Landlord Defendants Owe No Duty to Plaintiffs to Evict Club 180.**

Whether a commercial landlord is entitled to evict its tenant is a matter of contract. *AVG Partners I, LLC v. Genesis Health Clubs of Midwest, LLC*, 307 Neb. 47, 55-56, 948 N.W.2d 212, 225 (2020) ("A lease is a species of contract for the possession and profits of land and tenements, either for life or for a certain period of time, or during the pleasure of the parties.") For Landlord Defendants to have a duty to Plaintiffs to evict Club 180, Plaintiffs would have to be intended third-party beneficiaries of the Lease.

> "'A third-party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promisor and promisee. The right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, which must affirmatively appear from the language of the instrument when properly interpreted or construed; and the liability so appearing cannot be extended or enlarged on the ground alone that the situation and circumstances of the parties justify or demand further or other liability. . . .'"

*Props. Inv. Grp. v. Applied Commc'ns, Inc.*, 242 Neb. 464, 470, 495 N.W.2d 483, 488 (1993) (quoting *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 639, 419 N.W.2d 518, 520 (1988)). However, the Lease is devoid of any language indicating that any of the Plaintiffs were intended third-party beneficiaries. Declaration of N. Waggener at ¶ 2, Ex. A.

After learning that the Landlord Defendants had attempted to evict Club 180, Plaintiffs amended their Complaint to include additional allegations related to the Landlord Defendants failed attempt to evict Club 180, which allegations are found at Paragraphs 470 and 471 of the Amended Complaint. Doc. #24 at 50. Thus, even if the Landlord Defendants owed Plaintiffs a duty to attempt to evict Club 180 (which the Landlord Defendants' dispute), the Landlord Defendants (and their attorneys handling the eviction proceeding), owe no duty to Plaintiffs to *successfully* evict Club 180. Rather, to the extent any duty exists, that duty is one of "reasonable care." *See Erichsen v. No-Frills Supermarkets,* 246 Neb. 238, 241, 518 N.W.2d 116, 119 (1994).

Likewise, the lease requirement that required tenant to maintain a $2 million per incident liability insurance policy is for the benefit of the landlord. Specifically, Section 8.2 of the Lease states that "Tenant shall obtain and keep in

force with respect to the Premises comprehensive public liability insurance in form customarily written *for the protection of owners, landlords, and tenants of real estate, with Landlord and Tenant as named insureds*, which insurance shall provide coverage of not less than $2,000,000.00 for each occurrence of bodily injury, death or property damage. Declaration of N. Waggener at ¶ 2, Ex. A at Section 8.2 (emphasis added). There is nothing within this provision itself, or any language elsewhere in the Lease indicating that Plaintiffs are intended third-party beneficiaries. *Id.* Thus, the Landlord Defendants owe no duty to Plaintiffs to assure that Club 180 was maintaining insurance as required per the terms of the Lease.

Furthermore, the allegation that Landlord Defendants were negligent in allowing alleged elderly Defendant Nancy Waggener to manage their properties, including 18101 R Plaza, in Omaha is irrelevant to the issue of whether Landlord Defendants owed a duty to Plaintiffs. As explained above, Landlord Defendants' duty only arises if there was an injury caused by a condition on the land that the Landlord Defendants knew of and was the proximate cause of damage to Plaintiffs. *Sundermann,* 306 Neb. at 766. Accordingly, the Landlord Defendants owe no duty to manage the property or evict Club 180 for the benefit of Plaintiffs.

**b. Plaintiffs Failed To Allege Facts Showing Landlord Defendants Had Knowledge of a Specific Condition that was the Proximate Cause of Damage to Plaintiffs.**

The only allegation that comes anywhere close to an allegation regarding a condition on the land is Plaintiffs' allegations contained in Paragraph 469 of the Amended Complaint: "The Landlord Defendants were negligent, careless and

reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants." Doc. #24 at 50. However, that allegation is still woefully insufficient to give rise to a duty owed by Landlord Defendants to Plaintiffs.

