IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHUCK STREBLOW, *et al.*, | ) | |
| | ) | CASE NO. 8:25-cv-241-JFB-RCC |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **BRIEF IN SUPPORT OF DEFENDANT PAUL WAGGENER'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO SEVER AND REMAND** |
| CLUB 180, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Paul Waggener submits this brief in support of his Motion to Dismiss or, in the Alternative, to Sever and Remand. Defendant Waggener moves for dismissal with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that: (1) Plaintiffs do not satisfy *Iqbal* and *Twombly* factors such that the landlord entities can be disregarded; (2) Nebraska does not recognize failure to follow corporate formalities as a basis upon which to disregard a corporate entity; and (3) Plaintiffs cannot state a claim as to duty, notice, or proximate cause.

Alternatively, should the Court find dismissal pursuant to Rule 12(b)(6) is not appropriate at this juncture (though Defendant Waggener asserts it is fully appropriate), he respectfully moves for dismissal pursuant to Fed. R. Civ. P. 21.[1] Plaintiffs' Amended Complaint alleges an uncountable number of causes of action involving varying facts occurring on varying dates against varying Plaintiffs by varying of the 59 named defendants, using 21 theories of recovery. Virtually none of the foregoing is relevant to

[1] Should the claims against Defendant Waggener and the Landlord Defendants be dismissed pursuant to Fed. R. Civ. P. 21, the Plaintiffs could file the claims in State Court, which is the more appropriate venue.

the allegations against Defendant Waggener and the other Landlord Defendants and fails to satisfy Rule 20's requirements for permissive joinder.

## BACKGROUND

This action arises from activities allegedly occurring at a strip club called "Club 180." Six named plaintiffs, 132 John and Jane Doe plaintiffs, and "all other similarly situated residential and commercial neighbors of Club 180" bring this action against 59 named defendants and 50 John and Jane Roe defendants. The factual allegations against Club 180 stated in the Plaintiffs' Amended Complaint are wide-ranging and involve both specific incidents and actions occurring repeatedly over the course of Club 180's existence. Amended Complaint, *passim*. The Amended Complaint sets forth 21 "causes of action," which include such disparate theories of recovery as wrongful death, RICO, Title VII, wage claims, false advertising and deceptive trade practices, negligence, breach of contract, and unfair competition.[2] Amended Complaint at ¶¶ 267-537. Plaintiffs seek $10,000,000 in monetary damages, plus treble damages and declaratory relief. Amended Complaint at ¶ 1.

Defendant Waggener is one of the so-called "Landlord Defendants," consisting of Evron, Inc., 7 Oaks Investment Corp., Highland Associates, Inc., CTS, LLC, and Nancy Waggener and Paul Waggener in their individual capacities. Plaintiffs claim the corporate entity defendants should be disregarded due to failure to follow corporate formalities, and as a result, seek to hold Paul Waggener and Nancy Waggener liable in their individual

[2] A table identifying the Plaintiffs' "Causes of Action" and the Defendants against whom they appear to be asserted is appended hereto.

capacities as an "affiliate" and shareholder of the corporations, respectively. Amended Complaint at ¶ 246.

The sole allegations against the Landlord Defendants appear at Paragraphs 469 through 474. Plaintiffs conclusorily allege the Landlord Defendants permitted Club 180 to use the property as a home for drugs and other illegal activities, failed to evict Club 180, failed to ensure the tenant maintained $2 million per incident liability insurance, and "allow[ed] elderly Defendant Nancy Waggener to manage their properties." *Id.* at ¶¶ 469-474.

The conclusory allegations against Defendant Waggener are only a minute piece of the overall allegations, which, frankly, are all over the map. For example, Plaintiffs' negligence theory of recovery (Count 15) contains <u>seven</u> different causes of action against various defendants, ranging from Defendant Toast providing credit card services to a strip club, to Defendant Nick Scalise playing music too loud during overnight hours, to use of the Two Fine Irishmen trade name in commerce.

As is explained herein, Plaintiffs cannot state a claim against Defendant Waggener. Even if they could, the utter chaos of these misjoined, unrelated causes of action against unrelated Defendants warrants dismissal pursuant to Rule 21.

## <u>LEGAL STANDARD</u>

The District Court's obligation on a Rule 12(b)(6) motion to dismiss is succinctly described in *Hager v. Ark. Dep't of Health*:

> A complaint must state a claim to relief that is plausible on its face. Under Federal Rule of Civil Procedure 12(b)(6), the factual allegations in the complaint are accepted as true and viewed most favorably to the plaintiff. Courts must not presume the truth of legal conclusions couched as factual allegations. Courts should dismiss complaints based on labels and conclusions, and a formulaic recitation of the elements of a cause of action.

*Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013) (internal citations and quotations omitted).

The Court's misjoinder analysis is performed pursuant to Rule 21. Where claims do not satisfy permissive joinder requirements of Rule 20, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Although a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if 'just' – that is, if doing so will not prejudice any substantial right." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006)) (emphasis omitted).

**ARGUMENT**

Plaintiffs filed suit against 59 named defendants asserting dozens of separate causes of action[3], seeking to recover under any of twenty-one theories of recovery – only one *sliver* of which is relevant to Defendant Waggener. In a separate case filed by the same Plaintiffs' counsel, Judge Buescher addressed this throw-spaghetti-on-the-wall approach to pleading. The sentiment equally applies here:

> In this lawsuit, Plaintiffs have included every conceivable claim and defendant… This Court has previously referred to this strategy – used by this same plaintiff and affiliated entities – as the "kitchen sink" approach, where the Plaintiffs included everything in their lawsuit but the kitchen sink.
>
> In this case, this Court believes Plaintiffs have done one better. The kitchen sink is included.

[3] Causes of action include everything from alleged overserving resulting in a customer death, to physical assaults of dancers, to stealing tips, to dancers being incorrectly classified as independent contractors, to luring dancers away from a competing business, to playing music so loud it disturbs neighbors, and even continuing to operate the Two Fine Irishmen website after closing the business.

*Harrington v. City of Omaha*, Case No. 8:20cv412, 2021 U.S. Dist. LEXIS 106599 at *3-4 (D. Neb. June 7, 2021) (granting the defendants' motion to dismiss the class action complaint in its entirety). As used in the instant case, Plaintiffs' kitchen sink approach fails as to Defendant Waggener.

## I. <u>Plaintiffs Fail to State a Claim Against Defendant Waggener.</u>

Defendant Waggener first moves to dismiss pursuant to Rule 12(b)(6), as no claim has been, or can be, stated against Defendant Waggener individually. Plaintiffs do not satisfy *Iqbal* and *Twombly* pleading requirements. Even if they could, Nebraska does not recognize failure to follow corporate formalities as a basis to disregard a corporate entity. Finally, as is well set out in the Landlord Entity Defendants' motion to dismiss, Plaintiffs cannot state a claim as to duty, notice, and proximate cause. *See*, ECF No. 106.

### A. Plaintiffs Fail to Plead Facts Entitling Them to Proceed Against Paul Waggener, Individually.

Under the pleading standards set forth in *Ashcraft v. Iqbal*, 556 U.S. 662, 679 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), a complaint must provide grounds for the plaintiffs' entitlement to relief with "more than labels and conclusions." *Twombly* at 555. As this Court recently noted:

> Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* (describing a "two-pronged approach" to evaluating such motions: First, a court must accept factual allegations and disregard legal conclusions; and then parse the factual allegations for facial plausibility). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Khalil v. City of Lincoln*, Case No. 4:23CV3159, 2024 U.S. Dist. LEXIS 241991 at *4 (D. Neb. December 30, 2024). In short, legal conclusions *on their own* do not set forth entitlement to relief.

In the instant case, the only allegation in the entire 59-page Amended Complaint concerning Plaintiffs' purported entitlement to proceed against Defendant Waggener directly is conclusory:

> 246. "Landlord Defendants" Evron, Inc., Seven Oaks Investment Corporation and (sic) Highland Associates, Inc., CTS, LLC, have failed to comply with corporate formalities, thus entitling Plaintiffs to proceed against the corporate shareholders of the Waggener family individually, including but not limited to Nancy and Paul Waggener."
> …
> 248. Paul Waggener is affiliated with all four of the Landlord Corporations …"

ECF No. 24, Amended Complaint at ¶¶ 246, 248.

Applying *Iqbal*'s first prong, the Amended Complaint contains no facts regarding a failure to comply with corporate formalities, and the conclusory statement in Paragraph 246 must be disregarded. As a result, there are no factual allegations to parse in the second prong. Plaintiffs cannot state a claim against Defendant Waggener in his individual capacity, thus requiring dismissal.

