UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**BRIEF IN SUPPORT OF MOTION FOR TRO, PRELIMINARY INJUNCTION & ALTERNATIVE SERVICE OF DEFENDANTS AM314, LLC & MATTHEW LONGCOR**

**MOTION FOR TRO, PRELIMINARY INJUNCTION & ALTERNATIVE SERVICE**

Pursuant to FRCP Rule 65, as a matter of public safety and to abate a public nuisance, Plaintiffs file this motion for a temporary restraining order to close the all-nude BYOB strip club, AM314, LLC dba Two Fine Irishmen/Club 180 ("180") located at 18101 R Plaza, Suite 107, Omaha, NE 68135, immediately for a period of 14 days, or until such time that a preliminary injunction hearing may be held with Plaintiffs and Respondents **AM314, LLC, Matthew Longcor, Evron, Inc. and 7 Oaks Investment Corp.** as they are the owners and tenants of the subject property. Plaintiffs can trace at least two deaths to 180 since it opened December 22, 2023, along with sex trafficking, drug trafficking, drugging of customers and dancers, underage alcohol consumption, unlicensed sale of alcohol, counterfeit money, credit card fraud and numerous other illegal activities. The music is so loud on Friday and Saturday nights until 5:00 am that it disturbs all the local neighbors including Plaintiff Sarah Houston and other John and Jane Doe individuals and businesses that are afraid to join the lawsuit due to Defendants' threats and intimidation tactics. When 180 opened Matt's son Ayden was only 17 and he worked there and consumed alcohol there with his high school friends while watching live nude entertainment. Club 180 poses a clear and present danger to the community and is a public nuisance that should be abated immediately by the Court before they kill anyone else.

Rather than retaining lawyers, Defendants Matt and Eric Havermann ("Eric") have threatened the life of Plaintiffs' counsel in retaliation for filing this lawsuit. A Misdemeanor warrant was issued for Eric's arrest (DCSO2025008565) and charges for Felony Terroristic Threats have been filed against Matthew Longcor (DCSO20250012686). Plaintiffs' counsel was informed from an inmate Justine Dubois in the Douglas County Department of Corrections in lengthy 2025 messages dated May 10, 19, and 22, (Exhibit "A") that one of Matt's dancers Delaney Wilson ("Stormie") (Exhibit "B") admitted that she set up a drive-by shooting just

weeks ago (on or about April 8, 2025) for Matt and that Plaintiffs' counsel Evan Spencer was going to be "dealt with" next. Stormie also admitted to getting dancers hooked on coke and meth, selling cocaine, drugging people without their knowledge, and having intercourse with customers at 180, and participating in a drive-by shooting with the assistance of Matthew Longcor. The following message was received by Plaintiffs' counsel on May 10, 2025:

> "Delaney Wilson (stormie) is in here for Accessory to a felony for a shooting … her boss **Matt Longcor (club 180)** … told her to find someone to "take care" of the girl and others … her boyfriend and some friends went and **shot up the house** … **they were supposed to be going on a trip to New York to take care of you (Evan Spencer) cause you were becoming an issue for her boss**. So Matt told her that she was gonna be the bait used to lure you to go out with her and then Matt was gonna handle the rest. So you wouldn't be an issue anymore. Since the threats made to you before didn't work… She said she helps her boss find new talent and **helps get them hooked on coke or meth** … **the ones that were unwilling she would put the meth in their drinks without their knowledge** … she said that **she sells coke to the customers also** … **she has sex with them sometimes even at the club where the cameras can't see for extra money**." (emphasis added)

On May 19, Plaintiffs' counsel received another message from Ms. Dubois regarding sex trafficking by Matthew Longcor and Miroslava Kotsan:

> "Delaney also informed me that matt and miro have the **strippers that are willing to have sex with customers get a tattoo on the back of their neck which her and breaunna (rose) both have** and that they would go to the sex parties which her boss had together and perform together by having sex with each other…"

In the most recent message dated May 22, Justine wrote the following to Plaintiffs' counsel referring to Ms. Wilson that:

> "(S)he then asked me if I were to make bond can I go to club 180 for her and get the money for her bond from her boss matt cause he owes her for 2 special events (sex parties) still and **if I could go get the gun matt got for her and get rid of it for her …** she thinks that her boyfriend tobias is gonna tell on her because her because her fingerprints are on the gun because she is the one who loaded it after she purchased the bullets."

