IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., JANE DOE DANCERS #1-7, JOHN DOE SECURITY GUARDS #1-5, JOHN & JANE DOE CUSTOMERS #1-11, and all Similarly Situated Residential & Commercial Neighbors of Club 180; KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180; <br><br>                Plaintiffs, <br><br>    vs. <br><br> CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., SEVEN OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, PTM, INC., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, CHAD MCMAHON, JAMES PULL, IVON PENNY, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC, BRE MANNING, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, KATHERINE TEDI SMITH, VOODOO LOUNGE, INC., KYRON O'BRIENSR., TOAST, INC., COSTCO WHOLESALE CORP., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, PERSUSIA, KINO, JESSIE, INDIE, NEA, PRETTY P, STORMIE, SANTANA, JOHN & JANE | 8:25CV241 <br><br> **MEMORANDUM AND ORDER** |

1

| |
|---|
| ROES #1-50, IRISHMEN 180, LLC, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN, OCTAVIA, SAPPHIRE, WINTER, MIREYA, TINY, 7 OAKS INVESTMENT CORP., KYRON O'BRIEN, and CHAD, <br><br>                       Defendants. |

This matter comes before the Court on Plaintiffs' motion for temporary restraining order, preliminary injunction, and alternate service. Filing No. 121. For the reasons set forth herein, the Court denies the request for temporary restraining order and the request to serve Defendants by alternate means. The Court will address the motion for preliminary injunction after Defendants have been served.

I.     BACKGROUND

According to the Complaint, Defendant Club 180 is an "all-nude BYOB strip club" operating illegally out of the location of a former bar and grill. Filing No. 24 at 24. Defendant AM314, LLC, is the corporate co-owner/operator of Club 180, Defendant Matthew Longcor is co-owner of Club 180, and the remaining Defendants are otherwise employed by or associated with the business. *Id.* at 24–26. Plaintiffs are current and former employees of Club 180, neighbors to the business, a rival business, and the widow of a former patron of Club 180 who died allegedly after being overserved and drugged at the bar. *Id.* at 22–23.

Plaintiffs allege Club 180 operates illegally, creates noise and dangers to the community, and has resulted in "at least two deaths." Filing No. 122 at 2. In the

Complaint, they assert twenty-one causes of action, including wrongful death, civil RICO claims, Title VII violations, employment-law violations, assault and battery, sexual harassment, false advertising and deceptive practices, theft, negligence, intentional and negligent inflection of emotional distress, breach of contract, unfair competition, nuisance, and conspiracy. *See generally* Filing No. 24.

## II.    ANALYSIS

Plaintiffs seek an immediate temporary restraining order closing Club 180 for fourteen days. Filing No. 122 at 11. They further request the Court hold a hearing on their request for preliminary injunction on June 4, 2025, and thereafter enjoin Club 180 from operating for at least six months "as a matter of public safety and to abate a public nuisance" and requiring Club 180's landlords, Defendants Evron, Inc. and 7 Oaks Investment Corp., to change the locks on the business.

### A. Legal Standard

Fed. R. Civ. P. 65 governs the issuance of injunctive relief. Courts in this jurisdiction apply the *Dataphase* factors when determining whether to grant a temporary restraining order. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (citing *Dataphase* as applicable to temporary restraining order). In *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the Court identified the four factors that the Court should consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

"A preliminary injunction is an extraordinary remedy [and] never awarded as of right." *Id.* at 24. Consequently, a court must be "mindful that a movant carries a 'heavier' burden when granting a preliminary injunction has the effect of awarding the movant substantially the relief it could obtain after a trial on the merits." *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023) (quoting *Calvin Klein Cosms. Corp. v. Lenox Lab'ys, Inc.*, 815 F.2d 500, 503 (8th Cir. 1987)).

### B. Probability of Success on the Merits

In deciding whether to grant injunctive relief, "the probability of success factor is the most significant." *Tumey*, 27 F.4th at 665 (quoting *Carson v. Simon*, 978 F.3d 1051, 1059 (8th Cir. 2020). This factor requires the movant to show "a fair chance of prevailing." *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Engineers*, 826 F.3d 1030, 1041 (8th Cir. 2016)). The likelihood of success on the merits requires examining the law applicable to the claims that are the basis for the injunctive relief. *H&R Block, Inc.*, 58 F.4th at 946.

