IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE; SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180,

Plaintiffs,

v.

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA

Civil Action No. 8:25-cv-00241

**MOTION TO STRIKE FILING OR IN THE ALTERNATIVE MOTION TO SEAL FILING**

PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN and JOHN & JANE ROES #1– 50,

Defendants.

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Defendant James Pull ("Defendant") files this Motion to Strike Exhibit "T" (Filing No. 123-20) filed in support of Plaintiffs' Notice of Motion for TRO, Preliminary Injunction & Request for Alternative Service of AM314, LLC & Matthew Longcor (the "Plaintiff's Motion") (Filing No. 121), because it contains immaterial, impertinent, and scandalous material. In the alternative, pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 7.5(a)(1) of the Local Rules of Civil Procedure for the United States District Court for the District of Nebraska, Defendant moves to seal the Exhibit (Filing No. 123-20). In support of this Motion, Defendant states as follows:

1. On May 22, 2025, Plaintiffs filed the Plaintiffs' Motion (Filing No. 121) requesting in part that the Court issue a Temporary Restraining Order enjoining AM314, LLC dba Two Fine Irishmen/Club 180 ("Club 180") from operating for 14 days. Plaintiffs' Motion also seeks a preliminary injunction to close Club 180 for a period of at least 6 months or until trial can be had.

2. On May 23, 2025, the Court issued a Memorandum and Order (Filing No. 130) denying Plaintiffs' Motion (Filing No. 121) in part and specifically Plaintiffs' request for a temporary restraining order. The Court found that "Plaintiffs at this stage have altogether failed to establish a likelihood of success on the merits of any of their twenty-one causes of action such as would support issuing a temporary restraining order." (Filing No. 121 at 5). However, Plaintiffs' request for preliminary injunction remains pending while service is effected on other defendants.

3. In support of the Plaintiffs' Motion (Filing No. 121), Plaintiffs filed an Index of

Exhibits (Filing No. 123) and several exhibits (Filing Nos. 123-1 – 123-25), including Exhibit "T" (the "Exhibit") (Filing No. 123-20).

4. The Exhibit (Filing No 123-20) concerns Defendant and contains matters that are completely immaterial and impertinent to Plaintiffs' Motion, are scandalous, and are offered solely to embarrass, humiliate, and harass Defendant, as well as damage his personal and professional reputation. (Filing No 123-20). *See* Fed. R. Civ. P. 12(f). The Exhibit also contains a photo depicting the nude body of an unidentified person and is sexually explicit.

5. As set forth in *Nunes v. Lizza,* 486 F. Supp. 3d 1267 (N.D. Iowa 2020),

> Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones. Matters are immaterial if they have no essential or important relationship to the claim for relief. Similarly, matters are impertinent when they do not pertain to the issues in question. Scandalous matters are those that cast a derogatory light on someone, usually a party, and bear no relation to the controversy or prejudice the objecting party.

486 F. Supp.3d at 1299 (alteration, citation, and internal quotation marks omitted).

6. In *Nunes,* the Court struck spurious allegations and personal attacks against the defendant, finding that the allegations were prejudicial to the defendant and had criminal overtones. *Id.*

7. Here, the Exhibit (Filing No. 123-20) is entirely immaterial and impertinent to Plaintiffs' request that Club 180 be temporarily closed, as there is no reference to Club 180's operations whatsoever in the Exhibit, and Defendant is not involved in the operation of Club 180.

8. Furthermore, the Exhibit (Filing No. 123-20) is clearly scandalous, as it derogatorily portrays the Defendant, contains criminal overtones, bears no relation to the controversy, and prejudices the Defendant. *See Nunes, supra*.

9. Accordingly, pursuant to Rule 12(f), Defendant seeks an Order from the Court striking the Exhibit in its entirety.

10. In the alternative, and pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Rule 7.5(a)(1) of the Local Rules of Civil Procedure for the United States District Court for the District of Nebraska, Defendant moves to seal the Exhibit (Filing No. 123-20).

11. If the Court denies Defendant's request to strike the Exhibit (Filing No. 123-20), the Exhibit must be sealed because it contains nudity and is sexually explicit. Plaintiffs' failure to file the Exhibit under seal renders the Exhibit, which depicts the nude body of an unidentified person, readily viewable and accessible to any person with a PACER subscription. Accordingly, the filing is highly inappropriate and must be sealed, if not stricken.

WHEREFORE, Defendant James Pull respectfully requests the Court enter an Order striking Exhibit "T" (Filing No. 123-20), or in the alternative, enter an Order sealing Exhibit "T" (Filing No.123-20).

Dated this 23rd day of May, 2025.

JAMES PULL, Defendant,

By: *<u>/s/ Ryan M. Kunhart</u>*
Ryan M. Kunhart, #24692
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com

Attorneys for Defendant.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 23, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants, including the following:

Evan Spencer
305 Broadway, 7th Floor

New York, NY 10007
Evan@EvanSpencerEsq.com

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart