IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE; SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180,<br><br>                    Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, | Case No. 8:25-cv-00241<br><br><br><br><br><br><br><br><br>**BRIEF IN SUPPORT OF DEFENDANT JAMES PULL'S MOTION TO DISMISS** |

| | |
|---|---|
| LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN and JOHN & JANE ROES #1– 50,<br><br>       Defendants. | |

Defendant James Pull ("Mr. Pull"), by and through his counsel of record, hereby submits this Brief in Support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

On April 1, 2025, Plaintiffs initiated a lawsuit in which they broadly asserted twenty causes of action against all Defendants ("Complaint"). As it relates to Mr. Pull, Plaintiffs alleged that "James Pull is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees who resides at 5901 S. 190th Terrace, Omaha, NE 68135." (Doc #1, ¶ 168). Plaintiffs also alleged that the Jane Doe Dancers "suffered severe emotional distress at the hands of Defendants, including Matt, Eric, Chad, Jim and their male friends and customers." (Doc #1, ¶ 387).

On April 29, 2025, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") in which they broadly assert twenty-one claims against the Defendants. (Doc. #24). Of these twenty-one claims, Plaintiffs allege five claims against Mr. Pull for Civil RICO Violations of (1) Prostitution, (2) Sex Trafficking, and (3) Drug Trafficking, as well as (4) Intentional Infliction of Emotional Distress, and (5) Negligent Infliction of Emotional Distress.

All claims asserted against Mr. Pull are subject to dismissal. Plaintiffs lack standing to bring their claims and have failed to state plausible claims against Mr. Pull. Accordingly, Mr. Pull must be dismissed from this lawsuit.

## STANDARDS OF REVIEW

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 n.3 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact), the allegations in the complaint must 'raise a right to relief above the speculative level.'" *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 554 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 129 S. Ct. at 1950

3

(stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'").

B.   **Standing**

A court has no subject matter jurisdiction when "a plaintiff lacks standing to sue." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). "The irreducible constitutional minimum of standing is that a plaintiff show (1) an injury-in-fact that (2) is 'fairly . . . traceable to the challenged action of the defendant and (3) is likely . . . to be redressed by a favorable decision in court.'" *Battle Sports Sci., LLC v. Shock Dr., Inc.*, 225 F. Supp. 3d 824, 830 (D. Neb. 2016) (citing *ABF Freight Sys., Inc.*, 645 F.3d at 958). "It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction." *Nucor Corp. v. Nebraska Public Power Dist.,* 891 F.2d 1343, 1346 (8th Cir. 1989).

C.   **Supplemental Jurisdiction**

The doctrine of supplemental jurisdiction is traditionally "a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As the party asserting subject matter jurisdiction in federal court, Plaintiffs bear the burden of proving that jurisdiction is proper. *See, e.g., Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016).

"When the well pleaded complaint contains at least one claim that satisfies the [original jurisdiction] requirement, the District Court has original jurisdiction," and may exercise its [28 U.S.C.] § 1367 supplemental jurisdiction. *Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013) (citing *Exxon & Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 559, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005)). "[A] federal court has subject-matter

4

jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Crest Constr. II, Inc.*, 660 F.3d at 359; *see* 28 U.S.C. § 1367(a), (c). A district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction. *Id.* In the Eighth Circuit, the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed. *Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013).

## ARGUMENT

### I. PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST MR. PULL.

In Plaintiffs' 59-page Amended Complaint, they make conclusory allegations that "Defendants," which include approximately 108 parties, were involved in an illegal enterprise, engaged in conspiracy, and participated in illegal sex and drug parties and trafficking. As pleaded, Plaintiffs' allegations are conclusory, egregious, defamatory, and fail to state a claim against Defendants, including Mr. Pull. As this Court noted in its Order denying Plaintiffs' Temporary Restraining Order, the Amended Complaint is heavy with salacious factual allegations and Plaintiffs "have altogether failed to establish a likelihood of success on the merits of any of their twenty-one causes of action" to support their request for a temporary restraining order. (Doc. #130 at 4-5).

In the Amended Complaint, Plaintiffs fail to allege with specificity how Mr. Pull was involved in any of the alleged misconduct in this case. The Amended Complaint is full of conclusory allegations, but there are very few actual facts pleaded to support the alleged misconduct. District Courts in the Eighth Circuit, including this Court, have criticized the filing of "kitchen sink" or "shotgun" complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. *See Harrington v. Strong*, 363 F. Supp. 3d 984, 993 n.5 (D.

