IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., JANE DOE DANCERS #1-7, JOHN DOE SECURITY GUARDS #1-5, JOHN & JANE DOE CUSTOMERS #1-11, and all Similarly Situated Residential & Commercial Neighbors of Club 180; KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180; | 8:25CV241<br><br>ORDER |
| Plaintiffs, | |
| vs. | |
| CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., SEVEN OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, PTM, INC., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, CHAD MCMAHON, JAMES PULL, IVON PENNY, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC, BRE MANNING, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, KATHERINE TEDI SMITH, VOODOO LOUNGE, INC., KYRON O'BRIENSR., TOAST, INC., COSTCO WHOLESALE CORP., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, PERSUSIA, KINO, JESSIE, INDIE, NEA, PRETTY P, STORMIE, SANTANA, JOHN & JANE | |

1

| |
|---|
| ROES #1-50, IRISHMEN 180, LLC, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN, OCTAVIA, SAPPHIRE, WINTER, MIREYA, TINY, 7 OAKS INVESTMENT CORP., KYRON O'BRIEN, and CHAD, |
| Defendants. |

This matter comes before the Court on Defendant's, James Pull's, motion to strike or in the alternative motion to seal filing.  Filing No. 132.  Pull moves to strike Filing No. 123-20, one of the exhibits Plaintiffs filed in support of their motion for temporary restraining order and preliminary injunction.  He argues the exhibit is immaterial, impertinent, scandalous, and offered solely to harass him.  Filing No. 132 at 3.  The Court provisionally sealed the exhibit pending a ruling on the motion.

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[S]triking a party's pleadings is an extreme measure, and . . . '[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'"  Stanbury L. Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)).

The Court is unable to say the exhibit is entirely immaterial as it may be potentially relevant to certain of Plaintiffs' claims.  However, because it does contain explicit material, the Court will seal it.  Accordingly, the Court declines to strike the exhibit and grants the alternate request to seal the exhibit instead.

2

3

IT IS ORDERED:

1) Defendant's, James Pull's, Motion to Strike or in the Alternative Motion to Seal, Filing No. 132, is denied as to striking the exhibit but is granted as to sealing it.

2) Filing No. 123-20 shall remain sealed.

Dated this 28th day of May, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge