IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180;<br><br>            Plaintiffs,<br><br>  vs.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, JAMES PULL, IVON PENNY, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, KATHERINE TEDI SMITH, VOODOO LOUNGE, INC., TOAST, INC., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, JESSIE, SANTANA, JOHN & JANE ROES #1-50, IRISHMEN 180, LLC, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, | 8:25CV241<br><br><br><br>**ORDER** |

BRITTNEY DINOVO, KIARA MORALES,
TANEA WHITE, SKYLAR DICKEY,
JANAE BALT, A. JANSEN, OCTAVIA,
SAPPHIRE, WINTER, MIREYA, TINY, 7
OAKS INVESTMENT CORP., KYRON
O'BRIEN, and CHAD,

                Defendants.

      This matter comes before the Court on Plaintiff's Motion to Seal Exhibit #1 of Filing No. 123. (Filing No. 147). Plaintiffs argue that the witness named in the exhibit was assaulted and threatened by agents of Defendants in retaliation for the statements made in the exhibits. Plaintiffs further argue that redaction of the witness's name would be insufficient to shield their identity and protect them from future attacks and threats. The court provisionally sealed the exhibit pending a ruling on the motion.

      "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597(1978)). "The Court in Nixon explained that 'the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents,' but that 'the right to inspect and copy judicial records is not absolute.'" *IDT Corp. v. Ebay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (quoting *Nixon*, 435 U.S. at 597–98). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" eBay, 709 F.3d at 1222 (citing *Nixon*, 435 U.S. at 598; *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir. 1993)). "It also provides a measure of accountability to the public at large, which pays for the courts." eBay, 709 F.3d at 1222 (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

      The Eighth Circuit has explained that the public's right of access "is not absolute, but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376. Specifically, the district court "must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. The

weight that the court gives to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotation marks omitted).

Here, the document Plaintiffs seek to file under seal contains text messages from a witness to Plaintiffs' attorney regarding communications involving several named Defendants. In particular, the messages include threats of violence against Plaintiffs' counsel. Plaintiffs' counsel states in the motion that because these statements are available to the public, the witness was "assaulted by agents of Defendants in retaliation for the statements." (Filing No. 147). The exhibit Plaintiffs now request to seal were filed *by Plaintiffs* in support of the Motion for Temporary Restraining Order and Preliminary Injunction. (Filing No. 123). The exhibit appears to be material to the issues raised in Plaintiffs' Motion for Preliminary Injunction, which weighs in favor of the presumption of public access. The temporary restraining order was denied and the request for preliminary injunction remains pending before the court. (Filing No. 130).

Furthermore, although Plaintiffs make blanket accusations of assault and threats that are concerning to the court, they have failed to provide any evidence or supporting documentation. As the court previously indicated, "Plaintiffs' complaint and motion for temporary restraining order are heavy with salacious factual allegations but light on the legal basis for the Court's ability to provide relief." (Filing No. 130). The same is true here. Without more, the presumption weighs in favor of public access to the documents. Sealing documents such as these based upon unsupported allegations would set a dangerous precedent. The court declines to do so here.

Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion to Seal Filing No. 123, Exhibit #1 is denied. (Filing No. 147).
2. The Clerk's Office shall remove the provisional seal of Filing No. 123, Exhibit #1.

Dated this 2nd day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge