IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180; | 8:25CV241 |
| Plaintiffs, | |
| vs. | ORDER |
| CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, JAMES PULL, IVON PENNY, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, KATHERINE TEDI SMITH, VOODOO LOUNGE, INC., TOAST, INC., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, JESSIE, SANTANA, JOHN & JANE ROES #1-50, IRISHMEN 180, LLC, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, BRITTNEY DINOVO, KIARA MORALES, | |

TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN, OCTAVIA, SAPPHIRE, WINTER, MIREYA, TINY, 7 OAKS INVESTMENT CORP., KYRON O'BRIEN, and CHAD,

                Defendants.

This matter is before the Court upon Plaintiffs' Motion for Alternative Service (Filing No. 138) and Supplemental Motion for Alternative Service (Filing No. 152). Plaintiff requests a court order authorizing service of process upon Defendants AM314, LLC, and Matthew Longcor by first class mail and hand delivery to the "principal office" of AM314, LLC dba Club 180, at 18101 R Plaza, Suite 107, Omaha, NE 68135, during operating hours. The motion will be granted in part and denied in part.

## BACKGROUND

According to the Complaint, Defendant Club 180 is an "all-nude BYOB strip club" operating illegally out of the location of a former bar and grill. (Filing No. 24 at 24). Defendant AM314, LLC, is the corporate co-owner/operator of Club 180, Defendant Matthew Longcor is co-owner of Club 180, and the remaining Defendants are otherwise employed by or associated with the business. (*Id*. at 24–26). Plaintiffs are current and former employees of Club 180, neighbors to the business, a rival business, and the widow of a former patron of Club 180 who died allegedly after being overserved and drugged at the bar. (*Id*. at 22–23).

Plaintiffs have successfully served many of the named Defendants, but now seeks leave for alternative service on both AM314, LLC and Matthew Longcor ("Longcor"). Plaintiff previously requested authorization for alternative service, which was denied without prejudice because Plaintiff did not include an affidavit with supporting evidence to meet his burden of showing due diligence to serve those two Defendants by traditional means. (Filing No. 130). In support of his renewed motion, Plaintiff filed a Declaration, Filing No. 139, as required by Neb. Rev. Stat. § 25-517.02.

According to that Declaration, Plaintiff attempted service multiple times. Plaintiff initially attempted service on the AM314, LLC and Longcor, as well as several other defendants, via email on April 2, 2025, by sending a copy of the complaint and waivers of service. (Filing No. 139, Exhibit A). The email went unanswered and no waivers were filed on behalf of either party. (*Id.*)

Plaintiff then attempted personal service on the AM314, LLC and Longcor. Plaintiff attempted to serve AM314, LLC via its registered agent for process of service provided on the Nebraska Secretary of State website, which was returned unexecuted because the registered agent died in 2023. (Filing No. 85; Filing No. 94). Plaintiff attempted personal service on Longcor at 1303 S. 203rd Street, Apartment 401, Omaha, NE 68130. (Filing No. 60). This proof of service was returned unexecuted because of an incorrect address. (Filing No. 96; Filing No. 97).

Plaintiff then attempted to serve both AM 314, LLC through its owner Matthew Longcor, at 1303 S. 203rd Street, Apt. 402, Omaha, NE 68130 (Filing No. 99), as well as a renewed attempt on Longcor as an individual Defendant at the same address. (Filing No. 98; Filing No. 99). Personal service summons was returned unexecuted against Longcor on May 28, 2025 (Filing No. 142) and against AM314, LLC on May 29, 2025. (Filing No. 148). When the latter service was returned unexecuted, the following notation was added: "Address verified by DMV vehicle registration on 5-5-25. Matthew Longcor is avoiding service. Alternate Service Requested." (*Id.*)

ANALYSIS

Plaintiff is now requesting to serve both AM314, LLC and Longcor at the "Principal Office Address" of AM314, LCC, at 18101 R Plaza, Suites 107, Omaha, NE 68144 as reported on the Nebraska Secretary of State website. According to Plaintiff, this is the business location of AM314, LLC dba Two Fine Irishmen/Club 180, which operates from 8:00 p.m. to 5:00 a.m. (Filing No. 139, para. 10).

Federal Rule of Civil Procedure 4(h) outlines service on a corporation, partnership, or association, providing that service may be made in the manner outlined for serving an individual under Rule 4(e)(1) or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and

the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Neb. Rev. Stat. § 25-505.01 similarly models service from the federal rules, allowing personal service, residential service, service by certified mail with proof of service with a signed receipt, and by designated delivery service. See *id*.

