IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOES SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br>Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,<br><br>Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br>**DEFENDANT MICHAEL ALAN BEENE'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

COMES NOW Defendant Michael Alan Beene ("Mr. Beene"), by and through his attorneys of record, and submits this Brief in Support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), and in the alternative, under Fed. R. Civ. P. 21.

**INTRODUCTION**

On April 1, 2025, Plaintiffs Chuck Streblow, Kristen Rozmiarek, Kimberly Hernandez, Imagination Industries, Inc. d/b/a The American Dream Bar, Sarah Houston, Jane Doe Dancers #1 – 25, John Doe Security Guards #1 – 7, John & Jane Doe Customers #1 – 100, and all similarly situated Residential & Commercial neighbors of Club 180 (collectively, the "Plaintiffs") filed a lawsuit in which they asserted twenty (20) broad claims against all "Defendants" ("Complaint"). All "Defendants" consists of over one hundred (100) individuals and/or businesses alleging, among other things, wrongful death, negligence, and six (6) counts under the Racketeer Influence and Corrupt Organization Act ("RICO"). As it relates to Mr. Beene, Plaintiffs have sued Mr. Beene as "John Roe #2" (Filing no. 71). Plaintiffs alleged in their Complaint that "John and Jane Roes #1-50 are unidentified partners in Defendants' drug trafficking, prostitution, and gambling enterprise." (Filing no. 1, at 23).

On April 29, 2025, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") in which they broadly assert twenty-one (21) claims against the Defendants. (Filing no. 24). Of these 21 claims, Plaintiffs generally address the John Roe Defendants, which impliedly appears to include Mr. Beene, in one claim: CIVIL RICO; ILLEGAL GAMBLING. (Filing no. 24, at 40-41). Specifically, the Plaintiffs allege that the John Roes, "held illegal poker games at the Krush Ultra Lounge where cocaine was sold or traded for sex, dancers were pimped out, and high-stakes illegal poker was played." *Id.* at ¶ 371. Thus, Plaintiffs essentially allege that Mr. Beene attended a poker game at a bar where other things may have taken place, and this somehow equates

to Mr. Beene partaking in a racketeering scheme to lure away customers from Plaintiff American Dream and causing lost income to other Plaintiffs.

This claim in paragraph 371 of the Amended Complaint is ***the only time*** the "John Roes" are referenced within the Amended Complaint. Otherwise, the Amended Complaint simply groups the entirety of the named and unnamed defendants together by stating "Defendants" in almost every single paragraph, although each allegation is clearly not applicable to all Defendants. By way of example and not limitation, Plaintiffs state, "Defendants' [sic] have operated as the Two Fine Irishmen Bar & Grill since December 2023 and they promote Club 180 as Two Fine Irishmen Bar & Grill on the internet, when this bar and grill has been closed for nearly two years." (Filing no. 24, at 48). Mr. Beene does not - and never has - owned and/or operated Two Fine Irishmen & Grill. Due to the inconsistent and overbroad usage of "Defendants" (when there are over 100 defendants), Mr. Beene does not have notice what claims are being alleged against him.

All claims asserted against Mr. Beene are subject to dismissal. Plaintiffs lack standing to bring the alleged cause of action and have failed to state plausible claims against Mr. Beene. Accordingly, this Court should dismiss all federal law claims, thereby destroying supplemental jurisdiction. In the alternative, if this Court were to determine that Plaintiffs have plausibly stated claims against Mr. Beene, Plaintiffs have violated the Federal Rules of Civil Procedure through misjoinder and thus, such claims should nonetheless be dismissed.

## STANDARD OF REVIEW

### A. Standing

A court has no subject matter jurisdiction when "a plaintiff lacks standing to sue." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters,* 645 F.3d 954, 958 (8th Cir. 2011). "The irreducible constitutional minimum of standing is that a plaintiff show (1) an injury-in-fact that (2) is 'fairly . . . traceable to the challenged action of the defendant and (3) is likely . . . to be redressed by a

favorable decision in court.'" *Battle Sports Sci., LLC v. Shock Dr., Inc.,* 225 F. Supp. 3d 824, 830 (D. Neb. 2016) (citing *ABF Freight Sys., Inc.,* 645 F.3d at 958). The Plaintiffs must show they have standing for each claim brought and the relief sought. *See Town of Chester v. Laroe Estates, Inc.,* 581 U.S 433, 439 (2017).

**B. Failure to State a Claim**

In the alternative, if the Court is to determine that the Plaintiffs have standing, it is still appropriate to dismiss Plaintiffs' Complaint as to Mr. Beene for failure to state a claim upon which relief can be granted.

A complaint must "state a claim for relief that is plausible on its face" or such complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a short and plain statement of the claim against a defendant showing that the plaintiff is entitled to the relief sought. Fed. R. Civ. P. 8(a)(2). "[D]ismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Ashcroft,* 556 U.S. at 678).

Where the facts alleged in the complaint are 'merely consistent with' a defendant's liability, and fails to rise above a speculative level, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *See Twombly,* 550 U.S. at 557; *see also Dunbar v. Wells Fargo Bank, N.A.,* 853 F. Supp. 2d 839, 845–46 (D. Minn. 2012), as amended (Apr. 12, 2012), aff'd, 709 F.3d 1254 (8th Cir. 2013).

This tenet does not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Id.* "In addition, some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." *Id.* "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* citing *Iqbal,* 129 S. Ct. at 1950.

**C. Supplemental Jurisdiction**

"When the well pleaded complaint contains at least one claim that satisfies the [original jurisdiction] requirement, the District Court has original jurisdiction," and may exercise its [28 U.S.C.] § 1367 supplemental jurisdiction. *Frenchman Cambridge Irr. Dist. v. Heineman,* 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013) (citing *Exxon & Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 559 (2005)). "[A] federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Crest Constr. II, Inc., v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011); see 28 U.S.C. § 1367(a), (c). They can exercise supplemental jurisdiction over state-law claims that "are so related to claims in the action" that they are "part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). In determining whether a claim arises out of the same case or controversy, the Court must determine whether the state law claim arises out of the "common nucleus of operative facts" as the substantive federal claims. *Parker v. Scrap Metals Processors Inc.,* 468 F.3d 733, 743 (11th Cir. 2006) (citations omitted). Whether the

Federal court possess supplemental jurisdiction is fact-based and, on a case-by-case basis. *See Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 335 (2d Cir. 2006). In the Eighth Circuit, the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed. *Frenchman Cambridge Irr. Dist.,* 974 F. Supp. 2d at 1279.

### D. Misjoinder

Fed. R. Civ. P. Rule 20, states that joinder is permitted where: (a) a right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; and (b) any question of law or fact common to all defendants will arise in the action. Whereas, Fed. R. Civ. P. Rule 21 governs misjoinder. Where claims do not satisfy permissive joinder requirements of Rule 20, "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "Although a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if 'just' – that is, if doing so will not prejudice any substantial right." *Strandlund v. Hawley,* 532 F.3d 741, 745 (8th Cir. 2008) (quoting *DirecTV, Inc. v. Leto,* 467 F.3d 842, 846 (3d Cir. 2006)) (emphasis omitted).

## ARGUMENT

## I. PLAINTIFFS LACK STANDING TO BRING A CLAIM AGAINST MR. BEENE.

### A. The Plaintiffs Do Not Have Standing to Bring A Civil RICO Claim Against Mr. Beene.

"Standing" under RICO, for purposes of a motion to dismiss, is not a jurisdictional concept, but instead is analyzed as a merits issue under Federal Rule of Civil Procedure 12(b)(6). *Brookhaven Town Conservative Comm. v. Walsh,* 258 F. Supp. 3d 277, 284 (E.D.N.Y. 2017). To establish a civil RICO violation, a plaintiff must prove that the defendant "engaged in a pattern or racketeering activity" that caused the plaintiff to be "injured in his business or property." 18 U.S.C.

§§ 1962, 1964(c). Of note, federal courts have agreed that the "civil RICO" statute forbids suits based on "personal injuries." *RJR Nabisco, Inc. v. European Community,* 579 U. S. 325, 348 (2016). Rather, the protections granted by civil RICO claims are for protecting and redressing harms caused to a person's business and property. *Id*. RICO was "intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Co–operative Assn.,* 965 F.2d at 783, 786 (9th Cir. 1992). Additionally, before a RICO claim can be established, "the plaintiff must demonstrate a cause of action under civil RICO or RICO standing." *McKenzie v. Artists Rts. Soc'y, Inc.,* 757 F. Supp. 3d 427, 440 (S.D.N.Y. 2024); citing *Alphas Co. of N.Y. Inc. v. Hunts Point Terminal Produce Coop., Inc.,* No. 14 Civ. 00145 (ALC), 2017 WL 1929506, at *3 (S.D.N.Y. May 9, 2017). "In order to show such standing for a civil RICO claim, [P]laintiff must plead: (1) the defendant's violation of § 1962; (2) an injury to the plaintiff's business or property; and (3) causation of the injury by the defendant's violation." *McKenzie,* 757 F. Supp. 3d at 440.

As it relates to the second and third elements to show standing for a civil RICO claim, the only claim that expressly relates to Mr. Beene is the sixth cause of action, a civil RICO claim for illegal gambling. (Filing no. 24, at 40-41). Thus, to have standing to bring a claim against Mr. Beene under RICO for alleged illegal gambling, the alleged illegal gambling participation by Mr. Beene must have caused a business or property injury to Plaintiffs. Here, Plaintiffs attempt to allege that Defendants' illegal gambling enterprise caused damages to the Jane Doe Dancers in the form of sexual harassment and assault. (File no. 24, at 412). Such allegations, as false as they may be, also only relate to personal injury, not to a person's "business or property." Therefore, Plaintiffs do not have standing to bring a civil RICO claim against Mr. Beene and/or the Defendants for illegal gambling.

With respect to causation, a plaintiff must show that the defendant's violation was not only, "the 'but for' cause of Plaintiff's injury but … the proximate cause as well." *Holmes v. Secs. Inv. Prot. Corp.,* 503 U.S. 258, 268 (1992); *see European Cmty. v. RJR Nabisco, Inc.,* 764 F.3d 149, 151 (2d Cir. 2014). "A link that is 'too remote,' 'purely contingent' or 'indirect is insufficient." *Hemi Grp. LLC v. City of New York,* 559 U.S. 1, 9 (2010) (quoting *Holmes,* 503 U.S. at 271). Here, if Plaintiffs are given the benefit of every inference, they appear to suggest that Mr. Beene attending a poker game one night somehow was the direct and proximate cause of Ms. Hernandez, the Jane Doe Plaintiffs, and the Security Guards suffering lost income from both Club 180 and American Dream. (Filing no. 24, at 40). These allegations go beyond just being too remote or purely speculative. Rather – even if we assume for a moment that Mr. Beene played poker, which he denies – someone playing poker has no bearing on any alleged lost income to any of the Plaintiffs. Accordingly, Plaintiffs do not have standing to bring a civil RICO claim against Mr. Beene for allegedly attending illegal poker nights.

**B. Ms. Houston Does Not Have Standing to Bring a Wrongful Death Action Against All Defendants.**

Even assuming *arguendo*, that the wrongful death claim brought by Plaintiffs applies to Mr. Beene (given the overbroad nature of the Plaintiffs' pleading style in stating "Defendants" within every claim), ***all*** Plaintiffs lack standing to bring this claim.

The normal rule is that, "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed." *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349, 361 (3d Cir. 2013); see *Walters v. Edgar,* 163 F.3d 430, 432-33 (7th Cir. 1998), cert. denied, 526 U.S. 1146, 119 S. Ct. 2022, 143 L. Ed. 2d 1033 (1999). To establish Article III standing, Plaintiffs "must show (1) an injury in fact, (2) a causal relationship between the injury and the challenged conduct, and (3) that a favorable decision will likely redress

the injury." *Animal Legal Def. Fund v. Vaught,* 8 F.4th 714, 718 (8th Cir. 2021) (citing *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560-61 (1992)). Wrongful death claims in Nebraska "…shall be brought by and in the name of the person's personal representative for the exclusive benefit of the widow or widower and next of kin." Neb. Rev. Stat. §30-810.

Here, Plaintiffs provided one singular class representative, Sarah Houston. (Filing no. 24, at 22-23). Plaintiffs allege that Sarah Houston is a Nebraska resident residing adjacent to Club 180. *Id.* Ms. Houston is bringing this "action" on behalf of herself individually and on behalf of all similarly situated neighbors of Club 180. (Filing no. 24, at 23). Taking the allegations made in paragraph 194 as true, Ms. Houston is bringing this "action" on behalf of herself and all similarly situated individuals, however, such "similarly situated" individuals are identified as neighbors to Club 180. The wrongful death claim is not a claim Ms. Houston, as class representative, may bring on behalf of all similarly situated individuals. There is no allegation that Ms. Houston has any legal right to bring a claim on behalf of the deceased (such as being the appointed personal representative for his estate) nor would any of the neighbors of Club 180 be similarly situated to her. Therefore, Ms. Houston lacks standing, and the First Cause of Action in the Amended Complaint should be dismissed accordingly.

## II. PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AGAINST MR. BEENE.

In all of Plaintiffs' 59-page Amended Complaint, they only make conclusory allegations regarding all "Defendants," which presently includes over 100 parties. Based on the allegations, all of the "Defendants" were involved in an illegal enterprise and participated in activities that resulted in damages to one-hundred and thirty-eight (138) plaintiffs, plus countless unnamed neighbors to Club 180. As plead, Plaintiffs' allegations are baseless formulaic recitations of the elements for each claim, with only conclusory statements. *Twombly,* 550 U.S. at 570. Plaintiffs

make blanket, egregious statements and provide no actual factual support for such statements. As such, Plaintiffs have failed to state an adequate claim upon which relief can be granted.

In the Amended Complaint, Plaintiffs fail to allege, aside from conclusory statements, how Mr. Beene was involved in any of the alleged misconduct in this case. The Amended Complaint is littered with threadbare legal recitations of the elements but Plaintiffs fail to effectively correlate the few alleged factual allegations with the legal conclusions. By way of example, Plaintiffs allege that Mr. Beene and other co-Defendants participated in illegal poker games (Filing no. 24, at 40) and as a result of Mr. Beene participating in a game, Plaintiff American Dream had dancers and customers lured away from its business. (Filing no. 24, at 41). This is a speculative and attenuated chain of causation that lacks the necessary factual support to plausibly state a claim against Mr. Beene.

### A. The Civil RICO Claim Against Mr. Beene Fails to State a Claim Upon Which Relief May be Granted.

To state a civil RICO claim under 18 U.S.C. § 1962(c), Plaintiffs must plead facts showing: "(1) the conduct (2) of an enterprise (3) through a pattern of racketeering activity." *Salinas v. United States,* 522 U.S. 52, 62 (1997) (citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496 (1985)). Failure to adequately allege any of these elements is fatal to a RICO claim. *Crest Constr. II, Inc.,* 660 F.3d at 355. Importantly, courts recognize that the assertion of a RICO claim has a "virtually inevitable stigmatizing effect" on defendants. *Figueroa Ruiz v. Alegria,* 896 F.2d 645, 650 (1st Cir. 1990). As such, courts are encouraged to dismiss frivolous or inadequately pleaded RICO claims at the earliest possible stage. *Id.*

Because civil RICO claims frequently involve allegations of fraud, they are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Crest Constr. II, Inc.,* 660 F.3d at 353. Under this standard, a complaint must specify "the who, what, when, where, and how:

the first paragraph of any newspaper story." *Id.* (quoting *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir. 2011)). Courts emphasize that generalized or conclusory allegations are insufficient. In *Colony at Holbrook, Inc. v. Strata G.C., Inc.,* for instance, the complaint failed to satisfy the Rule 9(b) standard because it lacked any statements identifying "the content, date, or place of any alleged misrepresentations, and the identity of the persons making them." 928 F. Supp. 1224, 1231 (E.D.N.Y. 1996). The allegations were merely broad assertions of fraud directed at all defendants, rather than tied to specific individuals. *Id.*

To satisfy the Rule 9(b) standard, a plaintiff must either: (1) allege a motive and clear opportunity to commit fraud, or (2) identify facts that show conscious, fraudulent behavior. *Powers v. Bayliner Marine Corp.,* 57 F.3d 184, 184 (8th Cir. 1995). However, courts consistently reject allegations based on a generalized economic incentive. A mere profit motive does not satisfy Rule 9(b). *ABF Capital Mgmt. v. Askin Capital Mgmt.,* 957 F. Supp. 1308, 1327 (S.D.N.Y. 1997); *Brookdale Univ. Hosp. v. Health Ins. Plan of Greater N.Y.,* No. 07-CV-1471, 2009 WL 928718, at *6 (E.D.N.Y. Mar. 31, 2009). Here Plaintiffs, fail to satisfy the heightened Rule 9(b) standard. There are no allegations within the sixth cause of action showing clear motive and opportunity to commit fraud by Mr. Beene. Additionally, Plaintiffs fail to allege facts showing a conscious, fraudulent behavior by Mr. Beene. Rather, he is looped in with multiple other defendants into broad assertions regarding fraud and illegal poker parties. This, without additional information and specifics, including any alleged misrepresentations, illustrates that Plaintiffs cannot satisfy their pleading requirements.

A RICO "enterprise" is the vehicle through which a defendant engages in racketeering activity. *Nat'l Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 259 (1994). It includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of

individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To satisfy § 1962(c), the enterprise must be an entity that "would still exist were the predicate acts removed from the equation." *Crest Constr. II,* 660 F.3d at 354–55 (quoting *Handeen v. Lemaire,* 112 F.3d 1339, 1352 (8th Cir. 1997)). In *Kruse v. Repp,* the Southern District of Iowa examined each defendant individually and found that the defendant, even without the alleged racketeering, continued to exist as a natural person — a "farmer, insurance agent, and father." 611 F. Supp. 3d 666, 699–700 (S.D. Iowa 2020). Similarly, here, has been no allegation that Mr. Beene is engaging in any activity to defraud Plaintiffs, nor have Plaintiffs demonstrated that the predicate acts of pokers nights are related and pose a threat of continued criminal activity.

Additionally, a RICO plaintiff must also plead facts that demonstrate the predicate acts are "related" and pose a threat of continued criminal activity — a concept referred to as "continuity plus relationship." *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 239 (1989). Related acts share "similar purposes, results, participants, victims, or methods of commission." *Id.* at 240. Continuity can be either: closed-ended, which is a series of ***related acts*** over a substantial period, typically at least one year. *Crest Constr. II,* 660 F.3d at 357 (emphasis added). Or, continuity can be open-ended, which is where the conduct is "by its nature project[ed] into the future with a threat of repetition." *H.J. Inc.,* 492 U.S. at 241. Here, Plaintiffs allege that certain poker games by Defendants have been happening at unidentified locations since December 2023 "and for some time prior thereto." This pleading lacks any specificity in regard to a substantial period of time. Similarly, there is nothing within the pleadings indicating that these poker games were a series of related acts with the goal to fraudulently lure away dancers and customers from American Dream and purposely cause Plaintiff Hernandez, the Jane Doe Plaintiffs, and the Security Guards to suffer lost income. Additionally, there is nothing within the pleadings that indicates a plausible claim that

the illegal poker games and racketeering would "project into the future with a threat of repetition" especially in light of the fact that Plaintiffs have not suffered any damages.

Finally, to bring a claim under 18 U.S.C. § 1964(c), a plaintiff must also show injury to "business or property" that is proximately caused by the alleged RICO violation. Courts have rejected speculative or self-inflicted injuries in this context. In *In re Taxable Mun. Bond Sec. Litig.,* 51 F.3d 518, 522 (5th Cir. 1995), a lost business "opportunity" was too speculative. Similarly, in *Doug Grant, Inc. v. Greate Bay Casino Corp.,* the Third Circuit held that the mere denial of an opportunity to enrich oneself was not a cognizable RICO injury. 232 F.3d 173, 188 (3d Cir. 2000). Here, the Jane Doe Plaintiffs, Plaintiff Hernandez, the Security Guards, and American Dream are alleging a mere denial of an opportunity to enrich themselves, which is not a cognizable RICO injury. The apparent allegation is that by Mr. Beene allegedly attending a poker game, plaintiffs somehow lost out on wages and customers, which, without more, is insufficient to satisfy the pleading requirement. Such damages are speculative at best, and therefore, Plaintiffs have not met their burden.

Courts have specifically addressed illegal gambling and RICO, holding that gambling does not automatically give rise to a RICO injury. *Schwartz v. Upper Deck Co.,* 104 F. Supp. 2d 1228, 1230 (S.D. Cal. 2000), aff'd, *Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083 (9th Cir. 2002). In *Adell v. Macon Cnty. Greyhound Park, Inc.,* the court found that a bare assertion that gambling caused the plaintiffs' injuries failed to meet the proximate cause requirement. 785 F. Supp. 2d 1226, 1242 (M.D. Ala. 2011). Additionally, in *Green v. Aztar Corp.,* the court rejected a gambler's RICO claim because he acted voluntarily: "[n]othing in the plaintiff's complaint suggests that he was anything but an independent actor who voluntarily chose to gamble." No. 02 C 3514, 2003 WL 22012205, at *3 (N.D. Ill. Aug. 22, 2003). Likewise, here, Plaintiffs allege that Jane Doe Dancers

were "damaged" by illegal gambling events at the Defendants' poker games, claiming lost wages they could have earned at other clubs. However, these Plaintiffs were independent actors who voluntarily chose to attend the alleged events. Mr. Beene and the other Defendants cannot be held liable for Plaintiffs' own economic decisions, particularly where no coercion, fraud, or direct causation is alleged.

As such, Plaintiffs' sixth cause of action under a civil RICO claim for illegal gambling fails to state a claim upon which relief may be granted and therefore, the claim against Mr. Beene must be dismissed.

### B. Plaintiffs Do Not State a Claim for Relief Against Mr. Beene as to Any Other Theory of Recovery.

As noted above, the only specifically pled theory of recovery against Mr. Beene is the civil RICO claim for illegal gambling (Count 6). Several counts, however, refer generally to "Defendants" without identifying the Defendants to whom the count is directed. Although Mr. Beene does not believe any of the remaining counts are directed toward him, for the reasons stated above, dismissal is requested as to all remaining counts.

## III. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS.

### A. If the Federal RICO Claims are Dismissed for Lack of Standing and Failure to State a Claim upon which Relief may be Granted, then this Court Should Decline to Exercise Supplemental Jurisdiction over the State Law Claims.

District courts may decline to exercise supplemental jurisdiction over claims in which they have original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." See 28 U.S.C. § 1367(c)(3). In the event this Court finds that the Amended Complaint is "well-pleaded" to satisfy the original jurisdiction requirement, this Court would have original jurisdiction over Plaintiffs' RICO claims pursuant to 18 U.S.C. §§ 1960-68. Without these

claims of original jurisdiction, there is no supplemental jurisdiction over any remaining state claims.

Due to Plaintiffs' failure to adequately plead the civil RICO causes of action, the federal claim against Mr. Beene should be dismissed, leaving behind no state law claims against Mr. Beene. As this Court has previously noted, in the Eighth Circuit "the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed." *Frenchman Cambridge Irr. Dist.,* 974 F. Supp. 2d at 1279 (citing *Bissada v. Arkansas Children's Hosp.,* 639 F.3d 825, 833 (8th Cir. 2011)). Accordingly, if this Court were to dismiss the civil RICO claims, including the sixth cause of action against Mr. Beene, the Court may decline to exercise supplemental jurisdiction pursuant to 228 U.S.C. § 1367(c)(2) and/or (3), and may remand this case back to Nebraska state court for any such state court claims that may survive this Motion.

## IV. IN THE ALTERNATIVE, MISJOINDER OF CLAIMS AND DEFENDANTS WARRANTS DISMISSAL OF THIS ACTION.

### A. The Action Filed by the Plaintiffs is Improper Joinder, and the Remedy Should be that of Dismissal, not Severance of such Claims.

District courts have discretion to refuse joinder under Fed. R. Civ. P. 20 to avoid prejudice, delay, or to promote judicial economy and fundamental fairness. *Morris v. Northrop Grumman Corp.,* 37 F. Supp. 2d 556, 581 (E.D.N.Y. 1999); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000). When claims are misjoined, courts may dismiss them without prejudice, allowing plaintiffs to refile separately. *Bojorquez v. Abercrombie & Fitch Co.,* 193 F. Supp. 3d 1117, 1128–29 (C.D. Cal. 2016); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997) (holding that discrete claims involving different legal issues, standards, and procedures are not properly joined). Even absent severance, courts must give individualized attention to each plaintiff's claim. *Bojorquez,* 193 F. Supp. 3d at 1129; *see also Padron v. City of Parlier,* No. 1:13-cv-00550, 2014 WL 1364901, at *3 (E.D. Cal. Apr. 7, 2014) ("[T]he Court will have to wade through the factual

thicket of each of Plaintiff's own situation to determine the merits of their claims"). The Ninth Circuit has found misjoinder where plaintiffs simply allege defendants violated the same laws in comparable ways. *Visendi v. Bank of Am., N.A.,* 733 F.3d 863, 870 (9th Cir. 2013). This type of behavior is attempting to throw everything and the kitchen sink into a complaint hoping that some of it will be plausible.

This throw-everything-at-the-wall approach has already been criticized by this Court in another case brought by the same Plaintiffs' counsel:

> In this lawsuit, Plaintiffs have included every conceivable claim and defendant… This Court has previously referred to this strategy… as the "kitchen sink" approach, where the Plaintiffs included everything in their lawsuit but the kitchen sink. In this case, this Court believes Plaintiffs have done one better. The kitchen sink is included.

*Harrington v. City of Omaha,* Case No. 8:20-cv-412, 2021 U.S. Dist. LEXIS 106599, at *3–4 (D. Neb. June 7, 2021). The same sentiment applies here. Plaintiffs' scattershot pleading strategy violates the rules governing joinder and prejudices all parties involved.

In *Strandlund v. Hawley,* 532 F.3d 741 (8th Cir. 2008), four plaintiffs brought § 1983 and tort claims against a sheriff's office based on excessive force by the same deputy. Though the claims involved similar legal theories and the same deputy, the court held they were misjoined because the events occurred on different dates, involved different individuals, and required distinct factual determinations. *Id.* at 742–43. The Eighth Circuit affirmed the district court's reasoning that "no common question of law or fact existed," and a joint trial would have been too confusing for a jury. *Id.*

If *Strandlund* involved misjoinder, wherein a single officer and similar claims of force were alleged, then the current case presents exponentially greater divergence. Plaintiffs' claims span unrelated issues: landlord-tenant disputes, wrongful death from drunk driving, misappropriation

of trade names, dancer recruitment, discrimination, and wage misclassification. There are no common factual or legal questions and no joint liability linking Mr. Beene to the other Defendants. Severance is not only appropriate—it is necessary. As there are so many claims to distinguish between and Plaintiffs failed to properly distinguish which claims are against which Defendant, this Court should dismiss without prejudice. This would allow the Plaintiffs to refile separately rather than adding additional prejudice and delay to the Defendants who are forced to wade through 21 claims at issue, when such issues may not be applicable to them. Thus, in the alternative to dismissal for failure to state a claim, Mr. Beene respectfully moves for dismissal based on misjoinder.

**CONCLUSION**

For the foregoing reasons, Defendant Michael Alan Beene, moves this Court for an order immediately dismissing Plaintiffs' Amended Complaint against him pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Although dismissal with prejudice is the appropriate remedy at this juncture, Defendant Beene moves in the alternative, pursuant to Rule 21, for dismissal on the basis of misjoinder.

Dated this 5th day of June 2025.

MICHAEL ALAN BEENE, Defendant,

By: /s/*Minja Herian*

Minja Herian, #24669
Kaci M. Jumps #28151
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 facsimile
Minja.Herian@koleyjessen.com
Kaci.Jumps@koleyjessen.com

*Attorneys for Defendant Michael Alan Beene.*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this brief complies with the word limit requirement and generative artificial intelligence requirements of NECivR 7.1(d)(1). This brief includes 5,640 words, including all captions, headings, footnotes, quotations, and certificates, which were counted by Microsoft Word 365. This brief complies with the generative artificial intelligence usage reporting requirement because to the extent that a generative artificial intelligence program was used in drafting this brief and all generated text, including all citations and legal authority, have been verified for accuracy and approved by a human signatory of this brief.

/s/ *Minja Herian*
Minja Herian

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants.

/s/ *Minja Herian*
Minja Herian