UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**BRIEF IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT & ENTER BRIEFING SCHEDULE**

Plaintiffs respectfully request leave to file the attached Second Amended Complaint (SAC) pursuant to FRCP Rule 15 (a)(2): which states "(T)he court should freely give leave when justice so requires." Defendant James Pull objected to the SAC without explanation, Defendant Jessica Richardson objected to portions of the SAC addressing her client, but no other represented or unrepresented party objected to the proposed SAC that was sent to all represented parties.

1) There are a number of reasons why Plaintiffs need to file a SAC at this time.
2) Since Plaintiffs filed the amended complaint on April 21, 2025, six weeks ago, several Defendants have filed motions to dismiss.
3) The Court also provided Plaintiffs with inciteful information in their denial of Plaintiffs' request for a Temporary Restraining Order.
4) Plaintiffs addressed the Defendants' arguments in their motions and the Court's ruling while drafting the SAC.
5) Plaintiffs have also referred the wrongful death claim of Plaintiff Kristen Rozmiarek (and the Estate of Gordon Brummel) to another firm for litigation in Nebraska state court.
6) On May 22, 19, and other dates after the amended complaint was filed, Plaintiffs' counsel was informed by an inmate in Douglas County Jail that Defendants Matthew Longcor and Delaney Wilson (Stormie) were threatening the life of Plaintiffs' attorney.
7) They confessed to setting up a drive-by shooting, for which Stormie and her accomplices are in jail, and they said Plaintiffs' counsel was to be "dealt with next."
8) In addition, Stormie said that she and other dancers engage in prostitution at Club 180, that they sell drugs there and drug people without their knowledge.
9) All of this new information was added to the SAC.

**MODIFICATIONS**

10) The SAC removes 32 Defendants, 2 Plaintiffs, 29 pages, and 11 causes of action.

11) After the amended complaint was filed, Plaintiffs' counsel was contacted by a new witness who was assaulted in the ladies' restroom at Club 180 by a dancer on cocaine.

12) Plaintiffs have discovered the identity of Defendant Michael Alan Beene.

13) Mr. Beene was one of the main co-founders of Club 180 since December 2023.

14) Defendants Tanea White and Octavia were removed, because after meeting with each of them privately at length it was clear that they were two of the few Club 180 dancers who did not participate in illegal conduct and neither of them still work there.

15) Other Defendant Dancers were removed for a variety of reasons, mostly based upon an inability to identify and serve them along with their lack of money and inability to contribute to a settlement or judgment.

16) Defendants Irishmen 180, LLC and Kyron O'Brien provided their proof of sale just minutes ago and were therefore released from the case (if they had provided proof of sale 10 weeks ago, they never would have been named as Defendants in the first place).

17) Defendants Tony Pham, his wife Breanna Pham-Carr, and their company Throwback Empire, LLC dba Krush Ultra Lounge, went out of business after the amended complaint was filed.

18) Since these three Defendants have no attorney, little or no money, and have been avoiding service of process, Plaintiffs thought it was prudent to remove them from the lawsuit to unburden the parties and the Court.

19) As such, Plaintiffs seek to remove the Sixth Cause of Action for Civil RICO Gambling violations because the Poker Parties referred to were organized by Defendant Tony Pham.

20) Plaintiffs have removed all references to poker parties and gambling in the SAC.

21) Defendant Ivon Penny is another Defendant that is being removed from the case due to his apparent lack of money or ability to contribute toward a settlement or judgment.

22) Defendant Roman has been removed because Plaintiffs could not obtain their last names or addresses.

23) Defendant Jalil Tookhi was removed because the Sheriff was unable to serve him, and it does not appear that he is financially capable of contributing to a settlement or judgment.

24) Defendant Malik Harmon was removed because Plaintiffs were unable to confirm his address and by all appearances, he too would be unable to contribute to a settlement or judgment.

25) David Looloo was removed because that name may be an alias and Plaintiffs' counsel heard from a witness that he was in the process of leaving the State of Nebraska.

26) Plaintiffs' counsel has also consulted with other attorneys in revising the SAC.

27) There is no prejudice to Defendants as those who filed motions can modify and refile them, and 70% of Defendants will be responding to the SAC for the first time.

28) There are a total of 27 proposed Defendants in the SAC, and only 8 including the Landlords (4), James Pull (1), Jessica Richardson (1), Voodoo Lounge (1), and Michael Alan Beene (1) have responded to the amended complaint.

29) In fact, responding to the SAC will be far easier for all Defendants now that the pleading has been modified.

30) Defendant Toast, Inc. was granted an extension to respond, and I told them days ago as a courtesy that I intended to seek leave to file a SAC so that they wouldn't have to file two briefs.

31) Defendants Abdul Rahmanzai, Miroslava Kotsan, and Blaike Koca have retained counsel but their clients are evading service of process, and their attorneys will not accept service of process on their behalf so they will not be prejudiced by a SAC.

32) 14 Defendants have not retained a lawyer and 17 have not been served or entered an appearance, and most all of them are evading service of process, so they will not be prejudiced.

**STANDARD FOR LEAVE TO FILE SECOND AMENENDED COMPLAINT**

33) This Court has articulated the standard for filing an amended pleading as follows:

"The plaintiff's Motion, filed on July 9, 2010, (filing No. 42) asks the court for leave to amend in the "interest of justice." (*Id.* at CM/ECF p. 1.) Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend "when justice so requires." The applicable standard is summarized in *Foman v. Davis,* 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be "freely given." Doe v. Bd. of Regents of Univ. of Nebraska, No. 8:10CV85, 2010 WL 3312514, at *1 (D. Neb. Aug. 17, 2010)

34) There has certainly been no undue delay as Plaintiffs filed this motion within two months of the complaint and six weeks after the amended complaint.

35) Plaintiffs have acted in good faith by removing 34 Defendants and simplifying the pleading by removing 11 causes of action and 25 pages, after giving all Defendants the opportunity to offer a financial settlement and/or provide helpful information.

36) There is no dilatory motive on the part of Plaintiffs as they have been diligently trying to serve all Defendants while revising the complaint with modified parties and allegations.

37) There is no undue prejudice to the Defendants as they will have ample time to respond to the SAC and 70% of the Defendants have not even responded yet.

38) The amendment is clearly not futile because each version of the lawsuit has only gotten stronger, with the SAC being the culmination of 14 months and hundreds of hours of research and investigation.

39) In fact, after the amended complaint was filed Plaintiffs' counsel was contacted by federal authorities who were already investigating some of the Defendants for illegal activities.

40) They requested to meet with Plaintiffs' counsel to obtain information to assist with their investigation.

41) The local rules of this Court more specifically state that:

> "Except as stated in these rules or court order, the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference. The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties. Kinnison v. Abrahams Kaslow & Cassman, LLP, No. 8:23CV42, 2023 WL 8716853, at *4 (D. Neb. Dec. 18, 2023)

42) Plaintiffs have clearly stated all the reasons why these amendments are necessary, including the response to Defendants' motions, the Order of this Court, new facts, and the modification of parties.

WHEREFORE, Plaintiffs respectfully request permission to file the attached SAC, 45 days to serve the outstanding 19 Defendants, and that a briefing schedule of 30 days for Defendants' motions, 21 days for Plaintiffs' response, and 14 days for Defendants' replies be

ordered by the Court, commencing upon conclusion of the 45-day period for service of process. Plaintiffs require 45 days because motions for alternative service will be necessary for the majority if not all of the outstanding 17 Defendants.

Respectfully Submitted,

June 9, 2025

By: /s/ Evan Spencer
Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th Day of June, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.