IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE; SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180,

Plaintiffs,

v.

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA

Civil Action No. 8:25-cv-00241

**BRIEF IN OPPOSITION TO AMENDED MOTION TO FILE SECOND AMENDED COMPLAINT & ENTER BRIEFING SCHEDULE**

PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN and JOHN & JANE ROES #1– 50,

Defendants.

Defendant James Pull ("Mr. Pull"), by and through his counsel of record, hereby submits this Brief in Opposition to Amended Motion to File Second Amended Complaint & Enter Briefing Schedule pursuant to NECivR 7.1(b). For the reasons set forth below, Mr. Pull respectfully requests this Court deny Plaintiffs' Amended Motion to File Second Amended Complaint & Enter Briefing Schedule (the "Amended Motion"). *See* Filing 169.

**INTRODUCTION**

Plaintiffs commenced this action on April 1, 2025 by filing a Complaint that asserts twenty causes of action throughout forty-eight pages and 431 paragraphs (the "Complaint"). *See* Filing 1. On April 21, 2025, Plaintiffs amended the Complaint, expanding the case to include twenty-one causes of action throughout fifty-nine pages and 536 paragraphs (the "First Amended Complaint"). *See* Filing 24. In response to the First Amended Complaint, several Defendants, including Mr. Pull, moved to dismiss on various grounds. *See* Filings 102, 104, 119, 131, 141, 156. Plaintiffs' deadline to respond to Mr. Pull's Motion to Dismiss was June 17, 2025. *See* Filing 141. To date, Plaintiffs have failed to respond to Mr. Pull's Motion to Dismiss or file a request with this Court seeking an extension of their briefing deadline. Therefore, Mr. Pull respectfully requests that this Court grant his Motion to Dismiss, which remains unopposed, with prejudice.

In an attempt to pass off the Amended Motion as an effort to "make the case more manageable for the Court and the parties," Plaintiffs seek leave to file a Second Amended Complaint (the "Proposed Complaint"). Filing 167 at ¶ 12. As this Court observed, Plaintiffs' claims, (which are functionally the same across all versions of the complaints), are "heavy with

salacious factual allegations but light on the legal basis for the Court's ability to provide relief." Filing 130 at 4. Regardless of the meritless nature of Plaintiffs' claims, the Amended Motion should be denied because it is futile, fails to cure deficiencies in the First Amended Complaint, is made in bad faith, for dilatory purposes, and will result in prejudice to Mr. Pull.

**STANDARD OF REVIEW**

After filing one amended pleading, a party is required to obtain leave from the court before filing a subsequent amended pleading. Fed. R. Civ. P. 15(a)(1)-(2). In such cases, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "But parties do not have an absolute right to amend their pleadings, even under this liberal standard." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). The court properly denies leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 618 (8th Cir. 2003) (internal citation and quotation omitted). In determining whether to grant a motion to amend, the trial court enjoys "broad discretion." *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2009).

**ARGUMENT**

**I. THE AMENDED MOTION SHOULD BE DENIED BECAUSE IT IS FUTILE AND FAILS TO CURE DEFICIENCIES IN THE FIRST AMENDED COMPLAINT.**

The Eighth Circuit Court of Appeals has held that a motion for leave to amend is properly denied as futile when "the amended complaint does not meet the pleading standards." *Liscomb v. Boyce*, 954 F.3d 1151, 1156 (8th Cir. 2020). A proposed amended complaint is futile when it cannot withstand a Rule 12(b)(6) motion to dismiss. *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citations omitted). As set forth more fully in the Brief in

Support of Defendant James Pull's Motion to Dismiss, Filing 141-1, a complaint only survives a motion to dismiss when it provides "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," showing the claim for relief is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555-56 (2007). As courts in this district have noted, claims are futile and are properly dismissed under Rule 12(b)(6) "when a claim is not cognizable under applicable law." *See, e.g., Solorio v. Miller,* 700 F. Supp. 3d 757, 774 (D. Neb. 2023) (citing *Couzens v. Donohoue*, 854 F.3d 508, 517 (8th Cir. 2017) (upholding dismissal of a claim not recognized under state law)).

Here, the Amended Motion should be denied because the claims asserted against Mr. Pull are futile. At the outset, it is important to note that it is impossible to ascertain from Plaintiffs' Proposed Complaint which paragraphs and claims Plaintiffs seek to amend. Pursuant to this Court's June 10, 2025, Text Order, Plaintiffs were required to file as an attachment to the Amended Motion "an unsigned copy of the proposed amended pleading that **clearly identifies the proposed amendments**." *See* Filing 168 (emphasis added). Plaintiffs have failed to do so. Instead, Plaintiffs submitted the Proposed Complaint, which is misleading in that it includes red text that appears to indicate such paragraphs are being removed. However, several red paragraphs are followed by blue text with Plaintiffs' comments indicating these paragraphs are being "condensed and changed" without any indication of what revisions are being made. *See* Doc. 169-1, ¶¶ 26, 33, 34, 37, 38, 43, 49, 93, 95, 98, 147, 348.

The Proposed Complaint fails to provide Defendants with notice of the claims asserted against them and refers to "Defendants" generally, which includes 76 defendants, without providing any factual context that would make the claims for relief plausible. As pleaded, Plaintiffs' allegations remain conclusory, egregious, defamatory, and are so divorced from reality

that they fail to state a claim against any Defendant, let alone Mr. Pull. Indeed, as this Court rightfully noted in the context of substantially similar allegations before it on Plaintiff's Motion for Temporary Restraining Order, Plaintiffs "have altogether failed to establish a likelihood of success on the merits of any of their twenty-one causes of action." Filing 130 at 4-5. Accordingly, the proposed Second Amended Complaint fails to state a cognizable claim against Mr. Pull.

Furthermore, the claims that have been most heavily amended by the Proposed Complaint and which reference Mr. Pull by name include Claim 1 (prostitution), Claim 2 (sex trafficking), Claim 3 (drug trafficking), Claim 4 (witness and attorney intimidation), Claim 6 (sexual harassment), and Claim 19 (unfair competition). Each of these claims fail as a matter of law because they do not state claims upon which relief can be granted and/or are not cognizable under applicable law. *Solorio*, 700 F. Supp. 3d at 774. Accordingly, the Proposed Complaint is futile for failure to meet the pleading standards. *Liscomb*, 954 F.3d at 1156.

Claims 1-4, each of which are RICO claims, must be plead with particularity under Rule 9(b)'s heightened pleading standard. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353, 355 (8th Cir. 2011) ("[P]laintiffs [must] plead the who, what, when, where, and how."). To state a RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). Claims 1-4 of the Proposed Complaint are rife with conclusory allegations that are substantially similar to those asserted in the First Amended Complaint. Accordingly, on those claims, Mr. Pull rests on his argument raised in his Brief in Support of the Motion to Dismiss. Filing 141-1 at 6-8.

The only real amendment is to Claim 4 of the Proposed Complaint. Claim 4 is riddled with conclusory, defamatory, and irrelevant allegations, and no set of plausible facts would support a finding that Plaintiff is entitled to relief. Insofar as it relates to Mr. Pull, Claim 4 is missing the

crucial "who," "what," and "how" elements of the heightened RICO pleading standard. *Crest Constr. II, Inc.*, 660 F.3d at 353, 355. Plaintiffs' conclusory allegation that "Pull made threats on behalf of other defendants" is woefully insufficient and begs the question of *who* these other defendants are, *what* threats were made on their behalf, and *how* the threats were made. Without allegations of such, Plaintiffs fail to meet the heightened pleading standards under Rule 9(b) for RICO claims. Accordingly, the Proposed Complaint, insofar as it relates to Claim 4, is futile and fails to correct the deficiencies of the First Amended Complaint.

The final two claims in the Proposed Complaint that mention Mr. Pull by name are Claim 6 (sexual harassment) and Claim 19 (unfair competition). The amended Claims 6 and 19 are futile because they do not state a cognizable claim. For example, Claim 6 states a claim for sexual harassment, but cites no body of law that authorizes the claim. However, because sexual harassment claims are generally brought under Title VII of the Civil Rights Act of 1965 ("Title VII") and the Nebraska Fair Employment Practices Act (the "NFEPA"), and Plaintiffs Hernandez, Jane Doe, Streblow, and Security Guards are alleging sexual harassment during the course of their employment, it would appear that Plaintiffs are attempting to assert their claims thereunder. As this Court noted, "[t]he employer is the only proper defendant in a Title VII case." *Saenz v. Omaha Cath. Sch. Consortium*, No. 8:20-cv-225, 2020 WL 13032897, at *2 (D. Neb. Oct. 2, 2020) (citing *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998)). Because Nebraska courts look to federal courts in interpreting the NFEPA, the same is true if this ambiguous claim is brought under that law. *See Knapp v. Ruser*, 297 Neb. 639, 653-54, 901 N.W.2d 31, 43 (2017). Accordingly, because Plaintiffs have not alleged Mr. Pull is Plaintiffs' employer, Claim 6 fails as a matter of law, and the amended claim is futile.

Finally, amended Claim 19 (unfair competition) is futile because no set of facts would entitle Plaintiffs to relief. The Proposed Complaint makes the conclusory allegation Mr. Pull is a "partner, agent and/or coconspirator of Matt, Club 180, and its servants, agents, and employees." Filing 169-1 at 26 (¶ 212). There are no allegations Mr. Pull has a financial interest in Club 180, where the alleged unfair competition occurred, and no factual context that would render it plausible that Mr. Pull was a beneficiary of Club 180's conduct. All that is alleged, specific to Mr. Pull, is that he "provide[s] his dancers with cocaine and other drugs and allow consumption of illegal drugs at Club 180." Filing 169-1 at 60 (¶ 539). Even accepting this allegation as true, which it is not, it is impossible to plausibly conclude Mr. Pull violated Neb. Rev. Stat. § 59-1602 by competing, let alone unfairly competing, with Plaintiffs. Accordingly, the Proposed Complaint fails to state a cognizable claim against Mr. Pull.

Considering the foregoing, the Amended Motion should be denied because it is futile, fails to correct previous shortcomings, and would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. THE AMENDED MOTION SHOULD BE DENIED BECAUSE IT IS MADE IN BAD FAITH AND FOR DILATORY PURPOSES, AND UNFAIRLY PREJUDICES MR. PULL.

A district court may deny a motion for leave to amend a complaint due to bad faith when facts in the amended complaint are "wholly inconsistent" with the facts alleged in the original complaint. *EcoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 794 (D. Minn. 2019) (internal quotation and citation omitted). Here, by counsel for Plaintiffs' own admission, the Proposed Complaint is extremely inconsistent with the First Amended Complaint, as "29 pages…11 causes of action…32 Defendants, and 2 Plaintiffs" have been removed, along with all allegations and admissions related thereto. Filing 167 at 3 (¶ 12).

Plaintiffs' counsel held a press conference on April 22, 2025, a day after filing the First Amended Complaint, where he stated, "I've been practicing law for 28 years, I've litigated over a thousand civil cases, and I've never seen a case with this much evidence at the beginning, prior to discovery."[1] However, this Court has already observed the legal basis supporting Plaintiffs' allegations is "light." *See* Filing 130 at 4; Filing 153 at 3.

Furthermore, it is well established that permission to file an amended complaint can be withheld if the amendment would create undue delay or prejudice the opposing party. *Hillesheim*, 897 F.3d at 955 (citing *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)). While delay alone is generally insufficient to deny a motion for leave to amend, delay coupled with prejudice to the nonmovant will suffice. *Moses.com Sec., Inc. v. Comprehensive Software Sys.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (However, "unexcused delay is sufficient to justify the court's denial . . .").

In this case, Plaintiffs seek to further unduly delay the progression of this matter. After filing the Amended Complaint, several Defendants, including Mr. Pull, filed responsive motions to dismiss. Instead of responding to these motions, Plaintiffs have ignored briefing deadlines and now file the Amended Motion and Proposed Complaint. If the Court grants the Amended Motion, Mr. Pull will be prejudiced by undue delay and expense in filing additional motions and briefing. Mr. Pull is further prejudiced by Plaintiffs' continued smear campaign through their filings, which include salacious allegations designed to humiliate, harass, and cause significant reputational harm to Mr. Pull. Accordingly, Plaintiffs' Amended Motion should be denied because it is made in bad faith and will cause undue delay and prejudice to Mr. Pull.

---

[1] https://www.ketv.com/article/omaha-club-lawsuit-includes-a-wrongful-death-allegation/64558122

## CONCLUSION

For the reasons set forth above, Mr. Pull respectfully requests this Court deny Plaintiffs' Amended Motion to File Second Amended Complaint & Enter Briefing Schedule.

Dated this 23rd day of June, 2025.

JAMES PULL, Defendant,

By: *_/s/ Ryan M. Kunhart_*
Ryan M. Kunhart, #24692
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE 68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 23, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants, including the following:

Evan Spencer
305 Broadway, 7th Floor
New York, NY 10007
Evan@EvanSpencerEsq.com

*_/s/ Ryan M. Kunhart_*
Ryan M. Kunhart