IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., dba THE AMERICAN DREAM BAR, et al.,

Plaintiffs,

v.

CLUB 180, et al.,

Defendants.

CASE NO: 8:25-cv-00241

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Defendants, Evron, Inc. ("Evron"), Seven Oaks Investment Corporation ("Seven Oaks"), Highland Associates, Inc. ("Highland"), CTS, LLC ("CTS") and Nancy Waggener ("N. Waggener"), by and through their undersigned counsel, and for their brief in opposition to Plaintiffs' Amended Motion to File Second Amended Complaint ("Amended Motion") state as follows.

## INTRODUCTION

Plaintiffs, comprising Chuck Streblow, an alleged former security guard of Club 180, Kimberly Hernandez, an alleged former Club 180 exotic dancer, Sarah Houston, an alleged resident residing "adjacent" to Club 180, Imagination Industries, Inc., dba the American Dream Bar, an Omaha bar with showgirls that is

a competitor of Club 180, and John and Jane Doe Security Guards, Customers and similarly situated neighbors of Club 180, initiated this lawsuit on April 1, 2025.[1]

On April 29, 2025, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint"). Doc. #24. Defendants Evron, Seven Oaks, Highland and CTS, were each served with the Amended Complaint on April 29, 2025. Doc. ##62-65.[2] In Paragraph 246 of the Amended Complaint, Plaintiffs define Evron, Seven Oaks, Highland and CTS as the "Landlord Defendants."

On May 20, 2025, the Landlord Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rather than file a brief in opposition to the Motion to Dismiss, Plaintiffs filed this motion seeking leave to amend their complaint. Despite their efforts, Plaintiffs remain unable to state a viable cause of action against the Landlord Defendants.

## ARGUMENT

### I. STANDARD OF REVIEW

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A "district court properly denies leave when a proposed amendment would be futile." *Hurd v. United States Postal Service*, No. 8:20-cv-394, 2021 U.S. Dist. LEXIS 83495, at *18 (D. Neb. April 30, 2021) (quoting

[1] The initial Complaint and Amended Complaint included additional Plaintiffs Kristen Rozmiarek and Casey Rowe, owner of the American Dream Bar, who have been removed from the proposed Second Amended Complaint.

[2] N. Waggener was served with the Amended Complaint on May 27, 2025. Doc. #151.

*Lansing v. Wells Fargo Bank, N.A.*, 894 F.3d 967, 974 (8th Cir. 2018)). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)).

## II. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT DOES NOT INCLUDE ALL PROPOSED AMENDMENTS.

Despite the Court's Order denying Plaintiffs' original Motion for Leave to File Second Amended Complaint specifically advising Plaintiffs of the requirement to attach a copy of the proposed amended pleading that clearly identifies the proposed amendments, the proposed Second Amended Complaint accompanying Plaintiffs' Amended Motion still fails to comply. Doc. #168. While the proposed Second Amended Complaint includes certain text in red which Plaintiffs indicate is being removed, there are comments in blue indicating that certain paragraphs are new or have been changed without identifying the new language. Doc. #169-1.

Additionally, when comparing the proposed Second Amended Complaint filed in connection with Plaintiffs' original Motion for Leave with the proposed Second Amended Complaint attached to the Amended Motion, there are many differences. *Compare* Doc. #167-1 *with* Doc. #169-1. Thus, it is uncertain whether Plaintiffs have made additional changes to the proposed Second Amended Complaint or whether the version of the proposed Second Amended Complaint accompanying the Amended Motion does not reflect all of Plaintiffs' proposed amendments. For

example, the proposed Second Amended Complaint identifies "NEW PARAGRAPHS 59 -73 REGARDING LANDLORD PREMISES LIABILITY," but fails to include these additional paragraphs. Doc. #169-1 at 10. Plaintiffs' Amended Motion should be denied for this reason alone.

## III. PLAINTIFFS' PROPOSED SECOND AMENDED COMPLAINT IS FUTILE.

Within Plaintiffs' proposed Second Amended Complaint, Plaintiffs seek to assert additional claims against the Landlord Defendants.[3] These additional claims comprise civil RICO claims for prostitution, sex trafficking and drug trafficking and a private nuisance claim. In support of these claims, Plaintiffs allege that the Landlord Defendants had "actual and constructive notice" of the prostitution, sex trafficking, drug trafficking and the nuisance occurring at Club 180.

The proposed Second Amended Complaint also includes a negligence claim, which was also asserted in the Amended Complaint. Plaintiffs propose only minor changes to the allegations within that claim, including deletion of "upon information and belief" in one paragraph and the addition of an allegation that the Landlord Defendants should have hired a property management company. Doc. #169-1 at 54-55. However, these minor changes do not save Plaintiffs' negligence claim from dismissal. For the same reasons set forth in the Brief in Support of Motion to Dismiss filed by Evron, Seven Oaks, Highland and CTS, Plaintiffs'

---

[3] Within the proposed Second Amended Complaint, Plaintiffs now include N. Waggener within the definition of "Landlord Defendants," but have removed Highland and CTS as Defendants. Doc. #169-1 at ¶ 4.

negligence claim against the Landlord Defendants fails to state a claim upon which relief can be granted. Doc. #106.

**A. Plaintiffs have failed to sufficiently plead any RICO claims against Landlord Defendants.**

"Section 1964(c) of the RICO Act provides that '[a]ny person injured in his business or property by reason of a violation of section 1962' may sue for threefold the damages sustained." *TNT Amusements, Inc. v. Torch Elecs., LLC*, No. 4:23CV330 JAR, 2024 U.S. Dist. LEXIS 33302, at *6 (E.D. Mo. Feb. 26, 2024). "Thus, '[a] civil RICO plaintiff must show injury "by reason of" a RICO violation, that is, injury "both factually and proximately caused" by the violation.'" *Id.* (quoting *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024 (citing *Regions Bank v. J.R. Oil Co. LLC*, 387 F.3d 721, 728 (8th Cir. 2004))).

> Proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged." "A link that is too remote, purely contingent, or indirect is insufficient." If an alleged loss "could have [occurred] for any number of reasons unconnected to the asserted pattern of fraud," proximate cause does not exist. Put differently, if an alleged set of predicate acts did not lead "'directly to the plaintiff's injuries' . . . [Plaintiff has] failed to meet RICO's 'requirement of a direct causal connection between the predicate offense and the alleged harm.'"

*TNT Amusements*, 2024 U.S. Dist. LEXIS 33302, at *6-7 (internal citations omitted). Each of the Plaintiffs lack standing to assert a RICO claim because they have failed to allege sufficient facts to show some direct relation between any injuries asserted and the injurious conduct alleged.

Additionally, Plaintiffs have failed to comply with the heightened pleading requirements under Rule 9(b).

> A RICO claim must be pleaded with particularity under Rule 9(b). "Under Rule 9(b)'s heightened pleading standard, allegations of fraud . . . [must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story."

*Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011)). Plaintiffs' conclusory allegations that Landlord Defendants had actual and constructive notice of Defendants' prostitution, sex trafficking and drug trafficking fail to meet the heightened pleading requirements of Rule 9(b). Accordingly, Plaintiffs' attempt to pursue civil RICO claims against the Landlord Defendants is futile.

**B. Plaintiffs have failed to sufficiently plead a cause of action for nuisance against Landlord Defendants.**

In their proposed Second Amended Complaint, Plaintiffs allege that Club 180 received "noise complaints," that "Defendants, and their friends and customers, drive hundreds of motor vehicles and motorcycles in and out of the Club 180 parking lot every week particularly after midnight disturbing Plaintiff Sarah Houston," that Defendants maintain an outdoor smoking area with lights that disturb the neighbors, and that Defendants litter the Club 180 parking lot and local properties with beer bottles, cigarette butts, urine, cans and other garbage and debris. Doc. #169-1 at 61.

"To justify the abatement of a claimed nuisance, the annoyance must be such as to cause physical discomfort to one of ordinary sensibilities." *Johnson v. Knox*

*Cnty. P'ship*, 273 Neb. 123, 132, 728 N.W.2d 101, 108 (2007). “Furthermore, with respect to a nuisance in the context of an action in equity, the invasion of or interference with another's private use and enjoyment of land need only be substantial.” *Omega Chem. Co. v. United Seeds*, 252 Neb. 137, 143, 560 N.W.2d 820, 825 (1997). Plaintiff Sarah Houston, the only Plaintiff arguably with standing to pursue a nuisance claim, has failed to allege facts to support that the alleged noise, lights or debris from Club 180 has caused her physical discomfort or facts to support that the invasion or interference with the private use and enjoyment or her property has been substantial. Rather, Plaintiffs have merely alleged in a conclusory manner that Plaintiff Sarah Houston has been “disturbed” and that “Neighbor Plaintiffs have also suffered damages in the personal disturbances and lost use and enjoyment of their properties due to Defendants’ loud music played from 9:00 pm – 5:00 am five nights per week.” Doc. #169-1 at 61-62. These conclusory allegations are insufficient to support a private claim of nuisance.

Moreover, with respect to the Landlord Defendants, Plaintiffs merely allege that “[t]he Landlord Defendants had actual and constructive notice of the nuisance caused to the neighborhood and loss of property values to residential and commercial properties, yet neither they nor their attorneys took action.” Once again, these conclusory allegations are insufficient to state a nuisance claim against the Landlord Defendants.

> Mere ownership of real property imposes no responsibility for a nuisance on it, unless the owner is instrumental in causing the nuisance. A tenant in possession is liable for a nuisance by him created on the premises of his landlord, but the landlord is not liable

> for such a nuisance created by his tenant, unless the landlord authorized or contributed to the causing or maintaining of the nuisance.

*Kaiser v. W. R/C Flyers, Inc.*, 239 Neb. 624, 629, 477 N.W.2d 557, 560-61 (1991) (quoting *City of Omaha v. Hugh Murphy Construction Co.*, 114 Neb. 573, 577, 208 N.W. 667, 668 (1926)). Assuming for the sake of the argument only that Plaintiffs have otherwise sufficiently pled a cause of action for nuisance, Plaintiffs failed to allege facts supporting that the Landlord Defendants authorized or contributed to the causing or maintaining of the nuisance.

Directly to the contrary, Plaintiffs allege that the Landlord Defendants attempted to evict Club 180 but were unsuccessful in their efforts. Doc. #169-1 at 54. Thus, the fact that the Landlord Defendants attempted to evict Club 180 demonstrates that the Landlord Defendants did not authorize or contribute to the nuisance. Having failed to plead facts to support that the Landlord Defendants authorized or contributed to the causing or maintaining of the alleged nuisance, Plaintiffs' nuisance claim against the Landlord Defendants is futile.

## CONCLUSION

For the reasons set forth herein and in the Landlord Defendants' Brief in Support of their Motion to Dismiss, Plaintiffs have failed to allege sufficient facts to support any claim for relief against the Landlord Defendants. Accordingly, Defendants Evron, Inc., Seven Oaks Investment Corporation, Highland Associates, Inc., and CTS, LLC respectfully request the Court grant their Motion to Dismiss and Defendants Evron, Inc., Seven Oaks Investment Corporation, Highland

Associates, Inc., CTS, LLC and Nancy Waggener respectfully request the Court deny Plaintiffs' Amended Motion to File Second Amended Complaint as it pertains to the Landlord Defendants, and for such other and further relief as the Court deems just and equitable.

Dated this 25th day of June, 2025.

SEVEN OAKS INVESTMENT CORPORATION, EVRON, INC., HIGHLAND ASSOCIATES, INC., CTS, LLC and NANCY WAGGENER, Defendants,

By: /s/ Erin R. Robak

Erin R. Robak, #23407
ERICKSON | SEDERSTROM, P.C.
10330 Regency Parkway Drive, #100
Omaha, NE 68114
(402) 397-2200
(402) 390-7137 Fax
eroba@eslaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing ***Defendants' Brief in Opposition to Plaintiffs' Amended Motion to File Second Amended Complaint*** was served on this 25th day of June, 2025, upon:

Evan Spencer
Evan Spencer, PLLC
305 Broadway, 7th Floor
New York, NY 10007

by: [ ] U.S. Mail, postage prepaid
[ ] E-mail
[ X ] Electronic filing using the CM/ECF system
[ ] Facsimile Transmission

/s/ Erin R. Robak

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the word count and typeface requirements of NECivR 7.1(d)(4) (A). This Brief contains 2,227 words. To certify the word count, the undersigned relied upon the word-count function of Microsoft Office 365, applied to include all text, including the caption, headings, and signature block. The undersigned further certifies that the foregoing Brief was produced using 12-point Century Schoolbook font, with line spacing at 2.00.

/s/ Erin R. Robak

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1 (d)(4) (B), I hereby certify that no generative artificial intelligence program was used in drafting this brief.

/s/ Erin R. Robak