UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT & ENTER BRIEFING SCHEDULE**

For various reasons, the moving Defendants' motions to dismiss (ECF Nos. 104 & 141) and their opposition (ECF Nos. 175 & 181) to allowing Plaintiffs to file a Second Amended Complaint ("SAC")(ECF No. 167-1) are unavailing. Plaintiffs should be allowed to file the SAC. Furthermore, 55 of the 60 Defendants have no opposition to Plaintiffs' motion. In further support of Plaintiffs' motion is a revised redline copy of proposed Second Amended Complaint **(Exhibit "A")**, a declaration from Plaintiffs' attorney Evan Spencer **(Exhibit "B")**, a declaration from Plaintiff Kimberly Hernandez **(Exhibit "C")**, and an affidavit from witness Justine Dubois **(Exhibit "D")**, regarding evidence and information that has been discovered over the past 10 weeks since the first amended complaint was filed.

Of the 60+ Defendants named in the first amended complaint, only 6 have submitted opposition to Plaintiffs' motion to amend and 5 of them are essentially a single party (the landlord). All other Defendants have either not objected or requested leave to respond to the SAC after it is filed, which is an acknowledgement that Plaintiff had the right to file the SAC. Ironically, Defendant James Pull's conduct after the filing of the amended complaint was part of the reason the complaint needed to be amended. Defendant Pull engaged in witness tampering which needed to be added to the pleading, and which also reflects liability on his part.

In another case this Court previously ruled that, "in the interests of judicial economy, the better course here would be to grant the plaintiffs leave to file their third amended complaint, and allow the defendants to then respond with their focus on only one complaint." Meints v. City of Wymore, Nebraska, No. 4:21-CV-3090, 2022 WL 1505795, at *2 (D. Neb. May 12, 2022) Similarly, in the present case, It will be in the interests of judicial economy for the Court and the parties if the Plaintiffs can file the 29-page SAC, allow all Defendants to file motions/answers,

allow Plaintiffs to respond, and then allow Defendants to reply. This way, the Court can rule upon everything at once and judicial economy is served for the Court and the parties.

This Court has ruled in another case that the arguments by Defendants James Pull and the Landlord Defendants regarding "deficiencies" they have identified are more properly addressed by an FRCP Rule 12b6 or Rule 56 motion: "Defendant argues it would be prejudiced by the filing of the Second Amended Complaint because of the cost expended in filing and briefing the previous motion to dismiss and the response to the motion to amend… Plaintiff's motion to amend will be granted. Defendant is free to address any deficiencies it has identified in the plaintiff's Second Amended Complaint by utilizing the provisions in Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56." Hofer v. Bennington Pub. Sch. Dist., No. 8:24CV398, 2025 WL 722789, at *2 (D. Neb. Mar. 6, 2025)

As far as procedure is concerned, respondents claim that Plaintiffs erred by failing to file an opposition to their motions to dismiss, together with a cross-motion to amend. It would have been unnecessary and unduly burdensome to require Plaintiffs to respond to 6 separate motions by Defendants to dismiss the 59-page amended complaint, when many of these legal issues were moot and the process would have to be repeated all over again with the 29-page SAC. It would also have been impossible to coherently oppose the 6 motions to dismiss because Plaintiffs' SAC removed 35 Defendants, 11 causes of action and 30 pages from the amended complaint.

Plaintiffs respectfully suggest that this omission is *de minimus*, since Plaintiffs have in fact submitted the required documents, leave to amend is given freely, and the Court granted Plaintiffs permission to refile this motion (ECF No. 168).

As far as the claim of failure to comply with the Court's order regarding the form of the proposed amendment is concerned, this was an oversight, an administrative error regarding the

proper use of MS Word "Review" features. The properly redlined and complete document, including the proposed additional paragraphs, is attached hereto as **Exhibit "A"**.

Substantively, Defendant "Landlords" argue that Plaintiffs' cause of action for nuisance fails to state a claim. They state that the landlord cannot be held responsible for a nuisance committed by its tenant.

However, this is not quite true. While it is true that "[m]ere ownership of real property imposes no responsibility for a nuisance on it," it is only true "UNLESS [emphasis added] the owner is instrumental in causing the nuisance. . . . or the landlord authorized or contributed to the causing or maintaining of the nuisance." *Kaiser v. Western R/C Flyers, Inc*., 239 Neb. 624, 629, 477 N.W.2d 557, 560, 1991 Neb. LEXIS 386, *10-11.

In this case, it is a question of fact as to whether landlord "authorized or contributed to the causing or maintaining of the nuisance." *Id*.

Defendant Pull further claims that the papers are "heavy on fact." Later, however, he claims that there is not enough fact to provide him with notice of the claims asserted against him.

So, which is it?

Defendant Pull also states that Plaintiffs' claims are "divorced from reality," but this is an entirely self-serving and conclusory statement. Pull does not provide any facts regarding any "reality" aside from that presented by Plaintiffs. Pull himself fails to provide any alternate facts whatsoever.

Therefore, the allegations against Defendant Pull are facts for trial. This includes the extent to which Defendant Pull has a financial interest in Club 180. Defendant Pull claims that Plaintiffs claims are dilatory and in bad faith, but once again, he doesn't give any support for his arguments. An amended complaint is not necessarily in bad faith, and a matter of a few weeks is

not delay. It is certainly not prejudicial delay. Mere litigation, however lengthy, does not constitute prejudice.

WHEREFORE, Plaintiffs respectfully request permission to file the 29-page SAC (ECF No. 167-1), 45 days to serve the outstanding 12 Defendants (David Ekdahl, Nicholas Scalise dba DJ Next1, Miroslava Kotsan, Blaike Koca, Delaney Wilson, Breauna Hoffman, Brooke Leibert, Christina Craft, Abdul Rahmanzai, Bravo1 Security, Inc., Michael Elayan, and Chad (last name unknown)), and that a briefing schedule of 30 days for Defendants' motions/answers, 21 days for Plaintiffs' response(s), and 14 days for Defendants' replies be ordered by the Court, commencing upon conclusion of the 45-day period for service of process.

June 30, 2025

Respectfully Submitted,

By: /s/ Evan Spencer

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of June, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.