UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, MATTHEW LONGCOR, TOAST, INC., AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, DELANEY WILSON, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**BRIEF IN SUPPORT OF MOTION FOR TRO & PRELIMINARY INJUNCTION AGAINST DEFENDANTS MATTHEW LONGCOR, CLUB 180 & AM314, LLC FOR WITNESS TAMPERING UNDER 18 USCA SECTION 1512**

## STATEMENT OF FACTS

Justine Dubois is a key witness in this litigation and regarding criminal activities of Defendants outside the scope of this lawsuit. Ms. Dubois is also a Jane Doe Plaintiff who will be

added as a named Plaintiff after the Court rules on the pending motions. While she was an inmate in the Douglas County Corrections, Defendant Delaney Wilson spent hours telling Ms. Dubois the details of Defendants' criminal enterprise at Club 180. Since Defendant Wilson said that Matthew Longcor was planning to kill Plaintiff's attorney, Ms. Dubois contacted Plaintiffs' counsel directly to warn him and try to prevent him from being harmed or killed. Ms. Dubois signed an affidavit that was filed with the Court **(ECF. No. 183 Ex. D)** regarding Defendants' criminal enterprise, including admissions by Defendant Wilson that customers at Club 180 were drugged and robbed. Ms. Dubois also provided information regarding a drive-by shooting orchestrated by Defendants Longcor, Wilson and others **(Exhibit "A").**

Since providing this information, Ms. Dubois' and her children have been repeatedly threatened by criminals at the request of Matthew Longcor (and likely other Defendants). Since there was a warrant to arrest Ms. Dubois over the past four months, Matthew Longcor and his associates knew that she could not go to the police to report the threats and assaults against her. On October 14, 2025, after Ms. Dubois was kidnapped at gunpoint by associates of Matthew Longcor, Ms. Dubois went to the courthouse to obtain a protective order and was arrested for the outstanding warrant (see messages from Ms. Dubois dated October 15 and 16, 2025. **Exhibits "B" and "C").** After Ms. Dubois contacted Plaintiffs' counsel regarding these events, Plaintiffs filed this motion to protect witness and Plaintiff Dubois from future harm or harassment.

**<u>MOVANTS ARE ENTITLED TO A TRO & PRELIMINARY INJUNCTION</u>**

Defendants Matthew Longcor and his associates have violated 18 USCA Section 1512 through witness tampering of Justine Dubois. Witness tampering is a cause of action in the amended complaint and proposed second amended complaint. Rule 65 of the Federal Rules of

Civil Procedure provides, in pertinent part, “The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney.” Fed. R. Civ. P. 65(b)(1):

> “the standard for analyzing a motion for a temporary restraining order is the same as … a motion for a preliminary injunction.” *Tumey*, 27 F.4th at 665. Thus, to obtain either a TRO or a preliminary injunction, “ ‘[a] plaintiff ... must establish **[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest**.’” … No single factor is determinative or dispositive. *Wilber-Ellis Co.*, 103 F.4th at 1356; *Cigna Corp. v. Bricker*, 103 F.4th 1336, 1342 (8th Cir. 2024). Thus, “the court should balance all the factors in considering whether the injunction should be granted.”Calzone King, LLC v. Midwest Dough Guys, LLC, No. 8:24CV335, 2024 WL 4008117, at *5–6 (D. Neb. Aug. 30, 2024) (emphasis added)

All four factors weigh in the Movant’s favor for both a TRO and Preliminary Injunction. Movant is likely to succeed on the merits in that Plaintiff Dubois is entitled to be protected from physical harm and intimidation by Defendants like any witness in any civil or criminal case. Ms. Dubois is likely to suffer irreparable injury by way of assault or murder. Ms. Dubois was assaulted with a gun on multiple occasions and kidnapped. The balance of equities tips in favor of Ms. Dubois, who is being terrorized for telling the truth. She is attempting to not only help Plaintiffs in this matter, but the entire community of thousands of residents and businesses near the intersection of 180th and Q Street in West Omaha. An injunction is in the public interest because Plaintiffs and witnesses in civil litigation should not be subject to physical harm or death for telling the truth in a court of law.

Respectfully Submitted,

October 17, 2025

By: /s/ Evan Spencer

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th Day of October, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.