IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180; and JUSTINE DUBOIS,<br><br>Plaintiffs,<br><br>vs.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, JAMES PULL, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, TOAST, INC., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, JESSIE, SANTANA, JOHN & JANE ROES #1-50, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, BRITTNEY DINOVO, KIARA MORALES, SKYLAR DICKEY, JANAE BALT, A. JANSEN, OCTAVIA, SAPPHIRE, WINTER, MIREYA, TINY, 7 OAKS INVESTMENT CORP., CHAD, and MICHAEL ALAN BEENE,<br><br>Defendants. | **8:25CV241**<br><br>**MEMORANDUM AND ORDER** |

1

This matter comes before the Court on Plaintiffs' second motion for temporary restraining order and preliminary injunction.  Filing No. 201.

I.   BACKGROUND

This is the second motion for temporary restraining order filed in this case.  *See* Filing No. 121 (first motion for temporary restraining order); Filing No. 130 (order denying first temporary restraining order).  According to the currently operative complaint, Defendants operate an unlawful "all-nude BYOB strip club," Club 180, involved in numerous illicit and disruptive criminal activities.  *See generally* Filing No. 24.  Plaintiffs are current and former employees of Club 180, neighbors to the business, and a rival business all allegedly harmed by Club 180's activities.

There is also a pending motion to file a second amended complaint which is opposed by some Defendants.  Filing No. 169.  The second amended complaint contains generally similar allegations with additional facts.  As relevant here, the renumbered fourth cause of action is for "civil RICO witness and attorney intimidation."  Filing No. 169-1 at 44.  It alleges Plaintiffs and their attorneys have received threats due to their involvement in the Club 180 case.

II.   ANALYSIS

Plaintiffs' request for injunctive relief must be denied for several reasons.  First, and most fatally, Plaintiffs purport to seek the injunction on behalf of a "Justine Dubois," whom Plaintiffs' counsel refers to as both "a key witness" and a "Jane Doe Plaintiff."  *See* Filing No. 202 at 1.  However, Dubois is not a named Plaintiff in this case in either the operative amended complaint or the proposed second amended complaint.  Rather, it appears Plaintiffs' counsel entered his appearance on Dubois's behalf as a "plaintiff,"

without leave of the Court to amend the complaint in order to add her as a party. Filing No. 200.

Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). However, the Court has the discretion to allow a party to proceed anonymously in certain situations. *See, e.g.*, *Keller v. City of Fremont*, No. 4:10-CV-3140-LSC-FG3, 2011 WL 41902, at *2 (D. Neb. Jan. 5, 2011) (considering whether to allow plaintiffs to proceed anonymously). In considering whether to allow a plaintiff to proceed anonymously, "the court must ascertain whether the plaintiff, 'has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings.'" *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

Plaintiffs have not sought leave for Dubois to proceed anonymously in this Court and in fact name her in their publicly filed motion, undermining any purported need for her to remain anonymous. Thus, instead of Dubois being a "Jane Doe plaintiff," it appears she is merely an unnamed individual who is not a party to this case. The fact Plaintiffs' counsel attempted to file the injunctive motion on Dubois's behalf and entered his appearance on her behalf does not transform her into a party to the action. Dubois, therefore lacks standing to seek the injunctive relief she purportedly seeks in Filing No. 202 because she is not a party to this case. For this reason alone, the motion must be denied.

However, even if the Court were to assume Dubois should be deemed a plaintiff, or if it construed the motion to be on behalf of the currently existing plaintiffs or those in

3

proposed in the second amended complaint, it would still deny the motion for injunctive relief.

Fed. R. Civ. P. 65 governs the issuance of injunctive relief.  Courts in this jurisdiction apply the *Dataphase* factors when determining whether to grant a temporary restraining order.  See *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003); *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (citing *Dataphase* as applicable to temporary restraining order).  In *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc), the Court identified the four factors that the Court should consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

In deciding whether to grant injunctive relief, "the probability of success factor is the most significant."  *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (quoting *Carson v. Simon*, 978 F.3d 1051, 1059 (8th Cir. 2020)).  This factor requires the movant to show "a fair chance of prevailing."  *Richland/Wilkin Joint Powers Auth. v. United States Army Corps of Eng'rs*, 826 F.3d 1030, 1041 (8th Cir. 2016)).  The likelihood of success on the merits requires examining the law applicable to the claims that are the basis for the injunctive relief.  See *H&R Block, Inc. v. Block, Inc.*, 58 F.4th 939, 946 (8th Cir. 2023).

Plaintiffs fail to show a likelihood of success on the merits.  Plaintiffs claim they are likely to prevail on their count of witness tampering, but their only argument in support of this claim is citing to 18 U.S.C. § 1512, a criminal statute.  They fail demonstrate how they

4

are likely to meet the elements of any civil cause of action. As in their first motion for temporary restraining order, Plaintiffs complain about allegedly illegal conduct but admit that law enforcement has declined to pursue their complaints. The Court again emphasizes it has no authority to prosecute law violations in this civil case.

Plaintiffs also fail to demonstrate how an injunction would prevent irreparable harm, how the balance of harms weighs in favor of issuance of the preliminary injunction, and how the public interest favors injunctive relief for many of the same reasons: failure to specify how a named plaintiff would be harmed and failing to provide specific allegations for a civil cause of action.

### III.     CONCLUSION

Plaintiffs' motion for temporary restraining order and preliminary injunction must be denied for lack of standing and because they have failed to meet their burden to demonstrate injunctive relief is warranted. Accordingly,

IT IS ORDERED:

1. Plaintiffs' motion for temporary restraining order and preliminary injunction, Filing No. 201, is denied.

2. The Clerk of Court is ordered to terminate Justine Dubois as a plaintiff on the docket.

Dated this 20th day of October, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge