IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>Plaintiffs,<br><br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, TOAST, INC., AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, DELANEY WILSON, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,<br><br>Defendants. | **Case No. 8:25-cv-00241-JFB-RCC**<br><br>**BRIEF IN OPPOSITION TO MOTION FOR CONTEMPT BY DEFENDANTS VOODOO LOUNGE, INC. AND KYRON O'BRIEN** |

**INTRODUCTION**

Immediately after Plaintiffs filed this case in federal court on April 1, 2025, movants Connor Orr ("Orr") and Orr Law Group, PLLC ("Orr Law") filed a SLAPP lawsuit in Nebraska

state court against Plaintiffs and their counsel, Evan Spencer and Evan Spencer Law, PLLC **(Exhibit "A")** on behalf of their clients Kyron O'Brien and Voodoo Lounge, Inc. After several months of phone calls, emails, certified letters **(Exhibit "B")**, service of Orr's amended complaint **(Exhibit "C")** during a press conference, service of a subpoena **(Exhibit "D")**, and service of a motion **(Exhibit "E"),** the parties reached a settlement in state court on or about September 8, 2025. This agreement released all parties to the state and federal cases with prejudice, including Evan Spencer and Evan Spencer Law, PLLC who were named Defendants in the state case. **Connor Orr and Orr Law Group, PLLC were specifically excluded from this agreement**.

The parties filed a joint motion to dismiss on September 11, 2025, in state court **(Exhibit "F")**, and the state court entered an Order of Dismissal on September 12, 2025 **(Exhibit "G").** On September 11, 2025, Plaintiffs filed a Notice of Dismissal in the federal case (ECF No. 188) and on September 15, 2025, this court entered an Order of Dismissal (ECF No. 189) with Prejudice against Orr's 21 clients. As part of the settlement, Plaintiffs agreed to release Orr's clients from the above-captioned lawsuit and not pursue counterclaims in state court if Orr and Orr Law withdrew the lawsuit filed in state court.

When the parties reached the settlement agreement, Orr repeatedly sought to be included in the release, including by phone, by email, and in state court. Orr gave Plaintiffs a list of 17 people that he insisted Plaintiffs add to the release over and above the four parties that Plaintiffs had sued, Defendants Voodoo Lounge, Inc., Irishmen 180, LLC, and Kyron O'Brien, and Jason "Jake" Arnold. These 17 parties were Kylie O'Brien, Kylie Maskell, Abbey O'Brien, Jordan Lopez, Caressa Slatter, Camille Righter, Justine Hansen, Brianna Thomas, Mary Cliare Moore, Leandra Warren, Wade Alberts, Sam Gunia, Noor Nazar, Mia Flaschner, Kristina O'Brien, Lacey

Shaffert, and Caroline Kauffman Zayer. These were John and Jane Does that Plaintiffs could have pursued in the federal lawsuit and in the state lawsuit's counterclaims.

While the release includes all Plaintiffs, Plaintiffs' counsel, Kyron O'Brien, Voodoo Lounge, Inc., 180 Irishmen, LLC, Jason Arnold and 17 of their employees and associates, **the release specifically excludes Connor Orr and Orr Law Group, PLLC**. As a result of the lawsuit Orr filed in state court, Plaintiffs suffered reputational damage, as well as tortious interference with contracts between Plaintiffs' counsel, co-counsel, and clients.

## I. THIS COURT LACKS SUBJECT MATTER JURISDICTION TO HEAR ORR'S MOTION FOR CONTEMPT.

Connor Orr and Orr Law Group, PLLC, filed this motion for contempt in the above-captioned case because they claim that a lawsuit filed in New York by Evan Spencer Law, PLLC against Connor Orr and Orr Law Group, PLLC (Exhibit "A" in their motion ECF No. 198), violates the settlement agreement reached between Orr, his 21 clients, and Plaintiffs and their attorneys in state court in Nebraska. Since Orr is claiming that the agreement in the state court case was breached, then the appropriate forum to file any dispute or grievance is with the state court. Orr filed a nearly identical motion for contempt in the state court case **(Exhibit "H")** four (4) days after this motion was filed. As it pertains to the above-captioned lawsuit brought in the United States District Court for the District of Nebraska, Plaintiffs and their attorneys reached no settlement agreement with Orr and his 21 clients. Plaintiffs' counsel merely filed a Fed. R. Civ. P. 23 Notice of Dismissal with this Court pursuant to the terms of the settlement reached in the state court matter. The lawsuit filed by Evan Spencer Law, PLLC in New York therefore does not violate any agreement or order in this federal case or in the state court case.

**A. Orr and Orr Law Group, PLLC, do not have standing to bring the Motion for Contempt at Issue.**

Attorney Connor Orr and his law firm Orr Law Group, PLLC filed this motion for contempt on behalf of their clients Kyron O'Brien and Voodoo Lounge. However, all claims against these Defendants were dismissed with prejudice (see ECF No. 188 – 189). Since they are no longer parties to this action, they do not have standing to file this motion. Even if Orr's clients were not dismissed from this case with prejudice, they still lack standing to request relief on behalf of their attorneys. None of Orr's 21 clients were sued in New York, and Plaintiffs' counsel has taken no "retaliatory" action against Orr's clients. Connor Orr and Orr Law Group, PLLC cannot claim that the rights of the dismissed parties (Orr's clients) somehow extend to them. Plaintiffs' lawsuit is a legitimate anti-SLAPP, abuse of process, defamation, and tortious interference case against Orr and his firm, arising under New York state law. It specifically excludes all of Orr's clients and is based solely upon Orr's conduct and that of his law firm from March 2025 to date.

According to the United States Supreme Court:

> (T)he irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized … and (b) 'actual or imminent, not 'conjectural' or 'hypothetical[.]' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992) (internal citations omitted).

Orr and his firm fail to meet any of the three criteria necessary to establish their standing for this motion. Orr's 21 clients do not meet the first prong as they have not suffered an "injury in fact" as a result of the New York lawsuit by Evan Spencer Law, PLLC v. Connor Orr and Orr Law

Group, PLLC. Only Orr and his firm have suffered a potential injury in fact, and they are not parties to this federal case or the state court settlement agreement.

There is no casual connection between the New York lawsuit by Evan Spencer Law, PLLC v. Connor Orr and Orr Law Group, to this federal lawsuit between Chuck Streblow, Kimberly Hernandez, The American Dream, Sarah Houston, and other John and Jane Doe Plaintiffs and Orr's 21 clients and other co-Defendants. The New York lawsuit is an independent action of third parties not before the Court. The parties in the New York lawsuit are not parties in this federal case. The New York lawsuit stems from Orr's abuse of process and other actions committed by him and his law firm, not regarding any actions taken by their clients.

Finally, granting Orr's motion for contempt is not likely to redress their injury by a favorable decision. If this court were to enter a decision on behalf of Orr, it will not dismiss or affect the New York lawsuit and it will revive Plaintiffs' counterclaims in state court against Orr's 21 clients. In fact, granting Orr's motion will cause three separate courts (this court, Nebraska state court, and New York federal court), to all address this matter simultaneously.

## II. PLAINTIFFS' NEW YORK LAWSUIT IS SEPARATE AND APART FROM BOTH THE ABOVE-CAPTIONED LAWSUIT AND THE STATE COURT LAWSUIT.

In filing his Motion for Contempt, Orr seems to rely entirely on a false claim that, **"Plaintiffs counsel's lawsuit is a near copy and paste of the factual pleadings in this case with a meritless and bad faith attempt to substitute counsel for the parties and proceed in such bad faith."** (ECF No. 198 – Page 1; Par. 6 & 8). This is false.

Plaintiffs' Complaint (ECF No. 1), Amended Complaint (ECF No. 24), and proposed Second Amended Complaint (ECF No. 169 #1) filed in the above-captioned lawsuit is a civil RICO lawsuit for sex and drug trafficking, together with other causes of action for Nuisance, Sexual Harassment and Wrongful Competition. These causes of action are not included in the New York

Lawsuit. Moreover, the above-captioned lawsuit was filed pursuant to federal law and Nebraska law, whereas the New York lawsuit was filed pursuant to New York law. The above-captioned lawsuit was filed by a former Club 180 security guard, dancer, neighbor, and competitor, none of whom are parties to the New York lawsuit. Finally, the above-captioned lawsuit was originally filed April 1, 2025, against Matthew Longcor, his son, and his companies, partners, associates and co-conspirators. Orr never represented Matthew Longcor and there have been over 60 Defendants in this case that Orr has not represented. Instead, Orr represents Voodoo Lounge, its owner Kyron O'Brien, its manager Jake Arnold, the LLC that owns the trade name "Two Fine Irishmen," 180 Irishmen, LLC and 17 of their employees, family members, and associates. Orr's clients were sued for two separate reasons: (1) their direct ownership connection to Club 180; and (2) illegal activities at Voodoo Lounge connected to Club 180. Plaintiffs' causes of action against Orr and Orr Law Group, PLLC, are completely separate and apart from the previously-referenced reasons.

In fact, while Orr falsely states the New York lawsuit is a "copy and paste" version of this case, the New York case bears zero resemblance to the lawsuit pending before this court. Orr and his firm are not being sued for the claims of sex and drug trafficking, nuisance, sexual harassment or any of the claims in the New York case. They are being sued for specific unethical, tortious and illegal things that Connor Orr and Orr Law did to Evan Spencer Law, PLLC: (1) violation of New York's anti-SLAPP law; (2) Orr's abuse of process for suing Evan Spencer, Evan Spencer Law, PLLC, and their clients along with serving a subpoena and filing motions upon Evan Spencer Law, PLLC; (3) for Orr's tortious interference with Evan Spencer Law, PLLC's contract with co-counsel and clients; (4) Orr's defamation of Evan Spencer and Evan Spencer Law, PLLC; and (5) for punitive damages. These were all specific actions taken by Connor Orr and Orr Legal Group,

PLLC, not his clients or any third parties. Thus, none of the parties or causes of action in the New York case are identical, or even similar to, the Nebraska cases.

## III. THIS COURT IS NOT THE PROPER FORUM FOR THIS MOTION.

The New York lawsuit was not brought against any of the parties the Nebraska courts dismissed or otherwise mentioned in the state court order. Connor Orr and Orr law are essentially "new" parties. The Nebraska federal court cannot make a ruling on a motion brought by the dismissed parties if the dismissed parties are not parties to the New York lawsuit as they do not have standing. Even if the Nebraska federal court finds it can hear the motion, the New York Court is better suited to do so as that lawsuit arises under New York State law. Connor Orr is essentially using his clients to ask this Court to make a ruling on the merits of a case filed in New York. His arguments are likely better served on a motion to dismiss in that forum, at which point he could ask that court to take judicial notice of these proceedings. In fact, Orr's New York attorney did in fact file a motion to change venue in the New York court **(Exhibit "I")** together with a brief in support **(Exhibit "J")**. Accordingly, this Court is not the proper forum for Orr's Motion.

## IV. PLAINTIFF'S NEW YORK LAWSUIT IS NOT AN ABUSE OF PROCESS.

The lawsuit by Evan Spencer Law, PLLC, against Connor Orr and Orr Legal Group, PLLC, in New York is clearly not an abuse of process. Movants' claim is based entirely on the false allegation that Plaintiffs' lawsuit is a "copy and paste" of this lawsuit. Plaintiffs have clearly demonstrated that the New York lawsuit is unrelated to this case as it contains entirely different parties, causes of action, and underlying facts. Ironically, it is this frivolous motion by Orr that is in fact an abuse of process, which will be added to Plaintiffs' lawsuit in New York.

The language of the Nebraska Court's settlement order does not mention Connor Orr or Orr law. Evan Spencer, Spencer Law, PLLC, Voodoo, and O'Brien and 19 other parties affiliated with Voodoo and O'Brien are the only individuals and entities in the settlement agreement. Connor Orr cannot now argue that the Court should essentially, "read between the lines" and find that the language/settlement agreement somehow also impliedly applies to him. Orr can provide no statements or evidence that suggest he was "promised" or otherwise told he would not be sued. Orr cannot now argue that Plaintiffs have violated a court order as it pertains to Orr and Orr Law if the order does not mention him or his law firm.

## V. THIS MATTER IS NOT RIPE FOR ADJUDICATION IN THIS COURT

Orr's motion for contempt in the above-captioned matter is not ripe for adjudication in this Court: "a case is not ripe if it is dependent on 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Trump v. New York*, 592 U.S. 125, 141 S. Ct. 530, 535, 208 L.Ed.2d 365 (2020) (quoting *Texas v. United States*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)). Solorio v. Miller, 700 F. Supp. 3d 735, 751 (D. Neb. 2023) Orr has filed a Motion for Contempt in Nebraska state court where the settlement agreement was reached. That court must reach a decision before this Court because that is where the settlement agreement was reached. If that court decides that the New York lawsuit does not violate the parties' settlement agreement this Court will have nothing to adjudicate. Orr has also filed a motion to change venue in New York based upon their lack of "minimum contacts" with the State of New York. If the New York Court rules that it does in fact have jurisdiction over that lawsuit, there will also be nothing for this Court to adjudicate. For both of these reasons, this Court should either deny Orr's motion until the other two courts have entered decisions on Orr's

pending motions. Plaintiffs cannot be held in Contempt if either the Nebraska state court or New York federal court rule in their favor.

## CONCLUSION

Since the court lacks subject matter jurisdiction, movants' lack standing, Defendants' Motion contains false statements of fact, and the Nebraska state court and New York federal court have jurisdiction over the parties' settlement agreement and New York lawsuit, Plaintiffs respectfully request that Defendants' Motion for Contempt be denied in its entirety.

DATED October 30, 2025.

Respectfully Submitted,

By: /s/ Evan Spencer

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 30th day of October, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.