Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250002771
Transaction ID: 0023159114
Filing Date: 04/22/2025 03:34:10 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

KYRON O'BRIEN AND VOODOO LOUNGE, INC.

Plaintiffs,

vs.

EVAN SPENCER, EVAN SPENCER LAW, PLLC, CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, and ANY OTHER CLAIMED ASSOCIATES, CLIENTS AND OTHER PERSONS ACTING IN CONCERT WITH EVAN SPENCER, IDENTITIES UNKNOWN.

Defendants.

Case No. CI 25-2771

FIRST AMENDED COMPLAINT

**COMES NOW**, Plaintiff, Kyron O'Brien and Voodoo Lounge, Inc. (herein collectively, "Plaintiffs"), by and through their undersigned counsel and, for their amended claims against the above-named Defendants, state and allege as follows:

## STATEMENT OF FACTS

1. Plaintiff Kyron O'Brien is a resident of Omaha, Nebraska.
2. Plaintiff Voodoo Lounge, Inc. is a Nebraska for profit corporation which does business in Omaha, Nebraska.
3. Defendant Evan Spencer is an individual who, upon information and belief, resides in Omaha, Nebraska. And while he appears to have a license to practice law in New York, he has no such license from the Nebraska State Bar Association to practice law within the confines of the state of Nebraska.

Moreover, upon information and belief, he has had at relevant times and/or continues to hold an ownership, management and/or other financial stake in a local company known as "Club Omaha Gentlemen's Club."

4. Defendant Evan Spencer Law, PLLC is a New York domestic professional limited liability company with an address of 305 Broadway, 7th Floor, New York, Ny, United States, 10007. Said entity has no public records at the Secretary of State as having authority to transact business as a foreign entity within the confines of the State of Nebraska.
5. Imagination Industries, Inc. d/b/a American Dream Bar, is a Nebraska for profit corporation doing business in Omaha, Nebraska and is one of Mr. Spencer's claimed clients.
6. The balance of the named Defendants are additional claimed clients of Mr. Spencer who, upon information and belief, work for or at AM314, LLC d/b/a Club 180.
7. Notwithstanding the lack of being admitted to the Nebraska State Bar Association, and beginning with his March 24, 2025 letter sent to Plaintiffs, the adult children of Plaintiff O'Brien, as well as to countless other people and businesses, including to a local news station, Mr. Spencer, claiming to represent the balance of the named Defendants began publishing slanderous, libelous and defamatory statements regarding the Plaintiffs trying to claim they are somehow a "co-conspirator" of "illegal activity" at or for the benefit of AM314, LLC d/b/a Club 180.
8. Plaintiff O'Brien is a former owner of Irishmen 180, LLC d/b/a "Two Fine Irishmen." Said business was wound up, the assets sold and the lease for its space terminated back in or around September of 2022.
9. At no time did Plaintiffs own, operate, manage or have any other control or financial stake in AM314, LLC d/b/a "Club 180."
10. This truth of these facts showing the unrelatedness of Plaintiffs to the other parties in his and his claimed clients' defamatory publications were made known to Mr. Spencer in a letter and email issued to him on or about March

29, 2025. Plaintiffs, on their behalf and on behalf of Plaintiff O'Brien's adult children, pointed out the lack of factual basis to these defamatory claims against the Plaintiffs and demanded retraction and corrections of said defamatory publications in accordance with Nebraska Revised Statute § 25-840.01.

11. On March 30, 2025, Mr. Spencer, in an email to counsel for Plaintiffs stated, in relevant part, "Perhaps the most incriminating piece of evidence tying your clients to this criminal enterprise is the fact that Voodoo Bar, Two Fine Irishmen, and Club 180 share the same principal office address…"
12. Mr. Spencer's "most incriminating piece of evidence" he and/or his clients claim implicates the Plaintiffs in his defamatory publications is demonstrably untrue by simply reviewing the records on the Secretary of State website. Said public records show different offices for said businesses, and the internal records of each of said businesses show no overlap in ownership, management, controlling or financial stake between them. In short, the businesses were and always have been entirely separate businesses with no shared membership or management, nor shared control over one or the other.
13. Notwithstanding Mr. Spencer being proven wrong, he has continued to publish defamatory claims in and around the community. To be sure, the claims, on their face, are slanderous, libelous and/or defamatory *per se* and were made with malice as they claim Plaintiffs were involved in criminal activity arising from allegations involving the owners and operators of AM314, LLC d/b/a Club 180 – something Mr. Spencer and his clients were on notice of not being true as to Plaintiffs, but which, have not only not been retracted, but which have continued to be repeatedly published to others.
14. Moreover, Mr. Spencer, establishing a continuous presence in Omaha, Nebraska and without the assistance of any named local counsel, has made several attempts to solicit and/or advertise to others within Omaha, Nebraska in order to perpetuate these slanderous, libelous and defamatory claims against the Plaintiffs.

15. Mr. Spencer, in bad faith, either individually and/or on behalf of the other Named Defendants, has threatened both the Plaintiffs and their counsel with baseless lawsuits, ethical and even criminal claims. Going so far as to allegedly file criminal reports against the Plaintiffs and their counsel and emailing that in a threatening manner at 2am on April 3, 2025 in an email which copied several employees of the Douglas County Sheriff's Office.
16. These letters, "press releases" and other defamatory and threatening publications consisted of negligent, fraudulent and/or material misrepresentations, as well as slander, defamatory statements, conjecture and/or direct, and/or constituted intentional actions which were aimed at damaging the reputation and good will of Plaintiffs, threatening them, their witnesses and/or their counsel from protecting themselves against such malicious prosecution tactics.
17. As a result, Plaintiffs have suffered and will continue to suffer special and general damages in an amount to be proven at trial and have incurred costs and attorneys' fees arising from Defendants' frivolous, bad faith and meritless claims against Plaintiffs.

## JURISDICTION AND VENUE

18. This court has jurisdiction over the parties named and causes of action herein pursuant to Neb.Rev.Stat. §§§ 25-536 and 25-539
19. The amount in controversy exceeds the small claims and county court statutory amounts provided for by Neb.Rev.Stat. §§ 24-517 and 25-2802, and by Neb. S. Ct. R. § 6-1462.

## FIRST CAUSE OF ACTION
## LIBEL, SLANDER AND DEFAMATION

20. Plaintiffs restate and reallege Paragraphs 1 through 19 of the above paragraphs as if fully set forth herein.

21. Upon information and belief, Mr. Spencer individually and/or on behalf of the balance of Defendants, knowingly and/or recklessly communicated or otherwise publicized multiple false statements, writings or other communications about Plaintiffs which he or they knew to be false or, at a minimum, recklessly disregarded the truth of the matters which he asserted and publicized (herein "Defamatory Publications").
22. These Defamatory Publications were made with actual malice and contain demonstrably false allegations of criminal activity against Plaintiffs which Mr. Spencer individually and/or on behalf of the balance of Defendants knew or should have known were false when made, but were made with the intent to harm others and Plaintiffs when made.
23. The Defamatory Publications have to do with the Plaintiff's profession or career, and contain criminal allegations with no factual basis. Thus, the same are also *per se* defamatory under Nebraska law.
24. Plaintiffs' goodwill and reputation have been damaged as the result of said Defamatory Publications.
25. Plaintiffs have suffered actual, general, special, reputational, financial, corporate and other damages proximately caused by these intentional, reckless, malicious, negligent and/or otherwise offensive conduct described herein in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## TRESPASS, FALSE LIGHT AND INVASION OF PRIVACY IN VIOLATION OF NEB. REV. STAT. §20-203 AND §20-204

26. Plaintiffs restate and reallege Paragraphs 1 through 24 of their above counterclaims as if fully set forth herein.
27. Mr. Spencer, individually and/or on behalf of the balance of Defendants, caused false information to be published online, to local news stations and to others which was highly offensive and otherwise intended to lead to the physical and/or financial harm of Plaintiffs.

28. Namely, they falsely published claims that the Plaintiffs were involved in a criminal enterprise, illicit drug use, sex trafficking and a variety of other claims which Mr. Spencer continuously lumps together with others he claims are "co-conspirators" with no factual or legal basis to claim the same against Plaintiffs.
29. Despite knowing and even being put on notice and being demonstrably rebutted on their "most incriminating piece of evidence" against Plaintiffs, Mr. Spencer, individually and/or on behalf of the balance of Defendants, published the claims anyway. Thus, they knew or acted with a reckless disregard as to the falsity of their published claims that the Plaintiffs were involved in said criminal activities.
30. Mr. Spencer's behavior on his behalf and/or on the other Defendants' behalf was highly offensive to a reasonable person and constituted actionable behavior under Neb.Rev.Stat. §§ 20-203 & 20-204 as such has and will lead to corporate, personal, financial and potential legal issues without any factual basis in reality.
31. Plaintiffs have suffered actual, general, special, reputational, financial, corporate and other damages caused by the Defendants' intentional, malicious, reckless, negligent and/or otherwise offensive conduct described herein in an amount to be proven at trial.

## **THIRD CAUSE OF ACTION**
## **CIVIL CONSPIRACY**

32. Plaintiffs restate and reallege Paragraphs 1 through 31 of their above counterclaims as if fully set forth herein.
33. Mr. Spencer together with his claimed clients that are named herein and, upon information and belief, other businesses, via their above-described tortious conduct (libel, slander, defamation, tortious interference, unlawful practice of law and trespass, false light and invasion of privacy), combined

their efforts in concerted, unlawful actions for the purposes of defaming, damaging and destroying the reputation of Plaintiffs.

34. Said conspiracies led to Plaintiffs suffering actual, general, special, reputational, financial, corporate and other damages – including attorneys' fees – in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**TORTIOUS INTERFERENCE**

35. Plaintiffs restate and reallege Paragraphs 1 through 34 of their above counterclaims as if fully set forth herein.

36. Mr. Spencer in conjunction with his purported clients, via their above-described tortious conduct, have caused irreparable harm to Plaintiff and his multiple businesses.

37. Said tortious interference has led to Plaintiff suffering actual, general, special, reputational, financial, corporate and other damages in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**DECEPTIVE TRADE PRACTICES UNDER § 87-303**

38. Plaintiffs restate and reallege Paragraphs 1 through 37 of their above counterclaims as if fully set forth herein.

39. Defendants via their tortious conduct described above have publicly made malicious, deceptive and categorically false claims that Plaintiffs' services, goods and business are involved in a criminal enterprise consisting of underage drinking, illicit drugs and a myriad of human trafficking and sex crimes ("Deceptive Publications"), causing the Plaintiffs significant damages as a result.

40. In addition to being deceptive on their own, these Deceptive Publications are part and parcel to Mr. Spencer and at least some of his claimed clients' scheme to try to attack competitors within their industry's space of running local "private bottle clubs" (i.e. strip clubs). In other words, the scheme was designed to primarily harm third parties over whom Plaintiffs have no control nor joint interests with, but, because the Defendants have chosen to nonetheless continue to wrongfully drag Plaintiffs into this fight,

recklessly and/or knowingly disparaging their business, services and/or goods as a result of ill-intended efforts against third parties whom have no business relationship with Plaintiffs.

41. In other words, Mr. Spencer has claimed that Plaintiffs are part of a criminal enterprise in an effort to smear Plaintiffs' name and gain market share for Mr. Spencer's other ventures described above.
42. Mr. Spencer either knew or otherwise did not research his claims described in paragraphs 11-13 of this Complaint and either knowingly or negligently published said claims.
43. Said claims against the Plaintiff constitute deceptive trade practices and has led to Plaintiff suffering actual, general, special, reputational, financial, corporate and other damages – including attorneys' fees – in an amount to be proven at trial.

**WHEREFORE,** having shown that the same is proper, Plaintiffs hereby request injunctive relief (temporary and permanent) whereby Defendants publish statements correcting said Defamatory Publications and restraining Defendants from continuing to make them against Plaintiffs, and an award for special, general, reputational and all other above-plead damages, including also an award for attorneys' fees and pre- and post- judgment interest as well as any other remedies the Court deems fair under the circumstances.

**JURY DEMAND**

Plaintiffs hereby demand a jury trial on all issues so triable.

Kyron O'Brien and Voodoo Lounge, Inc.
Plaintiffs,

By: /s/ Connor W. Orr

Connor W. Orr #26454
The Orr Law Group, PLLC
9375 Burt Street, STE 100
Omaha, NE 68154
(402) 408-6488
connor@orrlawgrp.com

ATTORNEY FOR Plaintiffs

# Certificate of Service

I hereby certify that on Tuesday, April 22, 2025 I provided a true and correct copy of the Amended Complaint to the following:

Spencer,Evan, service method: Personal Service

Signature: /s/ ORR, CONNOR W. (Bar Number: 26454)