Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI250002771
Transaction ID: 0023595915
Filing Date: 07/24/2025 10:58:34 AM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| KYRON O'BRIEN AND VOODOO LOUNGE, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>EVAN SPENCER, EV AN SPENCER LAW, PLLC, CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, and ANY OTHER CLAIMED ASSOCIATES, CLIENTS AND OTHER PERSONS ACTING IN CONCERT WITH EVAN SPENCER, IDENTITIES UNKNOWN.<br><br>Defendants. | Case No. 25-2771<br><br>**MOTION TO ENFORCE SETTLEMENT** |

**COMES NOW**, Plaintiffs, by and through their counsel, Connor W. Orr of The Orr Law Group, PLLC, and states as follows in support of his motion:

1. Plaintiffs are named Defendants in a Lawsuit filed in Nebraska Federal District Court (Case No. 8:25-CV-00241-JFB-RCC)(herein "Federal Case").
2. Plaintiffs filed this action against the named Defendants for the claims described in their operative complaint (herein "State Case").
3. After the filing of the complaint in this case, counsel for Evan Spencer, Eric Wells and Michael Duffy of Fraser Stryker, contacted the undersigned counsel's offices to discuss potential settlement.
4. Through the course of discussions (telephonic and email), material terms of settlement were reached. Namely, the parties agreed to mutual and reciprocal dismissals of both the

Federal Case and State Case and a Global Settlement and Release Agreement without confidentiality, but no apology or retraction. A true and accurate copy of the correspondences to this end showing the clear offer and acceptance is attached hereto as "Exhibit A."

5. Provided further, the Plaintiffs, in reliance on said settlement agreement, produced an internal corporate record of a check from the buyout of Plaintiff Kyron O'Brien's old company's assets.

6. Nebraska's law and public policy have long favored the settlement and compromise of disputes. See *Holoubek v. Romshek*, 16 Neb. App. 677, 749 N.W.2d 901 (2008); *Peckham v. Deans*, 186 Neb. 190, 181 N.W.2d 851 (1970); *Fleischer v. Broders*, 178 Neb. 723, 135 N.W.2d 5 (1965); *Stuart v. Torrey*, 106 Neb. 608, 184 N.W. 215 (1921). A settlement agreement is subject to the general principles of contract law. *Strategic Staff Mgmt. v. Roseland*, 260 Neb. 682, 619 N.W.2d 230 (2000); *Fleming Co. of Nebraska, Inc. v. Michals*, 230 Neb. 753, 755, 433 N.W.2d 505, 507 (1988). A motion to enforce a settlement is treated as a general motion as described by Neb. Rev. Stat. § 25-908. *Paxton v. Paxton*, 314 Neb. 197, 206 (2023).

7. Written agreements of attorneys regarding the disposition of cases will be enforced. See, e.g., *Woodmen of the World Life Ins. Soc. v. Kight*, 246 Neb. 619, 522 N.W.2d 155 (1994); *State ex rel. Nebraska State Bar Assn. v. Bachelor*, 139 Neb. 253, 297 N.W. 138 (1941); *Drake v. Ralston*, 137 Neb. 72, 288 N.W. 377 (1939). To have a settlement agreement, there must be a definite offer and an unconditional acceptance. *Heese Produce Co. v. Lueders*, 233 Neb. 12, 443 N.W.2d 278 (1989); *Linscott v. Shasteen*, 288

Neb. 276, 847 N.W.2d 283 (2014). Whether a binding agreement has been reached is ordinarily a question of fact. *Id*.

8. To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element. *Green v. Beatty*, Neb. App. A-10-251, 2011 WL 474558 (Feb. 8, 2011) (unpublished) (citing *BP Products N. America, Inc. v. Oakridge at Winegard, Inc*., 469 F.Supp.2d 1128 (M.D. Fla. 2007)). A material term is a "contractual provision dealing with a significant issue such as subject matter, price, payment, quantity, quality, duration, or the work to be done." Black's Law Dictionary 1608 (9th ed. 2009). A fundamental term is a "contractual provision that must be included for a contract to exist; a contractual provision that specifies an essential purpose of the contract." *Id*. Uncertainty as to nonessential terms or small items will not preclude enforcement of a settlement agreement. *Green v. Beatty*, Neb. App. A-10-251, 2011 WL 474558 (Feb. 8, 2011) (unpublished). And a contractual provision to execute effectuating documents in the future is enforceable where all the material terms are specified in the original contract and leave none to be agreed upon through future negotiations. *Strategic Staff Mgmt. v. Roseland*, 260 Neb. 682, 619 N.W.2d 230 (2000); *Satellite Dev. Co. v. Bernt*, 229 Neb. 778, 429 N.W.2d 334 (1988).

9. As reflected in Exhibit A, counsel for Plaintiff shot an original term sheet on June 7, 2025 (at 11:22 a.m.) with three (3) proposed essential, material terms. Then, calls and emails between the parties' counsel were exchanged where "Terms 1 and 2" were agreed to by the Defendants as communicated through Mr. Wells, but number 3 was not. Ultimately, given the agreement to a non-confidential settlement agreement, Plaintiffs conceded on the apology/retraction term from 3 and accepted the clear counteroffer (June 9, 2025 at

6:11 p.m.) for a simple settlement on terms 1 and 2 (a non-confidential settlement agreement and mutual dismissals with prejudice of both of the aforementioned cases).

10. Since that time, Defendants, through counsel, have attempted to renegotiate the agreement and have staked hard positions on non-essential details precluding signatures and dismissals of the State and Federal Cases.
11. Provided further, Mr. Spencer has filed pleadings in the Federal Case admitting that the allegations against Plaintiffs in that case have no basis in fact or law. (Doc. #167, "Exhibit B").
12. Plaintiffs have incurred additional attorney fees and expenses in having to bring this motion and the delays are akin to a frivolous pleading given the lapse in time, cost and expense for having to so bring this motion. Neb.Rev.Stat. § 25-824.
13. The interests of justice otherwise so require the enforcement of settlement in this case.

WHEREFORE, Plaintiffs pray this court enter an order enforcing the settlement agreement, mandating the dismissals, with prejudice, be filed by both parties and for such other relief the court deems appropriate under the circumstances, including the award of expenses and attorney fees for having to bring this motion.

KYRON O'BRIEN AND VOODOO LOUNGE, INC.
Plaintiffs

BY: *<u>/s/ Connor W. Orr</u>*

Connor W. Orr
The Orr Law Group, PLLC
9375 Burt Street, Suite 200
Omaha, NE 68114
Phone: (402) 408-6488
Email: connor@orrlawgrp.com

**NOTICE OF HEARING**

YOU ARE HEREBY NOTIFIED that Plaintiff's motion herein will be heard before the Honorable District Court Judge Todd Engleman, Judge of the District Court of Douglas County, Douglas County District Court Courtroom #315, 1701 Farnam Street, Omaha, NE 68183, on the 9th day of September 2025 at 11:30 am, or as soon thereafter as the same may be heard.

Outlook

Exhibit A

## Re: 180 Lawsuit - O'Brien Evading Service of Process

**From** Connor Orr <connor@orrlawgrp.com>
**Date** Mon 6/16/2025 2:05 PM
**To** Wells, Eric <ewells@FraserStryker.com>
**Cc** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>

Eric,

Checking on the status of the release agreement review and dismissal, with prejudice, drafts? Please advise.

Thanks,

Connor W. Orr
The Orr Law Group, PLLC
9375 Burt Street, STE 100
Omaha, NE 68114
P: (402) 408-6488
D: (402) 408-6407
connor@orrlawgrp.com

Disclaimer: The information contained in this email may include confidential information that is legally privileged. If you received this message in error, you are hereby notified that your receipt of this email was not intended by the sender and any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email is strictly prohibited. If you received this email in error, please notify the sender immediately by telephone at the number listed above or by email, and then delete the email from your computer. Do not print, copy, or disclose the contents to anyone else.

---

**From:** Wells, Eric <ewells@FraserStryker.com>
**Sent:** Monday, June 9, 2025 7:15 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Thank you! Will you please forward the check as well?

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Monday, June 9, 2025 7:12 PM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** [EXTERNAL] Re: 180 Lawsuit - O'Brien Evading Service of Process

Accepted.

We will draft the global settlement and release along with dismissals tomorrow, then send over for comment once our client approves the drafts.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Wells, Eric <ewells@FraserStryker.com>
**Sent:** Monday, June 9, 2025 6:11:59 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

As we discussed, my client is willing to agree to terms 1 and 2. However, my client is not willing to offer an apology or a retraction. He firmly believes that Voodoo/TFI and or Mr. O'Brien were involved in Club 180 or were at least aware of what was going on. My client acknowledges that the mutual dismissals and the release are an appropriate resolution of these matters. Furthermore, my client believes that the dismissal with prejudice is sufficient to address any concerns Mr. O'Brien has related to a retraction or an apology.

If your client is willing to accept the dismissals along with a release, we can get this done and end costly litigation to both your client and mine. The only thing I would add is that if your client is willing to accept, that you send us the check showing the purchase of TFI by Club 180 or its affiliates.

Thanks for your time and energy on this. I know it's been difficult.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Wells, Eric
**Sent:** Monday, June 9, 2025 3:29 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

Where do we stand on this? My client is filing the second amended complaint today and needs an answer. Thanks in advance.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Saturday, June 7, 2025 11:22 AM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** [EXTERNAL] Re: 180 Lawsuit - O'Brien Evading Service of Process

1. Mutual dismissals with prejudice. Including for our bartender, businesses and individuals.
2. Global settlement and release, and a forbearance from suing us, our families, our clients, their families and any businesses related to us in anyway forever - we never want to hear from him or be sued by him again. No confidentiality. Indemnity and scaling liquidated damages for his violations or his clients' violations of the settlement.
3. Written apology from Mr. Spencer explaining our client was not involved and that all statements against him, his family and his company are retracted as they were based upon misinformation and misunderstandings of material facts. We will be publishing this wherever we please.

Please let me know when he accepts.

Thanks,

Connor

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Wells, Eric <ewells@FraserStryker.com>
**Sent:** Saturday, June 7, 2025 11:05:27 AM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

I hate to bother you on the weekend, but I just wanted to see where we are at on this. My client needs a response this weekend since he has to file on Monday.

Thanks for your time.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Wells, Eric
**Sent:** Friday, June 6, 2025 12:48 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>; Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

Any update on this? My client is filing the second amended complaint on Monday and I'd like to resolve this before he includes your client, if possible.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Tuesday, June 3, 2025 2:08 PM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>
**Subject:** [EXTERNAL] Re: 180 Lawsuit - O'Brien Evading Service of Process

I am back from court. Call when you can.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Wells, Eric <ewells@FraserStryker.com>
**Sent:** Tuesday, June 3, 2025 1:46:04 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

I was able to have a frank and candid conversation with my client regarding Kyron/Voodoo. Let me know when you have time to discuss. I'm in mediation all day today and tomorrow, but I can try to make myself available.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Wednesday, May 28, 2025 9:25 AM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>
**Subject:** [EXTERNAL] Re: 180 Lawsuit - O'Brien Evading Service of Process

R. 408/NRS 27-408 (Inadmissible)

Mr. Wells,

Has your client agreed to offer a written apology, dismissal with prejudice of the federal claims against our clients, global release and some monetary amount for our damages and attorney fees to resolve this matter?

Please advise.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Wells, Eric <ewells@FraserStryker.com>
**Sent:** Thursday, May 22, 2025 1:12:19 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>
**Subject:** RE: 180 Lawsuit - O'Brien Evading Service of Process

Connor,

I'll be around until 2 today and then I'm open again after 3. Give me a call when you have a moment.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Thursday, May 22, 2025 12:25 PM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Cc:** Tiff Ruban <tiff@orrlawgrp.com>
**Subject:** [EXTERNAL] Fw: 180 Lawsuit - O'Brien Evading Service of Process

Eric,

Your client is contacting our offices directly still. Given that your firm is representing him, I did not want to respond to his email as he is a represented party as I understand it - if I am mistaken, please let me know.

I also left you a voicemail. Please advise when you have time to discuss.

Thanks,

Connor W. Orr
The Orr Law Group, PLLC

9375 Burt Street, STE 100
Omaha, NE 68114
P: (402) 408-6488
D: (402) 408-6407
connor@orrlawgrp.com

Disclaimer: The information contained in this email may include confidential information that is legally privileged. If you received this message in error, you are hereby notified that your receipt of this email was not intended by the sender and any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email is strictly prohibited. If you received this email in error, please notify the sender immediately by telephone at the number listed above or by email, and then delete the email from your computer. Do not print, copy, or disclose the contents to anyone else.

---

**From:** Evan Spencer <evan@evanspencerlaw.com>
**Sent:** Thursday, May 22, 2025 3:09 AM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Wells, Eric <ewells@fraserstryker.com>
**Subject:** 180 Lawsuit - O'Brien Evading Service of Process

Connor,

Attached is an affidavit of attempted service of process by the Douglas County Sheriff's office in which they state that your client is avoiding service of process. Since Irishmen 180, LLC, Voodoo Lounge, Inc. and Jake Arnold have been served, Kyron's avoidance of service is clearly unreasonable and in bad faith.

If you do not agree to accept service of process on his behalf, I will be filing a motion for alternative service with requests for costs.

Evan Spencer
EVAN SPENCER
Evan Spencer Law, PLLC

Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com
305 Broadway, 7th Floor
New York, NY 10007

Outlook

**RE: Federal Lawsuit Amended Again**

**From** Wells, Eric <ewells@FraserStryker.com>
**Date** Fri 6/27/2025 10:43 AM
**To** Connor Orr <connor@orrlawgrp.com>
**Cc** Katz, Laura <lkatz@FraserStryker.com>; White, Lindsey <lwhite@FraserStryker.com>

Connor,

It's merely a procedural deal so that he can dismiss Voodoo et al with prejudice once the global language is agreed to. Nothing more. I'm hoping to have a call with Evan this afternoon to iron out any differences. The item with venue was just a drafting error. It should not be federal court.

I'll update you as soon as I speak with Evan.

**Eric W. Wells**
Attorney
DIRECT: 402.978.5353
EMAIL: ewells@fraserstryker.com Visit my bio

Fraser Stryker PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
fraserstryker.com

The information contained in this message is confidential and may be attorney-client privileged. It is intended only for the use of the individual or entity identified above. If the receiver of this message is not the intended recipient, you are hereby notified that reading, distribution, use, or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to the address noted above and delete the message.

**From:** Connor Orr <connor@orrlawgrp.com>
**Sent:** Thursday, June 26, 2025 5:07 PM
**To:** Wells, Eric <ewells@FraserStryker.com>
**Subject:** [EXTERNAL] Federal Lawsuit Amended Again

Eric....why has Mr. Spencer again attempted to re-add my client to this case?

Does he intend to try to breach the settlement agreement? Or is this merely procedural so he can properly file a full dismissal with prejudice?

Please advise asap as this is concerning.

Thanks,

Connor W. Orr
The Orr Law Group, PLLC
9375 Burt Street, STE 100
Omaha, NE 68114

P: (402) 408-6488
D: (402) 408-6407
connor@orrlawgrp.com

Disclaimer: The information contained in this email may include confidential information that is legally privileged. If you received this message in error, you are hereby notified that your receipt of this email was not intended by the sender and any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this email is strictly prohibited. If you received this email in error, please notify the sender immediately by telephone at the number listed above or by email, and then delete the email from your computer. Do not print, copy, or disclose the contents to anyone else.

Outlook

## Fw: Copy of the Check

**From** Connor Orr <connor@orrlawgrp.com>
**Date** Mon 6/9/2025 9:29 PM
**To** Wells, Eric <ewells@fraserstryker.com>

1 attachment (1 MB)
TWO FINE PURCHASE CHECK.pdf;

Check image attached.

Remind him we settled so the threats need to stop. Thanks.

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

---

**From:** Evan Spencer <evan@evanspencerlaw.com>
**Sent:** Monday, June 9, 2025 9:25:04 PM
**To:** Connor Orr <connor@orrlawgrp.com>
**Cc:** Wells, Eric <ewells@fraserstryker.com>; Duffy, Michael <mduffy@fraserstryker.com>
**Subject:** Copy of the Check

Connor,

I need a copy of the check within 15 minutes.

You've had 10 weeks to do this.

I must file my motion as Eric told you by midnight.

Evan Spencer
EVAN SPENCER
*Evan Spencer Law, PLLC*

Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com
305 Broadway, 7th Floor
New York, NY 10007

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KRISTEN ROZMIAREK, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, CASEY ROWE, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, IRISHMEN 180, LLC, TOAST, INC., MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, DAVID EKDAHL, ELLIE JAEKE, MARLEY NYGAARD, BLAIKE KOCA, JESSICA RICHARDSON, BROOKE LEIBERT, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, KATHERINE TEDI SMITH, PATIENCE ELIZABETH, ELENA RHODD-MORALES, CHRISTINA CRAFT, BRITTNEY DINOVO, KIARA MORALES, TANEA WHITE, SKYLAR DICKEY, JANAE BALT, A. JANSEN aka PERSUSIA, AMIRA, OCTAVIA, JESSIE, SANTANA, SAPPHIRE, WINTER, MIREYA, TINY, ECHO, EVRON, INC., 7 OAKS INVESTMENT CORP., HIGHLAND ASSOCIATES, INC., CTS, LLC, NANCY WAGGENER, PAUL WAGGENER, VOODOO LOUNGE, INC., KYRON O'BRIEN, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, STU SLEEPER aka STUPAC X, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, TONY PHAM, BREANNA PHAM-CARR, THROWBACK EMPIRE, LLC dba KRUSH ULTRA LOUNGE, IVON PENNY, CHAD, ROMAN, and JOHN & JANE ROES #1– 50,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**DECLARATION OF PLAINTIFFS' ATTORNEY EVAN SPENCER IN SUPPORT OF MOTION TO FILE SECOND AMENDED COMPLAINT & ENTER BRIEFING SCHEDULE**

Declaration of Plaintiffs' attorney Evan Spencer in support of Plaintiffs' motion to file second amended complaint ("SAC") and enter briefing schedule:

1) I am the Plaintiffs' attorney, and I submit this declaration in support of Plaintiffs' motion to file the attached SAC (Exhibit "A") and enter a briefing schedule.
2) Before filing the complaint in this case on April 1, 2025, I contacted all Defendants with my allegations and evidence and offered all of them the opportunity to provide exculpatory evidence if they did not want to be sued.
3) The Orr firm waited 10 weeks to disclose information that would have removed liability from their client.
4) I discovered just minutes ago that 180 Irishmen, LLC was sold to AM314, LLC, on September 22, 2022, for $153,000 by check.
5) There was no way to know this and according to the Nebraska Secretary of State website, 180 Irishmen, LLC owns the Two Fine Irishmen trade name to this day.
6) If the Orr law firm had provided the "asset purchase agreement" (provided days ago) and the payment check (provided minutes ago), their clients would never have been named in the lawsuit.
7) In addition to these recent discoveries, since filing the amended complaint on April 22, 2025, I have met with numerous witnesses, parties, and law enforcement entities.
8) I have also met with and obtained an affidavit from a key witness that can testify to the death threats made by Defendants and admissions regarding drugs and prostitution.
9) In addition, over the past 6 weeks, I have spent thousands of dollars and many hours attempting service of all parties with the amended complaint.

10) Defendants who are evading service and appear to have no money were released from the case without prejudice.

11) I have therefore removed these four entities from the SAC along with others for various reasons expanded upon in the attached brief.

12) After receiving more information and consulting with some of Nebraska's best attorneys, I was able to remove approximately 29 pages from the lawsuit, 11 causes of action, 32 Defendants, and 2 Plaintiffs (including the wrongful death case), to make the case more manageable for the Court and the parties.

13) The precise reasons for removing these parties is articulated in the attached brief so I won't go into detail in my declaration.

14) There have also been a series of death threats made by Defendants to Plaintiffs and his clients which have been added to the pleading.

15) I referred the wrongful death case of Kristen Rozmiarek's husband to a highly respected Nebraska law firm that will litigate her case separately.

16) This case is now very manageable for the parties and the Court.

17) I have been practicing law for over 28 years and have litigated over 1,000 cases, but this is the first time I have had to fear for my life and the safety of my clients.

18) I am working with the Douglas County Sheriff's Office, Omaha Police Department, Carter Lake Police Department, and Department of Homeland Security regarding the criminal components of Defendants' conduct, including all of the death threats.

***I declare under penalty of perjury that the foregoing statement is true and correct.***

Sworn to this 9th day of June, 2025 by:

s/ Evan Spencer

**Evan Spencer**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th Day of June, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, CHAD, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, DELANEY WILSON, BREAUNA HOFFMAN, BROOKE LEIBERT, JESSICA RICHARDSON, CHRISTINA CRAFT, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY DEMANDED**

## INTRODUCTION

This Civil RICO lawsuit arises out of an illegal enterprise owned and operated by Defendants since December 2023, Club 180. Plaintiffs collectively request monetary damages, plus treble damages and declaratory relief, including the immediate closure of Club 180.

## SUMMARY OF FACTS

1) On or about September 2, 2022, Defendant Matthew Longcor ("Matt"), by and through AM314, LLC, (dba Two Fine Irishmen) entered a lease with property owner Evron, Inc. and property manager 7 Oaks Investments, both owned and operated by Defendants Paul and

Nancy Waggener, (collectively the four "Landlord Defendants") for the property located at 18101 R Plaza, Suite 107, Omaha, NE 68135.

2) Matt also executed an asset purchase agreement that day between his company, buyer AM314, LLC and seller Irishmen 180, LLC dba Two Fine Irishmen for $153,000.

3) Matt purchased Two Fine Irishmen on September 2, 2022, by check, including the Two Fine Irishmen Bar & Grill business, the trade name, and an inventory of items used to operate the bar and grill.

4) The lease states in paragraph (e) "Tenants Trade Name: Two Fine Irishmen" and specifically limits the use of the premises as follows: "Permitted Use of Premises: Bar & Grill for dine-in and take out."

5) The Two Fine Irishmen Bar & Grill went out of business in October 2023 and on or about December 22, 2023, Defendants Matt and his wife Miro and through their company AM314, LLC, opened Club 180, an unlawful strip club that is engaged in an illegal enterprise, which has caused substantial harm to its customers and staff, the surrounding neighborhood, and at least two deaths.

6) While the community protested against Club 180, the Landlord Defendants failed to evict AM314, LLC dba Club 180, even though they were in violation of their lease.

7) On December 22, 2023, Plaintiff the American Dream Bar ("American Dream") had no dancers because they were all recruited by Club 180 and the next night there were only two.

8) Christmas week of 2023 was a financial low for Plaintiff the American Dream, as it grossed less than $3,000 when the bar would normally average between $16,000 - $20,000.

9) In all, the American Dream estimates that it has lost in excess of $200,000, to date as a result of unfair competition by Club 180 since December 22, 2023.

10) Although Club 180 advertises themselves as a "membership" club, the club does not actually provide memberships.

11) Upon information and belief, the membership designations are one of the ways Club 180 prevents law enforcement from entering the building.

12) Club 180 has operated primarily from Wednesday to Sunday nights from 5:00 or 6:00 pm – 4:00 am on Sunday, Wednesday and Thursday and closing 5:00 on Friday and Saturdays.

13) Club 180 is adjacent to a church, daycare, and a high school along with several other traditional and mainstream businesses, as well as residential zoning.

14) The illicit activities of Club 180 include acts of prostitution or other illegal sexual contact with Club 180 dancers at the club during operating hours by Matt and others.

15) Club 180 features nude dancing by exotic dancers that Defendants recruited from other regional strip clubs and from bars and night clubs in the Omaha metropolitan area.

16) During Club 180's first weekend of operation, Defendants including but not limited to Matt and Miro recruited approximately 15 dancers from Plaintiff the American Dream.

17) Defendants including but not limited to Matt and Miro lured dancers from the American Dream and other local gentlemen's clubs with drugs, cash, and false promises.

18) The American Dream's roster of dancers is half the size it was before Club 180 opened.

19) In over 20 years of operation, the American Dream was never damaged as much by a competitor as it has been by Club 180 since December 22, 2023, due to all the illegal activities that lure away both dancers and customers.

20) Blaike Koca ("Blaike") began working as their hostess in 2024 and quit immediately after this lawsuit was filed on or about April 1, 2025.

21) During Blaike's employment with Club 180, she promoted and engaged in unlawful activities at the club and elsewhere, including drug use and distribution, prostitution, and fraud.

22) Matt and others assaulted dancers, including Blaike, that caused physical injury and a hostile work environment.

23) Matt and others engage in drug trafficking involving the purchase, distribution, and use of controlled substances, including cocaine and ecstasy.

24) Matt and Miro violated the lease by turning a bar and grill into a strip club, by operating and illegal enterprise, allowing and participating in illegal activities, by failing to maintain $2 million in insurance per incident, by costing adjacent businesses substantial financial harm, causing at least one establishment to go out of business, and by making renovations to the premises in excess of $2,500 without permission from the landlord.

25) As a result of Club 180's unlawful activities, including violations of their lease, a restaurant in R Plaza adjacent to Club 180, the Deviled Egg, went out of business.

26) Miro and others have recruited and groomed young ladies from the Omaha area to work at Club 180 and induced them to attend events involving prostitution and controlled substances.

27) Defendant Eric Havermann ("Eric") is one of Matt's partners and, among other things, has physically assaulted dancers and assisted with obtaining controlled substances for Club 180 customers, dancers, and others.

28) Eric and Matt coerced and forced Plaintiff Kimberly Hernandez and other dancers to engage in activities at Club 180 against their will, including the specific manner of dancing, which were inappropriate and demeaning.

29) Plaintiff Hernandez and other Jane Doe Dancers were harassed, intimidated, and defamed by dancers including but not limited to Defendant Brooke Leibert ("Malibu"), Violet, Persuasia, Amira, and Raine, who were AM314, LLC employees.

30) Defendant Jim has been accused of sexually and physically assaulting women at Club 180, including an accusation reported to the Omaha Police Department report on or about October 24, 2024.

31) Defendant Nicholas Scalise ("Nick") is a Club 180 partner who has, among other things, used his skills as a DJ, substantial social media influence on Facebook and other platforms, and relationships in the community to facilitate the opening and operating of Club 180,.

32) Nick has also engaged in unlawful activities with dancers and repeatedly violates noise ordinances by playing music at extremely loud decibels.

33) John and Jane Doe Neighbors have been injured by, among other things, these consistent violation of noise ordinances.

34) Defendant Ayden Longcor ("Ayden") has promoted and engaged in other activities on behalf of Club 180.

35) As part of the facilitation and concealment of Club 180's illegal enterprise, security guards, including Plaintiff Streblow, were directed to sign non-disclosure agreements, look the other way when illegal activities were occurring; that certain security cameras shouldn't be watched at certain times; that certain people should not be frisked for weapons; and that certain people should not have to produce identification.

36) Despite actual notice of Defendants' illegal enterprise, Defendants Bravo1 Security and its owner Michael Elayan ("Elayan") continued to provide security guards for Club 180.

37) Over the past several months, at least five Club 180 security guards quit due to Defendants' illegal activities and the unsafe working environment.

38) On or about March 12, 2025, Defendants began requiring Club 180 security guards to sign non-disclosure agreements to hide illegal activities.

39) Defendant Delaney Wilson ("Stormie"), Defendant Breauna Hoffman ("Rose"), and other 180 dancers were given specific tattoos that would identify them to Club 180 customers and others as participants in the prostitution activities at Club 180.

40) When dancers at Club 180 have a slow shift, they are sometimes paid to attend after-hours parties where they are expected to engage in prostitution.

41) In his brief tenure at Club 180, one security guard saw at least 3 or 4 dancers give customers hand jobs in private dances, which are illegal acts of prostitution.

**UNLICENSED ALCOHOL SALES & UNDERAGE CONSUMPTION**

42) Defendant Matt purchases large amounts of alcohol at Costco Wholesale Corporation and illegally sells and gives away bottles of Kirkland brand Vodka, Tequila, and other alcohol for $60 - $100 per bottle to customers at Club 180.

43) Club 180 sells these bottles at all times of the night and early morning, including after 2:00 am when alcohol cannot be legally purchased anywhere in Nebraska.

44) Club 180 Defendants, including Matt and Ayden, create, provide, and accept fake IDs from customers and dancers between the ages of 17 – 20, and possibly younger.

45) Rose, who began working and drinking alcohol at Club 180 at age 19, consumed large quantities of alcohol at Club 180, and crashed while leaving on two separate occasions.

46) Non-party Persuasia's two fake IDs were confiscated at Club 180 by security guards, yet Matt, Miro, Blaike and Ayden allowed her to consume alcohol at Club 180.

## PATTERN OF ILLEGAL ACTIVITIES AT CLUB 180

47) On the early morning of February 18, 2024, after being overserved alcohol at Club 180, Joshua Kuhl was driving home with a blood alcohol level of 0.192, when he crashed and killed another driver.

48) Club 180 and other defendants have engaged in fraudulent credit card transactions as part of the illegal enterprise, including illegally charging credit cards through the company Toast under the guise that they are still the Two Fine Irishmen Bar & Grill.

49) Club 180 also does not perform background checks on their dancers, many of whom have extensive criminal records or are illegal aliens.

50) The Defendants' lease requires AM314, LLC dba Club 180 to have at least $2 million in liability insurance per incident, which they do not have.

51) Upon information and belief, Defendants including Matt, Miro and their friends, invite(d) customers and other individuals to Club 180 and other locations to attend events and engage in unlawful activities, including prostitution and drug use.

52) Matt and other Defendants often hire security guards to work at these events.

## DEFENDANTS REFUSE TO STOP THEIR ILLEGAL ENTERPRISE

53) Defendants had actual and constructive notice of all illegal and tortious activities alleged herein.

54) Plaintiffs' counsel sent Defendants' owner Matt a lengthy email and text message demanding that Club 180 cease all illegal activities and these requests were ignored.

55) Plaintiffs' counsel sent the landlord Defendants an envelope with witness statements and a flash drive filled with evidence sufficient to evict the Club 180 tenant(s).

56) Plaintiff Streblow quit on March 5, 2025.

57) Defendants' illegal enterprise poses dangers to its dancers and customers, together with its neighbors and the local community.

58) Defendants are jointly and severally liable for all damages caused by their enterprise.

**LANDLORD PREMISES LIABILITY**

59) The Landlord Defendants were negligent, careless and reckless in allowing a mentally disabled person Paul Waggener to manage a multi-million property.

60) As a result of the negligence of the Landlord Defendants, Paul Waggener allowed Matthew Longcor to open and operate a sex and drug trafficking enterprise with his blessing and consent, even after having knowledge of its operation.

61) The Landlord Defendants were negligent careless and reckless in failing to screen Matthew Longcor and AM314, LLC, as tenants, as Mr. Longcor already had two out of state judgments in excess of $300,000 and was a widely known drug dealer.

62) Landlord Defendants, by and through their attorneys Erickson Sederstrom, were negligent in allowing AM314, LLC to change from a bar and grill to an after-hours strip club.

63) The Landlord Defendants' attorney Samuel Clark wrote to Defendant Matthew Longcor on July 27, 2023, that, "The premises have been rented to you for use as a Bar/grill. We assume you can operate your proposed enterprise without deviating from the expectations of that definition." This constitutes an act of legal malpractice as no after-hours strip club without a liquor license can operate as a "bar and grill.".

64) On March 6, 2024, the Landlord Defendants' attorneys filed a lawsuit to evict AM314, LLC, and it was dismissed without an appeal.

65) The lawsuit had few details and there were several more grounds for eviction than those pleaded by Erickson Sederstrom.

66) For the last year, the Landlord Defendants and their attorneys have knowingly allowed AM314, LLC to operate in violation of its lease and Nebraska law.

67) The Landlord Defendants were negligent in failing to inspect the strip club since December 22, 2023, during operating hours and when it was closed.

68) The Landlord Defendants and their attorneys were also negligent, careless and reckless in failing to confirm that Defendant AM314, LLC, had liability insurance for their "private club" which opened December 22, 2023.

69) It was foreseeable in 2023, when the Landlord Defendants allowed AM314, LLC to turn Two Fine Irishmen Bar & Grill into an after-hours all nude, BYOB strip club with prostitution and drugs, that damages would be caused to Plaintiffs.

70) The Landlord Defendants were aware or should have been aware of the negative secondary effects of sexually oriented businesses.

71) There were over 50 calls to 911 regarding Club 180 since December 2023, and the Defendant Landlord's took no action to have AM314, LLC ticketed or evicted over the past year when they could have after three violations under the Good Neighbor Ordinance.

72) The Landlord Defendants had actual and constructive notice of dangers posed by their tenants at 18101 R Plaza, Suite 107, Omaha, 68135.

73) As a result of the foregoing, all four Landlord Defendants are jointly and severally liable for Plaintiffs' damages together with Matthew Longcor and the co-defendants.

## JURISDICTION

74) This court has jurisdiction under Civil RICO and supplemental jurisdiction over the Nebraska State causes of action. Defendants' arbitration clause in their dancer contracts is unenforceable as it fails to comply with NRS 25-2602.02 (it does not contain the statutorily

required statement by the signature block: THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES).

**VENUE**

75) The activities underlying this complaint arose in this district and the Plaintiffs and majority of Defendants and witnesses reside in this district.

**PARTIES**

**PLAINTIFFS**

76) Chuck (aka Charles) Streblow is a Nebraska resident and former Club 180 security guard.

77) Kimberly Hernandez is a Nebraska resident and former Club 180 exotic dancer.

78) Imagination Industries, Inc. dba the American Dream Bar is an Omaha bar with showgirls that is a competitor of Club 180.

79) Sarah Houston is a Nebraska resident residing adjacent to Club 180.

80) John Doe Security Guards #1 – 7, Dancers #1 – 25, and Customers #1 – 100 are Club 180 current and former security guards, dancers, and customers who wish to remain anonymous.

**THE CLASS**

81) Pursuant to Federal Rules of Civil Procedure 23, and 28 U.S.C. § 1332, Plaintiff Sarah Houston brings this action on behalf herself individually and on behalf of all other similarly situated neighbors of Club 180.

82) Excluded from the Class are the Defendants, and any firm, trust, corporation, or other entity in which any Defendant is an agent, beneficiary, officer, director, shareholder, or trustee, as well as the agents, representatives, officers, directors, subsidiaries, heirs, successors-in-interest, and assigns of any such excluded party.

83) The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown, Plaintiffs believes that the Class consists of approximately 75 – 100 members.

84) The identity of every residential homeowner and commercial business owner can be obtained publicly by way of the Douglas County property records online.

85) Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

86) Commonality includes but is not limited to: (a) Nuisances caused by Defendants to members of the Class via music, vibrations, lights, litter, and motor vehicles; (b) Damages caused by Defendants' nuisances; and (c) Loss of property value and business revenue as a result of Defendants' illegal enterprise.

87) Since joinder of all members is impracticable, a Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

88) Because the damages suffered by individual Class members may be small relative to the total damages suffered by the Class, the expense and burden of litigation make it impossible for members of the Class to individually redress the wrongs done to them.

89) There will be no difficulty in the management of this suit as a class action as Plaintiffs' counsel has experience in such matters.

## DEFENDANTS

90) Club 180 is an all-nude BYOB strip club located at 18101 R Plaza, Suite 107, Omaha, NE 68135, operating out of the Two Fine Irishmen Bar & Grill. It is an unincorporated association and partnership between Matthew Longcor and all other Defendants.

91) AM314, LLC is a corporate owner, co-owner, and/or operator or co-operator of Club 180 with a principal office address of 18101 R Plaza, Suite 107, Omaha, NE 68135. AM314, LLC failed to abide by corporate formalities such as maintaining an agent for service of process, maintaining independent financing or insurance, failing to file timely documents with the Nebraska Secretary of State, and failure to have corporate meetings. It is scheduled to be dissolved June 16, 2025, by the Nebraska Secretary of State.

92) Matthew Longcor ("Matt") is the founder, co-owner, and operator of Club 180 with a home address at 1303 South 203rd Street, Apt. 402, Omaha, NE 68130. After being sued, Matt threatened to kill Plaintiffs' counsel and has refused to retain an attorney for himself or his employees. He is being investigated for Felony Terroristic Threats and other crimes.

93) Ayden Longcor ("Ayden") is a co-owner, co-operator, and partner of Club 180 with a home address of 4913 South 192nd Ave, Omaha, NE 68135.

94) David Ekdahl is the manager of Two Fine Irishmen/Club 180.

95) Eric Havermann ("Eric") is a partner, agent and/or co-conspirator of Matt and AM314, LLC dba Club 180, who resides at 3714 S. 170th Street, Omaha, NE 68130. After being sued he threatened the life of Plaintiffs' counsel and a misdemeanor warrant was issued for his arrest by the Douglas County Sheriffs' office.

96) James Pull ("Jim") is a partner, agent and/or co-conspirator of Matt, Chad, Club 180, and its servants, agents, and employees who resides at 5901 S. 190th Terrace, Omaha, NE 68135. Jim sex traffics Club 180 dancers, solicited 180 dancers, and paid cash and cocaine to Club 180 dancers in exchange for sex including Jane Doe Plaintiffs, as well as Defendants Rose and Skyla, and non-parties Katherine Tedi Smith ("Sienna") and Mileena Blanco ("Brittney") and Amira. Jim bragged to dancers about being an owner of Club 180 and solicits dancers to

have sex in his hot tub for $500 by text message, including Jane Doe Plaintiffs. Matt would directly set up sex with dancers and Jim. On June 5, 2025, he threatened to kill Plaintiff Hernandez's children if she proceeded with the lawsuit.

97) Chad (last name unknown) is a partner and co-conspirator of Matt, Eric, Jim, and Kyron who frequently visited Club 180 and assaulted Plaintiffs' counsel on June 5, 2025.

98) Michael Alan Beene ("Beene") was a partner and co-conspirator of Matt, Eric, and Club 180, from December 2023 to May 2025, who sexually harassed dancers and had sex with dancers including Malibu, Stormie, Santana, and Octavia.

99) Nicholas Scalise dba DJ Next1 ("Nick") is a co-founder, partner and the primary DJ for Club 180 since it opened. Nick is paid $700 per night plus tips and has grossed over $150,000 from Club 180. Nick has sex with Club 180 dancers, creating a hostile work environment. Nick also "tip shames" dancers, forcing them to give him money through manipulation.

100) Miroslava Kotsan ("Miro") was the co-founder, co-owner, and operator of Club 180 for the majority of its existence who invested in the club's renovations and operation costs and stole money from dancers on a regular basis, while recruiting and grooming exotic dancers and prostitutes. In all, Miro stated that she invested over $1 million in her husband Matt Longcor's enterprises including Two Fine Irishmen/Club 180.

101) Blaike Koca ("Blaike") was an employee, partner, agent, recruiter and/or conspirator of Matt, Eric, AM314, LLC, Club 180, and its servants, agents, and employees who allegedly quit working at Club 180 on or about March 29, 2025.

102) Delaney Wilson ("Stormie") is an exotic dancer, prostitute, and drug dealer that works for AM314, LLC and Matthew Longcor at Club 180. Stormie admitted setting up a drive-by

shooting on April 8, 2025, that was coordinated by Matthew Longcor and Club 180 security guard non-party Stu, and stated that Plaintiffs' counsel would be, "dealt with next."

103) Breauna Hoffman ("Rose") is an exotic dancer and prostitute employed by AM314, LLC and Matthew Longcor at Club 180.

104) Brooke Leibert ("Malibu") is an exotic dancer employed by Club 180 from December 2023 to date, who received free "house" and cocaine in exchange for having sex with Matt.

105) Jessica Richardson ("Marie") is an exotic dancer employed by Club 180 who drugged customers and overserved them alcohol while participating in credit card fraud.

106) Christina Craft ("Skyla") was an exotic dancer at Club 180 who received cocaine and cash from Matt in exchange for sex.

107) Abdul Rahmanzai ("Jamal") was the biggest cocaine dealer at Club 180 who had sex with dancers in exchange for cocaine, including but not limited to non-party Mysol, who he robbed of over $4,000, non-party Bailey Nicole May ("Jessie"), and Defendant Rose.

108) Toast, Inc. is the credit/debit card merchant account that was used by Club 180 from December 22, 2023, until 2025, for all credit and debit charges for lap dances, bed dances, and in some cases sexual intercourse.

109) Evron, Inc. is the owner of the properties where Club 180 is located (18101 and 18021 R Plaza) with a registered office address at 13304 West Center Road, #202, Omaha, NE 68144.

110) Seven Oaks Investment Corporation is a self-described "Real Estate Owner and Operator" that is a co-owner and/or manager of properties located at 18101 and 18021 R Plaza, Omaha, NE 68135, with the same office address as Evron, Inc.

111) Paul Waggener is the owner and property manager of 18101 R Plaza, Suite 107, where Two Fine Irishmen/Club 180 is located.

112) Nancy Waggener is a shareholder of the Landlord Corporations and resides at 427 S. 38th Ave., Omaha, NE 68131.

113) Bravo1 Security has been the provider of security guards for Club 180 since it opened.

114) Michael Elayan ("Elayan") is the sole owner of Bravo1 Security.

## FIRST CAUSE OF ACTION

## CIVIL RICO – PROSTITUTION

115) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

116) Defendants Matt, Miro, Eric, Jim, Beene, David, Jamal, and some of the Club 180 dancers including but not limited to Defendants Stormie, Rose, and Skyla, have participated in prostitution since December 22, 2023, with each other and customers.

117) Defendant Stormie admitted that prostitutes at Club 180 are branded with a special tattoo on their neck and that they have sex with customers in blind spots that the cameras can't see, typically for $800, but rates vary from $500 - $1,000 and higher.

118) Defendants Matt, Miro, David, and Blaike used Toast to charge customers for acts of prostitution.

119) Landlord Defendants had actual and constructive notice their tenants and co-Defendants were involved in prostitution at Club 180 since December 22, 2023.

120) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

121) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

122) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

123) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce and the enterprise's activities effect interstate commerce.

124) As a result of this prostitution enterprise, Club 180, by and through the aforementioned Defendants while acting within the scope of their duties, did injure Plaintiffs.

125) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

126) When exotic dancers like Plaintiff Hernandez are offering legal services in an environment where other women are offering illegal oral sex and intercourse, it makes it much harder to compete and law-abiding Dancer Plaintiffs earn much less money as a result.

127) The American Dream lost dancers, customers, and income due to Plaintiffs' prostitution.

128) The Neighbor Defendants suffered lost property value due to Defendants' enterprise.

129) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

130) Wherefore, Sarah Houston and the Neighbor Plaintiffs, Ms. Hernandez, the Jane Doe Dancer Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' prostitution enterprise.

**SECOND CAUSE OF ACTION**

**CIVIL RICO – SEX TRAFFICKING**

131) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

132) Defendants, including Matt, Miro, Eric, Jim, Beene, David, Jamal, Miro, Stormie, Rose, and Jamal have facilitated sex trafficking of young women by recruiting them at local establishments and across state lines in Iowa at the Spearmint Rhino.

133) Matt, Miro, Eric, and Mike pimp prostitutes to customers at Club 180.

134) Stormie admitted to recruiting dancers and prostitutes and getting them hooked on drugs.

135) Dancers at Club 180 that have sex with customers are branded with tattoos on their necks, including Defendants Stormie and Rose, so customers know who will have illegal sex acts.

136) Defendants Matt, Eric, and Jim travel with these young women across state lines for purposes of prostitution in states including but not limited to Florida, Nevada, and Chicago.

137) On one trip to Florida, Eric beat up a dancer who refused to have sex with him, which is documented with photos and text messages.

138) A Club 180 dancer filed a police report in October 2024, stating that Defendant James Pull was sex trafficking her.

139) Non-party Amy Hadan Fleming posted on social media that:

> "The old Two Fine Irishmen (180th & Q) is and has been a gentlemen's club DBA Club 180. I personally know a lady whose daughter was a dancer there and trafficked. She and others were offered (cocaine emojis) routinely and that's when they were taken advantage of. Allegations of SA, trafficking and physical assault. Everything has been reported to the police…"

140) The Landlord Defendants had actual and constructive notice that their tenants were involved in sex trafficking at Club 180 since December 22, 2023.

141) The aforementioned activities violate 22 U.S.C. § 7102.

142) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

143) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

144) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

145) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities effect interstate commerce.

146) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

147) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

148) As a result of the foregoing, the Plaintiffs who are legitimate exotic dancers at Club 180 earn far less money because a large percentage of gross revenue is channeled toward the Defendants' sex trafficking, leaving far less money for stage tipping and private dances to be earned by Kimberly Hernandez and the Jane Doe Plaintiffs.

149) The Neighbor Plaintiffs have suffered lost property value to their homes and businesses due to Defendants' sex trafficking enterprise and Plaintiff American Dream has lost dancers, customers and revenue.

150) Wherefore, Plaintiff Hernandez, the Jane Doe Dancer Plaintiffs, Neighbor Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' sex trafficking.

**<u>THIRD CAUSE OF ACTION</u>**

**CIVIL RICO – DRUG TRAFFICKING**

151) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

152) Defendants Matt, Eric, Jim, Stormie, Rose, Malibu, Skyla, and Jamal, distribute and consume cocaine at Club 180 in violation of the Controlled Substances Act.

153) Matt, Jamal, and other Defendants obtain large quantities of cocaine from sources outside the State of Nebraska and deliver it to Club 180, where it is distributed.

154) The aforementioned Defendants allow cocaine consumption and trafficking at Club 180 in the restrooms, the back room, a blind spot in the hallway and other blind spots.

155) On New Year's Eve of 2024, many people were openly consuming cocaine at Club 180.

156) There is a video of Matt giving cocaine to a young female customer while he gropes her and she waves at the video surveillance camera.

157) When cocaine is being consumed, Matt instructs Club 180 security guards to ignore it.

158) Plaintiff Chuck Streblow quit as head security guard on March 5, 2025, when Matt allowed a female customer to snort cocaine to snort in the front of the club in plain view.

159) On January 29 of 2024 or 2025, there was drug dealing in the Club 180 group chat between Stormie, and non-party employees.

160) The Landlord Defendants had actual and constructive notice that their tenants were involved in drug trafficking at Club 180 since December 22, 2023.

161) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

162) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

163) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

164) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, the enterprise's activities effect interstate commerce.

165) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

166) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

167) Plaintiffs have sustained damages because cocaine is used to trade for sex acts at Club 180, which make it more difficult for legitimate exotic dancers like Ms. Hernandez and the other Dancer Plaintiffs to earn monetary tips.

168) It also makes it more difficult for Plaintiff the American Dream to compete as they do not allow the sale or consumption of illegal drugs including cocaine.

169) Wherefore, Ms. Hernandez and the Jane Doe Dancer Plaintiffs request damages in the amount of lost earnings, the Neighbor Plaintiffs request damages for lost property value, and Plaintiff the American Dream requests damages for lost income.

## FOURTH CAUSE OF ACTION

## CIVIL RICO – WITNESS & ATTORNEY INTIMIDATION

170) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

171) To protect their illegal enterprise Club 180, Defendants Matt, Eric, Jim, Stormie, and Rose, acting individually and on behalf of AM314, LLC, Ayden, Miro, Blaike, Nick, David, Bravo1 Security, Marie, and Skyla engaged in witness intimidation by threatening to send people to the homes of witnesses, parties and their attorney in this action to kill them to prevent them from testifying.

172) As a result of these threats, Plaintiffs' co-counsel Chandler Conway withdrew from the case after executing a written co-counsel agreement with Evan Spencer Law, PLLC.

173) These threats have caused emotional distress to Plaintiffs and their attorney and have discouraged prospective Plaintiffs from joining the case and discouraged prospective witnesses from coming forward to assist Plaintiffs.

174) Some threats were made by Matt to Streblow before Matt knew he was a Plaintiff.

175) Matt made threats by text message and in person to employees at Club 180 and other individuals, all for the purpose of intimidating Plaintiffs, Plaintiffs' counsel, and witnesses.

176) Defendant Wilson told a fellow inmate just days ago that Plaintiffs' counsel Evan Spencer would be, "dealt with next" and that Matt was sending people to New York to kill Plaintiffs' counsel.

177) The Douglas County Sheriff's office is investigating Defendant Longcor for Felony Death Threats (DCSO20250012686) against Plaintiffs' counsel.

178) After Plaintiffs' counsel filed for a restraining, Plaintiffs' Jane Doe witness was attacked in jail by other inmates at the direction and/or payment by Matt and Stormie.

179) Matt has threatened some or all of the Jane Doe Dancer Plaintiffs and Defendants for the purpose of intimidating and silencing them.

180) Eric physically threatened Plaintiffs' attorney on March 27, 2025, at 6:00 pm.

181) Plaintiffs' counsel filed a report with the Douglas County Sheriff's Office against Eric on March 31, 2025, (report #: DCSO2025008565) for violating NRS 28-1310 (Intimidation by telephone call or electronic communication) which is a Class I Misdemeanor, and a warrant was issued for his arrest.

182) Defendant Rose unknowingly told Plaintiff Streblow in March 2025, that she would "destroy" and "go after anyone" involved in the lawsuit against Club 180, for the purpose of deterring Plaintiffs and witnesses from participating in the lawsuit.

183) On June 6, 2025, Defendant Eric filed a similar retaliatory defamation case in Nebraska state court against Plaintiff's counsel while evading service in this case.

184) Pulls' lawyers have also threatened to file an illegal, unethical retaliatory lawsuit against Plaintiffs and their attorney.

185) On June 5, 2025, Defendant Jim and his friend/bodyguard Chad went to the Spearmint Rhino in Carter Lake, Iowa, where Plaintiff Hernandez was working.

186) Jim requested a private dance with Ms. Hernandez and when they were alone, Jim threatened to kill her children and her lawyer if she pursued this case.

187) Pull made threats on behalf of other defendants.

188) Plaintiff Hernandez called 911 and the Carter Lake Police Department is investigating criminal charges against James Pull for Felony Terroristic Threats.

189) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

190) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

191) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

192) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities effect interstate commerce.

193) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

194) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

195) As a result of the foregoing, many prospective Dancer Plaintiffs and witnesses have been discouraged from joining or otherwise participating in this litigation, including many of the Club 180 dancers and other Club 180 employees.

196) These threats have also caused all Plaintiffs severe emotional distress, as they fear for their lives and safety of themselves and their families.

197) Wherefore, Plaintiffs demand monetary damages and request an order prohibiting Defendants from future witness tampering.

**FIFTH CAUSE OF ACTION**

**CONSPIRACY – SECTION 1962(d)**

198) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

199) Defendants Matt, Miro, Eric, Jim, Chad, Stormie, and Rose, have engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, and witness intimidation, by and through the ownership and operation of Club 180, causing Plaintiffs collective damages in excess of $5,000,000.

200) Defendants are jointly and severally liable for all damages sustained by Plaintiffs.

**SIXTH CAUSE OF ACTION**

**SEXUAL HARASSMENT**

201) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

202) Plaintiffs Hernandez, Streblow, Jane Doe Dancer Plaintiffs, and other Plaintiff Security Guards, were sexually harassed by Matt, Eric, Jim, Nick, David, Beene, and Jamal, since Club 180 opened December 22, 2023.

203) Such harassment includes but is not limited to a hostile work environment created and maintained by the aforementioned Defendants as well as quid pro quo sexual harassment.

204) The aforementioned Defendants would frequently invite Plaintiffs Hernandez and the Jane Doe Dancers to private sex and drug parties at Club 180 and their private homes, which made them feel very uncomfortable.

205) These Plaintiffs were also required to watch and endure the sexual assault and battery of dancers and the demeaning and insulting of women.

206) Club 180 dancers were forced to engage in sexual acts in exchange for keeping their job and/or receiving money and/or cocaine, creating a hostile work environment for Plaintiffs including but not limited to Hernandez, Streblow, and the Jane Doe Dancers.

207) Plaintiff Dancers and Security Guards request damages for sexual harassment.

**SEVENTH CAUSE OF ACTION**

**THEFT**

208) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

209) Defendants, including but not limited to Matt and Ayden stole money from Plaintiff Hernandez and the Jane Doe Dancers by intentionally shorting them on single dollar bills.

210) Plaintiffs have obtained numerous video recordings of these thefts and screenshots from Club 180 dancers complaining about thefts by management.

211) After receiving wrapped 100 dollars bundles from the bank, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

212) After counting singles in their money counter, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

213) After stealing 10% from these bundles, Defendants would give customers and dancers including Ms. Hernandez and Jane Doe Dancers $90 bundles wrapped with a $100 label while falsely claiming it was $100.

214) Defendants stole $10 from every $100 bundle of one-dollar bills.

215) Jane Doe Plaintiff Dancers and Customers routinely complained about being shorted.

216) Another method of stealing from dancers by Defendants including Ms. Hernandez and the Jane Doe Plaintiffs was that after dancing on stage, Miro, Matt, or another manager would insist on counting the money and would often steal from the dancer.

217) Multiple dancers reported receiving counterfeit $100 and $20 bills from Club 180.

218) An employee was paid with six hundred-dollar bundles of ones and when the money was counted at the bank, it was revealed that there was only $540.

219) As a result of the foregoing, Plaintiff Hernandez and the Jane Doe Dancer Plaintiffs are entitled to an accounting, and to damages in an amount to be determined at trial.

**EIGHTH CAUSE OF ACTION**

**NEGLIGENCE**

220) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

221) The Landlord Defendants were negligent, careless and reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants.

222) The Landlord Defendants' attorneys committed legal malpractice by failing to properly plead and litigate their eviction lawsuit against Club 180, which had no legal right to operate as a "Bar & Grill" or make over $2,500 in unauthorized renovations.

223) The Landlord Defendants have been negligent in failing to use the 50 calls to 911 over the past 16 months as a basis for eviction.

224) The Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants.

225) Landlord was negligent in failing to require tenant to maintain $2 million per incident in liability insurance in accordance with their lease.

226) The Landlord Defendants were also negligent in allowing elderly Defendants Paul and Nancy Waggener to manage their properties, including 18101 R Plaza in Omaha, rather than hiring a property management company.

227) Defendants Bravo1 Security and Mike Elayan were negligent in allowing Defendants to openly participate in illegal and dangerous activities at Club 180.

228) Defendants were negligent in allowing minors under 21, some as young as age 17 or younger, to consume large amounts of alcohol at Club 180.

229) Defendants were negligent in allowing Club 180 dancers to consume alcohol at Club 180 and drive home or to other destinations while intoxicated.

230) Defendants were negligent in allowing Club 180 dancers to overserve alcohol to customers.

231) Toast, Inc. was negligent in providing credit card services to Club 180 for over a year under the false impression that it was a restaurant and not a strip club.

232) Nick was negligent in playing Club 180 music too loud, such that it disturbs the entire neighborhood, especially 10:00 pm to 5:00 am on Friday and Saturday nights.

233) Defendants AM314, LLC, Matthew Longcor, and Bravo1 Security were negligent in the hiring, training, and supervision of Club 180 dancers, managers, and security guards.

234) As a result of the negligence of the aforementioned Defendants, Club 180 has been permitted to operate since December 2023, at the expense of its employees and neighbors, and at least two deaths have resulted.

235) Plaintiffs have sustained damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNFAIR COMPETITION

## Neb. Rev. Stat. §59-1602

236) Plaintiffs repeat all previous paragraphs as if fully set forth herein.

237) By providing customers with prostitution and drugs, Defendant AM314, LLC dba Club 180, by way of its owners, partners, and co-conspirators, Matt, Miro, Ayden, David, Eric, Beene, and Nick are engaging in unfair competition to the American Dream as well as Ms. Hernandez and the Jane Doe Plaintiff dancers who offer legal adult entertainment.

238) Defendants recruited 15 dancers from the American Dream and others from amongst the other five local strip clubs when they opened December 22, 2023.

239) Defendants offer dancers a place to do drugs and consume alcohol, as well as allowing dancers ages 18 – 20 to consume alcohol.

240) Defendants do not have a liquor license, yet Matt buys, sells, and gives away alcohol at all times of the night and early morning, making it difficult for Plaintiff the American Dream who legally sells alcohol to compete.

241) Defendants including but not limited to Matt, Eric, Jim, and Jamal, provide dancers with cocaine and other drugs and allow consumption of illegal drugs at Club 180.

242) Club 180 has occupancy of only 85, yet they allow over 200 customers at once.

243) Since Defendants do not follow the law, it makes it far more difficult for Plaintiff the American Dream and individual dancers to compete in the marketplace.

244) Wherefore, Plaintiff the American Dream, Plaintiff Hernandez and the Jane Doe Dancers request monetary damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## NUISANCE

245) Plaintiff Sarah Houston repeats all previous paragraphs as if fully set forth herein.

246) Sarah has lived adjacent to the current site of Club 180 for 35 years and is a business owner in the neighborhood.

247) Club 180 has created a public nuisance for approximately 40+ hours per week from 8:00 pm – 5:00 am or later, Wednesday – Sunday nights for nearly 16 months.

248) Defendants have received dozens of noise complaints from the Omaha Police Department yet refused to lower their music and/or soundproof their building.

249) The 911 records reveal at least 50 calls since Club 180 opened, mostly noise complaints.

250) Defendants individually, and their friends and customers, drive hundreds of motor vehicles and motorcycles in and out of the Club 180 parking lot every week between, particularly after midnight, disturbing Plaintiff Sarah and the entire neighborhood.

251) Defendants maintain an outdoor smoking area with lights that disturb the neighbors.

252) Defendants and their customers litter the Club 180 parking lot and local properties with bottles, cigarette butts, urine, cans and other garbage, including soiled condoms.

253) As a result of the foregoing secondary effects and others, the Neighbor Plaintiff's property value and that of their Class has been collectively lowered by millions of dollars.

254) The Neighbor Plaintiffs have also suffered damages by way of the personal disturbances and lost use and enjoyment of their properties due to Defendants' loud music.

255) The Landlord Defendants had actual and constructive notice of the nuisance caused to the neighborhood and loss of property values to residential and commercial properties, yet neither they nor their attorneys took action.

## REQUEST FOR DECLARATORY RELIEF

256) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

257) Due to all the criminal activities and torts committed by Defendants, Plaintiffs respectfully request the following declaratory relief:

a. An order from this Court permanently closing Club 180.

b. An order prohibiting Defendant Matthew Longcor from opening another bar, night club, or gentlemen's club in the State of Nebraska.

## PRAYER FOR RELIEF

I. Damages for nuisance and loss of property value to Sarah Houston and all residential and commercial neighbors of Club 180.

II. Damages for sexual harassment to Plaintiff Kimberly Hernandez, Chuck Streblow, all Jane Doe Plaintiff Dancers and John Doe Security Guards at Club 180, including the creation of a hostile work environment and quid pro quo harassment.

III. Lost earnings for the Chuck Streblow, Kimberly Hernandez, and the American Dream.

IV. Collective monetary damages in the amount of $5,000,000 plus treble damages for Plaintiffs' and the classes' losses.

Respectfully Submitted,

June 9, 2025

By: /s/ ____________________

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 9th Day of June, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.

# Certificate of Service

I hereby certify that on Thursday, July 24, 2025 I provided a true and correct copy of the Motion to the following:

Spencer,Evan, represented by Eric Wells (Bar Number: 23694) service method: Electronic Service to ewells@fraserstryker.com

Evan Spencer Law, PLLC represented by Eric Wells (Bar Number: 23694) service method: Electronic Service to ewells@fraserstryker.com

Signature: /s/ ORR, CONNOR W. (Bar Number: 26454)