UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EVAN SPENCER LAW, PLLC,<br><br>Plaintiff,<br><br>-against-<br><br>CONNOR ORR and ORR LAW GROUP, PLLC,<br><br>Defendants. | X<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>X | CASE NO. 1:25-CV-7665 |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(3) OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 OR 1406**

Connell Foley LLP
875 Third Avenue, 21st Floor
New York, NY 10022
212.307.3700
*Attorneys for Defendants*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........ 1

II. FACTUAL BACKGROUND ........ 2

III. APPLICABLE LEGAL STANDARDS ........ 3

A. Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2) ........ 3

B. Motion to Dismiss for Improper Venue under 12(b)(3) ........ 3

C. Motion to Transfer Venue under 28 U.S.C. §§ 1404 or 1406 ........ 4

IV. ARGUMENT ........ 5

A. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS ..... 5

1. There is no general jurisdiction over the Defendants in New York ........ 8

a. The Firm ........ 8

b. Orr ........ 9

2. There is no specific jurisdiction over the Defendants in New York ........ 10

a. C.P.L.R. § 302(a)(1) Is Inapplicable ........ 11

b. C.P.L.R. § 302(a)(2) Is Inapplicable ........ 12

c. C.P.L.R. § 302(a)(3) Is Inapplicable ........ 13

d. C.P.L.R. § 302(a)(4) Is Inapplicable ........ 14

B. DEFENDANTS LACK SUFFICIENT MINIMUM CONTACTS TO SUPPORT THE EXERCISE OF PERSONAL JURISDICTION PURSUANT TO THE DUE PROCESS CLAUSE ........ 15

C. VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK AND AS SUCH THIS CASE IS SUBJECT TO DISMISSAL PER F.R.C.P. 12(B)(3) ........ 17

1. 28 U.S.C.S. § 1391(b)(1) ........ 17

2. 28 U.S.C.S. § 1391(b)(2) ........ 18

3. 28 U.S.C.S. § 1391(b)(3) ........ 20

4. This Lawsuit Should Be Dismissed Per F.R.C.P. 12(b)(3) and/or Transferred to the District of Nebraska ..... 20

V. CONCLUSION ..... 22

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Advanced Plus LLC v. Jordan*,
2025 U.S. Dist. LEXIS 75663 (E.D.N.Y. 2025)....................14

*Asahi Metal Industry Co., Ltd. v. Superior Court of California*,
480 U.S. 102 (1987)....................15

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
171 F.3d 779 (2d Cir. 1999)....................6, 13, 16

*Banker v. Esperanza Health Systems, Ltd.*,
2005 WL 3077513 (S.D.N.Y. 2005)....................6

*Bensusan Rest. Corp. v. King*,
126 F.3d 25 (2d Cir. 1997)....................13

*Big Apple Pyrotechnics & Multimedia Inc. v. Sparktacular Inc.*,
2007 U.S. Dist. LEXIS 17163 (S.D.N.Y. 2007)....................10

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017)....................8

*Brown v. Lockheed Martin Corp.*,
814 F.3d 619 (2d Cir. 2016)....................9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)....................7, 15

*Burnham v. Superior Court of California, County of Marin*,
495 U.S. 604 (1990)....................6

*Carlson v. Cuevas*,
932 F. Supp. 76 (S.D.N.Y. 1996)....................13

*Chloé v. Queen Bee of Beverly Hills, LLC*,
616 F.3d 158 (2d Cir. 2010)....................6

*CutCo Industries, Inc. v. Naughton*,
806 F.2d 361 (2d Cir. 1986)....................3, 7

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................7, 8, 9

*Daniel v. Am. Bd. of Emergency Med.*,
428 F.3d 408 (2d Cir. 2005)....................19, 20, 21

*Darby v. Compagnie Nat. Air France*,
735 F. Supp. 555, 560 (S.D.N.Y. 1990)....................................................................9

*Del Toro v. Novus Equities, LLC*,
2021 U.S. Dist. LEXIS 227948 (S.D.N.Y. 2021)....................................................4

*DiBella v. Hopkins*,
187 F.Supp.2d 192 (S.D.N.Y. 2002)......................................................................5

*Dimensions, Inc. v. Perficient, Inc.*,
2017 U.S. Dist. LEXIS 232169 (S.D.N.Y. 2017)..................................................19

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013)....................................................................................3

*Duravest, Inc. v. Viscardi, A.G.*,
581 F. Supp. 2d 628 (S.D.N.Y. 2008)....................................................................9

*Fisher v. International Student Exchange, Inc.*,
38 F.Supp.3d 276 (E.D.N.Y. 2014) ........................................................................4

*Giuliano v. Barch*,
2017 U.S. Dist. LEXIS 50396 (S.D.N.Y. 2017)....................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)...............................................................................................9

*Grossman v. Citibank, N.A.*,
2022 U.S. Dist. LEXIS 201913 (S.D.N.Y. 2022)..................................................21

*Guardit Techs., LLC v. Empire IP, LLC*,
2024 U.S. Dist. LEXIS 15699 (S.D.N.Y. 2024)....................................................10

*Gulf Ins. Co. v. Glasbrenner*,
417 F.3d 353 (2d Cir. 2005)...........................................................................18, 20

*Hanson v. Denckla*,
357 U.S. 235 (1958)...............................................................................................12

*Helicopteros Nacionales de Columbia, S.S. v. Hall*,
466 U.S. 408 (1984)...............................................................................................16

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*,
763 F.2d 55 (2d Cir. 1985).....................................................................................8

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945)...........................................................................................6, 7, 15

*ISI Brands, Inc. v. KCC International, Inc.*,
458 F.Supp.2d 81 (E.D.N.Y. 2006) ....................3

*Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*,
956 F. Supp. 1131 (S.D.N.Y. 1997)....................12

*Laufer v. Ostrow*,
55 N.Y.2d 305 (1982) ....................10

*Lawrence Wisser & Co., Inc. v. Slender You, Inc.*,
695 F.Supp. 1560 (S.D.N.Y. 1988) ....................12

*Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc.*,
10 F.Supp.2d 334 (S.D.N.Y. 1998) ....................5

*Mangia Media Inc. v. Univ. Pipeline Inc.*,
846 F. Supp. 2d 319 (E.D.N.Y. 2012) ....................13, 14

*McCormick v. Pennsylvania Cent. R. Co.*,
49 N.Y. 303 (1872) ....................6

*McKee Electric Co. v. Rauland-Borg Corp.*,
20 N.Y.2d 377 (1967) ....................12

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996)....................5

*Minnette v. Time Warner*,
997 F.2d 1023 (2d Cir. 1993)....................4, 21

*Molokotos-Liederman v. Molokotos*,
2023 U.S. Dist. LEXIS 163315 (S.D.N.Y. 2023)....................4

*Murdock v. Arenson Int'l USA, Inc.*,
157 A.D.2d 110 (1st Dep't 1990) ....................15

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010)....................5

*Palmore v. Napoli Shkolnik PLLC*,
2024 U.S. Dist. LEXIS 59984 (S.D.N.Y. 2024)....................16

*Parke-Bernet Galleries, Inc. v. Franklyn*,
26 N.Y.2d 13 (1970) ....................12

*PDK Labs, Inc. v. Friedlander*,
103 F.3d 1105 (2d Cir. 1997)....................6

*Pence v. GEE Grp., Inc.*,
236 F. Supp. 3d 843 (S.D.N.Y. 2017)....................4

*Person v. Google, Inc.*,
456 F. Supp. 2d 488 (S.D.N.Y. 2006)....................4

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*,
15 F. Supp. 3d 409 (S.D.N.Y. 2014)....................7

*Rawstorne v. Maguire*,
265 N.Y. 204 (1934)....................6

*Roddey v. KPMG L.L.P.*,
2025 U.S. Dist. LEXIS 70708 (S.D.N.Y. 2025)....................14

*Roldan v. Bronx Pro Realty*,
2025 U.S. Dist. LEXIS 165040 (S.D.N.Y. 2025)....................5

*Robinson v. Overseas Military Sales Corp.*,
21 F.3d 502 (2d Cir. 1994)....................6

*Schultz v. Safra Nat. Bank of New York*,
377 F. App'x 101 (2d Cir. 2010)....................13, 14

*Sikhs for Justice v. Nath*,
893 F. Supp. 2d 598 (S.D.N.Y. 2012)....................3

*Tripmasters, Inc. v. Hyatt Int'l Corp.*,
696 F. Supp. 925 (S.D.N.Y. 1998)....................5

*Ungar v. JetBlue Airways Corp.*,
2025 U.S. Dist. LEXIS 187074 (S.D.N.Y. 2025)....................17, 18, 19, 20

*United States CFTC v. Wilson*,
27 F. Supp. 3d 517 (S.D.N.Y. 2014)....................4

*U.S.E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J.*,
162 F. Supp. 2d 173 (S.D.N.Y. 2001)....................20

*Wallace Church & Co. v. WyattZier, LLC*,
2020 U.S. Dist. LEXIS 135529 (S.D.N.Y. 2020)....................9, 10

*Water Quality Ins. Syndicate v. Nat'l Pollution Funds Ctr.*,
2020 U.S. Dist. LEXIS 13333 (S.D.N.Y. 2020)....................4

*Wiwa v. Royal Dutch Petro. Co.*,
226 F.3d 88 (2d Cir. 2000)....................8

*Yan Chen Che v. Edlow*,
2025 U.S. Dist. LEXIS 185681 (S.D.N.Y. 2025) ....................3, 21

**Statutes**

28 U.S.C.S. § 1391(b)(1) ....................17

28 U.S.C.S. § 1391(b)(2) ....................18, 20

28 U.S.C.S. § 1391(b)(3) ....................20

28 U.S.C. § 1404....................1, 4

28 U.S.C. § 1404(a) ....................4

28 U.S.C. § 1406....................4, 5

28 U.S.C. § 1406(a) ....................1, 5, 21

C.P.L.R. § 301....................7, 8, 9, 10

C.P.L.R. § 302....................7, 11

C.P.L.R. § 302(a) ....................11

C.P.L.R. § 302(a)(1) ....................11, 12

C.P.L.R. § 302(a)(2) ....................12, 13, 14

C.P.L.R. § 302(a)(3) ....................13

C.P.L.R. § 302(a)(4) ....................15

Fed. R. Civ. P. 12(b) ....................3

Fed. R. Civ. P. 12(b)(1)(2)....................3

Fed. R. Civ. P. 12(b)(2)....................1

Fed. R. Civ. P. 12(b)(3).................... *passim*

Fed. R. Civ. P. 12(h)(1)....................6

United States Constitution ....................15

Defendants Connor Orr ("Orr") and Orr Law Group, PLLC (the "Firm") (collectively, the "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss for lack of personal jurisdiction and improper venue under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), or in the alternative, Motion to Transfer Venue to the United States District Court for the District of Nebraska under 28 U.S.C. § 1406(a) (the "Motion").

## I. <u>PRELIMINARY STATEMENT</u>

Plaintiff, a law firm based in New York City, filed this lawsuit based on conduct purportedly taken by the Defendants – Connor Orr, the named partner in the Orr Law Group – against the Plaintiff in two separate lawsuits filed in Omaha, Nebraska. Aside from the Plaintiff maintaining its law office in New York, none of the Defendants and none of Plaintiff's claims have any connection to New York. Accordingly, Plaintiff cannot meet its *prima facie* burden of establishing that the Defendants are amenable to personal jurisdiction in this Court. Moreover, Plaintiff cannot satisfy its burden of showing that venue is proper in this District. For these reasons, Defendants move to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure. Alternatively, if the Court is inclined, Defendants request that the Court transfer this action under 28 U.S.C. § 1404 and/or 1406 to the United States District Court for the District of Nebraska - where the Defendants reside and maintain their principal place of business, where the relevant events allegedly occurred, and where the majority, if not all, of the relevant witnesses are located.

## II. FACTUAL BACKGROUND[1]

Plaintiff filed its Complaint on September 16, 2025 and served the Firm on October 21, 2025.[2] (Weissman Decl. at ¶¶ 3, 4.)

According to the Complaint, the Defendants represent clients in Omaha, Nebraska that, according to the Plaintiff, own and operate a bar and/or strip club. (*Id.* at ¶¶ 3.) Plaintiff alleges that it represented a number of individuals from the surrounding community in connection with a civil litigation brought against the Defendants' clients. (*Id.* at ¶¶ 11.) In fact, Plaintiff alleges that on April 1, 2025, it filed a lawsuit against the Defendants' clients. (*Id.* at ¶¶ 53.) In response to such lawsuit, the Defendants represented the clients but Plaintiff eventually dismissed such lawsuit. (*Id.* at ¶¶ 73.) Plaintiff claims the Defendants filed a "frivolous Nebraska state court lawsuit" against the Plaintiff as retaliation for its legitimate lawsuit, and that such lawsuit was unethical. (*Id.* at ¶¶ 58, 73, 75.) Plaintiff claims that in September 2025, its clients executed a release with the Defendants' clients with regard to both cases and Plaintiff dismissed the lawsuit. (*Id.* at ¶¶ 96.) Plaintiff claims that absent Defendants' actions, Plaintiff would have secured a large fee amount, but now Defendants' actions will cost the Plaintiff "hundreds of thousands of dollars." (*Id.* at ¶¶ 104, 105.) As a result, Plaintiff asserts the following claims against the Defendants: (i) abuse of process; (ii) tortious interference with contracts; (iii) violations of New York Anti-SLAPP law; (iv) defamation by libel and slander; and (v) negligence. Plaintiff seeks $5 million in compensatory damages and $5 million in punitive damages.

---

[1] The following facts are taken from Plaintiff's Complaint and the supporting declarations the Defendants have filed in connection with their Motion: (1) the declaration of Defendant Connor Orr ("Orr Decl."), and (2) the declaration of counsel Eric Weissman ("Weissman Decl.").

[2] As of the date of the filing of this Motion, Plaintiff has not effectuated service upon Orr and as such, Orr does not waive any defense as to proper service of the Complaint. (Weissman Decl. at ¶ 5; Orr Decl. at ¶ 17.)

## III. APPLICABLE LEGAL STANDARDS

### A. Motion to Dismiss for Lack of Personal Jurisdiction under Rule 12(b)(2)

A party may move for judgment dismissing a complaint on the ground that the court lacks personal jurisdiction over the person. *See* Fed. R. Civ. P. 12(b)(2). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)(2) is "inherently a matter requiring the resolution of factual issues outside of the pleadings." *ISI Brands, Inc. v. KCC International, Inc.*, 458 F.Supp.2d 81, 83 (E.D.N.Y. 2006). As a result, "all pertinent documentation submitted by the parties may be considered in deciding the motion." *Id*. The facts, therefore, "are drawn from the complaint, affidavits, and documentary exhibits submitted by the [parties], and are construed in the light most favorable to the plaintiff." *Id*. (citing *CutCo Industries, Inc. v. Naughton*, 806 F.2d 361, 65 (2d Cir. 1986)).

"Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the plaintiff bears the burden of proving sufficient contacts with the relevant forum to establish jurisdiction over each defendant." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). It is well-established that "in deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway" and it "may determine the motion on the basis of ... affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013).

### B. Motion to Dismiss for Improper Venue under 12(b)(3)

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). "Motions to dismiss for improper venue and lack of personal jurisdiction are evaluated using the same legal standard. In either case, plaintiffs bear the burden of demonstrating that venue and jurisdiction are proper." *Yan Chen Che v. Edlow*,

2025 U.S. Dist. LEXIS 185681, at *4 (S.D.N.Y. 2025); *United States CFTC v. Wilson*, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014) ("Upon a motion to dismiss under Rule 12(b)(3), the plaintiff has the burden of pleading venue."). "Where no evidentiary hearing has been held, the plaintiff need only make a prima facie showing of [venue]." *Del Toro v. Novus Equities, LLC*, 2021 U.S. Dist. LEXIS 227948 (S.D.N.Y. 2021).

For purposes of a motion to dismiss pursuant to Rule 12(b)(3), the Court accepts as true all factual allegations in the non-moving party's pleadings and draws all reasonable inferences in favor of the non-moving party. *See Water Quality Ins. Syndicate v. Nat'l Pollution Funds Ctr.*, 2020 U.S. Dist. LEXIS 13333 (S.D.N.Y. 2020); *Person v. Google, Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). However, the Court may consider materials outside the pleadings in deciding a motion to dismiss for improper venue. *See Molokotos-Liederman v. Molokotos*, 2023 U.S. Dist. LEXIS 163315 (S.D.N.Y. 2023).

If the Court determines that venue is improper, the decision of "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *Fisher v. International Student Exchange, Inc.*, 38 F.Supp.3d 276, 284 (E.D.N.Y. 2014).

### C. <u>Motion to Transfer Venue under 28 U.S.C. §§ 1404 or 1406</u>

There are two federal statutes that govern transfer of venue in federal court — 28 U.S.C. § 1404 and 28 U.S.C. § 1406. Section 1404 allows a district court to transfer a civil action to another district where the action could have been brought for the convenience of parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). "In deciding whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district." *Pence v. GEE Grp., Inc.*, 236 F. Supp. 3d 843, 849 (S.D.N.Y. 2017). If the

case could have been brought in the proposed transferee district, a court must then examine several factors, commonly referred to as "private" and "public-interest" factors. *Id*. at 850. Transfer may be appropriate where the moving party shows by "clear and convincing" evidence that the balance of convenience favors transfer. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc*., 599 F.3d 102, 114 (2d Cir. 2010). Section 1406 governs cases where venue is improper in the original district. Under this statute, if venue is improper, the district court must either dismiss the case or transfer it to a district or division where it could have been brought, if such transfer is in the interest of justice. *See* 28 U.S.C.A. § 1406(a); *Roldan v. Bronx Pro Realty*, 2025 U.S. Dist. LEXIS 165040, at *5-6 (S.D.N.Y. 2025).

## IV. ARGUMENT

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS

All claims against the Defendants should be dismissed pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Orr and/or the Firm. In short, this case has nothing to do with New York, and neither Orr nor the Firm can be haled into court in New York to address alleged actions taken in Nebraska with respect to lawsuits in Nebraska.

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendants" by a preponderance of the evidence. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp*., 84 F.3d 560, 566 (2d Cir. 1996). At the pleading stage, the plaintiff must make a prima facie showing of personal jurisdiction-i.e., "an averment of facts, that if credited ... would suffice to establish jurisdiction over the defendant." *Levisohn, Lerner, Berger & Langsam v. Med. Taping Sys., Inc*., 10 F.Supp.2d 334, 339 (S.D.N.Y. 1998); *DiBella v. Hopkins*, 187 F.Supp.2d 192, 198 (S.D.N.Y. 2002); *Tripmasters, Inc. v. Hyatt Int'l Corp*., 696 F. Supp. 925, 930 (S.D.N.Y. 1998). Such a

showing must be made by alleging facts, not simply conclusions. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

The law of the jurisdiction in which the federal district court sits determines personal jurisdiction over non-resident defendants. *See PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997). For this court to have personal jurisdiction over the defendants, New York law must provide a basis for exercising personal jurisdiction and such jurisdiction cannot offend federal standards of due process. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 71 F.3d 779, 784 (2d Cir. 1999); *Banker v. Esperanza Health Systems, Ltd.*, 2005 WL 3077513, at *4 (S.D.N.Y. 2005).

New York law provides certain means of gaining personal jurisdiction over non-consenting[3], non-domiciliary[4] defendants who were not served with process while physically present in the forum state[5], such as the Defendants in this case. Specifically, to determine whether it may exercise personal jurisdiction over a foreign company, a district court engages in a two-part analysis. *See Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010) (detailing the two-step inquiry "[t]o determine personal jurisdiction over a non-domiciliary in a case involving a federal question").

---

[3] "Where the court has jurisdiction of the subject-matter of an action, consent will confer jurisdiction of the person...." *McCormick v. Pennsylvania Cent. R. Co.*, 49 N.Y. 303, 303 (1872). None of the defendants have expressly or impliedly consented to in personam jurisdiction, nor have they waived their right to contest such jurisdiction pursuant to Fed. R. Civ. P. 12(h)(1).

[4] "The courts of the state can obtain jurisdiction of the persons of those who are domiciled within the state...." *Rawstorne v. Maguire*, 265 N.Y. 204, 207 (1934). Orr and the Firm are each citizens -- that is to say, domiciliaries of the State of Nebraska. (*See* Weissman Decl. at Ex. 1 at ¶¶ 110, 111; Orr Decl. at ¶¶ 2, 3, 4, 8.)

[5] The Supreme Court has held that "personal service upon a physically present defendant sufficed to confer jurisdiction" reasoning that "jurisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice." *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 610, 619 (1990) quoting, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Neither Orr nor the Firm were served while physically present in New York.

First, a court must evaluate whether there is a statutory basis for personal jurisdiction over the defendant by applying the law of the forum state. *See CutCo Indus., Inc.*, 806 F.2d at 365 ("Personal jurisdiction over a defendant . . . is determined by the law of the forum in which the court sits."). Under the law of the forum state—here, New York—a court may exercise personal jurisdiction over a nonresident corporation where the defendant either is "present" and "doing business" in New York within the meaning of § 301 of the New York Civil Procedure Law and Rules ("C.P.L.R."), or commits acts within the scope of C.P.L.R. § 302. *See Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 415 (S.D.N.Y. 2014).

Second, if the law of the forum state confers personal jurisdiction over the defendant, the court must then assess whether personal jurisdiction comports with Constitutional due-process mandates. *See Chloe*, 616 F.3d at 164. A court cannot exercise jurisdiction beyond the limits prescribed by due process. Due process requires that the nonresident defendant maintain sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316.

A defendant has sufficient minimum contacts with a forum state when it "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). A defendant's contacts may give rise to either general (all-purpose) jurisdiction, or specific (conduct-linked) jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014). General jurisdiction "permits a court to hear 'any and all claims' against an entity." *Gucci Am., Inc. v. Li*, 768 F.3d 122, 134 (2d Cir. 2014). By contrast, specific jurisdiction "permits adjudicatory authority only over issues that 'aris[e] out of or relat[e] to the [entity's] contacts with the forum.'" *Id.* (alterations in original).

Because Plaintiff cannot establish either general or specific personal jurisdiction over the Defendants in this case, the Court should grant the Defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).

**1. <u>There is no general jurisdiction over the Defendants in New York</u>**

**a. <u>The Firm</u>**

As mentioned above, New York's general or all-purpose jurisdiction provision is codified in C.P.L.R. § 301. Under § 301, a corporation is subject to general personal jurisdiction in New York if it is "present" and "doing business" in the state. *See Wiwa v. Royal Dutch Petro. Co.*, 226 F.3d 88, 95 (2d Cir. 2000). A corporation "is doing business" in New York (and thus, is subject to general personal jurisdiction) if it "does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985).

General jurisdiction over a foreign corporation comports with due process when the corporation's affiliations with the State are so "'continuous and systematic' as to render [it] essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (reaffirming that the central inquiry of whether to exert general jurisdiction over an out-of-state corporate defendant is whether the corporation feels "at home," not whether a corporation does business in a given jurisdiction); *Daimler AG*, 571 U.S. at 130-41 (holding that a foreign corporation cannot be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary). Aside from the "exceptional case," a corporation is "essentially at home" (and thus, is subject to general jurisdiction consistent with due process mandates), only in the state where it (1) is incorporated or (2) maintains its principal place of business. *See Daimler*, 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principle place of business

are paradigm bases for general jurisdiction."); *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016).

The Firm is not "at home" under either of the two paradigm bases for general jurisdiction. The Firm is not incorporated in New York, nor does it maintain its principal place of business in New York. (Weissman Decl. at Ex. 1 at ¶ 111; Orr Decl. at ¶ 8.) Rather, the Firm is a Nebraska professional limited liability company with its principal place of business in Omaha, Nebraska. (*Id.*) The Complaint's averment that the Firm is a "Nebraska law firm" supports this fact. (Weissman Decl. at Ex. 1 at ¶ 111.) Thus, the Court lacks general jurisdiction over the Firm.

**b. <u>Orr</u>**

Under C.P.L.R. § 301, a court has general personal jurisdiction over an individual if his conduct with New York is "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). To determine whether a defendant does business in the state, the Court must be able to "say from the facts" that the defendant "is present in the State not occasionally or casually, but with a fair measure of permanence and continuity." *Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 633 (S.D.N.Y. 2008). Importantly, a defendant's presence in New York for the purposes of general jurisdiction is evaluated "at the time the complaint was filed." *Darby v. Compagnie Nat. Air France*, 735 F. Supp. 555, 560 (S.D.N.Y. 1990)). However, an individual defendant "cannot be subject to jurisdiction under C.P.L.R. § 301 unless he is doing business in New York as an individual rather than on behalf of a corporation." *Wallace Church & Co. v. WyattZier, LLC*, Civil 2020 U.S. Dist. LEXIS 135529, at *13-14 (S.D.N.Y. 2020); *Laufer v. Ostrow*, 55 N.Y.2d 305, 313 (1982).

Plaintiff does not assert any allegations in the Complaint that Orr, in his individual capacity, was "doing business" in New York. (Weissman Decl. at Ex. 1.) In fact, Plaintiff does not assert any allegations that Orr was doing anything – in any capacity – in New York. (*Id.*) To be clear, Orr does not solicit or perform any business within the State of New York – for any reason. (Orr Decl. at ¶ 9.) Orr does not have any clients that reside in New York. (Orr Decl. at ¶ 10.) Orr does not have any legal cases or matters pending in New York. (Orr Decl. at ¶ 11.) Orr does not market to any prospective clients that reside in New York. (Orr Decl. at ¶ 12.) Because "a corporate officer cannot be subject to general jurisdiction under C.P.L.R. § 301 for his New York activities on behalf of a corporation," and because Plaintiff does not assert any allegations that Orr did and/or solicits business in New York – in any capacity – Orr is not subject to personal jurisdiction pursuant to C.P.L.R. § 301. *See Wallace Church & Co.*, 2020 U.S. Dist. LEXIS 135529, at *16-17; *Big Apple Pyrotechnics & Multimedia Inc. v. Sparktacular Inc.*, 2007 U.S. Dist. LEXIS 17163 (S.D.N.Y. 2007).

Plaintiff has failed to allege any facts to suggest that Defendants systematically and continuously do business in New York. Therefore, Defendants cannot be subject to general personal jurisdiction pursuant to C.P.L.R. § 301.

**2. There is no specific jurisdiction over the Defendants in New York**

Specific personal jurisdiction subjects a defendant to suit only on claims that arise from the defendant's conduct in the forum. *See Guardit Techs., LLC v. Empire IP, LLC,* 2024 U.S. Dist. LEXIS 15699, at *12 (S.D.N.Y. 2024). New York's specific (long-arm) jurisdiction statute states that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent":

i. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

ii. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

iii. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

iv. owns, uses or possesses any real property situated within the state.

C.P.L.R. § 302.

C.P.L.R. § 302(a) enumerates several conditions under which a nonresident defendant may be subject to specific personal jurisdiction in New York. None of these conditions are applicable to the Defendants.

**a. C.P.L.R. § 302(a)(1) Is Inapplicable**

In order to establish personal jurisdiction under C.P.L.R. § 302(a)(1), Plaintiff must allege that the individual defendants "transact[ed] ... business within the state [,]" provided that the cause of action arises from such transaction. *See* C.P.L.R. § 302(a)(1). For purposes of section 302(a)(1), a non-domiciliary "transacts business" when he "purposefully avails [himself] of the

privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *McKee Electric Co. v. Rauland-Borg Corp*., 20 N.Y.2d 377, 382 (1967), (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

"[W]hat counts is not the quantity of contacts with New York, but rather the nature and quality of the contacts." *Lawrence Wisser & Co., Inc. v. Slender You, Inc*., 695 F.Supp. 1560, 1563 (S.D.N.Y. 1988). This inquiry focuses on whether the defendant "engaged in some purposeful activity [here] ... in connection with the matter in suit." *Parke-Bernet Galleries, Inc. v. Franklyn*, 26 N.Y.2d 13, 16 (1970). C.P.L.R. § 302(a)(1) requires purposeful activities within New York and a "substantial nexus between the transaction of business and the cause of action sued upon." *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.,* 956 F. Supp. 1131, 1134 (S.D.N.Y. 1997). Failure to satisfy either requirement mandates dismissal of the claim for lack of jurisdiction.

Plaintiff's Complaint is devoid of any allegation that the Defendants had or have any connection whatsoever with New York. In fact, Plaintiff's allegations focus on lawsuits pending in Nebraska as the underlying basis for the lawsuit. (*See* Weissman Decl. at Ex. 1 at ¶¶ 101-106.) Simply put, Plaintiff's Complaint fails to allege a single activity, let alone, a purposeful activity, within the State of New York with respect to the Defendants. As such, Plaintiff's allegations fail to establish that any of the defendants transacted business in New York within the meaning of the statute.

**b. C.P.L.R. § 302(a)(2) Is Inapplicable**

In order to establish personal jurisdiction under C.P.L.R. § 302(a)(2), Plaintiff must allege that the Defendants "commit[ed] a tortuous act within the state", provided that the Defendants were physically present in New York when the tort was committed. *See* § 302(a)(1); *Bank Brussels Lambert*, 171 F.3d at 789-90 ("At minimum, to qualify for jurisdiction under [C.P.L.R. §

302(a)(2)], a defendant's act or omission [must have] occur[red] within the state." In *Bensusan*, the Second Circuit held that a defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2). *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28-29 (2d Cir. 1997); *Carlson v. Cuevas*, 932 F. Supp. 76, 80 (S.D.N.Y. 1996) ("To subject non-residents to New York jurisdiction under § 302(a)(2), the defendant must commit the tort while he or she is physically in New York state.").

Plaintiff's Complaint fails to allege that the Defendants were physically present in New York at any time, let alone, when the alleged tort was committed. Instead, Plaintiff relies on allegations of conspiracy in an attempt to establish that the Defendants played some role in a lawsuit being dismissed in Nebraska that the Plaintiff contends is meritorious. None of the alleged conduct took place in New York – or anywhere near New York. Consequently, such allegations are insufficient to establish personal jurisdiction under C.P.L.R. § 302(a)(2).

**c. C.P.L.R. § 302(a)(3) Is Inapplicable**

Pursuant to C.P.L.R. § 302(a)(3), a court may exercise personal jurisdiction over a nondomiciliary defendant who commits a tortious act outside the state, causing injury within the state. "Jurisdiction lies under Section 302(a)(3), only if, in addition to causing the alleged injury, the defendant either: (1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York or (2) expects [or] should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate and international commerce." *Mangia Media Inc. v. Univ. Pipeline Inc.*, 846 F. Supp. 2d 319, 323 (E.D.N.Y. 2012); *Schultz v. Safra Nat. Bank of New York*, 377 F. App'x 101, 103 (2d Cir. 2010); *Advanced Plus LLC v. Jordan*, 2025 U.S. Dist. LEXIS 75663 (E.D.N.Y. 2025).

Plaintiff asserts that the alleged tortious acts of the Defendants caused his injury in New York. An injury does not occur within New York merely because that is where the plaintiff resides or where he suffered economic loss. *See Bank Brussels Lambert*, 171 F.3d at 791 ("[C]ourts determining whether there is injury in New York sufficient to warrant 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury.") "[T]he situs of an injury is the location of the original event which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." *Roddey v. KPMG L.L.P.*, 2025 U.S. Dist. LEXIS 70708, at *15 (S.D.N.Y. 2025).

As discussed above, Plaintiff's allegations consist of conspiracy-type claims that arise out of a lawsuit pending in the District Court of Douglas County, Nebraska, styled *Kyron O'Brien and Voodoo Lounge, Inc. v. Evan Spencer Law, PLLC*, et al. case #: CI 25-2771. (Weissman Decl. at Ex. 1 at Introduction paragraph.) In fact, the entire lawsuit pending in this Court, and all allegations and claims asserted in the Complaint, arises out of alleged conduct by the Defendants with regard to the lawsuit pending in Nebraska. (*Id.*) Not only does the Plaintiff wholly fail to assert any allegations regarding the Defendants' business transactions in New York (which there are none), but it is clear from Plaintiff's Complaint that the "original event" location would be Nebraska. Plaintiff wholly fails to plainly or directly state that New York is the situs of the tort allegedly committed by the Defendants. *See Giuliano v. Barch*, 2017 U.S. Dist. LEXIS 50396, at *27 (S.D.N.Y. 2017). Consequently, Plaintiff cannot establish personal jurisdiction under C.P.L.R. § 302(a)(2).

**d. C.P.L.R. § 302(a)(4) Is Inapplicable**

The Defendants do not own any property in New York so as to trigger Section 302(a)(4). (Orr Decl. at ¶ 16.)

Consequently, Plaintiff has failed to establish personal jurisdiction over the Defendants and as a result, Plaintiff's Complaint must be dismissed against them.

**B. <u>DEFENDANTS LACK SUFFICIENT MINIMUM CONTACTS TO SUPPORT THE EXERCISE OF PERSONAL JURISDICTION PURSUANT TO THE DUE PROCESS CLAUSE</u>**

Even if the language of New York's long-arm statute could be construed to reach the Defendants – which it cannot – this Court cannot exercise long-arm jurisdiction over these individual defendants because to do so would violate due process.

In order for a state to exercise long-arm jurisdiction over nonresident defendants, such as Orr and the Firm, the exercise of that jurisdiction must comport with the due process clause of the United States Constitution. Long-arm jurisdiction cannot be exercised against a foreign defendant unless: (1) that defendant has "minimum contacts" with the forum state; and (2) the exercise of personal jurisdiction over that defendant does not "offend traditional notions of fair play and substantial justice." *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 108-09, 113 (1987); *International Shoe Co.*, 326 U.S. at 316; *Murdock v. Arenson Int'l USA, Inc.*, 157 A.D.2d 110, 113 (1st Dep't 1990).

In order for a defendant to have the necessary minimum contacts with the forum state, the minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi*, 480 U.S. at 109; *Burger King Corp*., 471 U.S. at 475. A plaintiff can meet this burden in one of two ways: by establishing either specific or general jurisdiction over a defendant. *See Bank Brussels Lambert*, 305 F.3d at 127.

Specific jurisdiction is determined by first asking if the claim arises out of or relates to a defendant's contacts with the state, and then showing the defendant purposefully availed itself of

the privilege of doing business in the forum so that the defendant could reasonably foresee being hailed into the forum's courts. *Id*. There is no basis for the Court to exercise specific jurisdiction over the Defendants because there is no evidence that this litigation arises out of any contacts with New York.

Nor is the Court authorized to exercise general jurisdiction over the Defendants in this action because they have not maintained "continuous and systematic" contacts with New York. A state may assert "general jurisdiction," i.e., jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts–only where these contacts are "continuous and systematic." *Helicopteros Nacionales de Columbia, S.S. v. Hall*, 466 U.S. 408, 415-16 (1984).

Here, Plaintiff does not allege nor can it establish that either of the Defendants had "continuous and systematic" contacts with New York sufficient to support general jurisdiction. A review of Plaintiff's complaint clearly illustrates that Orr and the Firm are residents of Nebraska and have nothing to do with New York. Moreover, as set forth in the accompanying Declaration, neither Orr nor the Firm: (i) have any clients in New York; (ii) solicit prospective clients from New York: (iii) have any matters or actions pending in New York; and (iv) perform any legal services in New York. (Orr Decl. at ¶¶ 9, 10, 11, 12, 13.) Simply, the assertion of specific jurisdiction over the Defendants would offend traditional notions of fair play and substantial justice. *See Palmore v. Napoli Shkolnik PLLC*, 2024 U.S. Dist. LEXIS 59984, at *25 (S.D.N.Y. 2024).

Accordingly, the Court's exercise of personal jurisdiction over the Defendants is both statutorily and constitutionally unlawful.

## C. VENUE IS IMPROPER IN THE SOUTHERN DISTRICT OF NEW YORK AND AS SUCH THIS CASE IS SUBJECT TO DISMISSAL PER F.R.C.P. 12(B)(3)

"[I]t is hornbook law that venue . . . [is a] threshold procedural issue[] to be decided before the substantive grounds in a motion to dismiss." *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010). The federal civil venue statute establishes three bases that give rise to venue within a district:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Ungar v. JetBlue Airways Corp.*, 2025 U.S. Dist. LEXIS 187074, at *6 (S.D.N.Y. 2025) quoting 28 U.S.C.S. § 1391(b). Plaintiff has not and cannot establish a basis for venue in the Southern District of New York.

### 1. 28 U.S.C.S. § 1391(b)(1)

The allegations in the Complaint do not give rise to venue based on Defendants' residency under § 1391(b)(1). Subsection 1391(b)(1) authorizes a plaintiff to bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." *Id.* at § 1391(b)(1). Natural persons—such as Orr—are "deemed to reside

in the judicial district in which that person is domiciled." *Id*. at § 1391(c)(1); *Ungar*, 2025 U.S. Dist. LEXIS 187074, at *6. Plaintiff alleges in the Complaint that Orr is a Nebraska attorney residing in Nebraska. (Weissman Decl. at Ex. 1 at ¶ 110.) That allegation is correct – Orr resides in Omaha, Nebraska. (Orr Decl. at ¶ 2.)

With regard to the Firm, as noted herein, this Court does not have personal jurisdiction over the Firm. Moreover, the Firm maintains its principal place of business in Omaha, Nebraska. (Orr Decl. at ¶ 8.) As such, per § 1391(c)(2), the Firm is not a resident of the New York and/or the Southern District of New York.

Accordingly, Plaintiff has not and cannot establish venue based on residency under subsection one.

**2. 28 U.S.C.S. § 1391(b)(2)**

Plaintiff also cannot establish venue under § 1391(b)(2). Subsection (b)(2) provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). This provision "permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005); *Ungar*, 2025 U.S. Dist. LEXIS 187074, at *7-8. The Second Circuit has "caution[ed] district courts to take seriously the adjective substantial," and to "construe the venue statute strictly." *Gulf Ins. Co.*, 417 F.3d at 357. "That means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Id.*; *Ungar*, 2025 U.S. Dist. LEXIS 187074, at *8 (S.D.N.Y. 2025).

A two-part test guides this analysis. "First, a court should identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. Second, the court

should determine whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether significant events or omissions material to those claims have occurred in the district in question." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (quoting *Gulf Ins. Co.*, 417 F.3d at 357). "Substantiality for venue purposes is more a qualitative than a quantitative inquiry . . . . When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed significant and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id*. at 432-33. When evaluating acts or omissions within the district, "[t]he focus is on the relevant activities of the defendant, not the plaintiff, because the purpose of statutorily defined venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Six Dimensions, Inc. v. Perficient, Inc.*, 2017 U.S. Dist. LEXIS 232169 (S.D.N.Y. 2017).

According to the Complaint, the sole basis for venue is "the Nebraska-based Defendants sued Plaintiff Evan Spencer Law, PLLC, a Manhattan law firm located at 305 Broadway, 7th Floor, New York, NY 10007 in this action." (Weissman Decl. at Ex. 1 at ¶ 108.) Notwithstanding the fact that the Plaintiff is located in New York, the underlying facts and allegation supporting the claims asserted in the lawsuit <u>all</u> arise out of actions purportedly taken by the Defendants in <u>Nebraska</u>. (*Id*. at ¶¶ 1-106.) According to Plaintiff's own Complaint, there are no "acts or omissions [that] occurred in the district where suit was filed." (Weissman Decl. at Ex. 1 at ¶¶ 1-106.) There are simply no actions allegedly taken by the Defendants that occurred within the Southern District to satisfy the Court's substantiality requirement for venue. *See Ungar*, 2025 U.S. Dist. LEXIS 187074, at *13 (S.D.N.Y. 2025).

**3. 28 U.S.C.S. § 1391(b)(3)**

Subsection three also does not provide a basis for venue in this district. Pursuant to § 1391(b)(3), "if there is no district in which an action may otherwise be brought as provided in this section," venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Because there is at least one district in which this action can be brought pursuant to § 1391(b)(2), the District of Nebraska, subsection three is inapplicable. *See Ungar*, 2025 U.S. Dist. LEXIS 187074, at *15-16 (S.D.N.Y. 2025); *Daniel*, 428 F.3d at 434 ("[V]enue may be based on [this] subsection only if venue cannot be established in another district pursuant to any other venue provision.").

Accordingly, Plaintiff has not established a basis for venue in the Southern District of New York.

**4. This Lawsuit Should Be Dismissed Per F.R.C.P. 12(b)(3) and/or Transferred to the District of Nebraska**

To survive dismissal for improper venue pursuant to Rule 12(b)(3), a plaintiff bears the burden of "mak[ing] a prima facie showing of venue" on the basis of the pleadings and affidavits. *Gulf Ins. Co.*, 417 F.3d at 355. Although a court may hold an evidentiary hearing at which "the plaintiff must demonstrate venue by a preponderance of the evidence," *id.*, a hearing is not necessary here because the venue-related facts are not in dispute.

In deciding a Rule 12(b)(3) motion, a court must accept "all allegations in the complaint as true, unless contradicted by the defendants' affidavits." *U.S.E.P.A. ex rel. McKeown v. Port Auth. of N.Y. & N.J.*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (2d ed. 1990 & Supp. 1999)). When venue is improper, the court "shall dismiss" the action, or, if it is "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The decision whether to transfer or dismiss "lies within the sound discretion of the district court." *Minnette*, 997 F.2d at 1026; *Yan Chen Che*, 2025 U.S. Dist. LEXIS 185681, at *5. Transfer should be the usual remedy for improper venue. *See Grossman v. Citibank, N.A.*, 2022 U.S. Dist. LEXIS 201913 (S.D.N.Y. 2022). However, the Second Circuit has made clear that courts should not "waste judicial resources by transferring a case that is clearly doomed." *Daniel*, 428 F.3d at 436. Therefore, the Second Circuit has instructed that "[i]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court." *Daniel*, 428 F.3d at 436; *Yan Chen Che*, 2025 U.S. Dist. LEXIS 185681, at *12.

Notwithstanding the allegation that Plaintiff is a resident of New York, it is clear from the balance of the allegations asserted in the Complaint that the Southern District is the improper forum for this dispute and as such, the Defendants Rule 12(b)(3) motion should be granted.

## V. CONCLUSION

For all of the foregoing reasons, Defendants Connor Orr and the Orr Law Group PLLC respectfully request that this Court grant their motion to dismiss the Complaint for: (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); (2) for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and (iii) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 28, 2025

CONNELL FOLEY LLP

By: ______________________________

Eric Weissman
875 Third Avenue, 21st Floor
New York, New York 10022
Telephone: 212.307.3700
Facsimile: 212.542.3790

*Attorneys for Defendants*