IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, CASEY ROWE, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180; | 8:25CV241 |
| Plaintiffs, | ORDER |
| vs. | |
| CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, STU SLEEPER, DAVID EKDAHL, JAMES PULL, BLAIKE KOCA, MARLEY NYGAARD, JALIL TOOKHI, MALIK HARMON, ABDUL RAHMANZAI, DAVID LOOLOO, BROOKE LEIBERT, ELENA RHODD-MORALES, CHRISTINA CRAFT, TOAST, INC., ERIC HAVERMANN, ELLIE JAEKE, ROMAN, ECHO, AMIRA, JESSIE, SANTANA, JOHN & JANE ROES #1-50, JESSICA RICHARDSON, BREAUNA HOFFMAN, TEAONA MASON, LANIE WILSON, PATIENCE ELIZABETH, BRITTNEY DINOVO, KIARA MORALES, SKYLAR DICKEY, JANAE BALT, A. JANSEN, OCTAVIA, SAPPHIRE, WINTER, MIREYA, TINY, 7 OAKS INVESTMENT CORP., CHAD, and MICHAEL ALAN BEENE, | |
| Defendants. | |

1

This matter comes before the Court on Plaintiffs' motion to file a second amended complaint, Filing No. 169, and notice of dismissal of certain defendants, Filing No. 217. For the reasons stated herein, the Court grants the motions and denies certain other filings as moot in light of the second amended complaint.

Plaintiffs filed their complaint on April 1, 2025. Filing No. 1. They amended their complaint once as of right on April 21, 2025. Filing No. 24. Plaintiffs filed a motion for temporary restraining order and preliminary injunction. Filing No. 121. The Court denied the temporary restraining order and has held the motion for preliminary injunction in abeyance pending responses from Defendants. Filing No. 130. Subsequently, certain Defendants have moved to dismiss the amended complaint. Filing No. 102; Filing No. 104; Filing No. 119; Filing No. 141; Filing No. 156. Thereafter, Plaintiffs filed a motion, Filing No. 169, seeking leave to file a second amended complaint, a copy of which can be found at Filing No. 169-1. Two groups of Defendants have opposed Plaintiffs' leave to amend, arguing amendment would be futile. Filing No. 175; Filing No. 181.

Meanwhile, Plaintiffs have not successfully served all Defendants named in the amended complaint or proposed second amended complaint. On November 3, 2025, the Court entered an order to show cause why the case should not be dismissed against the unserved defendants for failure to prosecute. Filing No. 214. Plaintiffs responded by filing a notice of dismissal as to twenty-seven Defendants, Filing No. 217, and a motion for leave for alterative service as to nine other Defendants, Filing No. 218.

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Unless there is a good reason for denial, such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments

2

previously allowed, undue prejudice to the non-moving party, or futility of the amendment," leave to amend should be granted. *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (quoting *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999)). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *See Gamma-10 Plastics, Inc. v. Am. President Lines*, 32 F.3d 1244, 1255 (8th Cir. 1994).

Here, the Court finds Plaintiffs should be given leave to file their proposed second amended complaint. Although certain Defendants argue amendment would be futile because the proposed second amended complaint fails to state a claim for relief against them, the Court finds in its discretion that allowing the amendment would not be futile because such arguments pertain only to portions of the second amended complaint. Rather, in the interests of justice and efficiency, Plaintiffs will be permitted to file their second amended complaint and those Defendants who believe it fails to state a valid cause of action against them may raise the issue in a motion to dismiss. However, because subsequent to the filing of the motion to amend, Plaintiffs have dismissed Defendants named in the proposed second amended complaint, Plaintiffs are ordered to file a second amended complaint that omits those Defendants and any corresponding causes of action that have been dismissed but is otherwise identical to that found at Filing No. 169-1.

The Court also grants Plaintiffs' notice of dismissal of certain parties. Filing No. 217.

IT IS ORDERED:

1. Plaintiffs' motion for leave to amend, Filing No. 169, is granted. Within seven (7) days of the date of this Order, Plaintiffs shall file their Second Amended Complaint.

The Second Amended Complaint shall be identical to the red-lined version found at Filing No. 169-1 except that Plaintiffs shall omit those Defendants and causes of action which have been subsequently dismissed.

2. Plaintiffs' Notice of Dismissal of Parties without Prejudice, Filing No. 217, is granted. Defendants Malik Harmon, David Looloo, Brooke Leibert, Elena Rhodd-Morales, Teaona Mason, Lanie Wilson, Patience Elizabeth, Brittney Dinovo, Janae Balt, Marley Nygaard, Jalil Tookhi, Ellie Jaeke, Savannah Ludwick aka Santana, Christina Craft, Breauna Hoffman, Kiara Morales, Chandler Mahoney aka Winter, Roman, Echo, Jessie, Octavia, Sapphire, Mireya, Tiny, A. Jansen, Alyssa aka Amira aka Princess AK, and Chad are dismissed without prejudice.

3. In light of Plaintiffs being given leave to file their second amended complaint, the motions to dismiss relevant to the amended complaint, Filing No. 102; Filing No. 104; Filing No. 119; Filing No. 141; Filing No. 156, are denied as moot without prejudice to reassertion.

4. In light of Plaintiffs being given leave to file their second amended complaint, the motion for preliminary injunction, Filing No. 121, is denied as moot.

5. This matter is referred to the Magistrate Judge for resolution of the motion for alternative service[1] and for additional case management.

Dated this 6th day of November, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[1] The Court is also aware of the outstanding motion for contempt, Filing No. 198. The Court will address this motion in due course.