IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>CLUB 180, et al.,<br><br>          Defendants. | 8:25CV241<br><br>**ORDER** |

This matter comes before the undersigned upon Plaintiffs' Motion for Leave for Alternative Service of Nine Defendants. (Filing No. 218). Pursuant to Neb. Rev. Stat. § 25-517.02, Plaintiffs request a court order authorizing service by first-class mail, email and/or publication as to Defendants Eric Havermann, Miroslava Kotsan, Blaike Koca, Abdul Rahmanzai, Nicholas Scalise, David Ekdahl, Stu Sleeper, Bravo1 Security, and David Elayan (collective "Unserved Defendants"), whom they claim are actively evading service. For the following reasons, the motion is granted in part and denied in part. The court will also address further case management as instructed by the district court in its recent order entered on November 6, 2025. (Filing No. 222).

Plaintiffs filed their complaint on April 1, 2025. (Filing No. 1). They amended their complaint once as a matter of course on April 21, 2025. (Filing No. 24). Many of the named defendants in the Amended Complaint were served, have entered an appearance, and have filed responsive pleadings. However, there are several defendants who have not yet been served or who have now been dismissed. On November 6, 2025, the district court granted Plaintiffs' Notice of Case Dismissal Without Prejudice of 27 Defendants as well as Plaintiffs' Motion for Leave to File a Second Amended Complaint. (Filing No. 222). The court instructed Plaintiffs to omit any such defendants and causes of action that have been

1

dismissed since the motion was filed and granted Plaintiffs seven (7) days, or until November 13, 2025, to file an amended complaint. The court also dismissed without prejudice the pending motions to dismiss, subject to reassertion later, and referred this pending motion for alternative service and additional case management to the undersigned.

### A. Alternative Service

Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located," or by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2). Under Nebraska law, "[a]n individual ... may be served by personal, residence, certified mail, or designated delivery service." Neb. Rev. Stat. § 25-508.01(1); see also Neb. Rev. Stat. § 25-505.01 (permitting service by certified mail or designated delivery service within ten days of issuance of summons).

A corporation may be served by personal, residence, certified mail, or "designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office." Neb. Rev. Stat §25-509.01. Upon a showing that "service cannot be made with reasonable diligence by any other method provided by statute," Nebraska law permits a court to authorize the plaintiff to use an alternative form of service of process, including "leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address," or "by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard." Neb. Rev. Stat. § 25-517.02.

Plaintiffs claim that several of the Unserved Defendants have attorneys and have received copies of the amended complaint, but refuse to waive service or file an answer. Plaintiffs further allege that some of the other Unserved Defendants are actively evading service and alternative methods of service are now necessary. (Filing No. 220). Plaintiffs previously requested authorization for alternative service, but that motion was denied because there was no supporting affidavit submitted as required by statute. *See* Neb. Rev. Stat. § 25-517.02. Plaintiffs have now provided a supporting affidavit and the requests will each be addressed in turn.

*Defendants Eric Havermann, Miroslava Kotsan, Blaike Koca, and Abdul Rahmanzai.* Plaintiffs attempted to serve these defendants multiple times at residential addresses where each defendant resided or their last known place of employment. All summonses were returned unexecuted.[1] The court finds that Plaintiffs have shown reasonable diligence to serve these defendants and those efforts were unsuccessful. Service was attempted at least twice on each defendant, and three times on Defendant Koca. Plaintiffs attempted to identify alternative residential addresses for these defendants in hopes of completing service.

Pursuant to Neb. Rev. Stat. § 25-517.02, the court will grant Plaintiffs' request for alternative service and authorize service on these defendants by either: (1) leaving the summons and amended complaint at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last known address, with a copy also provided to any attorney believed to represent the defendant; or (2) by publication pursuant to Neb. Rev. Stat. §25-519, with a copy of the complaint and publication materials also provided to any attorney believed to represent the defendant. The court declines Plaintiffs' request to assume counsel represents the defendants in this matter and will not authorize direct service on purported counsel. That said, if the defendants are represented by counsel as

---

[1] Eric Havermann: Filing No. 78, Filing No. 80, Filing No. 144; Miroslava Kotsan: Filing No. 116; Blaike Koca: Filing No. 113; Abdul Rahmanzai: Filing No. 207.

alleged and fail, without good cause, to sign and return a waiver, those defendants may be subject to fees and costs as provided for under Fed. R. Civ. P. 4(d)(2).

*Defendants Nicholas Scalise, David Ekdahl, and Stu Sleeper.* Plaintiffs attempted service on these three defendants at their last known residential address, all of which were returned unexecuted.[2] Plaintiffs now seek leave to serve these defendants by hand delivery and first-class mail at 18101 R Plaza, Omaha, NE 68135, which is the business address of Club180. Plaintiffs' counsel alleges in his supporting affidavit that each of these defendants allegedly work at Club 180 and are often present there. (Filing No. 220, at paras. 58-71). Personal service is of course already authorized under Neb. Rev. Stat. § 25-508.01 and therefore, under Nebraska law, Plaintiffs are entitled to serve these defendants in this manner without alternative service. Therefore, the motion is denied as to these defendants and this additional authorized method of service should first be attempted.

*Defendants Bravo1 Security and Michael Elayan.* Finally, Plaintiffs' counsel alleges in this affidavit that he has attempted service on Elayan, who is the owner and operator of Bravo1 Security. He initially sent the complaint and service waiver to Elayan via email. (Filing No. 220, at para. 73). Then, he sent two separate summonses to Elayan and Bravo1 Security at 2305 South 123rd Ave., Omaha, Nebraska. (Filing No. 124, Filing No. 125). According to the Nebraska Secretary of State website, this is the principal office address of Bravo1 Security, as well as its Registered Agent. Plaintiffs do not indicate they tried any other method of authorized service to serve either of these defendants.

As noted earlier, a corporation may be served by any number of methods, including personal, residence, certified mail, or designated delivery service, "or by leaving the process at the corporation's registered office with a person employed therein, or by certified mail or designated delivery service to the corporation's registered office." Neb. Rev. Stat. § 25-509.01. The court cannot find that Plaintiffs used reasonable diligence to serve these

---

[2] Nicholas Scalise: Filing No. 128; David Ekdahl: Filing No. 88, Filing No. 150; Stu Sleeper: Filing No. 84.

defendants when the record reflects that the summons was only sent to the registered agent one time, without response. Plaintiffs also do not indicate what measures, if any, they took to serve Elayan as an individually named defendant. Plaintiffs must therefore diligently attempt authorized service prior to the court authorizing alternative means of service.

### B. Case Progression

The district court recently granted Plaintiffs' motion for leave to amend and ordered such filing to be made within seven (7) days from the date of the order, or no later than November 13, 2025. The court also referred further case management to the undersigned. Doing so was necessary in light of the multiple filings made in this matter. Indeed, there are to date some 223 filings in a case that has been pending approximately 7 months. Plaintiffs' initial "class action" complaint spanned almost 50 pages, named almost 60 defendants, and asserted over 20 claims for relief. While it appears Plaintiffs are making some effort to narrow down the issues and parties by way of the Second Amended Complaint and dismissals, there have been multiple interim filings that have required the court's attention. Moreover, and as noted above, there are several named defendants that have yet to be served.

Federal Rule of Civil Procedure 1 encourages the just, speedy, and inexpensive determination of every civil action and proceeding. In that vein, and in an effort to better streamline case progression, IT IS ORDERED as follows:

1. Plaintiffs' Motion for Leave for Alternative Service (Filing No. 218) is granted in part and denied in part as set forth herein.
2. Plaintiffs shall request summons and complete service, whether alternative or otherwise, of all remaining named defendants no later than **thirty (30) days** from the date of filing the Second Amended Complaint as previously authorized by the district court. Plaintiffs shall timely file a return of each summons with the court.

3. The deadline for all other defendants previously served (and who have already entered an appearance), to respond to Plaintiffs' Second Amended Complaint, either by answer or other responsive pleading, **shall be stayed until further order of the court** and until all remaining defendants have been served.

4. The deadline for any other defendant not previously served (and who has not yet entered an appearance) to respond to Plaintiffs' Second Amended Complaint shall be governed by Fed. R. Civ. P. 12(a)(1) and the deadlines as set forth in the summons, unless otherwise extended by the court.

5. Plaintiffs' counsel shall file a notice with the court once all defendants have been served, with a listing therein of each defendant served, the date of service, and the method of service, along with a request that the stay as referenced herein be lifted. This filing shall be due no later than seven (7) days from when the last remaining defendant is served.

6. Once the remaining defendants have been served, the court will enter a further scheduling order(s) lifting the stay as referenced above and will address further deadlines at that time.

Dated this 10th day of November, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge