IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, JANE DOE DANCERS #1 – 7, JOHN DOE SECURITY GUARDS #1 – 5, JOHN & JANE DOE CUSTOMERS #1 – 11, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE dba DJ NEXT1, ERIC HAVERMANN, EVRON, INC., SEVEN OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, BRAVO1 SECURITY, INC., MICHAEL ELAYAN, MIROSLAVA KOTSAN, DAVID EKDAHL, JAMES PULL, BLAIKE KOCA, ABDUL RAHMANZAI TOAST, INC., MICHAEL ALAN BEENE.<br><br>Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br>BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT JESSICA RICHARDSON |

**COMES NOW** Defendant, Jessica Richardson ("Richardson") by and through her Attorney of Record, Lynae Tucker Chellew, and submits this Brief in Support of her Motion to Dismiss Plaintiffs' Second Amended Petition pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Defendant, Jessica Richardson, is at issue in this matter based on her alleged actions while operating as a 1099 contractor at the Club 180 private lifestyle club (hereinafter referred to as "Club 180"). Club 180 advertises as a bring-your-own-beverage, members only Club that offers stage and private performances by local and traveling exotic dancers.

Jessica Richardson, known on stage as "Marie," is an experienced exotic dancer with nearly ten years of experience in the adult entertainment industry in Nebraska, Iowa, and Texas. She has worked as an independent contractor at Club 180 for over a year as well as at other similar clubs during the same timeframe. Plaintiffs put forward ten causes of action for the Court's consideration. Of those causes of action, Ms. Richardson is not named in any Cause of Action nor do any of the causes of action plead incorporate the minimal allegations otherwise plead against her.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed the initial Complaint in this matter on April 1, 2025. Filing 1. Defendant Jessica Richardson was not made a party to the suit at that time. On April 24, 2025, Plaintiffs filed their First Amended Complaint which added Defendant Jessica Richardson as a Defendant. Plaintiffs' First Amended Complaint alleged the following:

> 217) Jessica Richardson aka Marie is a Club 180 dancer involved in Defendants' illegal enterprise who has a reputation for drugging customers and overserving them alcohol.
>
> FIRST CAUSE OF ACTION
> WRONGFUL DEATH
>
> 269) Upon information and belief, that night/morning he was drugged by dancer Marie (Jessica Richardson).
>
> 270) Upon information and belief, that night/morning Marie overserved Mr. Brummel large amounts of hard alcohol.

> 271) Upon information and belief, Marie served Mr. Brummel at least 15 shots/ounces of hard alcohol.272) Upon information and belief, Mr. Brummel was served alcohol after he was in a blackout.
>
> 273) In addition to overserving and/or poisoning Mr. Brummel with alcohol, a security guard saw Marie put something in Mr. Brummel's mouth the night of the incident.
>
> 274) Marie had a reputation for drugging customers at Club 180 and the Spearmint Rhino in Carter Lake.
>
> 275) Club 180 and Bravo1 Security knew, or with the exercise of reasonable care, should have known that Marie was drugging and overserving alcohol to customers.
>
> 276) Jessica Richardson aka Marie, was an employee of Club 180 acting in the scope of her employment when she drugged and overserved Mr. Brummel.
>
> ELEVENTH CAUSE OF ACTION
> ASSAULT AND BATTERY
>
> 432) Dancer Marie committed battery by drugging Gordon Brummel

Filing 24, ¶217, 269-276, 432. On May 19, 2025, Defendant Richardson filed a Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Jurisdiction and Failure to State a Claim along with a Brief in Support of Defendant's motion. Filing 102, 103. Defendant Richardson specifically plead Plaintiff's attempts to shoehorn a state law claim for wrongful death into this federal suit were unsuccessful for (1) standing, (2) lack of supplemental subject-matter jurisdiction, and (3) Failure to State a Claim as it relates to the remaining twenty Causes of Action on the face of the First Amended Complaint. Prior to a ruling by this Court, Plaintiffs' sought leave to amend the First Amended Complaint. Filing 169. The Court granted Plaintiffs' Motion. Filing 222. Plaintiffs filed their Second Amended Complaint on November 12, 2025. Filing 225. Plaintiffs' Second Amended Complaint makes only two references which appear to be plead against Defendant Richardson, specifically,

> PATTERN OF ILLEGAL ACTIVITIES AT CLUB 180
> 48) Club 180 and other Defendants have engaged in fraudulent credit card transactions as part of the illegal enterprise, including illegally charging credit cards through the Company Toast under the guise that they are still the Two Fine Irishman Bar & Grill.
>
> DEFENDANTS
> 101) Jessica Richardson ("Marie") is an exotic dancer employed by Club 180 who drugged customers and overserved them alcohol while participating in credit card fraud.

Filing No. 225 ¶48, 101. No further reference to actions taken by Defendant Richardson or damages caused by those actions are plead in Plaintiff's Second Amended Complaint.

## STANDARD OF REVIEW

'[J]urisdiction is power to declare the law,' and '[w]ithout jurisdiction the court cannot proceed at all in any cause.'" *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) (second alteration in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). Federal courts have limited jurisdiction. *See Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 328 (8th Cir. 2016).

### A. Failure to State a Claim.

"Federal Rule of Civil Procedure 8 requires that a complaint present 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Id* citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007)). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id*. "A complaint states a plausible claim for relief if its 'factual content…allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* citing *Iqbal*, 129 S. Ct. at 1949. "[T]he court must take the plaintiff's factual allegations as true." *Id*. This tenet does

not apply, however, to legal conclusions or 'formulaic recitation of the elements of a cause of action'; such allegations may properly be set aside." *Id*. "In addition, some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." *Id*. "Ultimately, evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* citing *Iqbal*, 129 S. Ct. at 1950.

## ARGUMENT

Plaintiffs' pleading fails against Defendant, Jessica Richardson, for Failure to State a Claim on the face of the Second Amended Complaint. For that reason, the Court, in its discretion, should find for Jessica Richardson, and dismiss the Second Amended Complaint against Ms. Richardson in its entirety.

### I. RICO CLAIMS

The Racketeer Influenced and Corrupt Organization Act ("RICO") "provides a private right of action for any person 'injured in his business or property by reason of a violation of [RICO's] substantive prohibitions." *GP Industries, LLC v. Bachman*, 514 F.Supp.2d 1156, 1166 (8th Cir. 2007). "To establish a RICO violation, a plaintiff must allege and prove '(1) the existence of an enterprise (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *Id* citing *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003). "A RICO claim must be pleaded with particularity under Rule 9(b)." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) citing *Nitro Distrib., Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009). The civil remedy provision requires a plaintiff to prove: (1) a violation of a § 1962 prohibited act; (2) injury to business or property; and (3) that the defendant's violation caused the injury.[1]

RICO is not violated by a single, short-term episode of "racketeering." Rather, there must be a "pattern" of racketeering activity—meaning long-term, organized conduct. Jed S. Rakoff & Howard W. Goldstein, *RICO Civil and*

---

[1] See *RJR Nabisco, Inc. v. European Cmty*., 136 S. Ct. 2090, 2096 (2016); see also *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 336-37 (4th Cir. 1996*); Holmes v. Sec. Investor Prot. Corp*., 503 U.S. 258, 268 (1992) (holding that, to prove an injury "by reason of" a defendant's §1962 violation, a plaintiff must prove that the violation was the proximate cause of the plaintiff's injury).

*Criminal Law and Strategy*, § 1.01, at 1-4 (2000 ed.) (quoting S. Rep. 91-617, at 76 (1969) at § 1961(1). Abuse or misuse of Civil RICO claims has a heavy effect on a defendant because of the stigma of RICO claims. The mere assertion of RICO claims may have stigmatizing effect on named defendants.[2] The Seventh Circuit courts have warned against permitting a plaintiff "with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence." See *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008) (Internal citations omitted). See also *Sky Medical Supply Inc. v. SCS Support Claims Services, Inc.*, 17 F. Supp. 3d 207, 220 (E.D.N.Y. 2014) (noting that "plaintiffs wielding RICO almost always miss the mark" which has resulted in "skepticism" toward civil RICO claims).

1. <u>Defendant Richardson did not commit racketeering activity</u>

Section 1961 defines "racketeering activity" broadly to encompass any of the state and federal predicate offenses listed in § 1961(1). Conduct that amounts to garden-variety state-law crimes, torts, and contract breaches does not qualify as "racketeering activity" under RICO.[3] For a claim under § 1962(c), a plaintiff must show, and plead in, how each defendant committed the racketeering activity. The Eighth Circuit held, "[t]he requirements of § 1962(c) must be established as to each individual defendant," and "[t]he focus of § 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise. See *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027-28 (8th Cir. 2008), *cert denied,* 129 S.Ct. 1000, 173 L. Ed. 2d 292 (2009) (quoting *United States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987)). The Supreme Court has affirmatively "ruled out interpretations [of civil RICO's

[2] See *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990).

[3] *Annulli v. Panikkar*, 200 F.3d 189, 192 (3d Cir. 1999) (affirming summary judgment for defendant and holding that theft by deception, breach of contract, and intentional interference with contract were not predicate RICO acts), abrogated on other grounds by *Rotella v. Wood*, 528 U.S. 549, 120 S. Ct. 1075, 145 L.Ed. 2d 1047 (2000); *Stangel v. A-1 Freeman N. Am., Inc.*, No. 01-CV-2198, 2001WL 1669387, at *1 (N.D. Tex. Dec. 27, 2001) (holding that wrongful acts allegedly committed by defendants, including breach of a settlement agreement, did not constitute racketeering activity*); Holland v. Cole Nat'l Corp*., No. Civ. A. 7:04CV00246, 2005 WL 1799540, at *3 (W.D. Va. July 28, 2005) (finding that the defendant's activities "do not threaten the social well-being such that RICO treatment is warranted").

breadth] at either extreme" and "ensured that the outcome of each particular case would rest on a fact-intensive analysis."[4]

Next, because RICO is predicated on criminal conduct, plaintiffs must plead and establish that each defendant intended to engage in the conduct with actual knowledge of the illegal activities. Courts tend to dismiss RICO claims that fail to allege more than one criminal episode or scheme or are overly board.

It should be noted that Plaintiffs did not plead, specifically, which predicate act under section 1962 is alleged against Defendant Richardson, herself. Due to Defendant Richardson not being named within any of the Causes of Action, the predicate act Defendant Richardson has contextualized to be alleged against her are reflected in the Second Amended Complaint, in relevant part, " Club 180 and other Defendants have engaged in fraudulent credit card transactions as part of the illegal enterprise, including illegally charging credit cards through the Company Toast under the guise that they are still the Two Fine Irishman Bar & Grill" and "Jessica Richardson ("Marie") is an exotic dancer employed by Club 180 who drugged customers and overserved them alcohol while participating in credit card fraud." Filing No. 225 ¶48, 101. No further reference to actions taken by Defendant Richardson or damages caused by those actions are plead in Plaintiff's Second Amended Complaint.

Plaintiffs' Second Amended Complaint is not sufficient for the pleading standards of Fed. R. Civ. P. 8. Specifically, Plaintiffs' allegations pertaining to RICO are based upon other individual Defendants' actions. Plaintiffs fail to plead what actions were taken by Defendant Richardson, when those actions were taken, how Defendant Richardson's alleged actions constitute a pattern of racketeering behavior, and what damages were suffered wherein Defendant Richardson's actions were the proximate cause. As plead, the allegations against Defendant Richardson are no more than garden-variety state-law crime, specifically alleging theft and assault. Further, Plaintiffs failed to plead whether Defendant Richardson had actual knowledge of the alleged illegal activity, that Defendant Richardson intended to engage in the alleged conduct, or that more than one criminal episode or scheme can be attributed to Defendant Richardson.

For the above reasons, Plaintiffs' First, Second, Third and Fourth Cause of Action raised under Federal law are not sufficiently plead to survive a motion to dismiss and should therefore be dismissed.

---

[4] *Uniroyal Goodrich Tire Co. v. Mutual Trading Co.*, 63 F.3d 516, 522, 523 (7th Cir. 1995).

**II. All Additional Causes of Action**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Each allegation must also be "simple, concise, and direct." Fed. R. Civ. P. 8(d). The purpose of Rule 8 is to "give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'"[5] A pleading which does not satisfy this standard is considered "shotgun" when it is overly verbose or if it does not "allow a defendant to discern who, specifically, did what and when."[6] The general rule is that a party seeking more clarity in a pleading should seek relief through a motion under Rule 12(e), not Rule 12(b)(6).[7] However, district courts in the Eighth Circuit have occasionally dismissed claims when they are pled against every defendant where the alleged conduct of the specific defendants is meaningfully distinct.[8] Essentially, the Courts have found that the Plaintiffs cannot vaguely plead claims with the hopes of seeing what sticks. Causes of Action numbered One through Ten are such where they appear to be "shotgun" or generically plead against every defendant despite the alleged conduct of Ms. Richardson being meaningfully distinct and notable nominal. For that reason, Defendant, Jessica Richardson, respectfully requests the Second Amended Complaint be dismissed for failure to state a claim and that she be dismissed as a party from this matter.

## CONCLUSION

For the aforementioned reasons, Defendant Jessica Richardson respectfully requests this Court dismiss Plaintiffs' Second Amended Complaint against her in its entirety and dismiss Ms. Richardson as a party to this case.

Dated this 20th day of November, 2025

RESPECTFULLY SUBMITTED,

---

[5] *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).
[6] *Doe v. Univ. of Iowa*, No. 3:22-cv-00001, 2022 U.S. Dist. LEXIS 167137, 2022 WL 4182196, at *1 (S.D. Iowa Sept. 2, 2022).
[7] See 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1356 (4th ed. June 2024) ("Wright & Miller")
[8] See *Qwest Commc'ns Co., LLC v. Free Conferencing*, 990 F. Supp. 2d 953, 969 (D. Minn. 2014) (noting that claims brought against "all defendants" are dismissed when "those defendants

JESSICA RICHARDSON, DEFENDANT

By: *s/Lynae Tucker-Chellew*
LYNAE TUCKER-CHELLEW #27521
Attorney for Defendant
Dornan, Howard, Breitkreutz,
Dahlquist & Klein PC LLO
1403 Farnam Street, Suite 232
Omaha, Nebraska 68102
(402) 884-7044 (phone)
(402) 884-7045 (fax)
Lynae@dltlawyers.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(4), I hereby certify that this brief complies with the word count limitation provided under the rule and further certify that this document was prepared using Microsoft Word 2019, and the word count function was applied to include all text, including the caption, headings, footnotes and quotations. This document contains 2,829 words.

I further certify that no generative artificial intelligence program was used in the drafting of this document, or that to the extent such a program was used, a human signatory of the document verified the accuracy of all generated text, including all citations and legal authority.

*s/Lynae Tucker-Chellew*
Lynae Tucker-Chellew #27521
Attorney for Defendant,
Jessica Richardson

---

appeared to be responsible for discrete actions alleged in the complaint, but the complaint did not identify which defendant took which action")

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2025 I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which automatically sent notification of such filing all attorneys of record. Parties served by the CM/ECF system are as follows:

| | |
|---|---|
| Kimberly Hernandez<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Sarah Houston<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Imagination Industries, Inc.<br>(Plaintiff) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Jane Doe Dancers #1-25<br>(Plaintiffs) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| John & Jane Doe Customers #1-100<br>and all Similarly Situated Residential<br>& Commercial Neighbors of Club 180 | EVAN SPENCER<br>305 Broadway<br>7th Floor |

| | |
|---|---|
| (Plaintiffs) | New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| John Doe Security Guards #1-7<br>(Plaintiffs) | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| James Pull<br>5901 S. 190th Terrace<br>Omaha, NE 68135<br>(Defendant) | RYAN M. KUNHART<br>DVORAK LAW GROUP<br>9500 West Dodge Road<br>Suite 100<br>Omaha, NE 68114<br>(402) 934-4770<br>(402) 933-9630 (fax)<br>rkunhart@ddlawgroup.com |
| Casey Rowe | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Kristen Rozmiarek | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |
| Chuck Streblow | EVAN SPENCER<br>305 Broadway<br>7th Floor<br>New York, NY 10007<br>917-547-4665<br>Evan@EvanSpencerEsq.com |

*s/Lynae Tucker-Chellew*
Lynae Tucker-Chellew #27521
Attorney for Defendant,
Jessica Richardson