IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 - 25, JOHN DOE SECURITY GUARDS #1 - 7, JOHN & JANE DOE CUSTOMERS #1 - 100 and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

v.

CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,

Defendants.

Civil Action No. 8:25-cv-00241

**DEFENDANT ERIC HAVERMANN'S BRIEF IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISQUALIFY PLAINTIFFS' ATTORNEY EVAN SPENCER**

COMES NOW Defendant Eric Havermann ("Mr. Havermann"), by and through his counsel of record, and moves this Court for an order striking Paragraphs 149, 150, and 151 of Plaintiffs' Amended Class Action Complaint (Doc #24) and Paragraphs 95, 166, 175, 176, and 178 of Plaintiffs' Second Amended Complaint (Doc #225) (the "Plaintiffs' Complaints") pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because they contain immaterial, impertinent, and scandalous material.

Additionally, Mr. Havermann moves to disqualify Plaintiffs' Attorney Evan Spencer ("Evan Spencer") because the facts prove that Evan Spencer has committed fraud on the court by fabricating and falsifying evidence and allegations related to Mr. Havermann. In support of these Motions, Mr. Havermann states as follows:

**STANDARD OF REVIEW**

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants." *Laney v. City of St. Louis*, No. 4:18-CV-1575 CDP, 2019 WL 2423308, at *8 (E.D. Mo. June 10, 2019) (quoting *Aldridge v. City of St. Louis*, No. 4:18-CV-1677 CAS, 2019 WL 1695982, at *15 (E.D. Mo. Apr. 17, 2019)).

"Whether an attorney should be disqualified from a case is within the Court's sound discretion." *Drake Univ. v. Des Moines Area Cmty. Coll. Found.*, 748 F. Supp. 3d 708, 712 (S.D. Iowa 2024). "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict judicial scrutiny." *Engineered Prods. Co. v. Donaldson Co.*, 290 F. Supp. 2d 974, 980 (N.D. Iowa 2003). "The 'extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.'" *Drake Univ. v.*

*Des Moines Area Cmty. Coll. Found.*, 748 F. Supp. 3d 708, 712 (S.D. Iowa 2024) (quoting *Macheca Transp. Co. v. Philadelphia Indem. Co.*, 463 F.3d 827, 833 (8th Cir. 2006)). Any "[d]oubts should be resolved in favor of disqualification." *Griffen by Freeland v. E. Prairie, Missouri Reorganized Sch. Dist. No. 2*, 945 F. Supp. 1251, 1253 (E.D. Mo. 1996). But it is the burden of the party seeking disqualification to prove it is necessary. *Id*.

**BACKGROUND**

On April 4, 2025, Plaintiffs filed the Amended Class Action Complaint (Doc. #24) and made the following allegations:

> Defendant Eric Havermann called Plaintiffs' Attorney on the phone at 6:00 pm on March 27, 2025, and threatened the life of Plaintiffs' counsel.

(Doc #24, para. 149).

> Plaintiff's counsel filed a report with the Douglas County Sheriff's Office against Mr. Havermann on March 31, 2025, for violating NRS 28-1310 Intimidation by telephone call or electronic communication which is a Class I Misdemeanor.

(Doc #24, para. 150).

> As of April 18, 2025, the authorities are pursuing charges, and a warrant has been issued for the arrest of Defendant Eric Havermann.

(Doc #24, para. 151).

On November 12, 2025, Plaintiffs filed the Second Amended Class Action Complaint (Doc #225) and made the following allegations:

> Eric Havermann ("Eric") is a partner and/or co-conspirator of Matt and AM314, LLC dba Club 180… After being sued he threatened the life of Plaintiff's counsel, and a misdemeanor warrant was issued for his arrest by the Douglas County Sheriffs office.

(Doc # 225, para. 95).

> Defendants Matt, Eric, and Jim acting individually on behalf of AM314, LLC, Ayden, Miro, Blaike, Nick, David, and Bravo 1 Security, engaged in witness

> intimidation by threatening to send people to the homes of witnesses, parties, and their attorney in this action to kill them to prevent them from testifying.

(Doc #225, para. 166).

> Eric physically threatened Plaintiff's attorney on March 27, 2025, at 6:00 pm.

(Doc #225, para. 175).

> Plaintiff's counsel filed a report with the Douglas County Sheriff's Office against Eric on March 31, 2025, (report #: DCSO2025008565) for violating NRS 28-1310 (Intimidation by telephone call or electronic communication) which is a Class I Misdemeanor, and a warrant was issued for his arrest.

(Doc #225, para. 176).

> On June 6, 2025, Defendant Eric filed a similar retaliatory defamation case in Nebraska state court against Plaintiff's counsel while evading service in this case.

(Doc #225, para. 178).

The statements are blatantly false as the recording of the March 27, 2025, phone call that is the subject of these allegations reveals that no such threats were made by Mr. Havermann. (*see* Exhibit A to Havermann Affidavit) Mr. Havermann has only spoken to Evan Spencer on the phone once and has never physically threatened Evan Spencer or threatened his life, as the recording provides. (Havermann Affidavit para. 5).

A true and correct version of the facts supported by the record are as follows:

On March 24, 2025, Evan Spencer sent a letter to Mr. Havermann, and 20 other individuals, stating that, "I have texts and screenshots from a dancer that was sex trafficked and beaten by Eric Havermann." (Havermann Affidavit para. 3). In response to the letter, on or about March 27, 2025, Mr. Havermann contacted Evan Spencer by telephone and recorded the call. (Havermann Affidavit para. 5). A true and correct copy of the certified transcript of this phone call is submitted in support of this Motion. (Havermann Affidavit para. 6). Despite never physically threatening Evan Spencer or threatening Evan Spencer's life, shortly thereafter, and before April 3, 2024, Evan Spencer

falsely reported to the Douglas County Sheriff's Office ("DCSO") (DCSO2025008565) that Mr. Havermann "threatened to come to his house and kill him" and that [Mr. Havermann] made additional "terrorist threats." (Havermann Affidavit para. 8). In doing so, Evan Spencer committed the crime of "false reporting" as defined in Neb. Rev. Stat. § 28-907.

## ANALYSIS

### A. Certain Allegations Against Mr. Havermann Should Be Stricken From the Complaints

The recording of the phone call shows that Mr. Havermann did not threaten Evan Spencer, threaten to kill Evan Spencer, or threaten the life of Evan Spencer. The recording of the phone call further shows that Mr. Havermann simply informed Evan Spencer and put him on notice that he would be taking valid legal action in response to Evan Spencer's defamatory statements, including suing him for defamation of character, slander, and loss of wages, and that he had retained a local law firm to initiate the lawsuit. Defendant told Evan Spencer, "I will see you in court." In response Evan Spencer said, "Okay, take care." (*see* Exhibit A to Havermann Affidavit).

Clearly, the statements made by Evan Spencer are false statements to the Court, made to damage the personal and professional reputation of Mr. Havermann, in furtherance of his case. As set forth in *Nunes v. Lizza*, 486 F. Supp. 3d 1267 (N.D. Iowa 2020):

> Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones. Matters are immaterial if they have no essential or important relationship to the claim for relief. Similarly, matters are impertinent when they do not pertain to the issues in question. Scandalous matters are those that cast a derogatory light on someone, usually a party, and bear no relation to the controversy or prejudice the objecting party.

486 F. Supp. 3d at 1299 (alteration, citation, and internal quotations omitted).

In *Nunes*, the court struck spurious allegations and personal attacks against the defendant, finding that the allegations were prejudicial to the defendant and had criminal overtones. *Id.* Here, the statements in the Plaintiffs' Complaints (Docs #24 and #225) are entirely immaterial and

impertinent to any of Plaintiffs' claims as the recording of the phone call shows that the statements are blatantly false, and Mr. Havermann never threatened Evan Spencer with anything more than a lawsuit. (*see* Exhibit A to Havermann Affidavit) Furthermore, the statements in Plaintiffs' Motions are clearly scandalous, as they cast Mr. Havermann in a derogatory light, contain entirely made-up material, contain criminal overtones, bear no relation to the controversy, and prejudice Mr. Havermann. *See Nunes*, *supra.* Accordingly, pursuant to Rule 12(f), Mr. Havermann seeks an Order from the Court striking these allegations in Plaintiffs' Complaints in their entirety.

**B. Because He Presented This False Information to the Court Regarding Mr. Havermann, Attorney Evan Spencer Should Be Disqualified From Acting as Plaintiffs' Counsel Against Mr. Havermann**

Mr. Havermann moves the Court to disqualify Plaintiffs' Attorney Evan Spencer. "Disqualification is an ethical, not a legal matter, and is in the public's, as well as the client's, interest." *In re Potash Antitrust Litig.*, No. CIV. 3-93-197, 1993 WL 543013, at 16 (D. Minn. Dec. 8, 1993). "Among the factors to be considered in determining whether attorney conduct warrants disqualification are the Court's duty to maintain public confidence in the legal profession and its duty to ensure the integrity of the judicial proceedings." *Id*. Defendants have the right to a trial free from evidence being unfairly used against them. *Id*. Further, disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial. *Id*. Moreover, "fraud on the court" is defined as "a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *In re NWFX, Inc.*, 384 B.R. 214, 218–19 (Bankr. W.D. Ark. 2008) (quoting *Landscape Prop., Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995)). It must be presented by clear and convincing evidence. *See Landscape Prop., Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995). "Only the 'most egregious misconduct directed to the court itself' justifies a finding of fraud on

the court." *Id*. "Examples of such egregious misconduct include the fabrication of evidence and bribery of a judge or jury." *Id*.

The Nebraska Rules of Professional Conduct provide:

§ 3-503.4. Fairness to opposing party and counsel.

A lawyer shall not:

> (a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
>
> (b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
>
> (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

Here, Defendant's Motion to Disqualify Plaintiffs' Counsel Evan Spencer should be granted because the facts prove that Evan Spencer has committed fraud on the court by fabricating and falsifying evidence and allegations related to Mr. Havermann. It is unclear the purpose of this conduct other than to present such allegations so that they can be unfairly used against Mr. Havermann in the prosecution of this matter. Such allegations materially prejudice Mr. Havermann as they color him as an individual who threatens murder and/or taking the life of another individual in response to a notice of intent to file suit. In truth, the evidence shows, he demonstrated the natural reaction of an individual who is the victim of libel.

Additionally, Evan Spencer has made himself a material witness to these allegations and should be disqualified as counsel for this separate basis.

For these reasons, Evan Spencer should be banned from acting as Plaintiffs' counsel as to their alleged case against Mr. Havermann.

## CONCLUSION

For the reasons stated, above Mr. Havermann respectfully requests that his Motion to Strike and Motion to Disqualify be granted.

Dated this 2nd day of December, 2025.

ERIC HAVERMANN,
Defendant

By: *s/ Maggie L. Ebert*
Maggie L. Ebert, #24394
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Maggie.Ebert@kutakrock.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 2, 2025, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which automatically sent notification to all CM/ECF participants of record.

*s/ Maggie L. Ebert*
Maggie L. Ebert

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(4), I hereby certify that this brief complies with the word count limitation provided under the rule and further certify that this document was prepared using Microsoft Word 2019, and the word count function was applied to include all text, including the caption, headings, footnotes and quotations. This document contains 2,238 words. I further certify that no generative artificial intelligence program was used in the drafting of this document, or that to the extent such a program was used, a human signatory of the document verified the accuracy of all generated text, including all citations and legal authority.

*s/ Maggie L. Ebert*
Maggie L. Ebert