IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et al., | |
| Plaintiffs, | 8:25CV241 |
| vs. | |
| CLUB 180, et al., | ORDER |
| Defendants. | |

    This matter comes before the court on Plaintiffs' Unopposed Motion to Compel Mediation. (Filing No. 256). Plaintiffs' affirmatively state therein that all Defendants have been served, that they contacted counsel and invited them to mediation, and that now is an appropriate time to mediate before the "costly briefing process is imposed upon 24 parties and even costlier and more time consuming discovery and class certification."[1] (Filing No. 256). For the following reasons, the motion is denied.

    As an initial matter, Plaintiffs makes several representations in the motion that cause concern. First, Plaintiffs affirmatively state that all the defendants have now been served, but that is then immediately contradicted by stating that the final three defendants are "being served by publication 11/28/25-12/16/25." (Filing No. 256). The court authorized service by publication pursuant to Neb. Rev. Stat. § 25-517.02 as to Defendants Michael Elaya, Nicholas Scalise, and David Ehkdahl on November 21, 2025. (Filing No. 250).

---

[1] Plaintiffs also state that they would submit a declaration in support of its motion, but no such declaration was filed.

However, pursuant to that section, "service is not 'made' until the third publication, and prior to the third publication, a defendant is 'not served'…" *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 447, 684 N.W.2d 14, 21 (2004). Plaintiffs have not complied with the previous court order requiring notice to be filed with the court confirming that all defendants have been served, nor could they until at least December 16, 2025.

Plaintiffs also erroneously caption the motion as "unopposed," but it appears on the face of the motion there was little effort to engage in any meaningful conferral process, nor does it appear the motion is actually "unopposed." Plaintiffs' counsel represents that he sent an email to all Defendants on November 20, 2025, inviting them to participate in mediation. He then threatened that if they did not respond by November 25, 2025, he would assume there were no objections. But again, three defendants have yet to be served, nor has counsel for those defendants voluntarily appeared. Plaintiffs' counsel then took the defendants' silence as approval (with the exception of Defendant Koca who apparently did oppose), which simply does not constitute a good faith meaningful effort to confer.

Pursuant to Fed. R. Civ. P. 11(b), an attorney's signature on pleadings, written motions, and other papers filed with the court, confirms that the issue is, among other things, "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that the "factual contentions have evidentiary support[.]" It is well established, of course, that sanctions can be imposed if the court determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1). In that vein, the court expressly cautions the parties and their counsel to consider carefully how their filings are captioned and represented to the court, as they are bound by those representations. *See also* Neb. Ct. R. of Prof. Cond. §3-503.3 (Candor toward the tribunal). The court will not hesitate in imposing necessary sanctions for future violations, nor will the court tolerate in this matter unnecessary infighting between the attorneys at the expense of securing a "just, speedy, and inexpensive determination" of this proceeding. Fed. R. Civ. P. 1; *see also* Neb. Ct. R. of Prof. Cond. §3-503.4 (Fairness to opposing party and counsel).

Given the more than 250 filings already made in this case, the court's concerns expressed herein are not without merit.

This is not to say that mediation as proposed by Plaintiffs is a bad idea, and it is certainly encouraged. But the court expects the parties to confer in good faith when discussing those matters. Pursuant to the District of Nebraska's approved mediation plan, "any district, bankruptcy, or magistrate judge may by order refer a case to mediation when the judge determines the nature of the case and the amount in controversy make resolution of the case by mediation a practical possibility." *See* NEGenR 1.2(g). It is highly doubtful that resolution by mediation at this time, especially when not all named defendants have been served, is a practical possibility. Certainly the attorneys may contact one another and have those discussions without the court's involvement, but invoking the court's power to order mediation now seems premature. The request of course can be renewed at the appropriate time and when the court can determine that the nature of the case and the amount in controversy makes resolution by mediation a practical possibility.

Accordingly, Plaintiffs' Motion to Compel Mediation (Filing No. 256) is denied.

Dated this 3rd day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge