UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br><div align=right>Plaintiffs,</div><br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br><div align=right>Defendants.</div> | Case No. 8:25-cv-00241-JFB-RCC<br><br><br><br><br><br>**BRIEF IN OPPOSITION TO DEFENDANT BLAIKE KOCA'S MOTION TO DISQUALIFY** |

## INTRODUCTION

Plaintiffs' counsel should not be disqualified because Plaintiffs' attorney Evan Spencer is not a necessary witness in this case and disqualification would cause substantial hardship to Plaintiffs. Every cause of action in the Second Amended Complaint ("SAC") can be independently proven by Plaintiffs, Defendants, witness, and other sources without the testimony of Plaintiffs' counsel. Furthermore, if Plaintiffs' counsel is disqualified, Plaintiffs will be unable to proceed with their case as no attorney will represent them on a contingency fee basis and Plaintiff cannot afford and/or do not wish to pay attorneys a large retainer fee and hourly rate to litigate this case. Furthermore, Defendants should not be rewarded with the disqualification as a result of their threats to Plaintiffs' counsel.

1

## LEGAL STANDARD FOR DISQUALIFICATION

The moving party bears the burden of proving that disqualification is required. *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 859 (8th Cir. 1995) "Because of the potential for abuse by opposing counsel, 'disqualification motions should be subjected to particularly strict scrutiny.'" *Harker v. Commissioner,* 82 F.3d 806, 808 (8th Cir.1996) (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1050 (9th Cir.1985)). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transp. Co. v. Philadelphia Indem. Co., 463 F.3d 827, 833 (8th Cir. 2006)

"A court cannot order disqualification simply upon the moving party's representation that the lawyer it seeks to disqualify is a necessary witness; the key is the evidence showing that the lawyer is a necessary witness.[7] A party seeking to call opposing counsel can prove that counsel is a necessary witness by showing that (1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere.[8]" Beller v. Crow, 274 Neb. 603, 609, 742 N.W.2d 230, 235 (2007), overruled by Heckman v. Marchio, 296 Neb. 458, 894 N.W.2d 296 (2017) Since any and all material and relevant evidence is available from sources other than Plaintiffs' counsel, Evan Spencer, he is not a "necessary" witness.

## PLAINTIFFS' COUNSEL SHOULD NOT BE DISQUALIFIED

Plaintiffs' counsel should not be disqualified because Plaintiffs' counsel Evan Spencer is not a "necessary" in this case. None of Plaintiffs' 10 causes of action require the testimony of Plaintiffs' attorney. The predicate acts for Civil RICO and the witness intimidation cause of action does not require the testimony of Evan Spencer. The fact that Plaintiffs' attorney has been the victim of intimidation by Defendants does not make him a necessary witness for Plaintiffs to

2

make out a prima facie case. It would be unjust for the Defendants to cause disqualification of Plaintiffs' counsel through their own unethical harassment and threats of Mr. Spencer. That would be an illogical and unfair result. The cause of action for witness tampering and intimidation is independently supported by actions taken against Plaintiff Kimberly Hernandez (by James Pull at the Spearmint Rhino), to Plaintiff Chuck Streblow and others (by Longcor directly) and witness Justine Dubois (by agents of Matthew Longcor). The civil RICO causes of action and all other causes of action are supported by the Plaintiffs, Defendants and witnesses without the necessity of including Plaintiffs' attorney Evan Spencer as a witness. Since Matt Longcor threatened Plaintiffs' counsel through witness Justine Dubois and Plaintiff Chuck Streblow, they can testify to Longcor's conduct if necessary regarding threats against Plaintiffs' counsel.

Plaintiffs' counsel is very familiar with all evidence in this case, but it was all obtained from numerous independent sources, including five Club 180 security guards including Plaintiff Chuck Streblow, several Club 180 dancers including Plaintiff Kimberly Hernandez, Club 180 dancers Skyla, Sienna and Stormie (and many Jane Doe dancers), a Club 180 customer Blechschmidt and other witnesses as well as admissions by Defendants and their employees. On May 22, 2025, Plaintiffs filed the following documents that support Plaintiffs' claims independent of attorney Evan Spencer's testimony (see Index Doc No. 123): affidavits of Plaintiff Chuck Streblow (ECF No. 123-8), Plaintiff Kimberly Hernandez (ECF No. 123-10), Plaintiff Casey Rowe (ECF No. 123-11), Mary Blechschmidt (ECF No. 123-12), Security Guards #1 - #3 (ECF No. 123-13 – 15). Evidence also includes 180 group chat discussing cocaine problem (ECF No. 123-18), Google review of Joe Hunsucker who was drugged and robbed at Club 180 (ECF No. 123-19), police report filed by Club 180 dancer against Defendant

James Pull for sex trafficking (ECF No. 123-20), text messages of dancer Christina Craft (Skyla) (ECF No. 123-21), social media posts regarding sex trafficking at Club 180 (ECF No. 123-22)

In addition, these witnesses have provided incriminating evidence that includes videos and photos of illegal activities at Club 180, including Defendant Matthew Longcor having sexual intercourse with a dancer on stage during operating hours, Longcor receiving oral sex from a dancer next to the stage during operating hours, Longcor giving a young woman cocaine while fondling her, Matt and Ayden Longcor stealing ten singles from hundred dollar bundles, photos of Costco alcohol bottles that were sold and given to customers by Club 180 without a license, copies of fake IDs used by Club 180 dancers, and other illegal and unethical activities. Plaintiffs, Defendants, and witnesses have also provided hundreds of screenshots of Club 180 text messages, videos and social media posts regarding illegal activities at Club 180.

Witness Justine Dubois's affidavit and October 15 – 16, 2025, messages were filed with the Court (ECF No. 202-1, 202-2, and 202-3) and on December 15, 2025, Ms. Dubois' provided a complete affidavit attached as **Exhibit "A"** regarding Defendants' harassment and intimidation of her and all evidence she has obtained from Stormie regarding illegal activities at Club 180 and a drive-by shooting they were involved in. These admissions by Stormie, an employee of Defendants, are very incriminating and plausibly establish all of Plaintiffs' civil RICO causes of action. In addition to the sworn testimony already provided, these Plaintiffs and witnesses can and will provide additional information through discovery and at their depositions. The aforementioned affidavits and evidence only represent a small portion of the testimony and evidence these Plaintiffs and witnesses will provide at depositions and trial.

## PLAINTIFFS' COUNSEL SHOULD NOT BE DISQUALIFED AT PRE-TRIAL STAGE

Even if Plaintiffs' counsel is ultimately disqualified to represent Plaintiffs at trial, he

should not be disqualified at this pre-trial stage of the case:

> "When it comes to disqualifying counsel at the pretrial stage, the Court of Appeals takes a very dim view of such a ruling. *See, e.g., Droste v. Julien,* 477 F.3d 1030, 1035 (8th Cir.2007) (district court abused its discretion in making pretrial disqualification of plaintiffs' counsel, on ground that counsel would likely be a necessary witness; on its face the relevant ethical rule did not apply to pretrial proceedings, and court did not indicate why pretrial disqualification of counsel was necessary or consider whether pretrial disqualification would work a substantial hardship upon the plaintiffs). In *Droste,* the Court of Appeals stressed the following: **"In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the *906 pretrial stage."** Turner v. AIG Domestic Claims, Inc., 823 F. Supp. 2d 899, 905–06 (D. Neb. 2011) (emphasis added)

Therefore, Plaintiffs' counsel Evan Spencer should be permitted to represent Plaintiffs at

a very minimum up until trial. If Defendant Koca would like to file a motion to disqualify upon

conclusion of discovery they should do so at that time.

## DISQUALIFICATION WOULD CAUSE SUBSTANTIAL HARDSHIP

Disqualification of Plaintiffs' counsel would cause a substantial hardship to Plaintiffs as

it would be tantamount to dismissing their claims:

> This exception provides that a lawyer may not be an advocate at a trial where the lawyer is likely to be a necessary witness unless "disqualification of the lawyer would work substantial hardship on the client." Rule 3.7(a)(3). The comment to rule 3.7 guides us in determining whether substantial hardship … will occur upon … disqualification. Specifically, the comment states: [P]aragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.Lundy v. Shelter Mut. Ins. Co., No. A-05-034, 2006 WL 2472723, at *6 (Neb. Ct. App. Aug. 29, 2006)

5

Plaintiffs' counsel retained this case on a contingency fee basis and has not charged his clients for representation. If he is disqualified, Plaintiffs will be unable to pursue their claims as they are either unable or unwilling to pay costly retainer fees and billable hourly rates to law firms to pursue this meritorious litigation to conclusion.

## LACHES

Since Plaintiffs' counsel has acted in good faith for 8 months since the case was filed and Koca's attorney evaded service of process for 8 months and waited 6 months after the filing of the SAC before filing this motion, it should be denied due to Laches. Plaintiffs filed a motion to file the SAC in June 2025. At that time, Koca could have filed a motion to disqualify or strike or informed Plaintiffs' counsel that they disputed certain aspects of it. They didn't do so. Instead, they waited for 6 months, an unreasonably long period of time, before even mentioning it.

## CONCLUSION

WHEREFORE, since Plaintiffs' counsel is not a necessary witness in this case and disqualification would cause substantial hardship to Plaintiffs, Defendant Koca's motion to disqualify or alternatively for an Order to Show Cause should both be denied.

Respectfully Submitted,

December 23, 2025

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 23rd day of December, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

<div align="right">

*/s/Evan Spencer*
Evan Spencer, Esq.

</div>