UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>              Plaintiffs,<br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br>              Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br><br><br><br><br><br>**BRIEF IN SUPPORT OF FRCP RULE 4 MOTION FOR COSTS OF SERVICE OF DEFENDANT KOCA** |

## STATEMENT OF FACTS

On April 2, 2025, Plaintiffs emailed Defendant Koca's attorney Matthew Knipe (matt@libertylawgroup.com) the complaint in this case (ECF No. 1) **(Exhibit "A")** together with a waiver for service of process **(Exhibit "B")**. Koca's attorney ignored this waiver. Thereafter Plaintiffs went to great trouble and expense to serve Defendant Koca. On 4/28/25 (ECF No. 38), Plaintiffs requested a summons for Defendant Blaike Koca. It was issued the same day (ECF No. 49). The summons was returned unexecuted 5/22/25 (ECF No. 113){Costs: $10.19}. From May to November 2025, Plaintiff requested that defense counsel accept service of process but they refused. On 11/4/25 (ECF No. 218), Plaintiffs filed a motion for alternative service of 9 Defendants including Koca. The motion was granted on 11/10/25 (ECF No. 224), and Plaintiffs

1

requested a summons for Koca on 11/12/25 (ECF No. 228) it was issued the same day (ECF No. 234) and returned executed on 11/14/25 (ECF No. 238).

The failure of Defendant Koca to execute the service waiver or accept service of process from the Douglas County Sheriff's Office imposed unnecessary expenses and costs on both Plaintiffs' counsel and the Douglas County Sheriff's Department who made several attempts to serve this Defendant at her place of work. Plaintiffs' counsel had to request and return multiple summonses and was forced to file this motion for costs and a previous motion for alternative service. The 8-month delay by Defendants also damaged and prejudiced Plaintiffs' case.

## **FRCP RULE 4(2)(a)(b) PROVIDES A REMEDY FOR PLAINTIFFS' COSTS**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

   (A) the expenses later incurred in making service; and

   (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

According to the Rule's legislative history, "[t]he purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay," and "[f]airness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense… The Defendant's remaining contentions—namely, that the Motion is premature, and that, in any event, Rule 4(d) does not contemplate an award of attorney's fees—

2

are wholly without merit. As to timeliness, the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit. <u>Double S Truck Line, Inc. v. Frozen Food Exp.</u>, 171 F.R.D. 251, 253–54 (D. Minn. 1997)

### EXPENSES AND ATTORNEY'S FEES

From 4/1/25 until 11/14/25, Plaintiffs attempted to serve Defendant Blaike Koca:

Plaintiffs requested a summons for Defendant Koca on 4/28/25 (ECF No. 38) {0.2 Hours}

Plaintiffs' counsel delivered summons to DCSO for service. {1.0 Hour}

The summons was returned unexecuted 5/22/25 (ECF No. 113). {0.2 Hours}

*Plaintiffs corresponded with two law firms on behalf of Defendant Koca from April to November 2025 on a regular basis and both firms refused to accept service of process.*

Plaintiffs filed a motion for alternative service of 9 Defendants including Koca on 11/4/25 (ECF No. 218). The motion was granted on 11/10/25 (ECF No. 224) 1/9th of 5 Hours {0.5 Hours}

Plaintiffs requested a summons for Koca on 11/12/25 (ECF No. 228) it was issued the same day (ECF No. 234) and served by Plaintiffs' counsel and returned executed on 11/14/25 (ECF No. 238). {0.75 Hours}

Motion dated 12/23/25 for costs {2.0 Hours}

(Costs: Sheriff $10.19 + Amended Complaint copy $6.00}

Total Costs and Fees: 4.65 hours x $500 = $2,325 + $16 = $2,341

WHEREFORE, Plaintiffs request an award of costs in the amount of $2,341, to be paid within 30 days by Defendant Blaike Koca.

|  |  |
|---|---|
| December 23, 2025 | Respectfully Submitted,<br><br>By: /s/ *Evan Spencer*<br>Evan Spencer<br>Evan Spencer Law, PLLC<br>305 Broadway, 7th Floor<br>New York, NY  10007<br>Tel. 917.547.4665<br>Evan@EvanSpencerLaw.com<br><br>ATTORNEY FOR PLAINTIFFS |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of December, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.