UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>                                Plaintiffs,<br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br>                                Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br><br><br><br><br>**BRIEF IN SUPPORT OF<br>FRCP RULE 4 MOTION<br>FOR COSTS OF SERVICE OF<br>DEFENDANTS CLUB 180,<br>AM314, LLC, MATTHEW LONGCOR<br>AND AYDEN LONGOR** |

## INTRODUCTION

On June 4, 2025, the Court granted Plaintiffs' motion for alternative service of process (ECF Nos. 137 and 152) of Defendants Matthew Longcor and AM314, LLC (ECF No 154). That Order states in part, "Plaintiff's request for fees related to service is denied without prejudice to reassertion at a later time," presumably because these Defendants had not yet retained an attorney or entered an appearance. Plaintiff files this motion, brief and affidavit in support of a request for costs and legal fees.

## STATEMENT OF FACTS

On April 2, 2025, Plaintiffs emailed Defendants **(Exhibit "A")** the complaint in this case (ECF No. 1) together with four waivers for service of process for Defendants Club 180, AM314,

1

LLC, Matthew Longcor and Ayden Longcor **(Exhibit "B" – "E")**. Defendants ignored this correspondence. Plaintiffs emailed Longcor's attorney the complaint and service waivers for the landlords April 3, 2025, and they ignored this correspondence as well. Thereafter, Plaintiffs went to great trouble and expense to serve these four Defendants. Summonses were requested for Defendants Matthew Longcor, Ayden Longcor and AM314, LLC on April 3, 2025 (ECF Nos. 6, 9, and 11) and were issued the same day (ECF No. 16). On or about April 3, 2025, Plaintiffs' counsel delivered these summonses together with the complaint to the Douglas County Sheriff's Office for service of process. A new summons was requested and issued on May 7, 2025, for Matthew Longcor (ECF No. 60-61). Summons for AM314, LLC was returned unexecuted on May 10, 2025 (ECF N. 82) and summonses were requested on the same date for Ayden Longcor, AM314, LLC, and Club 180 (ECF Nos. 83, 85-86). These three summonses were issued May 12, 2025 (ECF No. 90). On May 15, and 17 2025, Summonses were returned unexecuted against AM314, LLC, Club 180, and two as to Matthew Longcor (ECF Nos. 94-97). Summons were requested on May 17, 2025, for Matthew Longcor and AM314, LLC (ECF No. 98-99) and they were issued on May 19, 2025 (ECF No. 100). The Summons for Ayden Longcor was returned unexecuted May 22, 2025 (ECF No. 117). Summonses were requested for Matthew Longcor and AM314, LLC on May 26, 2025 (ECF No. 135-136) and summonses were requested for Matthew Longcor and Ayden Longcor on May 28, 2025 (ECF Nos. 142-143). On May 29, 2025, summonses were returned unexecuted against AM314, LLC and Matthew Longcor (ECF No. 148-149). On June 4, 2025, the Court granted Plaintiffs' motion for alternative service (ECF. No 154). Plaintiffs served Defendants AM314, LLC and Matthew Longcor and filed executed summonses with the Court on June 7, 2025 (ECF Nos. 163-164). On June 23, 2025, attorney Ryan Hoffman entered an appearance on behalf of AM314, LLC, Club 180, Ayden Longcor, and

Matthew Longcor, but only after Plaintiffs had gone to great and unnecessary expense and inconvenience.

The failure of Defendants to execute these four waivers or accept service of process from the Douglas County Sheriff's Office imposed great expenses and costs on both Plaintiffs' counsel and the Douglas County Sheriff's Department who made dozens of attempts to serve these four Defendants. Plaintiffs counsel had to request several summonses for each of these four Defendants and file them as unexecuted. This three-month delay by Defendants also damaged and delayed Plaintiffs' case.

### FRCP RULE 4(2)(a)(b) PROVIDES A REMEDY FOR PLAINTIFFS' COSTS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

According to the Rule's legislative history, "[t]he purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay," and "[f]airness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense… The Defendant's remaining contentions—namely, that the Motion is premature, and that, in any event, Rule 4(d) does not contemplate an award of attorney's fees—

3

are wholly without merit. **As to timeliness, the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs** even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit. Double S Truck Line, Inc. v. Frozen Food Exp., 171 F.R.D. 251, 253–54 (D. Minn. 1997) (emphasis added)

## EXPENSES AND ATTORNEY'S FEES

From April 1, 2025, until June 7, 2025, Plaintiffs spent a great deal of time and money attempting to serve Defendants Matthew Longcor, Ayden Longcor, Club 180, and AM314, LLC:

Summonses requested 4/3/25: {0.2 Hours}

Drive to Douglas County Sheriff's Office Delivery 4/3/25: {1.0 Hour]

Summons requested for Longcor 5/7/25: {0.2 Hours}

Summons for AM314, LLC was returned unexecuted on 5/10/25: {0.2 Hours}

Summonses requested for Ayden Longcor, AM314, LLC, and Club 180 5/10/25: {0.5 Hours}

Summonses returned unexecuted against AM314, LLC, Club 180, and two as to Matthew Longcor 5/15/25 and 5/17/25: {0.6 Hours}

Summons requested on 5/17/25 for Matthew Longcor and AM314, LLC: {0.25 Hours}

Summons for Ayden Longcor returned unexecuted 5/22/25: {0.2 Hours}

Summonses requested for Matthew Longcor and AM314, LLC on 5/26/25: {0.25 Hours}

Summonses requested for Matthew Longcor and Ayden Longcor 5/28/25: {0.25 Hours}

Summons returned unexecuted against AM314, LLC and Matthew Longcor on 5/29/25: {0.25 Hours}

Alternative Service Motion (ECF No. 137 and 152) {3.5 Hours}

The Court granted Plaintiffs' motion for alternative service 6/4/25.

Plaintiffs served Defendants AM314, LLC and Matthew Longcor and filed executed summonses with the Court on 6/7/25: {1.0 Hour}

*On June 23, 2025, attorney Ryan Hoffman entered an appearance on behalf of AM314, LLC, Club 180, Ayden Longcor, and Matthew Longcor*

This 12/23/25 motion for costs: {2.5 Hours}

$8.00 cost per failed attempt at service of process plus miles = $120 + $6 per copy ($48) = $168

Total Costs and Fees: $5,450 + $168 = **$5,718**

    WHEREFORE, Plaintiffs request an award of costs in the amount of $5,718, to be paid within 30 days by Defendants Matthew Longcor, Ayden Longcor, Club 180, and AM314, LLC.

December 23, 2025

Respectfully Submitted,

By: /s/ *Evan Spencer*
Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of December, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

    */s/Evan Spencer*
    Evan Spencer, Esq.