UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>                                                       Plaintiffs,<br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br>                                                       Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br><br><br><br><br>**BRIEF IN SUPPORT OF FRCP RULE 4 MOTION FOR COSTS OF SERVICE OF DEFENDANT SCALISE** |

## STATEMENT OF FACTS

On 4/2/25, Plaintiffs emailed Defendant Nicholas Scalise the complaint in this case (ECF No. 1) together with a waiver for service of process **(Exhibits "A - B")**. Scalise ignored this waiver. Thereafter Plaintiffs went to great trouble and expense to serve Defendant Scalise. On 4/3/25 (ECF No. 7), Plaintiffs requested a summons for Defendant Scalise for his place of work at Club 180, 18101 R Plaza, Omaha, NE 68135. It was issued the same day (ECF No. 16). Process servers refused to serve Club 180 because they said it was too dangerous and the Douglas County Sheriff's office was unable to serve Scalise at Club 180 because they only serve from 9:00 am – 5:00 pm when Club 180 is always closed. On 4/23/25, Plaintiffs emailed

1

Nicholas Scalise and his attorney Justine Wayne a copy of the amended complaint, requested a waiver of service and again received no response.

Another summons was requested 4/30/25 (ECF No.50) for the home address of Nicholas Scalise at 13535 Westwood Lane Omaha, NE 68144. It was issued on 5/2/25 (ECF No. 58) and returned unexecuted 5/23/25 (ECF No. 128) when the DCSO could neither serve nor verify the address of Scalise. On 8/7/25, Plaintiffs' counsel sent Scalise an email with approximately 50 noise complaints to 911, regarding the music played primarily by Scalise at Club 180. On 11/4/25 Plaintiffs filed a motion for alternative service of Nicholas Scalise and eight other Defendants (ECF No. 219) and it was granted. On 11/19/25, the summons was returned unexecuted because the owner of Club 180 would not accept service on behalf of his DJ Nicholas Scalise (ECF No. 241). On 11/19/25, Plaintiffs requested leave to serve Scalise by publication (ECF No. 245) which was granted (ECF No. 250) 11/21/25. Plaintiffs filed a notice of service on 12/23/25 (ECF No. 281) including a publication affidavit.

The failure of Defendant Scalise to execute the service waiver or accept service of process from the Douglas County Sheriff's Office imposed unnecessary expenses and costs on both Plaintiffs' counsel and the Douglas County Sheriff's Department who made multiple attempts to serve this Defendant. Plaintiffs' counsel had to request and return multiple summonses and was forced to file this motion for costs and a previous motion for alternative service (ECF No. 218). The 9-month delay by Defendants also damaged and prejudiced Plaintiffs' case. Mr. Scalise denies the validity of the Court Ordered service by publication and he has also been threatening Plaintiffs' counsel with retaliation if this meritorious lawsuit is pursued against him.

## **FRCP RULE 4(2)(a)(b) PROVIDES A REMEDY FOR PLAINTIFFS' COSTS**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

>   (2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
>      (A) the expenses later incurred in making service; and
>
>      (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

According to the Rule's legislative history, "[t]he purpose of this provision is to encourage the prompt return of the form so that the action can move forward without unnecessary delay," and "[f]airness requires that a person who causes another additional and unnecessary expense in effecting service ought to reimburse the party who was forced to bear the additional expense… The Defendant's remaining contentions—namely, that the Motion is premature, and that, in any event, Rule 4(d) does not contemplate an award of attorney's fees—are wholly without merit. As to timeliness, the commentary to Rule 4(d) makes abundantly clear that a defendant's duty to avoid unnecessary costs of service is not related to the merits of the underlying case and, therefore, there is no cause to delay an award of costs even when, as the Defendant here alleges, the Plaintiff's claim is supposedly without merit. <u>Double S Truck Line, Inc. v. Frozen Food Exp.</u>, 171 F.R.D. 251, 253–54 (D. Minn. 1997)

**EXPENSES AND ATTORNEY'S FEES**

From 4/1/25 until 11/19/25, Plaintiffs attempted to serve Defendant Scalise. On April 9, 2025, Scalise's attorney Justin Wayne emailed Plaintiffs' counsel requesting a phone call. The attorneys discussed the case at length, but Wayne never retained the case:

Email and waiver sent to Scalise 4/2/25. {1.0 Hour}

Summons request and issued 4/3/25. {0.25 Hours}

Phone call with Scalise's counsel Justin Wayne 4/9/25. {0.4 Hours}

Email and call process servers. {1.0 Hour}

Plaintiffs' counsel delivered summons to DCSO for service 4/3/25. {1.0 Hour}

Summons request 4/30/25 {0.2 Hours}

Summons issued and delivered to DCSO 5/2/25 {1.0 Hour)

Summons returned unexecuted 5/23/25. {0.2 Hours}

Scalise motion for alternative service 11/4/25 {1.25}

Scalise order for alternative service 11/10/25 {0.2}

Scalise summons requested and issued 11/12/25 {0.25 Hours}

Emails and phone calls for service by publication 11/17/25 {0.5 Hour}

Motion to serve by publication 11/19/25 {1.5 Hours}

Joined Column. Researched and wrote ad for publication 11/24/25 {1.0 Hours}

Received affidavit of service 12/15/25 {0.2 Hours}

Emails with Scalise Regarding Service 12/22/25 {1.0 Hour}

Motion dated 12/23/25 for costs. {1.5 Hours}

Finish motion and brief 12/29/25{0.5 Hours}

(Costs: 13.15 Hours @ $500 = $6,575 + $86.71 + Sheriff $10.19 + Amended Complaint copies 3 x $6.00} <u>Total Costs and Fees</u>: $6,678

     WHEREFORE, Plaintiffs request an award of costs in the amount of $6,678, to be paid within 30 days by Defendant Scalise.

                                                                      Respectfully Submitted,

   December 29, 2025

                                                     By: /s/ *Evan Spencer*
                                                     Evan Spencer
                                                     Evan Spencer Law, PLLC
                                                     305 Broadway, 7th Floor
                                                   New York, NY   10007
                                                   Tel. 917.547.4665
                                                   Evan@EvanSpencerLaw.com

                                                   ATTORNEY FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of December, 2025, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

                                                               <u>/s/Evan Spencer</u>
                                                              Evan Spencer, Esq.