In the United States District Court
For the District of Nebraska

| | |
|---|---|
| Chuck Streblow, Kimberly Hernandez, Imagination Industries, Inc. dba The American Dream Bar, Sarah Houston, Jane Doe Dancers #1–25, John Doe Security Guards #1–7, John & Jane Doe Customers #1–100, and all similarly situated residential and commercial neighbors of Club 180,<br><br>Plaintiffs,<br><br>vs.<br><br>Club 180, AM314, LLC, Matthew Longcor, Ayden Longcor, David Ekdahl, Eric Havermann, James Pull, Michael Alan Beene, Nicholas Scalise dba DJ Next1, Miroslava Kotsan, Blaike Koca, Jessica Richardson, Abdul Rahmanzai, Toast, Inc., Evron, Inc., Seven Oaks Investment Corp., Paul Waggener, Nancy Waggener, Bravo1 Security, Inc., and Michael Elayan,<br><br>Defendants. | Case No. 8:25-cv-241<br><br><br><br>**Blaike Koca's<br>Brief Opposing Plaintiffs'<br>Rule 4 Motion for Costs of<br>Service of Defendant Koca** |

# Table of Contents

Introduction ........................................................................................... 3

Factual Background ............................................................................ 3

Legal Standards ................................................................................... 4

    Fed R. Civ. P. 4(d) and the Court's local rules. .................................. 4

    Waiving or failing to waive service under Rule 4(d). .......................... 4

Argument ............................................................................................. 5

    1.   Plaintiffs never provided any waiver form to Blaike or her counsel. ............................................................................................ 5

    2.   Even if Plaintiffs tried to ask Blaike to waive service, what they provided her to do so was fatally defective. ................................. 6

    3.   Even if Plaintiffs provided a proper waiver form to Blaike, they present no evidence on which the Court can grant them any attorney fees or costs. ................................................................. 8

Conclusion ........................................................................................... 8

Certificate of Compliance .................................................................... 9

Certificate of Service ........................................................................... 9

## Introduction

Blaike Koca submits this brief opposing Plaintiffs' "Rule 4 Motion for Costs of Service of Defendant Koca" and their brief supporting it. (Filing Nos. 284 and 285). Plaintiffs haven't complied with any part of Fed. R. Civ. P. 4(d) in trying to ask Blaike to waive service or their motion for purported fees and costs in serving her. Because Plaintiffs failed to comply, and because they offer no evidence or argument supporting their position and justifying their non-compliance, their motion should be denied.

## Factual Background

Plaintiffs apparently tried to serve Blaike with former versions of their pleadings; those attempts failed. (Filing Nos. 38 and 113). Plaintiffs then did nothing to serve Blaike for about 6 months until ordered to show cause for their inaction. *Compare* (Filing No. 113) *with* (Filing Nos. 214–215 and 218–220).

On November 10, 2025, the Court authorized alternate service on Blaike by leaving and mailing or publication. (Filing No. 224 at 3, 5–6). Shortly after, Plaintiffs filed the Second Amended Complaint (Filing No. 225) and attempted to serve Blaike by leaving and mailing. (Filing No. 238: "I delivered the summons and second amended complaint to the Defendant's last known address 3108 Golden Eagle Circle, Blair, NE 68008 on 11/14/2025 at approximately 5:25 pm. I mailed a copy to the same address by first class mail on 11/17/25."). The service return indicates Evan Spencer, as Plaintiffs' counsel, performed the leaving and mailing. *Id*. It's questionable that this attempted service complied with Nebraska law. *See* Neb. Rev. Stat. §§ 25-506.01 and 25-507. But here we are.

Plaintiffs now move for attorney fees and costs of serving Blaike. (Filing Nos. 284 and 285). They suggest they previously presented someone they say was Blaike's lawyer with a waiver of service form under Fed. R. Civ. P. 4(d), but they offer only argument and no evidence showing that. *See* (Filing Nos. 284 and 285); *see also* NECivR. 7.1(a)(2)(B)–(C) (requiring a separate index of evidence and authenticating affidavit for exhibits offered). As explained below, the

"waiver" form Plaintiffs say they sent Blaike isn't that. *See* Fed. R. Civ. P. [4 appended forms and attachments](); U.S. Courts [Form No. AO 399]() (waiver of the service of summons).

## Legal Standards

**Fed R. Civ. P. 4(d) and the Court's local rules.**

An individual subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. Plaintiffs may notify a defendant that an action has been commenced and request that a defendant waive service of a summons. Fed. R. Civ. P. [4(d)(1)](). The notice and request must:

> (A) be in writing and be addressed:
>
>> (i) to the individual defendant; . . .
>
> (B) name the court where the complaint was filed;
>
> (C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to [] Rule 4, and a prepaid means for returning the form;
>
> (D) inform the defendant, using the form appended to [] Rule 4, of the consequences of waiving and not waiving service;
>
> (E) state the date when the request is sent;
>
> (F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
>
> (G) be sent by first-class mail or other reliable means.

*[Id]()*.

Otherwise, the plaintiff is responsible for completing a summons and arranging service. [NECivR. 4.1]().

**Waiving or failing to waive service under Rule 4(d).**

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A)

Page 4 of 9

the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. Fed. R. Civ. P. 4(d)(2).

## Argument

1. **Plaintiffs never provided any waiver form to Blaike or her counsel.**

	A defendant's duty to avoid unnecessary costs of service exists only where that defendant is notified of an action under Fed. R. Civ. P. 4(d). Because the Plaintiffs didn't notify Blaike as required, they can't recover their fees or costs for serving her.

	Plaintiffs say they sent someone named "Matthew Knipe"— whom they assert was Blaike's "attorney"—the "complaint" and a "waiver for service of process." (Filing No. 285 at 1). They provide no evidence that this happened or that Mr. Knipe has ever been Blaike's lawyer in this case, though they attach an email and a defective, partial waiver form to their brief. *See* (Filing Nos. 285-1 and 285-2) and NECivR. 7.1(a)(2)(B)–(C) (requiring a separate index of evidence and authenticating affidavit for exhibits offered).

	Even if the Court accepts these attachments as evidence when they are not, they don't support the Plaintiffs' motion. The Court's docket shows no entry of appearance by Mr. Knipe as counsel for Blaike. (Filing No. 247). Nothing suggests Mr. Knipe ever agreed to form an attorney-client relationship with anyone in this case, including Blaike. And Plaintiffs provide no reason to think Mr. Knipe acted or had authority to accept service of process for Blaike. See *Leung v. SHK Mgmt., Inc.*, No. CIV. A. 98-3337, 1999 WL 972008, at *2 (E.D. Pa. Oct. 20, 1999) (denying costs of service where nothing in the record before trial court showed defense counsel was authorized to receive or waive service of an amended complaint).

	Going further, Plaintiffs offer nothing showing they asked Blaike individually to waive service of any pleading at any time. *See* Fed. R. Civ. P. 4(d)(1) (plaintiff may notify *a defendant*). This is true for the original complaint and each of its amendments. Their motion fails for this reason alone. See, e.g., *Hy Cite Corp. v.*

*badbusinessbureau.com, L.L.C.*, 418 F. Supp. 2d 1142, 1153 (D. Ariz. 2005) (because Plaintiff did not mail a waiver of service to Defendant as required by Fed. R. Civ. P. 4(d), it was clear error to require Defendant to pay Plaintiff's costs and fees for service).

Though this defect is fatal to Plaintiffs' motion from the start, there are still more reasons to deny it.

## 2. Even if Plaintiffs tried to ask Blaike to waive service, what they provided her to do so was fatally defective.

Compliance with the procedural requirements of Fed. R. Civ. P. 4(d)(1) is a condition precedent to a demand for costs for refusal to waive service. See, e.g., *Davies v. Scott*, No. 6:15-CV-21-ORL-22GJK, 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015) (citing *Spivey v. Bd. of Church Extension and Home Mission of the Church of God*, 160 F.R.D. 660, 662–63 (M.D. Fla. 1995). Even if the Court looks past Plaintiffs' failure of proof noted above, what they say they sent Blaike lacked the content needed to satisfy Rule 4(d)(1).

Without explanation, Plaintiffs failed to:

- Send Blaike:
    - 2 copies of the waiver form appended to Rule 4;
    - A prepaid means for returning the form;
- Sign or complete the "Notice of a Lawsuit and Request to Waive Service of a Summons" they claim they sent Blaike;
- Inform Blaike, using the form appended to Rule 4, of the consequences of waiving and not waiving service;
- Notify Blaike of the date when their request was sent; and
- Serve their request by "first-class mail or other reliable means."

*See* Fed. R. Civ. P. 4(d)(1)(C), (D), (E), and (G); Fed. R. Civ. P. 4 appended forms and attachments; U.S. Courts Form No. AO 399; (Filing Nos. 285-1 and 285-2). Each of these defects provides good cause for Blaike not to waive service.

If a Plaintiff doesn't properly complete a waiver of service form and send it to a Defendant as required by Fed. R. Civ. P. 4(d), Plaintiff's motion for costs and fees associated with serving that

Defendant should be denied. See, e.g., *Jones v. Int'l Ass'n of Bridge Structural Ornamental & Reinforcing Iron Workers*, 864 F. Supp. 2d 760, 775–76 (E.D. Wis. 2012); *Farrell v. Woodham*, No. 2:01-CV-417-FTM29DNF, 2002 WL 32107644, at *5 (M.D. Fla. May 29, 2002). In other words, no costs will be imposed on a defendant if a plaintiff's request to waive service is defective. *Leung v. SHK Mgmt., Inc.*, No. CIV. A. 98-3337, 1999 WL 972008, at *1 (E.D. Pa. Oct. 20, 1999) (citing 1 *Moore's Federal Practice* § 4.13 [1][a] (Matthew Bender 3d ed.)).

Courts have consistently held that when a plaintiff fails to comply with Rule 4(d), this constitutes good cause for a defendant's failure to return a service waiver form. See, e.g., *Spivey v. Bd. of Church Extension and Home Mission of Church of God*, 160 F.R.D. 660, 663 (M.D. Fla. 1995) (finding good cause when plaintiff did not address notice to defendant directly, even though defendant probably knew that it was intended for him); *Mason Tenders District Counsel Pension Fund v. Messera,* No. 95 Civ. 9341(RWS), 1997 WL 221200 (S.D.N.Y. Apr. 1, 1997) (denying costs where plaintiff did not include "prepaid means of compliance in writing" under Rule 4(d)); *Steinberg v. Quintet Publ'g. Ltd. et al.*, 1999 WL 459809, at *2 (S.D.N.Y. June 29, 1999) (good cause shown where plaintiffs failed to meet the requirements in Rule 4(d)); *Leung v. SHK Mgmt., Inc.*, 1999 WL 972008, at *1–*2 (E.D. Pa. Oct. 20, 1999) (motion for service costs denied because plaintiff failed to show that the notice and waiver satisfied Rule 4(d)); *Farrell v. Woodham*, 2002 WL 32107644, at *5 (M.D. Fla. May 29, 2002) (no award of service costs because plaintiff did not comply with the "technical requirements" of Rule 4(d)).

*Frone v. City of Riverdale*, 521 Fed. Appx. 789, 792 (11th Cir. 2013) (per curiam) is a prime example. There, the 11th Circuit found the trial court did not abuse its discretion by denying a plaintiff's motion for service costs under Rule 4(d)(2) where plaintiff sent the individual defendants a document containing the language from Rule 4(d), but no actual waiver form. Even if the Court accepts that Plaintiffs could send Mr. Knipe a waiver form on Blaike's behalf, what they provided didn't satisfy Rule 4(d). What Plaintiffs apparently sent just asked for a waiver of service, without providing the documents

needed to accomplish it. (Filing Nos. 285-1 and 285-2). Thus, Plaintiffs' motion should be denied.

### 3. Even if Plaintiffs provided a proper waiver form to Blaike, they present no evidence on which the Court can grant them any attorney fees or costs.

Setting aside the issues discussed above, Plaintiffs don't support their motion for service fees and costs with any reliable evidence proving the amounts they seek. Local Rule 54.3(b) requires applications for attorney fees and expenses to be supported by "reliable evidence and authority, including affidavits." But Plaintiffs haven't done this either. *See* (Filing Nos. 284 and 285).

Even if the Court considers the attachments to Plaintiffs' brief as evidence when they are not, that "evidence" contains block-billed fee and cost entries lacking meaningful description. *See* NECivR. 54.3(b) (prohibiting block-billing); (Filing No. 285 at 3). Without more information, these block-billed entries lack the content needed to grant Plaintiffs' motion, are unreasonable in amount, and don't give the Court any way to consider "the appropriate criteria in connection with fee applications." *See* id.; NECivR. 54.3(b); Neb. Ct. R. Prof. Cond. § 3-501.5(a)(1) (factors considered in determining reasonable attorney fees); *Thompson v. Kramer*, No. 93-2290, 1994 WL 725953, 1994 U.S.Dist. LEXIS 18650 (E.D. Pa. Dec. 28, 1994) (awarding only $75.00 per defendant that failed to waive service).

Plaintiffs offer no reason to excuse these failures; they too are fatal to their motion. See *Davies v. Scott*, No. 6:15-CV-21-ORL-22GJK, 2015 WL 13310012, at *2 (M.D. Fla. Apr. 14, 2015) (denying a motion for fees and costs under Fed. R. Civ. P. 4(d) where Plaintiff presented no evidence to support his request).

### Conclusion

Blaike Koca requests the Court: (1) deny Plaintiffs' motion and all relief it requests (2) grant her such other or further relief the Court deems just, equitable, or appropriate based on the contents of this document.

By: s/ Michael W. Milone
Michael W. Milone #25800
Koukol Johnson Schmit
& Milone, LLC
3839 South 148th Street, Suite 160
Omaha, Nebraska 68144
mmilone@lifelonglawyers.com
Phone: (402) 934-9499
Fax: (402) 934-7730
Counsel for Blaike Koca

### Certificate of Compliance

I certify that this brief complies with NECivR. 7.1(d)(1), which requires a party's supporting or opposing brief not to exceed 13,000 words. This brief contains **2,326 words**, including all text, captions, headings, footnotes, and quotations in this brief except for this certificate. To determine the word count of this brief, the authors relied on the word count function of their word-processing software, Microsoft Word for Microsoft Office 365 (version 2511; December 30, 2025). I further certify that this brief complies with NECivR. 7.2(d)(2), in that it was not prepared using any generative artificial intelligence programs.

s/ Michael W. Milone

### Certificate of Service

I certify that on December 30, 2025, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. I further certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants: none.

s/ Michael W. Milone