| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOES SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>                          Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALLEN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., 7 OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br>                          Defendants. | CASE NO. 8:25-cv-00241-JFB-RCC<br><br><br><br>**Defendants' Club 180, AM314, Matthew Longcor, and Ayden Longcor Brief Opposing Plaintiffs' Rule 4 Motion for Costs of Service of Defendants.** |

## Introduction

Defendants Club 180, AM314, LLC, Matthew Longcor, and Ayden Longcor submit this brief opposing Plaintiffs' Rule 4 Motion for Costs of Service of Defendants and the supporting brief. Plaintiffs have not complied with Fed. R. Civ. P. 4(d). Because Plaintiffs failed to comply and because no evidence was offered to support the Plaintiffs' Motion for Costs of Service of Defendants.

## Factual Background

Plaintiffs filed their first Complaint on April 1, 2025. (Filing No. 1). An Amended Complaint was filed by Plaintiffs on April 21, 2025. (Filing No. 24). Plaintiffs file a Motion for

Leave to File a Second Amended Complaint on June 9, 2025. (Filing No. 165). The Second Amended Complaint was filed on November 12, 2025. (Filing No. 225).

Plaintiffs attempts to serve the Defendants, Matthew Longcor, Club 180, Ayden Longcor, and AM314, LLC were as follows:

Matthew Longcor

Summons was requested as to Matthew Longcor regarding the first Complaint on April 3, 2025. (Filing No. 6). This First Summons was returned as Unexecuted on May 17, 2025 due to "incorrect address." (Filing No. 96). Summons was requested as to Matthew Longcor regarding the Amended Complaint on May 7, 2025. (Filing No. 60). This was returned as unexecuted on May 17, 2025 due to "incorrect apartment number listed on biennial report." (Filing No. 97). Another Summons was requested as to Matthew Longcor on May 17, 2025 for service of the Amended Complaint. (Filing No. 98). This was returned on May 28, 2025 and May 29, 2025 as unexecuted. (Filing Nos. 142 and 149).

Plaintiffs filed a Motion for Leave for Alternate Service as to Matthew Longcor on May 26, 2025. (Filing No. 137). The Court granted the Motion for Leave, allowing Plaintiffs to serve Matthew Longcore via personal service and a copy by first-class mail, at the business address of AM314, LLC. (Filing No. 154). Plaintiffs returned service on Matthew Longcor on June 4, 2025 by serving the "summons and amended on David Ekdahl, the manager on duty at Club 180. (Filing No. 164).

Ayden Longcor

Summons was requested as to Ayden Longcor on April 3, 2025. (Filing No. 9). Summons was returned unexecuted on May 10, 2025 because of "incorrect address." (Filing No. 79). Summons was requested as to Ayden Longcor on May 10, 2025 for service of the Amended Complaint. (Filing No. 83). This was returned unexecuted on May 22, 2025. (Filing Nos. 117 and 143). No Motions for alternate service were filed regarding Ayden Longcor, nor were there any further attempts at service.

AM314, LLC

Summons was requested as to AM314, LLC on April 3, 2025. (Filing No. 11). Summons was returned unexecuted on May 10, 2025 because of "incorrect address." (Filing No. 82). Summons was requested as to AM314, LLC for service of the Amended Complaint on May 10, 2025. (Filing No. 85). Summons was returned as unexecuted on May 12, 2025 because "agent for service of process is deceased." (Filing No. 94). Summons was requested again as to AM314, LLC on May 17, 2025. (Filing No. 99). The Summons was returned as unexecuted on May 29, 2025. (Filing No. 148). Plaintiffs filed a Motion for Leave for Alternate Service of Process on June 4, 2025. (Filing No. 137). The Court entered an Order granting leave for Alternate Service on June 4, 2025,k by serving AM314, LLC at its "principal office" location. (Filing No. 154).

Rule 4 Motion

Plaintiffs filed a Rule 4 Motion and Brief in Support of the Rule 4 Motion for Costs of Service of Defendants, including Matthew Longcor. (Filing Nos. 286, 287). The Motion alleges that "Defendants Matt and Ayden Longcor, AM314, LLC and Club 180 were provided waivers

April 2, 2025 (Exhibits "A-F") by way of their attorneys and refused to return them without a valid excuse other than causing unnecessary expense and delay." This allegation is not supported by any evidence.

## Legal Standards

**Fed. R. Civ. P. 4(d)**

An individual subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. Plaintiffs may notify a defendant that an action has been commenced and request that a defendant waive a service of summons. Fed. R. Civ. P. 4(d)(1). The notice and request must:

(A) be in writing and be addressed:

      (i)      to the individual defendant;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to Rule 4, and the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and

(G) be sent by first class mail or other reliable means.

*Id*.

Otherwise, the plaintiff is responsible for completing a summons and arranging service. NECivR. 4.1.

**Waiving or failing to waive service under Rule 4(d).**

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2).

## Argument

**1. Plaintiffs never provided a copy of the required Waiver Form to Defendants Matthew Longcor, Ayden Longcor, Club 180, and AM314, LLC.**

If a Plaintiff does not produce admissible evidence showing that the defendant refused to request to waive service, the district court should deny the Rule 4(d)(2) motion. *Mount Vernon Specialty Insurance Co. v. Chippewa Loft LLC*, 2023 WL 2681998 (E.D. Mo., Mar. 29, 2023). A court will not rely solely upon Plaintiffs' assertions in the motion. *Id*.

A defendant's duty to avoid unnecessary costs of service exists only where that defendant is notified of an action under Fed. R. Civ. P. 4(d). Because the Plaintiffs did not notify Matthew Longcor, Ayden Longcor, Club 180, or AM314, LLC as required, they cannot recover their fees or costs of serving the defendants.

Plaintiffs Motion for Rule 4 Costs of Service alleges that "Defendants Matt and Ayden Longcor, AM314, LLC and Club 180 were provided waivers April 2, 2025." (Filing No. 286). Plaintiffs' Brief states that "On April 2, 2025, Plaintiffs emailed Defendants the complaint in this case together with four waivers for service of process for Defendants Club 180, AM314, LLC, Matthew Longcor and Ayden Longcor." (Filing No. 287). The attachments do not comply with the rules, which require evidence to be offered with a separate index of evidence and authenticating affidavits for exhibits offered. NECivR. 7.1(a)(2)(B)-(C).

The attachment to Plaintiffs' Brief shows an email from Evan Spencer to the email addresses "mattlongcor@yahoo.com" and "info@club-180.com". (Filing No. 287-1). The email from Mr. Spencer purports to attach 5 attachments: the Complaint, and Waivers for Club 180, Matthew Longcor, Ayden Longcor, and AM314, LLC. Notably, the "waivers" attached to Plaintiffs' Brief are titled "Notice of a Lawsuit and Request to Waive Service of a Summons." (Filing 287-2 – 287-5).

The Plaintiffs have wholly neglected to conform to any part of Rule 4(d). The "waivers" are not waivers, they are Notices of a Lawsuit, requesting that the Defendants sign a waiver. Rule 4 requires that the notice and request must be accompanied by 2 copies of the waiver form appended to Rule 4. Fed. R. Civ. R. 4(d)(1)(C). The Waiver Form appended to Rule 4 contains the following language:

> "Rule 4 Waiver of the Service of Summons.
>
> (Caption)
> To (name the plaintiff's attorney or the unrepresented plaintiff):
> I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.
> I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.
> I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.
> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.
> Date: _____

_____

(Signature of the attorney or unrepresented party)

_____

(Printed name)

_____

(Address)

_____

(E-mail address)

_____

(Telephone number)"

Defendants Matthew Longcor, Ayden Longcor, Club 180, and AM314, LLC were not served with a copy of any waiver which contains the above required language. Even if this Court determines that Plaintiffs attempted to have Defendants waive service, it should deny the Motion for Costs because Plaintiff has not established compliance with Rule 4(d)(1). *See McCauley v. United States*, 2025 U.S. Dist. LX 58808 (Mar. 26, 2025) (denying costs of service where Plaintiffs do not demonstrate that they provided two copies of the waiver form appended to Rule 4 or a prepaid means to return the waiver form).

## 2. Plaintiffs did not comply with Rule 4 with their request for Defendants to waive service of a summons.

A request to waive service of summons must be accompanied by 2 copies of the waiver form appended to Rule 4, and must contain a prepaid means for returning the form. Fed. R. Civ. P. 4(1)(C). According to Mr. Spencer's own evidence, only one copy of a Notice of a Lawsuit was provided to Defendants – not two copies as required. Plaintiffs did not provide a prepaid means to return the waiver form.

Rule 4(d) requires that the waivers must be sent to Defendants by "first class mail or other reliable means." Fed. R. Civ. P. 4(d)(1)(G). Mr. Spencer's evidence shows that the attempt to obtain waivers was submitted by email, only to Matthew Longcor and Club 180, and provided no prepaid means of returning the "waivers." (Filing 287-2 – 287-5). Courts have determined that parties are unable to recover costs and expenses incurred in serving defendants when the party sends the waiver forms by email, and fails to provide the defendants with a self-addressed, stamped envelope. *Kumaran v. Vision Financial Markets, LLC,* 2020 WL 4926227 (S.D.N.Y., Aug. 20, 2020).

Further, the email relied on by Mr. Spencer was addressed only to Mr. Longcor and contains no purported email addressed to Ayden Longcor. Even if the Court found that the waivers were valid, Plaintiffs cannot prove that Ayden Longcor ever received a copy of the documents that Mr. Spencer sent. Even the "emails" to Matthew Longcor and Club 180 may be defective, as Mr. Spencer cannot establish that those are legitimate emails which would meet the standard of "other reliable means" as required by Rule 4(1)(G).

Finally, the rules require that the Notice and Waiver forms state the date when the request is sent. Fed. R. Civ. P. 4(d)(1)(E). The documents submitted by Mr. Spencer, while not evidence, do not display a date on the Notice of Lawsuit.  (Filing 287-2 – 287-5).

Courts have consistently held that when a plaintiff fails to comply with Rule 4(d), this constitutes good cause for a defendant's failure to return a service waiver form. *Mount Vernon Specialty Insurance Co. v. Chippewa Loft LLC*, 2023 WL 2681998 (E.D. Mo., Mar. 29, 2023); *Kumaran v. Vision Financial Markets, LLC,* 2020 WL 4926227 (S.D.N.Y., Aug. 20, 2020); *McCauley v. United States*, 2025 U.S. Dist. LX 58808 (Mar. 26, 2025).  See also generally *Brief of Defendant Blaike Koca*, pgs. 7-8. (Filing No. 297).

Given the overwhelming showing that Plaintiffs have completely failed to comply with Rule 4(2), this Court should deny Plaintiffs' Rule 4 Motion for Costs of Service on Defendants, with prejudice.

### 3.  Plaintiffs cannot serve waivers to Counsel for Defendants on Defendants' behalf.

Plaintiffs motion states, without even an attempt to provide evidence, that "Plaintiffs emailed Longcor's attorney the complaint and service waivers for the landlords April 3, 2025, and they ignored this correspondence as well." (Filing No. 287). This was allegedly completed the day after Plaintiffs attempted to email Defendants. *Id*.

Courts have determined that Rule 4(d) are clear: a waiver request is to "be addressed. . . to the individual defendant" and "be sent by first-class mail or other reliable means." *McCauley v. United States*, 2025 U.S. Dist. LX 58808 (Mar. 26, 2025) citing: Fed. R. Civ. P. 4(d)(1)(A)(i), (G). McCauley cites additional cases upholding a denial of attorney fees and costs because plaintiff delivered the documents to defense counsel, and not to defendant. *Id*, citing *Smith v. Bradley Pizza, Inc., (Bradley II)*, 314 F. Supp. 3d 1017, 1026 (D. Minn. 2018).

Even if Plaintiffs are able to present admissible evidence showing that Plaintiffs did send Defendants' Counsel copies of the documents, this Court should not find compliance with Rule 4(d) by Plaintiffs, and should not award costs and fees to Plaintiffs.

### 4.  Even if Plaintiffs have provided compliant waivers to Defendants, no evidence has been presented upon which this Court can grant attorney fees or costs.

Local Rule 54.3(b) requires that applications for attorney fees and expenses be supported by reliable evidence and authority, including affidavits. Plaintiffs' only basis for fees incurred are statements in their Brief, which is not authenticated or in affidavit form. (Filing No. 287).

The staring point in determining reasonable attorney fees is the lodestar calculation: the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). The party seeking attorney fees has the burden to prove that its request for attorney fees is reasonable. *Id*. To mee its burden the fee petitioner must submit evidence supporting the hours worked and the rates claimed. *Id*.

Plaintiffs have not submitted any evidence in this matter regarding attorney fees, rather, it has included various fee entries in the Plaintiffs' Brief. (Filing No. 287). Again, this is not

evidence because the statements in the Brief do not comply with the rules, which require evidence to be offered with a separate index of evidence and authenticating affidavits for exhibits offered. NECivR. 7.1(a)(2)(B)-(C).

The entries to not even specify what the "rate" is, so this Court cannot make a determination if the rate is reasonable, even if the Brief was somehow accepted as evidence. The Plaintiffs have offered no evidence and no basis on which this Court can award any amount of fees or costs, even if were able to determine that the Plaintiffs complied with Rule 4(d).

### Conclusion

Defendants Matthew Longcor, Ayden Longcor, AM314, LLC and Club 180 respectfully requests that the Court deny Plaintiffs' motion and requested relief, and grants Defendant such other and further relief the Court deems just, equitable, or appropriate based on the contents contained within Defendants' foregoing Brief.

January 2, 2026

*s/ Kory L. Quandt*
Kory L. Quandt, NE Bar #26618
Ryan M. Hoffman, NE Bar #23183
Bressman, Hoffman, Jacobs & Quandt
3569 Leavenworth Street
Omaha, NE 68105
kquandt@bhjlawyers.com
Tel: (402) 333-4774

### Certificate of Compliance

I certify that this brief complies with NECivR. 7.1(d)(1), which requires a party's supporting or opposing brief to not exceed 13,000 words. This brief contains 2,676 words, including all text, captions, headings, footnotes, and quotations in this brief except for this certificate. To determine the word count of this brief, the author relied on the word count function of his word-processing software, Microsoft Word, part of Microsoft Office Professional Plus 2019.

*s/ Kory L. Quandt*

### Certificate of Service

I certify that on January 2, 2026, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of filing to all CM/ECF participants in this case.

*s/ Kory L. Quandt*