

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2026 JAN 15  PM 2:30

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CLUB 180, *et al.*, <br><br> Defendants. | Case No. 8:25-cv-00241-JFB-RCC <br><br> BRIEF IN SUPPORT OF DEFENDANT NICHOLAS SCALISE'S MOTION TO DISMISS |

Defendant Nicholas Scalise ("Scalise"), appearing pro se, respectfully moves to dismiss all claims asserted against him in the Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' allegations fail to plausibly state a claim for relief against Scalise, and dismissal is therefore warranted.

## I. INTRODUCTION

Plaintiffs bring a sweeping civil RICO action alleging prostitution, sex trafficking, drug trafficking, witness intimidation, and a host of state-law torts arising from the operation of Club 180. Although the SAC spans more than 250 paragraphs and names over twenty defendants, it pleads remarkably few facts concerning Scalise.

As to Scalise, Plaintiffs rely almost entirely on labels ("partner," "co-founder"), incorporation by reference, and conclusory group allegations. The SAC does not plead facts showing that Scalise participated in the operation or management of a RICO enterprise, committed or agreed to commit any RICO predicate act, employed or supervised Plaintiffs, or engaged in competitive or tortious conduct giving rise to liability.

Because the SAC fails to state a plausible claim against Scalise under any cause of action, all claims against him should be dismissed pursuant to Rule 12(b)(6).

Before addressing the merits, Defendant preserves his previously raised objections to personal jurisdiction and service of process in compliance with Rule 12.

## II. PRESERVED RULE 12(b)(2) AND 12(b)(5) OBJECTIONS

### A. Personal Jurisdiction (Preserved)

Defendant previously moved to contest personal jurisdiction and improper service of process. The Court has ruled on those issues and has set a briefing schedule.

Defendant respectfully reasserts his objection to personal jurisdiction solely for purposes of preservation under Federal Rules of Civil Procedure 12(g) and 12(h). Defendant acknowledges the Court's prior ruling and does not relitigate the issue here.

### B. Insufficient Service of Process (Preserved)

Defendant likewise reasserts his objection to the sufficiency of service of process, which was previously raised and ruled upon by the Court. This objection is included solely to preserve Defendant's rights and defenses under Rule 12 and is not reasserted for reconsideration.

### III. RULE 12(b)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must disregard legal conclusions, labels, and formulaic recitations of the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims that rely on generalized allegations against multiple defendants, without specifying each defendant's conduct, fail to satisfy Rule 8 and are subject to dismissal. *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027–28 (8th Cir. 2008).

### IV. ALLEGATIONS CONCERNING SCALISE

Scalise is mentioned sparingly in the SAC. The principal allegations are that he is a "co-founder" or "partner" and the club's DJ; that he earned money as a DJ; that he engaged in sexual conduct with dancers and "tip shamed" them; and that he played music loudly in violation of noise ordinances. The SAC does not allege that Scalise owned Club 180, exercised managerial authority, hired or fired employees, directed criminal activity, committed prostitution, trafficking, or drug offenses, or threatened witnesses or attorneys. These omissions are fatal to Plaintiffs' claims.

### V. RICO CLAIMS FAIL AS TO SCALISE (COUNTS I–V)

#### A. Plaintiffs Fail to Plead Operation or Management

Civil RICO liability under 18 U.S.C. § 1962(c) requires facts showing that the defendant participated in the operation or management of the enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). The SAC pleads no facts showing that Scalise had decision-making authority or directed the affairs of Club 180. Allegations that he provided DJ services, used social media, or associated with other defendants do not satisfy Reves. This defect alone requires dismissal of all substantive RICO claims as to Scalise.

#### B. Counts I–III: No Predicate Acts Are Alleged Against Scalise

In Counts I–III, Plaintiffs expressly identify which defendants allegedly engaged in those activities, and Scalise is not named. Plaintiffs must plead facts showing that the defendant personally committed or agreed to commit predicate acts. *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008).

### C. Count IV: Witness & Attorney Intimidation
No specific act of intimidation is attributed to Scalise. Conclusory assertions of collective responsibility are insufficient under Iqbal. This count must be dismissed as to Scalise.

### D. Count V: RICO Conspiracy
Plaintiffs do not allege that Scalise knowingly agreed to participate in a RICO conspiracy. Count V fails as a matter of law.

## VI. STATE-LAW CLAIMS FAIL AS TO SCALISE
### A. Sexual Harassment (Count VI)
Liability requires employer or supervisory authority. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1078 (8th Cir. 2006). The SAC alleges none as to Scalise.

### B. Theft (Count VII)
Scalise is not named in this count. It should be dismissed as to him.

### C. Negligence (Count VIII)
Under Nebraska law, negligence requires a duty, breach, proximate cause, and damages. *A.W. v. Lancaster Cnty. Sch. Dist.* 0001, 280 Neb. 205, 212, 784 N.W.2d 907, 914 (2010). None are plausibly alleged against Scalise.

### D. Unfair Competition (Count IX)
Unfair competition requires participation in competitive market conduct affecting competition. *Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 559 (8th Cir. 1998). The SAC alleges none as to Scalise.

### E. Nuisance (Count X)
Generalized allegations of noise, without facts establishing control, causation, or unreasonable interference, do not plausibly establish nuisance liability against an individual DJ.

## VII. Plaintiffs Fail to Allege Standing or Proximate Cause as to Scalise (Alternative Grounds)
Even if Plaintiffs had adequately pleaded a statutory violation, they fail to allege that Scalise's conduct proximately caused any injury to Plaintiffs' business or property, as required for civil RICO standing. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992) (holding that the "by reason of" requirement in § 1964(c) incorporates a proximate-cause requirement); *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325 (2016) (civil RICO claim requires an injury to business or property by reason of the violation).

The Second Amended Complaint alleges no direct relationship between any act attributed to Scalise and any cognizable injury suffered by Plaintiffs. Instead, Plaintiffs rely on

3

generalized allegations of enterprise misconduct and seek to impose liability by association. Such derivative and speculative allegations are insufficient to establish standing under RICO and require dismissal.

## VIII. CONCLUSION

Despite extensive amendments, Plaintiffs rely on conclusory labels rather than facts. The SAC does not plausibly plead that Scalise engaged in racketeering activity, managed an enterprise, employed Plaintiffs, or committed actionable torts. All claims against Defendant Nicholas Scalise should be dismissed with prejudice pursuant to Rule 12(b)(6).

DATED: January 15, 2026

Respectfully submitted,

/s/ *[signature]*

Nicholas Scalise, Pro Se Defendant
2711 N. 48th Street
Omaha, NE 68104
Phone: (402) 714-2337
Email: iamdjnext1@gmail.com