While Plaintiffs allege "upon information and belief, the Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened," significantly, they fail to allege what specific conditions the Landlord Defendants were aware of or should have been aware of. *Id.* Plaintiffs also fail to allege facts to support that Landlord Defendants should have realized the specific condition involved an unreasonable risk of harm; that the Landlord Defendants should have expected Plaintiffs either would not discover or realize the danger; or that the Landlord Defendants failed to use reasonable care to protect Plaintiffs against the danger. *Sunderman,* 306 Neb. at 766.

For example, in *S.I. v. Cutler*, 246 Neb. 739, 744-45, 523 N.W.2d 242, 245 (1994)*,* the Nebraska Supreme Court, remanding for further proceedings, found that a landowner *could* be liable to an injured party based on the following allegations:

> that the assailant and other unknown persons had assaulted or otherwise threatened the [landowner's] business invitees on other occasions; that the [landowner's] knew or should have known that the assailant had been standing in the entrance of the building since 8 a.m. on July 5 and had previously been ejected from the building by a security guard for loitering; and that the assailant had assaulted patrons of the [landowner's] building several times prior to the attack on her….that the [landowner's] security guard knew that the assailant had been observed loitering around the building for 3 to 4 months and, specifically, had been observed 3 or 4 days prior to the attack on her.

*Id.* at 740. Unlike *Cutler*, Plaintiffs have failed to allege any facts showing any knowledge by Landlord Defendants of any specific condition, facts showing that Landlord Defendants failed to use reasonable care; or facts showing that the Landlord Defendants' failure to use reasonable care was the proximate cause of injury to Plaintiffs.

Furthermore, assuming for the sake of the argument only that the allegations contained in Paragraph 469 are sufficient to state a cause of action for negligence, except for Plaintiff Kristen Rozmiarek, Plaintiffs lack standing to assert it.

> A party must have standing before a court can exercise jurisdiction, and either a party or the court can raise a question of standing at any time during the proceeding. Standing refers to whether a party had, at the commencement of the litigation, a personal stake in the outcome of the litigation that would warrant a court's exercise of its subject matter jurisdiction and remedial powers on that party's behalf. To have standing, the plaintiff must have some legal or equitable right, title, or interest in the subject matter of the controversy. A plaintiff does not generally have standing to bring a case on behalf of a third party. The focus of the standing inquiry is not whether the claim the plaintiff advances has merit; it is on whether the plaintiff is the proper party to assert the claim.

*Chatterjee v. Chatterjee*, 313 Neb. 710, 714-15, 986 N.W.2d 283, 287 (2023).

In Paragraph 486, Plaintiffs allege that the operation of Club 180 has resulted in two deaths. As alleged in the Amended Complaint, Gordon Brummel lost consciousness while driving home as a result of drugs and alcohol he consumed at Club 180 and crashed his car. Doc. #24 at ¶¶ 279-280. In Paragraph 102, Plaintiffs allege that on February 18, 2024, after being overserved at Club 180 Joshua Kuhl

was driving home when he crashed and killed another driver. Doc. #24 at ¶ 102. However, that other driver's next of kin is not a party to this litigation. Clearly, except for Plaintiff Kristen Rozmiarek, Plaintiffs lack standing to allege that the Landlord Defendants' negligence in allowing the property to serve as a home for drugs and alcohol resulting in the death of Gordon Brummel was the proximate cause of harm to them.

However, even if Plaintiffs had standing, no viable cause of action exists because Nebraska's dram shop laws, found at Neb. Rev. Stat. § 53-401, et seq. only applies to minors. *See* Neb. Rev. Stat. § 53-402 (emphasis added) ("The purposes of the Minor Alcoholic Liquor Liability Act are to prevent intoxication-related traumatic injuries, deaths, and other damages and to establish a legal basis for obtaining compensation for persons suffering damages as a result of provision or service of alcoholic liquor ***to minors*** under circumstances described in the act."); *see also Holmes v. Circo*, 196 Neb. 496, 500-01, 244 N.W.2d 65, 68 (1976) (citing See, 48 C. J. S., Intoxicating Liquors, § 430, p. 716; 45 Am. Jur. 2d, Intoxicating Liquors, § 553, p. 852)) ("At common law, and apart from statute, no redress existed against persons selling, giving, or furnishing intoxicating liquor, or their sureties, for resulting injuries or damages due to the acts of intoxicated persons, whether on the theory that the dispensing of the liquor constituted a direct wrong or constituted actionable negligence. This rule was based on the theory that the proximate cause of the injury was the act of the purchaser in drinking the liquor and not the act of the vendor in selling it.")

Consequently, all Plaintiffs, including Kristen Rozmiarek, cannot state a negligence cause of action against Landlord Defendants due to the Landlord Defendants' alleged negligence in allowing the property to serve as a home for drugs and the unlicensed sale of alcohol as alleged in Paragraph 469 of the Amended Complaint because Nebraska law is clear that no redress exists for injuries due to the acts of intoxicated persons. *See Holmes,* 196 Neb. at 500-01.

**c. Duties Allegedly Owed by Landlord Defendants Could Not be the Proximate Cause of Damage to Plaintiffs.**

Even if Landlord Defendants had a duty to Plaintiffs to attempt to evict Club 180, Plaintiffs cannot show that any breach of the Landlord Defendants' duty is the proximate cause of any damage to Plaintiffs.

> To establish proximate cause, the plaintiff must show that "(1) [w]ithout the negligent action, the injury would not have occurred, commonly known as the 'but for' rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause."

*Pals v. Weekly*, 12 F.4th 878, 881 (8th Cir. 2021) (quoting *Wilke v. Woodhouse Ford Inc.*, 278 Neb. 800, 774 N.W.2d 370, 382 (Neb. 2009)).

The injuries allegedly suffered by Plaintiffs were not proximately caused by the Landlord Defendants' inaction or failure to evict. Rather, as alleged by Plaintiffs, Plaintiffs' injuries were proximately caused by the actions of other Defendants or third persons engaged in the activities described in Plaintiffs' Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants Evron, Inc., Seven Oaks Investment Corporation, Highland Associates, Inc. and CTS, LLC respectfully request that this Court enter an order sustaining their motion to dismiss and dismiss the claims set forth in the Amended Class Action Complaint with prejudice against them and for such other and further relief as the Court deems just and equitable.

Dated this 20th day of May, 2025.

SEVEN OAKS INVESTMENT CORPORATION, EVRON, INC., HIGHLAND ASSOCIATES, INC. and CTS, LLC, Defendants,

By: /s/ Erin R. Robak

Erin R. Robak, #23407
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, #100
Omaha, NE 68114
(402) 397-2200
(402) 390-7137 Fax
eroba@eslaw.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing ***Defendants' Brief in Support of Motion to Dismiss Pursuant to Rule 12(b)(6)*** was served on this 20th day of May, 2025, upon:

Evan Spencer
Evan Spencer, PLLC
305 Broadway, 7th Floor
New York, NY 10007

by: [ ] U.S. Mail, postage prepaid
[ ] E-mail
[ X ] Electronic filing using the CM/ECF system
[ ] Facsimile Transmission

/s/ *Erin R. Robak*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word count and typeface requirements of NECivR 7.1(d)(4) (A). This Brief contains 3,535 words. To certify the word count, the undersigned relied upon the word-count function of Microsoft Office 365, applied to include all text, including the caption, headings, and signature block. The undersigned further certifies that the foregoing Brief was produced using 12-point Century Schoolbook font, with line spacing at 2.00.

/s/ *Erin R. Robak*

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1 (d)(4) (B), I hereby certify that no generative artificial intelligence program was used in drafting this brief.

/s/ *Erin R. Robak*