### B. Failing to Follow Corporate Formalities Is Not a Basis Upon Which to Disregard a Corporate Entity.

Even if Plaintiffs could set forth sufficient factual content to satisfy *Iqbal* and *Twombley*, corporate entities may not be disregarded for failure to follow corporate formalities. Although a permissible basis in some states, Nebraska severely restricts the bases upon which a corporate entity may be disregarded. Judge Rossiter recently addressed Nebraska law on this issue in *Mosaic Leasing, LLC v. Jet Linx Aviation, LLC*:

> Under Nebraska law, a corporate entity is generally "viewed as a complete and separate entity from its shareholders and officers." *407 N 117 St., LLC v. Harper*, 993 N.W.2d 462, 849 (Neb. 2023). "A court will disregard a corporation's identity only where the corporation has been used to commit fraud, violate a legal duty, or perpetrate a dishonest or unjust act in contravention of the rights of another." *Wolf v. Walt*, 247 Neb. 858, 530 N.W.2d 890, 896 (Neb. 1995). Relevant factors include
>
>> (1) grossly inadequate capitalization, (2) insolvency of the debtor corporation at the time the debt is incurred, (3) diversion by the shareholder or shareholders of corporate funds or assets to their own or other improper uses, and (4) the fact that the corporation is a mere facade for the personal dealings of the shareholder and that the operations of the corporation are carried on by the shareholder in disregard of the corporate entity.
>>
>> *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447, 462 (Neb. 2008).

*Mosaic Leasing*, Case No. 8:24cv138, 2025 U.S. Dist. LEXIS 22209 at *6-7 (D. Neb. Feb. 7, 2025). None of the relevant factors concern a failure to follow corporate formalities. While, at first glance, it may appear failure to follow corporate formalities could fall within the fourth factor, case law rejects such argument.

> We turn now to the fourth prong of the test. If the corporation is a facade for the personal dealings of the shareholder and the operations of the corporation are carried on by the shareholder in disregard of the corporate entity, the shareholder may be individually liable for corporate debt. The separate entity concept of the corporation may be disregarded where the corporation is a mere shell, serving no legitimate business purpose, and is used as an intermediary to perpetuate fraud on the creditors.

*Christian v. Smith*, 276 Neb. at 885, 759 N.W.2d at 463 (footnotes omitted).

In short, to disregard a corporate entity under Nebraska law, the corporation must essentially be a pawn in a scheme to defraud creditors. Here, there are no such allegations. Plaintiffs claim only that unspecified corporate formalities were not followed, with no factual support whatsoever supporting the conclusory statement. Because the

sole basis upon which Plaintiffs seek to impose liability upon Defendant Waggener is not permitted under Nebraska law, dismissal is required.

### C. Plaintiffs Fail to State a Claim as to Duty, Breach, and Proximate Cause.

Even assuming, *arguendo*, Plaintiffs could plead facts sufficient to disregard the corporate entities and pursue Defendant Waggener in his individual capacity, the Amended Complaint still fails to state a claim. Defendant Waggener joins the motion to dismiss of the Landlord Entity Defendants and joins the argument in Section II of their supporting brief that the Amended Complaint fails to allege a legally cognizable duty, breach, and proximate cause of damages to one or more the Plaintiffs. *See* ECF Nos. 104-106.

Under Nebraska law, whether a legal duty exists for actionable negligence is a question of law. *Bell v. Grow With Me Childcare & Preschool, LLC*, 299 Neb. 136, 146, 907N.W.2d 705, 713 (2018). The threshold issue in any negligence action is whether the defendant owes a legal duty *to the plaintiff*. *Ryan v. State*, 317 Neb. 3397, 343, 9 N.W.3d 888, 893 (2024)(emphasis added). If there is no legal duty, there is no actionable negligence. *Id*.

Thus, the threshold question is whether the Complaint alleges a cognizable legal duty, and breach of such duty, owed to one or more of the Plaintiffs. However, due to the number of Plaintiffs and the scattershot nature of the pleading it is impossible for the Court (or the Defendants) to determine *which* Plaintiffs allege that they were owed a duty by the Landlord Defendants. District Courts in this Circuit have recognized that "[a] complaint which lumps all defendants together and does not sufficiently allege who did what to

whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Tatone v. SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012); *see also De Britto Bucco v. W. Iowa Tech Community College*, 555 F. Supp. 3d 628, 642 (N.D. Iowa 2021).

Defendant Waggener submits that the Amended Complaint fails to state a claim for relief as against Defendant Waggener, and he should be dismissed from the action.

**D. Plaintiffs Do Not State a Claim Against Defendant Waggener as to Any Other Theory of Recovery.**

As noted above, the only specifically-pled theory of recovery against Defendant Waggener is negligence (Count 15). Several counts, however, refer generally to "Defendants" without identifying the Defendants to whom the count is directed. Although Defendant Waggener does not believe any of the remaining counts are directed toward him, dismissal is requested as to all remaining counts, as well, ensuring he is fully and finally removed from this action.

**II. Misjoinder Warrants Dismissal**

Joinder of defendants is permitted where: (a) a right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; and (b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

In *Strandlund v. Hawley*, 532 F.3d 741 (8th Cir. 2008) four plaintiffs filed a single lawsuit against a county sheriff, sheriff's deputy, and county, alleging Section 1983 violations and common law torts arising out of three incidents in which the same deputy sheriff used excessive force when arresting each of the individuals. *Id*. at 742. The incidents occurred on different days and involved different circumstances. In the first

incident, a plaintiff was allegedly tackled at a street festival and suffered a stiff neck. *Id.* at 742-43. In the second, two plaintiffs were arrested for riding ATVs on private property and fleeing apprehension. *Id.* at 743. They allegedly sustained injuries as a result of police dog bites and being forced to appear in public in only their underwear. *Id.* In the third incident, the plaintiff was stopped outside his home for a suspected drinking and driving violation; he was also allegedly injured as a result of a police dog bite. *Id.* The defendants moved to sever the actions under Rule 21, which was granted by the district court. On appeal, the plaintiffs did not contend the court erred in concluding the claims were misjoined (but rather erred in dismissing, rather than severing, the claims). Nonetheless, the basis for the district court's determination remains instructive in the instant case:

> [T]he [district] court cited the lack of a logical relationship between the alleged incidents, which had occurred on separate dates and locations and involved different individuals other than Hawley. It decided that no common question of law or fact existed in respect to the claims and that it would be too confusing for a jury to be asked to make the individual factual determinations for the different incidents.

*Id.*

In *Strandlund*, "single deputy, excessive force, injuries, and dog bite" were not closely enough related to avoid misjoinder. In the instant case, the differences are on an exponentially larger scale. Claims against Defendant Waggener alleging landlord/tenant issues do not arise out of the same transaction, occurrence, or series of occurrences with, e.g., a drinking and driving wrongful death claim, a claim that a SaaS provider worked with a strip club, purported luring away of dancers from one strip club to another under the promise of more money, independent contractor classification, discrimination against Club 180 dancers, the alleged wrongful use of a trade name, and a multitude of other claims. There are no common questions of law, fact, or joint liability (as it pertains to the

Landlord Defendants vis a vis the other 53 defendants). To cure this misjoinder, Defendant Waggener moves for dismissal.

**A. Dismissal Is Appropriate and Has No Statute of Limitations Repercussions.**

Rule 21 permits courts to drop a misjoined party at any time. Although severance is required where dismissal would result in "gratuitous harm to the parties," such is not the case here. *Strandlund v. Hawley*, 532 F.3d 741, 745-46 (8th Cir. 2008) (affirming misjoinder, but reversing dismissal in favor of severance where severed claims could not be refiled due to statute of limitations). The only theory of recovery pled against Defendant Paul Waggener is negligence, which has a four-year statute of limitations. Club 180 did not begin operations until December 22, 2023 (Amended Complaint at ¶¶ 1, 8), making the earliest possible running of the statute of limitations on December 22, 2027, more than two and a half years from now. Because dismissal will not bar the claim from being refiled in state court, dismissing Defendant Waggener is the appropriate remedy.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs have not, and cannot, state a claim for relief against Defendant Paul Waggener, warranting dismissal with prejudice. Although dismissal with prejudice is the appropriate remedy at this juncture, Defendant Waggener moves in the alternative, pursuant to Rule 21, for dismissal on the basis of misjoinder.

Dated this 22nd day of May, 2025.

Respectfully submitted,

PAUL WAGGENER, Defendant

By: <u>/s/ Damien J. Wright</u>
DAMIEN J. WRIGHT, #23256

WELCH LAW FIRM, P.C.
1299 FARNAM ST., SUITE 1220
OMAHA, NE 68102
(402) 341-1200
(402) 341-1515 (FAX)
damien@welchlawfirm.com

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief complies with NECivR 7.1(d)(4), as it was created using Microsoft Word version 2503 and contains 3,337 words, including the caption, headings, footnotes, and quotations. No generative artificial intelligence program was used in drafting the document.

/s/ Damien J. Wright

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

/s/ Damien J. Wright

**PLAINTIFFS' CLAIMS**

| Cause of Action[4] | Title | Against Whom |
|---|---|---|
| First | Wrongful Death of Gordon Brummel | Jessica Richardson<br>Club 180<br>Bravo1 Security |
| Second | Civil RICO: Prostitution | Matthew Longcor<br>Miroslava Kotsan<br>Eric Havermann<br>AM314, LLC<br>"Some of the Dancer Defendants" |
| Third | Civil RICO: Sex Trafficking | Matthew Longcor<br>Miroslava Kotsan<br>Eric Havermann<br>Jim Pull<br>Blaike Koca<br>AM314, LLC<br>Dancer Defendants |
| Fourth | Civil RICO: Drug Trafficking | Matthew Longcor<br>Eric Havermann<br>Jim Pull<br>AM314, LLC<br>Marley Nygaard<br>Malik Jarmon<br>Abdul Rahmanzai<br>Jalil Tookhi<br>David Looloo |
| Fifth | Civil RICO: Wire Fraud | AM314, LLC<br>Two Fine Irishmen<br>Matthew Longcor |
| Sixth | Civil RICO: Illegal Gambling | Troy Pham<br>Breanna Pham-Carr<br>Club 180 dancers<br>John Roe Defendants |
| Seventh | Civil RICO: Witness & Attorney Tampering | Matthew Longcor<br>AM314, LLC<br>Eric Havermann<br>Breauna Hoffman |
| Eighth | Title VII<br>(Gender and race discrimination) | Matthew Longcor<br>Eric Havermann<br>AM314, LLC |
| Ninth | NLRA Violations | Club 180 |

[4] Plaintiffs characterize their theories of recovery as Causes of Action. For purposes of following along with the Amended Complaint, Defendant Waggener uses the term here.

| | | |
|---|---|---|
| | (Minimum wage) | Unspecified Defendants |
| Tenth | Neb. Fair Employment Practices Act<br>(Retaliation and gender discrimination) | Unspecified Defendants |
| Eleventh | Assault and Battery | Matthew Longcor<br>Dancer Starr<br>Eric Havermann<br>Jessica Richardson<br>"Dancers and Customers" |
| Twelfth | Sexual Harassment | Dancer Defendants<br>Unspecified Defendants |
| Thirteenth | False Advertising/<br>Deceptive Practices | Unspecified Defendants |
| Fourteenth | Theft | Matthew Longcor<br>Ayden Longcor<br>Miroslava Kotsan<br>Club 180 |
| Fifteenth | Negligence | **Landlord Defendants** (allowing Club 180 to serve as home for drugs, sex trafficking, et al; failure to evict Club 180; failure to ensure Club 180 had $2M liability insurance limits; allowing "elderly" Nancy Waggener to manage properties)<br><br>Bravo1 Security and Mike Elayan (providing security to Club 180 in spite of illegal activity)<br><br>Toast, Inc. (providing credit card services to strip club)<br><br>Voodoo Bar (allowing Club 180 to recruit dancers and customers)<br><br>Irishmen 180, LLC and Two Fine Irishmen (allowing AM314, Club 180 and Matthew Longcor to use Trade Name in commerce)<br><br>Nick Scalise (playing music too loud, including between 10:00 p.m. and 5:00 a.m. on weekends) |

| | | |
|---|---|---|
| | | AM314, Matthew Longcor, Bravo1 Security (negligent hiring, training, supervision of Club 180 dancers, managers, and security guards) |
| Sixteenth | Intentional Infliction of Emotional Distress | Matthew Longcor<br>Eric Havermann<br>Jim Pull<br>Dancer Defendants |
| Seventeenth | Negligent Infliction of Emotional Distress to:<br>-neighbors (loud noises)<br>-employees (unsafe work environment) | Matthew Longcor<br>Eric Havermann<br>Jim Pull<br>Unspecified other Defendant who allegedly assaulted a dancer |
| Eighteenth | Breach of Contracts with dancers and security guards | AM314<br>Unspecified “other Defendants” |
| Nineteenth | Unfair Competition<br>(by Plaintiff American Dream and Dancer Plaintiffs) | Club 180<br>Unspecified “other Defendants” |
| Twentieth | Nuisance | Club 180 |
| Twenty-First | Conspiracy “to commit prostitution, sex trafficking, drug trafficking, wire fraud, gambling, and other crimes and torts at Club 180 and other locations” | Unspecified Defendants |