In addition, Matt previously told Plaintiff Chuck Streblow that he was going to, "send people to (Plaintiffs' counsel's) house." Plaintiffs' counsel is in genuine fear for his life and the safety of his clients based upon these repeated threats.

There are six empty bays in R Plaza (at the intersection of 180th and Q Streets) because no one wants to lease a space next to this dangerous strip club. Plaintiffs' counsel has spoken to five security guards that all quit 180 because of all the illegal activities and because they did not feel safe working there. Plaintiffs' counsel can't even hire a process server to enter 180 because they consider it too dangerous. The Deviled Egg restaurant in R Plaza went out of business (Exhibit "C") because of 180 and all the local businesses are suffering because of it. There have been at least 50 complaints to 911 about 180 (Exhibit "D"), and while the City of Omaha passed a "Good Neighbor Ordinance" to shut down 180 after 3 tickets (Exhibit "E"), the City of Omaha has not issued a single citation and the landlord Respondents Evron, Inc. and 7 Oaks Investment Corp. have done nothing over the past 13 months to try to evict Matt and his illegal strip club, despite having knowledge of these activities for months. Plaintiffs' counsel offered to provide the landlord's law firm Erickson Sederstrom with all the evidence they needed to evict their tenant, and their literal response was, "ignore this guy." As a result of the City of Omaha and Defendants' landlord failing to do their jobs, Plaintiffs' counsel had no alternative but to file this motion for an injunction to abate the public nuisance and safety hazards posed by 180.

While the lease for AM314, LLC states the property can only be used as a "bar and grill" and that they cannot cause damages to their neighbors in the R Plaza shopping center (Exhibit "F") the landlords and their attorneys allowed the owner Matt and his wife Miroslava Kotsan and friends including Eric, to convert a bar and restaurant into a an all-nude strip club, brothel, and drug den that is open until 4:00 or 5:00 am or later five nights per week. The location is next to a

Church and day care, across the street from a high school, and adjacent to residential properties, including some John Doe Neighbor Plaintiffs. Matt is a sex trafficker and cocaine dealer that uses the club to party. He is currently being investigated by the authorities, but I am not at liberty to say who at this time (I can confidentially inform the Court in chambers). AM314, LLC is not a traditional business. They allow and encourage drug trafficking and prostitution. They have no insurance, despite the fact that their lease requires insurance in the amount of $2 million per incident. They have no agent for service of process (he died two years ago). At the hearing I will provide the court with a flash drive of video evidence that shows Matt having sex with dancers at 180 during operating hours, doing cocaine with a customer, and stealing.

**PLAINTIFFS MEET THE STANDARD FOR A TRO & PRELIMINARY INJUNCTION**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney." Fed. R. Civ. P. 65(b)(1):

> Rule 65(b) does not identify the standards that the Court must apply in deciding whether to grant a request for a TRO. *See generally* Fed. R. Civ. P. 65(b). However, the Eighth Circuit Court of Appeals has filled the gap by explaining that "the standard for analyzing a motion for a temporary restraining order is the same as [the standard for] a motion for a preliminary injunction." *Tumey*, 27 F.4th at 665. Thus, to obtain either a TRO or a preliminary injunction, " '[a] plaintiff ... must establish **[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest**.' " … No single factor is determinative or dispositive. *Wilber-Ellis Co.*, 103 F.4th at 1356; *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1342 (8th Cir. 2024). Thus, "the court should balance all the factors in considering whether the injunction should be granted." *Ng v. Bd. of Regents of Univ. of Minnesota*, 64 F.4th 992, 997 (8th Cir. 2023). Calzone King, LLC v. Midwest Dough Guys, LLC, No. 8:24CV335, 2024 WL 4008117, at *5–6 (D. Neb. Aug. 30, 2024) (emphasis added)

In this case, the continued operation will pose irreparable harm to Plaintiff Sarah Houston and the class of residential and commercial neighbors she represents, including loud music until 5:00 am five nights per week, as well as customers that will continue to be drugged and robbed

by Club 180. It's likely they will kill or otherwise harm more people as long as they are permitted to operate. Granting the injunction will commit no harm as it will close an illegal enterprise that has no legal right to operate in the first place under its lease or Nebraska law. The movants will clearly succeed on the merits as Plaintiffs have documented Defendants criminal activities and civil violations with affidavits, videos, photographs, and police reports (including Exhibits "A" – "Y"). Once discovery commences, movants will have even more evidence to support their claims. There is no doubt the public interest is best served by the closure of Club 180. There is an endless amount of literature and studies regarding the negative secondary effects of sexually oriented businesses, including increased crime and the lowering of property values. Due to its sensitive location next to a Church, houses, and a high school, together with all the illegal activities make it clear that closing Club 180 until trial is in the public interest. Omaha is one of the only large cities in the United States that does not have a sexually oriented business ordinance. As such, it falls upon this Court to grant Plaintiffs and the community of west Omaha justice and close this illegal club immediately before anyone else gets killed, hooked on drugs, or sex trafficked.

**THE COURT HAS THE AUTHORITY TO CLOSE 180**

The following are four examples of Nebraska courts closing clubs that posed a public nuisance. One was a café on 2923 O Street:

> "**The cafe opens at about 7:30 p.m. or later and stays open until late the following morning. It is a gathering place for hoodlums, prostitutes, gamblers, and other disorderly persons and is a constant source of trouble for the police**… **The lieutenant in charge of the vice detail testified that 2923 Q Street is their 'biggest problem' in South Omaha** … **The jurisdiction of an equity court to abate a public nuisance exists independent of statute; and it is within the power of the court to do whatever is reasonably necessary to abate the nuisance**. State ex rel. Wilcox v. Ryder, 126 Minn. 95, 147 N.W. 953, 5 A.L.R. 1449; State ex rel. Haugan v. Denis, 40 S.D. 219, 167 N.W. 151; State ex rel. Davenport v. Henry (Mo.App.), 270 S.W.2d 88. **This includes the power to enjoin the use of the premises for any purpose for a**

> **reasonable period of time**. Reversed and remanded with directions. State ex rel. Carlson v. Hatfield, 183 Neb. 157, 159, 158 N.W.2d 612, 613–14 (1968). Much like 2923 Q Street in 1968, Club 180, "is a gathering place for hoodlums, prostitutes … and other disorderly persons and is a constant source of trouble…" (emphasis added)

Another club on O Street was similarly closed by the Court, "The district court found that use of the land and building located at 2602 O Street, Omaha, constituted a public nuisance. **It authorized plaintiff City of Omaha to padlock the building for 6 months, enjoining defendants from using the property during the period**. It permanently enjoined (1) Artice Danner from using the *702 property for business purposes and (2) other defendants from using the property as long as Danner used it under a tenancy… A public nuisance on the property arose over a long period of time from these activities: **Sales of beer and alcoholic liquor after hours and without a license … and solicitations by prostitutes**. The lieutenant in charge of the vice detail of the Omaha police force named the property one of four trouble spots in South Omaha. City of Omaha v. Danner, 186 Neb. 701, 702, 185 N.W.2d 869, 871 (1971). At Club 180, there are sales of, "alcoholic liquor after hours and without a license … and solicitation by prostitutes." (emphasis added)

"In a situation as shown by this record, if the evidence so justifies, **the court may enjoin the operation of the business so as to prevent the injury and damage to the community committed by persons whose conduct and behavior are beyond the control of the appellant**. In the granting of the injunction complained of, the trial court did not extend its powers beyond the necessities of the case. The evidence is amply sufficient to support the findings and the decree is a proper one and is therefore. State ex rel. Towle v. Eyen, 130 Neb. 416, 264 N.W. 901, 903 (1936). (emphasis added) This policy dates back over 100 years, "…a court of equity may, at the instance of the properly constituted public authority, issue an injunction as giving more effectual and complete relief than can be afforded in a court of law." 14 R. C. L. 379, § 80.

Examples of injunctions against public nuisances may be cited, such as an injunction from using a building to conduct an illegal prize fight in the case of Columbian Athletic Club v. State, 143 Ind. 98, 40 N. E. 914, 28 L. R. A. 727, 52 Am. St. Rep. 407, and the three cases combined in Respass v. Commonwealth, 131 Ky. 807, 115 S. W. 1131, 21 L. R. A. (N. S.) 836, deciding that gambling houses or poolrooms where money was to be bet on horse races are public nuisances. State v. Maltby, 108 Neb. 578, 188 N.W. 175, 177 (1922)

## AFFIDAVITS AND EVIDENCE IN SUPPORT

In support of Plaintiffs' motion for TRO and preliminary injunction, the following exhibits in addition to Exhibits "A" – "F" (previously referenced) are attached: an affidavit of Plaintiffs' counsel Evan Spencer (Exhibit "G"), affidavits from Plaintiffs Chuck Streblow (Exhibit "H"), Kristen Rozmiarek (Exhibit "I"), Kimberly Hernandez (Exhibit "J"), Casey Rowe (Exhibit "K"), and Mary Blechschmidt (Exhibit "L") plus affidavits of three security guards and statements of two neighbors ("M" – "Q"), regarding all the illegal and dangerous activities at 180 and the damages suffered as a result. A screenshot of the 180 group-chat is attached that discusses the "coke/cocaine problem" at 180 (Exhibit "R"). A Google review by Joe Hunsucker claiming to be drugged and robbed of $5,000 at 180 is attached as (Exhibit "S").

I've attached a police report (Exhibit "T") in which a Club 180 dancer Katherine Tedi Smith (Sienna) accuses a Defendant James Pull of rape and sex trafficking her. I have included text messages and a photograph of a dancer Christina Craft (Skyla) (Exhibit "U") who was sex trafficked by Defendant Eric. I have attached two social media posts regarding "sex trafficking" at 180 (Exhibit "V"). Amy Hadan Fleming states, "I personally know a lady whose daughter was a dancer there and trafficked." She also mentions cocaine use. The second post from three months ago states, "Club 180 guy runs a sex trafficking ring…" I have included a news article

and mugshot of Joshua Kuhl (Exhibit "W") who was overserved alcohol at 180 and killed a doctor while driving home. I have included the police report, toxicology report and other evidence regarding the death of Gordon Brummel (Exhibit "X") who was drugged, overserved alcohol, and robbed at 180, crashing while driving home as a result and dying two days later. I have a flash drive with evidence of illegal activities that I will give to the Court at the hearing. I have also attached a copy of the harassment protection order Plaintiffs' counsel obtained against Defendant Matthew Longcor (Exhibit "Y").

**WAIVER OF BOND**

Due to the pattern of illegal activities by AM314, LLC and Matthew Longcor, Plaintiffs' likelihood of success on the merits at trial and the public safety concerns and the death threats made by Defendant Matthew Longcor to Plaintiffs' counsel, Plaintiffs respectfully request that the Court not require Plaintiffs or Plaintiffs' counsel to post a bond pursuant to FRCP Rule 65(c). Plaintiffs' counsel should not be punished for performing a public service that the Omaha Police Department and Respondent's landlords refuse to do for the benefit of the community. Stopping AM314, LLC and Matthew Longcor from operating helps tens of thousands of people in Nebraska, whereas allowing them to continue operating benefits only the four Respondents who operate an illegal enterprise together with prostitutes and drug dealers who frequent the strip club. In addition, since AM314, LLC is a criminal enterprise, its closure cannot result in any legitimate monetary damage to Respondents. Stopping drug trafficking and prostitution to make the community safer and raise property values should not require the posting of a bond.

In the event Plaintiffs are required to post a bond, they respectfully request that it be limited to $1,000 as this Court did in the following case:

> Rule 65(c) provides, "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers

> proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c) (also excepting the United States, its officers, and its agencies from this requirement). "[T]he amount of the bond rests within the sound discretion of the trial court and will not be disturbed on appeal in the absence of an abuse of that discretion.' " *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, 826 F.3d 1030, 1043 (8th Cir. 2016) (quoting *Stockslager v. Carroll Elec. Coop. Corp.*, 528 F.2d 949, 951 (8th Cir. 1976))… The Court agrees a minimal security bond is appropriate in this case, in light of the balance of the harms as the Court has measured them above. However, **the Court considers a $1,000 bond to be the appropriate amount**. Lite-Netics, LLC v. Nu Tsai Cap. LLC, No. 8:22CV314, 2022 WL 6151898, at *17 (D. Neb. Oct. 7, 2022)

## ALTERNATIVE SERVICE OF AM314, LLC & MATTHEW LONGCOR

Despite due diligence, Plaintiffs have been unable to serve Defendant AM314, LLC dba Club 180 because the agent for service of process passed away two years ago and the sole owner Matthew Longcor listed the incorrect apartment number (a "designated office" prohibited by his landlord) on the company's biennial report. Furthermore, to Plaintiffs' knowledge Matt has been out of town for all or a majority of the time since Plaintiffs' complaint was filed April 1, 2025:

> **Nebraska law permits a court to authorize the plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard**." Neb. Rev. Stat. § 25-517.02. United States v. Houser, 622 F. Supp. 3d 784, 785 (D. Neb. 2022)

Since several Defendants have entered appearances and filed motion, serving two of the primary Defendants AM314, LLC and Matthew Longcor is now urgent. Plaintiffs therefore request an order granting Plaintiffs permission to serve Defendants AM314, LLC and Matthew Longcor with the summons, amended complaint, notice of motion for TRO and preliminary injunction, brief in support, index and exhibits by email to Matthew Longcor at his personal email address: mattlongcor@hotmail.com, to AM314, LLC at its email address: info@club-

180.com, with copies delivered to AM314, LLC's "principal office" 18101 R Plaza, Suite 107, Omaha, NE 68144, during operating hours, as well as mailing copies by first class mail.

WHEREFORE, based upon this brief and exhibits in support, for the benefit of Plaintiffs, Defendants' neighbors, Defendants employees and customers, and the entire community of west Omaha, Plaintiffs request that the Court immediately enter a Temporary Restraining Order enjoining the operation of Two Fine Irishmen/Club 180 for 14 days, and that a Preliminary Injunction Hearing be scheduled at 1:00 pm on Wednesday, June 4, 2025, or such other time and date that the Court deems appropriate, with Respondent landlords Evron, Inc. and 7 Oaks Investments as well as their tenant Respondent AM314, LLC, and Matthew Longcor (its sole shareholder), so that the Court can receive evidence and hear oral arguments regarding:

A) Entering a preliminary injunction, closing AM314, LLC dba Two Fine Irishmen/Club 180 for at least six months or until trial as a matter of public safety and to abate a public nuisance.

B) Requiring the landlord Respondents Evron, Inc. and Seven Oaks Investment Corp. to change the locks to Two Fine Irishmen/Club 180.

C) Granting Plaintiffs an order allowing them to serve Respondents AM314, LLC and Matthew Longcor this motion for TRO and preliminary injunction, supporting brief and exhibits, and the summons and operative complaint by email, first class mail, and hand delivery to their "principal office" of AM314, LLC dba Club 180, at 18101 R Plaza, Suite 107, Omaha, NE 68135, during operating hours due to the death of the agent for service of process, Matthew Longcor's evasion of service of process and his refusal to retain an attorney or enter an appearance in this case on behalf of himself, his company or his employees.

D) And, that this Court should grant such other and further relief as it deems just and proper.

Respectfully Submitted,

May 22, 2025

By: /s/ Evan Spencer

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 22nd Day of May, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.