Plaintiffs' complaint and motion for temporary restraining order are heavy with salacious factual allegations but light on the legal basis for the Court's ability to provide relief. Many of Plaintiffs' causes of action would not support the issuance of a temporary restraining order or injunction because they would provide no basis for prospective relief, e.g., wrongful death or assault and battery. As to the other causes of action, Plaintiffs have not met their burden to show they are likely to prevail. Their briefing fails to address the legal sufficiency of their arguments, including explaining the legal elements of their claims and how they believe they will successfully meet each one. In fact, not only do Plaintiffs fail to elaborate on the elements of their claims, they fail to even address which

4

claims they believe support the issuance of their request for injunctive relief. Plaintiffs complain about legal violations but admit the entities with authority to issue citations or prosecute crimes such as the Omaha Police Department have elected not to do so. This is not a criminal case; it is a civil one, and Plaintiffs' assertions of law violations do not transform them into prosecutors under the law nor confer authority on this Court to adjudge parties guilty when no charges have been brought.

Plaintiffs cite to cases which they claim support this Court's authority to close down businesses that pose a public nuisance, but these cases are inapposite. First, they came before the state appellate court on entirely different procedural postures as they were not requests for emergency injunctive relief in a federal district court. Second, they were brought by or on behalf of the city, not private plaintiffs. *See, e.g.*, *State ex rel. Carlson v. Hatfield*, 158 N.W.2d 612, 614 (Neb. 1968) (holding the state court had the authority in an action brought by prosecutor as relator on behalf of the State to issue a final judgment abating a public nuisance); *City of Omaha v. Danner*, 185 N.W.2d 869, 871 (Neb. 1971) ("Plaintiff, a city of the metropolitan class, possesses statutory authority to sue and to suppress nuisances."). The Court finds Plaintiffs at this stage have altogether failed to establish a likelihood of success on the merits of any of their twenty-one causes of action such as would support issuing a temporary restraining order.

### C. Irreparable Harm

"To establish the need for a preliminary injunction, the movant must show more than the mere possibility that irreparable harm will occur. A movant must show he is 'likely to suffer irreparable harm in the absence of preliminary relief.'" *Sessler v. City of Davenport, Iowa*, 990 F.3d 1150, 1156 (8th Cir. 2021) (quoting *Winter*, 555 U.S. at 20).

Plaintiffs fail to meet their burden to show they will likely suffer irreparable harm in the absence of injunctive relief. First, their claim that the Court must "close this illegal club immediately before anyone else gets killed, hooked on drugs, or sex trafficked" does not demonstrate likely harm as opposed to speculative or merely possible harm. Plaintiffs also fail to show how the requested relief would alleviate the supposed harm. For example, Plaintiffs assert their counsel has received a phone call from an inmate at a local jail threatening Plaintiffs' counsel due to his involvement in this case, but they do not explain how shutting down Club 180 would abate this harm. In fact, if Plaintiffs' counsel has been threatened for his involvement this case against Club 180, shutting down the business would likely provide greater incentive to Club 180 and its associates to be upset with him rather than alleviating the risk of harm. Further, Plaintiffs' counsel asserts he has made police reports and that charges are pending against some of the Defendants for threats they have made against him; Plaintiffs do not explain how the requested action from this Court would provide further alleviation from harm than that already afforded by the city and state authorities.

**D. Balance of Harms**

The balance-of-harms factor that must be considered when deciding whether injunctive relief is proper requires a court to weigh the balance between the harm to the movant and the injury that granting the injunction will inflict on other litigants in the case. See *Eggers v. Evnen*, 48 F.4th 561, 564 (8th Cir. 2022).

Plaintiffs have failed to show the requested relief would protect them from future irreparable harm and thus the balance of harms disfavors shutting down a business on mere pleading allegations at this time.

**E. Public Interest**

The final factor to consider in determining whether injunctive relief should be granted is whether a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Dataphase Systems, Inc.*, 640 F.2d at 114.

This is the only factor which potentially weighs in Plaintiffs' favor. Plaintiffs assert Club 180 is a public nuisance and damages the community and nearby residents. Thus, the public may have an interest in the granting of an injunction halting the deleterious business. However, in light of the other three *Dataphase* factors on which Plaintiffs have greatly failed to meet their burden, this sole factor, even if construed to favor Plaintiffs, would be insufficient to justify the issuance of a temporary restraining order.

**F. Alternate Service**

Plaintiffs request to serve AM314, LLC (the corporate entity that operates Club 180) and Matthew Longcor (Club 180's owner), by alternate means. Specifically, Plaintiffs ask the Court to allow them to serve AM314 and Longcor "with the summons, amended complaint, notice of motion for TRO and preliminary injunction, brief in support, index and exhibits by email to Matthew Longcor at his personal email address . . . to AM314, LLC at its email address . . . with copies delivered to AM314, LLC's 'principal office' . . . during operating hours, as well as mailing copies by first class mail." They have not met their burden to obtain this relief.

As is relevant here, Federal Rule of Civil Procedure 4(e)(1) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Under Nebraska law "[a]n individual . . . may be served by personal, residence, certified mail, or designated delivery

service." Neb. Rev. Stat. § 25-508.01(1). But, "upon motion" if Plaintiffs show "by affidavit that service cannot be made with reasonable diligence by any other method provided by statute" the Court may allow them to perform service by alternate means including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard." Neb. Rev. Stat. § 25-517.02.

The affidavit submitted by Plaintiffs' counsel does not contain enough information to meet Plaintiffs' burden of showing "reasonable diligence." *See* Filing No. 123-7. Plaintiffs' counsel does not explain what efforts he has undertaken to attempt to effectuate service. *See* Filing No. 123-7 at 2. Failure to provide an affidavit outlining prior efforts to effect service is generally fatal to a request for alternate service. *See e.g.*, Osborn v. Osborn, 550 N.W.2d 58, 62 (Neb. 1996) ("[Plaintiff] cannot seek refuge under § 25-517.02, because he failed to make a motion and *show by affidavit* that service could not be made upon Vivian with reasonable diligence.") (emphasis added). For example, in *United States v. Houser*, the court allowed for alternate service under § 25-517.02 because the plaintiff provided detailed sworn testimony and evidence regarding plaintiff's efforts to serve defendant—including the dates and circumstances of prior attempts. Plaintiffs' affidavit contains none of this detail. Instead, it states—in a conclusory fashion— "the agent for service of process is deceased and these parties are evading service of process." Filing No. 123-7 at 2. Likewise, in their unsworn motion papers, Plaintiffs assert "the agent for service of process passed away two years ago and the sole owner Matthew Longcor listed the incorrect apartment number (a 'designated office'

prohibited by his landlord) on the company's biennial report. Furthermore, to Plaintiffs' knowledge Matt has been out of town for all or a majority of the time since Plaintiffs' complaint was filed April 1, 2025." Filing No. 121 at 10. Conspicuously absent is any information regarding the who, what, when, and where of prior service attempts and other evidence showing their due diligence. So, Plaintiffs have not met their burden and are not entitled to alternate service at this time.

Proper service is essential to obtain personal jurisdiction over the Defendants and ensure they receive constitutionally adequate due process. *See Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."). Accordingly, the Court will not rule on the motion for preliminary injunction at this time, and the denial of Plaintiffs' motion for alternate service will be denied without prejudice to reassertion by a separate motion properly supported by the required information.

IT IS ORDERED:

1. Plaintiffs' Motion, Filing No. 121, is denied as to their request for a temporary restraining order. It is also denied as to their request for alternate service without prejudice to reassertion in a separate motion for alternate service which meets the procedural requisites.

2. The Motion, Filing No. 121, remains pending as to Plaintiffs' request for preliminary injunction. After Plaintiffs effect service on Defendants AM314 and Matthew Longcor, they shall file notice with the Court of having provided AM314 and Longcor with a copy of their motion for preliminary injunction, Filing No. 121, and supporting brief and documents, as well as a copy of this Order. Thereafter, the

Court will issue a briefing schedule and set a hearing, if necessary, regarding the motion for preliminary injunction.

Dated this 23rd day of May, 2025.

BY THE COURT:

<u>s/ Joseph F. Bataillon</u>
Senior United States District Judge