Neb. 2019) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011)). The Amended Complaint is nothing more than a shotgun complaint where Plaintiffs bring twenty-one causes of action against approximately 108 defendants while failing to plead a plausible claim for relief.

For example, Plaintiffs bring five causes of action against Mr. Pull in which they conclusively allege that Mr. Pull is "a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees," pimped Club 180 dancers in exchange for money and/or cocaine "upon information and belief," coerced "Some Jane Doe Dancers" into committing acts of prostitution, sex trafficked a "Club 180 dancer," distributed and consumed cocaine at Club 180, and subjected Plaintiff Hernandez and the Jane Doe Dancers to severe emotional distress. (Doc. #24, ¶¶ 212, 293, 294, 296, 305, 317, 332, 489, 499).

As plead, Plaintiffs fail to state any facts to support a claim for relief against Mr. Pull. This Court cannot "credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686. Plaintiffs' mere formulaic recitation of the elements of a cause of action and generalized allegations that Mr. Pull committed purported wrongs must fail because they are so insufficiently plead as to provide Mr. Pull with any sufficient detail to permit him to defend himself against these claims. *Twombly*, 550 U.S. at 555; *Iqbal,* 556 U.S. at 678. Therefore, Plaintiffs' claims against Mr. Pull must be dismissed.

## II.  PLAINTIFFS FAIL TO PLEAD SUFFICIENT RICO VIOLATIONS.

A RICO claim requires proof that a defendant engaged in a pattern of racketeering activity. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). A RICO claim must be pleaded with particularity under Rule 9(b)'s heightened pleading standard. *Id.* at 353; Fed. R. Civ. P. 9(b). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the

6

first paragraph of any newspaper story." *Id.* at 353; (citing *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir.2011)).

To state a RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). The failure to adequately allege any one of these elements means the entire claim fails. *Crest Constr. II,* 660 F.3d at 355. In order to establish a pattern of racketeering activity, there must be evidence of two or more related acts of racketeering activity that 'amount to or pose a threat of continued criminal activity.'" *Id.* at 356, (quoting *Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 406 (8th Cir.1999)). To satisfy the continuity element, a plaintiff must "provide evidence of multiple predicate acts occurring over a substantial period of time (closed-end continuity) or evidence that the alleged predicate acts threaten to extend into the future (open-ended continuity)." *Id.;* (citing *Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.,* 986 F.2d 1208, 1215 (8th Cir.1993) (holding a scheme lasting ten or eleven months was legally insufficient to establish requisite pattern of racketeering).

As set forth above, Plaintiffs bring mere conclusory allegations in support of their RICO violation claims against Mr. Pull. In support of their RICO Prostitution claim, Plaintiffs allege that Mr. Pull "pimp[ed] dancers to customers during operating hours and private parties, including poker parties, in exchange for money and/or cocaine" and paid "dancers with cash and/or cocaine to engage in sex acts with customers." (Doc #24, ¶ 293). Plaintiffs further allege that "[u]pon information and belief" Defendants engaged in these activities prior to December 2023 at other locations. (*Id.* at ¶ 296).

In support of their RICO Sex Trafficking claim, Plaintiffs allege that Mr. Pull, along with other Defendants, "facilitated sex trafficking of young women" by recruiting them at local

7

establishments and across state lines (Doc. #24, ¶ 312), and that Mr. Pull distributed and consumed cocaine at Club 180 in support of their RICO Drug Trafficking claim. (*Id.* at ¶ 332).

Plaintiffs' vague allegations are woefully insufficient to plead a RICO claim against Mr. Pull. Plaintiffs' facts, as pleaded, do not establish a pattern of racketeering, an enterprise, or any form of continuity necessary to survive a motion to dismiss. *Crest Constr. II,* 660 F.3d at 355. They further fail to establish the "who, what, when, where, and how" requirement under the heightened pleading standard. *Crest Constr. II, Inc.*, 660 F.3d. at 353.

The Amended Complaint fails to adequately plead a RICO claim under the broad pleading standards of Fed. R. Civ. P. 8, let alone the heightened standard required under Fed. R. Civ. P. 9(b). Accordingly, Plaintiffs' RICO claims are not sufficiently pleaded and must be dismissed.

### III.  PLAINTIFFS LACK STANDING TO BRING CLAIMS AGAINST MR. PULL.

Plaintiffs must show they have standing for each claim brought and relief sought. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 434 (2017). To establish standing, Plaintiffs must show (1) an injury-in-fact that (2) is 'fairly . . . traceable to the challenged action of the defendant and (3) is likely . . . to be redressed by a favorable decision in court.'" *Battle Sports Sci., LLC,* 225 F. Supp. 3d at 830.

As part of their Sex Trafficking claim, Plaintiffs reference and cite to an October 2024 police report made by a "Club 180 dancer" to allege that based on this report, Mr. Pull was sex trafficking this "Club 180 dancer." (Doc. #24, ¶ 317). Plaintiffs allege that in the police report, the "Club 180 dancer" reported that Mr. Pull raped her, that she tried to get three protection orders against him, that he threatened her, sold her body for sex, and believed he put drugs in her drinks. (Doc. # 24, ¶ 38). Plaintiffs' failure to specify which "Club 180" dancer made the allegations in the October 2024 report is not a mistake**. Rather, Plaintiffs intentionally omitted this**

8

**information because the individual is not a Plaintiff but instead is Defendant Katherine Smith** ("Ms. Smith"), who Mr. Pull was in a long-term relationship with for five years. *See* Doc. #123-20, Ex. T, at 1-4.

Accordingly, it is clear that Plaintiffs lack standing to bring a Sex Trafficking or Prostitution claim against Mr. Pull.

Similarly, Plaintiffs lack standing to bring claims against Mr. Pull for Drug Trafficking, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress because Plaintiffs fail to plead that they suffered an injury-in-fact traceable to conduct by Mr. Pull. Rather, Plaintiffs broadly allege that "through a custom and practice abuse, including yelling, physical abuse, sexual abuse and emotional abuse Kimberly Hernandez and the Jane Doe Dancers suffered severe emotional distress at the hands of Defendants, including . . . Pull." (Doc #24, ¶ 489). As a result of Plaintiffs' failure to establish that they, or any one of them, suffered an injury traceable to Mr. Pull, Plaintiffs lack standing and their claims against Mr. Pull must be dismissed.

IV. **IN THE EVENT THE COURT FINDS PLAINTIFFS HAVE STATED PLAUSIBLE STATE COMMON LAW CLAIMS, IT LACKS SUBJECT MATTER JURISDICTION OVER SUCH REMAINING CLAIMS.**

The district courts may decline to exercise supplemental jurisdiction over claims in which they have original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). In the event this Court finds that the Amended Complaint is "well-pleaded" to satisfy the original jurisdiction requirement, this Court would have original jurisdiction over Plaintiffs' RICO claims pursuant to 18 U.S.C. §§ 1960-68. Without these claims of original jurisdiction, there is no supplemental jurisdiction over any remaining state claims.

Due to Plaintiffs' failure to adequately plead RICO claims, all federal claims against Mr. Pull should be dismissed, leaving behind Plaintiffs' state claims for Intentional and Negligent Infliction of Emotional Distress. As set forth above, Plaintiffs fail to state plausible claims against Mr. Pull, and they lack standing to bring all of their claims.

However, even if this Court finds that Plaintiffs adequately pleaded their Intentional and Negligent Infliction of Emotional Distress claims against Mr. Pull, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). *See Crest Constr. II, Inc.,* 660 F.3d at 350 (affirming the district court's granting of the defendants' motion to dismiss a RICO claim and declining to exercise supplemental jurisdiction over the remaining state claims). As this Court has previously noted, in the Eighth Circuit "the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed." *Frenchman Cambridge Irr. Dist.*, 974 F. Supp. 2d at 1279 (citing *Bissada v. Arkansas Children's Hosp.,* 639 F.3d 825, 833 (8th Cir. 2011)). Accordingly, if the Court does not dismiss Plaintiffs' claims against Mr. Pull in their entirety, the Court should decline to exercise supplemental jurisdiction over any remaining state claims.

## CONCLUSION

Based on the foregoing, Plaintiffs have failed to state plausible claims for relief against Mr. Pull, and they lack standing to bring such claims. Mr. Pull respectfully requests this Court grant his Motion to Dismiss Plaintiffs' Amended Complaint, with prejudice.

Dated this 27th day of May, 2025.

                JAMES PULL, Defendant,

                By:    */s/ Ryan M. Kunhart*
                      Ryan M. Kunhart, #24692
                      Dvorak Law Group, LLC
                      9500 W. Dodge Rd., Ste. 100
                      Omaha, NE  68114
                      402-934-4770
                      402-933-9630 (facsimile)
                      rkunhart@ddlawgroup.com

                Attorneys for Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants.

                */s/ Ryan M. Kunhart*
                Ryan M. Kunhart