Pursuant to Rule 4(e)(1), Plaintiff requests that the Court permit alternative service of Defendant by hand delivery, and a copy by first-class mail, to the "principal office address" of AM314, LLC, of which Longcor is the sole officer. (Filing No. 139, para. 7). Plaintiff asserts that Neb. Rev. Stat. § 25-517.02(1) authorizes this type of service because it is "reasonably calculated to give actual notice" to the defendant. (Filing No. 138 at p. 3). In order to authorize substitute service, the Plaintiff must show by affidavit that service cannot be made with reasonable diligence by any other method provided by statute. *Id.*

    A.  <u>Service on Matthew Longcor</u>

The record in this case shows that Plaintiff attempted to email Longcor a copy of the complaint, summons and copies of the waivers of service. (Filing No. 139, Exhibit A). After no response, he then attempted to personally serve and residentially serve Longcor at least three times, on May 15, May 21, and May 23, 2025. (Filing No. 142). The Sheriff's Office also verified that service was sent to the correct address and noted that Longcor is avoiding service at his residence. Plaintiff has not attempted service via certified mail, however, that option now appears unavailable as more than ten (10) days have passed since the summons was issued. (Filing No. 100). Moreover, and in light of Plaintiffs' prior efforts to serve Longcor at his residence without success, the court finds alternative service is warranted.

Having exhausted all other methods provided by statute, the court finds that alternative service in this instance is warranted. Therefore, Plaintiff is authorized to serve Longcor, via personal service and a copy by first-class mail, at the business address of AM314, LLC dba Two Fine Irishmen/Club 180 located at 18101 R Plaza, Suite 107, Omaha, NE 68135.

B.  Service on AM 314, LLC

Plaintiff has also attempted to serve AM 314, LLC via its registered agent and at the residential address provided to the Nebraska Secretary of State. Because the registered agent is deceased, Plaintiff is unable to effectuate service through him. However, under Neb. Rev. Stat. § 21-116(b), "If a limited liability company or foreign limited liability company does not appoint or maintain an agent for service of process in this state or the agent for service of process cannot with reasonable diligence be found at the agent's street address, service of any process, notice, or demand on the limited liability company or foreign limited liability company may be made by registered or certified mail, return receipt requested, to the company at its designated office." Therefore, under Nebraska law, Plaintiff is entitled to serve AM314, LLC at its "principal office" location without the need for leave from the court for alternative service. Therefore, this part of the motion is denied as moot and these authorized methods of service should be attempted.

C.  Payment of Costs of Service

Plaintiff requests Defendants AM314, LLC and Longcor pay the costs of service pursuant to Fed.R.Civ.P. 4(d)(2), which he states is currently $2,500. (Filing No. 152). Federal Rule of Civil Procedure 4(d) governs the waiver of service procedure. Pursuant to this rule, "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Accordingly, a plaintiff "may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Id.

When a defendant located within the United States "fails, without good cause, to sign and return a waiver requested by a plaintiff within the United States, the court must impose" two separate types of expenses on the defendant. Fed. R. Civ. P. 4(d)(2). A defendant must pay to the plaintiff "the expenses later incurred in making service," Fed. R. Civ. P. 4(d)(2)(A), and "the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses," Fed. R. Civ. P. 4(d)(2)(B). Reimbursement under Rule 4(d)(2) is appropriate only when a defendant does not have good cause for refusing to waive service. "A defendant failing to comply with a request for waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare." Fed. R. Civ. P. 4, Advisory Committee Note, 1993 Amendments. Good cause may

exist when "the defendant did not receive the request or was insufficiently literate in English to understand it." *Id.* But, a defendant's belief that "the claim is unjust" or that "the court lacks jurisdiction" does not constitute good cause. *Id.*

The rule necessarily dictates that a defendant be given the opportunity to respond to a request for fees after the service has been made and an appearance has been entered. Accordingly, the court denies Plaintiffs' request for costs without prejudice subject to reassertion at an appropriate time.

**IT IS ORDERED**:

1. Plaintiffs' Motion for Leave for Alternative Service of Process of Defendants AM314, LLC and Matthew Longcor (Filing No. 137) and Supplemental Motion for Leave for Alternative Service of Process of Defendants AM314, LLC and Matthew Longcor (Filing No. 152) is granted in part and denied in part.
2. Plaintiff is authorized to serve Defendant Matthew Longcor by hand delivery during regular business hours, and by sending a copy via first-class mail to 18101 R Plaza, Suite 107, Omaha, NE 68135.
3. Plaintiff's request to serve AM314, LLC by alternative means is denied as moot.
4. Plaintiff's request for fees related to service is denied without prejudice to reassertion at a later time.

Dated this 4th day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge