IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180, | Case No. 8:25-cv-00241 |
| Plaintiffs, | |
| v. | |
| CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, BLAIKE KOCA, TOAST, INC., EVRON INC., 7 OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, ABDUL RAHMANZAI, | **BRIEF IN SUPPORT OF DEFENDANT JAMES PULL'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Defendants. | |

Defendant James Pull ("Mr. Pull"), by and through his counsel of record, hereby submits this Brief in Support of his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

On April 1, 2025, Plaintiffs initiated a lawsuit in which they broadly asserted twenty causes of action against all Defendants ("Complaint"). As it relates to Mr. Pull, Plaintiffs alleged that "James Pull is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees who resides at 5901 S. 190th Terrace, Omaha, NE 68135." Filing 1, ¶ 168. Plaintiffs also alleged that the Jane Doe Dancers "suffered severe emotional distress at the hands

of Defendants, including Matt, Eric, Chad, Jim and their male friends and customers." *Id.* at ¶ 387.

On April 29, 2025, Plaintiffs filed an Amended Class Action Complaint ("Amended Complaint") in which they broadly asserted twenty-one claims against the Defendants. Filing 24. Of these twenty-one claims, Plaintiffs alleged five claims against Mr. Pull for Civil RICO Violations of (1) Prostitution, (2) Sex Trafficking, and (3) Drug Trafficking, as well as (4) Intentional Infliction of Emotional Distress, and (5) Negligent Infliction of Emotional Distress. *Id.*

On November 12, 2025, Plaintiff filed a Second Amended Class Action Complaint ("Second Amended Complaint"). Filing 225. In the Second Amended Complaint, Plaintiffs allege causes of action against Mr. Pull for Civil RICO Violations of (1) Prostitution, (2) Sex Trafficking, (3) Drug Trafficking, (4) Witness and Attorney Intimidation, and (5) Conspiracy, as well as (6) Sexual Harassment. *Id.*

As evidenced through several of Defendants' motions to dismiss, the Amended Complaint would have been subject to dismissal due to Plaintiffs' failure to state a plausible claim, as well as several pleading and legal deficiencies. Those deficiencies remain in Plaintiffs' filing of the Second Amended Complaint.

All claims asserted against Mr. Pull are subject to dismissal. Plaintiffs lack standing to bring their claims and have failed to state plausible claims against Mr. Pull. Accordingly, Mr. Pull must be dismissed from this lawsuit.

## STANDARDS OF REVIEW

### A.     Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 n.3 (2007)

(quoting Fed. R. Civ. P. 8(a)(2)).  In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"On the assumption that all the allegations in the complaint are true (even if doubtful in fact), the allegations in the complaint must 'raise a right to relief above the speculative level.'" *Twombly*, 550 U.S. at 555-56.  In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id*. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).  Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 554 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 129 S. Ct. at 1950 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'").

### B.   Standing

A court has no subject matter jurisdiction when "a plaintiff lacks standing to sue." *ABF*

*Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). "The irreducible constitutional minimum of standing is that a plaintiff show (1) an injury-in-fact that (2) is 'fairly . . . traceable to the challenged action of the defendant and (3) is likely . . . to be redressed by a favorable decision in court.'" *Battle Sports Sci., LLC v. Shock Dr., Inc.*, 225 F. Supp. 3d 824, 830 (D. Neb. 2016) (citing *ABF Freight Sys., Inc.*, 645 F.3d at 958). "It is well-settled that the plaintiff bears the burden of establishing subject matter jurisdiction." *Nucor Corp. v. Nebraska Public Power Dist.,* 891 F.2d 1343, 1346 (8th Cir. 1989).

### C.   Supplemental Jurisdiction

The doctrine of supplemental jurisdiction is traditionally "a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). As the party asserting subject matter jurisdiction in federal court, Plaintiffs bear the burden of proving that jurisdiction is proper. *See, e.g., Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016).

"When the well pleaded complaint contains at least one claim that satisfies the [original jurisdiction] requirement, the District Court has original jurisdiction," and may exercise its [28 U.S.C.] § 1367 supplemental jurisdiction. *Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013) (citing *Exxon & Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 559, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005)). "[A] federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise." *Crest Constr. II, Inc.*, 660 F.3d at 359; *see* 28 U.S.C. § 1367(a), (c). A district court is afforded broad discretion in determining whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction. *Id.* In the Eighth Circuit, the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed. *Frenchman Cambridge*

4

*Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013).

## ARGUMENT

### I. PLAINTIFFS FAIL TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM AGAINST MR. PULL.

In Plaintiffs' Second Amended Complaint, they make conclusory allegations that "Defendants," including Mr. Pull, were involved in an illegal enterprise, engaged in conspiracy, and participated in illegal sex and drug parties and trafficking. Filing 225, ¶¶ 36, 51, 57, 96, 127, 143, 147, 194. As pleaded, Plaintiffs' allegations are conclusory, egregious, defamatory, and fail to state a claim against Defendants, including Mr. Pull. As this Court noted in its prior Order denying Plaintiffs' Temporary Restraining Order, the Amended Complaint was heavy with salacious factual allegations and Plaintiffs "have altogether failed to establish a likelihood of success on the merits of any of their twenty-one causes of action" to support their request for a temporary restraining order. Filing 130 at 4-5. Similarly, the Second Amended Complaint contains the same legal deficiencies and remains heavy with salacious factual allegations while failing to establish a likelihood of success on any claims.

In the Second Amended Complaint, Plaintiffs fail to allege with specificity how Mr. Pull was involved in any of the alleged misconduct in this case. The Second Amended Complaint is full of conclusory allegations, but there are very few facts pleaded to support the alleged misconduct. District Courts in the Eighth Circuit, including this Court, have criticized the filing of "kitchen sink" or "shotgun" complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. *See Harrington v. Strong*, 363 F. Supp. 3d 984, 993 n.5 (D. Neb. 2019) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011)). The Second Amended Complaint is nothing more than a shotgun complaint where Plaintiffs bring ten causes of action against approximately 21 defendants while failing to

5

plead a plausible claim for relief.[1]

For example, Plaintiffs bring six causes of action against Mr. Pull in which they conclusively allege that Mr. Pull is "a partner, agent and/or co-conspirator of Matt, Chad, Club 180, and its servants, agents, and employees," "sex traffics [sic] Club 180 dancers" in exchange for money and/or cocaine, "solicits dancers to have sex in his hot tub for $500 by text message," "facilitated sex trafficking of young women by recruiting them at local establishments and across state lines in Iowa at the Spearmint Rhino" allowed cocaine consumption and trafficking at Club 180, "engaged in witness intimidation by threatening to send people to the homes of witnesses, parties, and their attorney in this action to kill them to prevent them from testifying," and subjected Plaintiffs and their attorney to severe emotional distress.  Filing 225, ¶¶ 96, 127, 149, 166, 168, 191.

As plead, Plaintiffs fail to state any facts to support a claim for relief against Mr. Pull.  This Court cannot "credit a complaint's conclusory statements without reference to its factual context." *Iqbal*, 556 U.S. at 686.  Plaintiffs' mere formulaic recitation of the elements of a cause of action and generalized salacious allegations that Mr. Pull committed purported wrongs must fail because they are so insufficiently plead as to provide Mr. Pull with any sufficient detail to permit him to defend himself against these claims. *Twombly*, 550 U.S. at 555; *Iqbal,* 556 U.S. at 678. Therefore, Plaintiffs' claims against Mr. Pull must be dismissed.

## II.     PLAINTIFFS FAIL TO PLEAD SUFFICIENT RICO VIOLATIONS.

A RICO claim requires proof that a defendant engaged in a pattern of racketeering activity. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  A RICO claim must be pleaded

---

[1] Since filing the Second Amended Complaint, additional defendants have been dismissed and 15 remain. *See* Filings 307, 315. Plaintiffs filed a Notice of Case Dismissal of additional Defendant, Michael Alan Beene, pending before the Court. Filing 331.

with particularity under Rule 9(b)'s heightened pleading standard. *Id.* at 353; Fed. R. Civ. P. 9(b). "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Id.* at 353; (citing *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir.2011)).

To state a RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). The failure to adequately allege any one of these elements means the entire claim fails. *Crest Constr. II,* 660 F.3d at 355. In order to establish a pattern of racketeering activity, there must be evidence of two or more related acts of racketeering activity that 'amount to or pose a threat of continued criminal activity.'" *Id.* at 356, (quoting *Wisdom v. First Midwest Bank, of Poplar Bluff,* 167 F.3d 402, 406 (8th Cir.1999)). To satisfy the continuity element, a plaintiff must "provide evidence of multiple predicate acts occurring over a substantial period of time (closed-end continuity) or evidence that the alleged predicate acts threaten to extend into the future (open-ended continuity)." *Id.;* (*citing Primary Care Investors, Seven, Inc. v. PHP Healthcare Corp.,* 986 F.2d 1208, 1215 (8th Cir.1993) (holding a scheme lasting ten or eleven months was legally insufficient to establish requisite pattern of racketeering). In order to bring a RICO conspiracy claim under 18 U.S.C. § 1962(d), a plaintiff must show that the alleged co-conspirators knew about and agreed to facilitate a pattern of racketeering activity. *Salinas v. United States,* 522 U.S. 52, 65 (1997).

As set forth above, Plaintiffs bring mere conclusory allegations in support of their RICO violation claims against Mr. Pull. In support of their RICO Prostitution claim, Plaintiffs allege that several Defendants, including Mr. Pull and some of the Club 180 dancers, "have participated in prostitution since December 22, 2023, with each other and customers." Filing 225, ¶ 111.

7

Similarly, in support of their RICO Sex Trafficking claim, Plaintiffs allege that Mr. Pull, along with other Defendants, "facilitated sex trafficking of young women" by recruiting them at local establishments and across state lines, including in Iowa at the Spearmint Rhino, Florida, Nevada, and Chicago. *Id.* at ¶¶ 127, 131. Plaintiffs further allege that a Club 180 dancer filed a report in October 2024 stating that Mr. Pull was sex trafficking her, and claim that Mr. Pull, among other Defendants and non-party dancers, distributed and consumed cocaine at Club 180 in support of their RICO Drug Trafficking Claim. *Id.* at ¶¶ 133, 147.

Plaintiffs also bring a RICO Witness and Attorney Intimidation Claim alleging that Mr. Pull, among other Defendants, "engaged in witness intimidation by threatening to send people to the home of witnesses, parties and their attorney in this action to kill them to prevent them from testifying" and "Pulls' lawyers have also threatened to file an illegal, unethical retaliatory lawsuit against Plaintiffs and their attorney," Filing 225, ¶¶ 166, 179. In addition, Plaintiffs claim that on June 5, 2025, Mr. Pull and his friend/bodyguard Chad went to the Spearmint Rhino in Iowa where Plaintiff Hernandez was working and that Mr. Pull requested a private dance with Plaintiff Hernandez before threatening to kill her children and her lawyer if she pursued this case, and that the Carter Lake Police Department is investigating criminal charges against Mr. Pull for terroristic threats. *Id.* at ¶¶ 180-183.[2]

Lastly, in support of their RICO Conspiracy Claim, Plaintiffs allege Mr. Pull, among other Defendants, "engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, and witness intimidation, by and through the ownership and operation of Club 180[.]" Filing 225, ¶ 194. Plaintiffs' vague allegations are woefully insufficient to plead a RICO claim against Mr. Pull. Plaintiffs' facts, as pleaded, do not establish a pattern of racketeering, an enterprise, or any form

---

[2] As set forth in Mr. Pull's Motion to Disqualify Plaintiffs' Counsel, these allegations are blatantly false and Mr. Pull is not facing criminal charges. *See* Filing 319 at 4 and Filing 320, ¶¶ 9-18.

8

of continuity necessary to survive a motion to dismiss. *Crest Constr. II,* 660 F.3d at 355; *Salinas v. United States,* 522 U.S. at 65. They further fail to establish the "who, what, when, where, and how" requirement under the heightened pleading standard. *Crest Constr. II, Inc.*, 660 F.3d. at 353.

The Second Amended Complaint fails to adequately plead a RICO claim under the broad pleading standards of Fed. R. Civ. P. 8, let alone the heightened standard required under Fed. R. Civ. P. 9(b). Accordingly, Plaintiffs' RICO claims are not sufficiently pleaded and must be dismissed.

### III.   PLAINTIFFS LACK STANDING TO BRING CLAIMS AGAINST MR. PULL.

Plaintiffs must show they have standing for each claim brought and relief sought. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 434 (2017). To establish standing, Plaintiffs must show (1) an injury-in-fact that (2) is 'fairly . . . traceable to the challenged action of the defendant and (3) is likely . . . to be redressed by a favorable decision in court.'" *Battle Sports Sci., LLC,* 225 F. Supp. 3d at 830. In order to have standing for a civil RICO claim, a plaintiff must have suffered an injury in their business or property by reason of a RICO violation. 18 U.S.C. § 1964(c). "[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (citing *Regions Bank v. J.R. Oil Co., LLC,* 387 F.3d 721, 728 (8th Cir.2004)).

As part of their sex trafficking claim, Plaintiffs reference an October 24, 2024, Omaha Police Department report made by a "Club 180 dancer" stating that Mr. Pull was sex trafficking her. Filing 225, ¶ 30, 133. Plaintiffs' failure to specify which "Club 180" dancer made the allegations in the October 2024 report is not a mistake**. Rather, Plaintiffs intentionally omitted this information because the individual is not a Plaintiff but instead is former defendant, Katherine Smith**, who Mr. Pull was in a long-term relationship with for five years. *See* Filing

9

123-20, Ex. T, at 1-4. In support of their Prostitution and Sexual Harassment claims, Plaintiffs fail to specify which, if any, Plaintiffs they allege were injured by Mr. Pull and fail to show proof of concrete financial loss. Instead, Plaintiffs state that several Defendants, including Mr. Pull "and some of the Club 180 dancers have participated in prostitution since December 22, 2023" and Mr. Pull, among other Defendants, sexually harassed Plaintiffs "since Club 180 opened December 22, 2023" and invited Plaintiffs Hernandez and the Jane Doe Dancers to private sex and drug parties at Club 180 and their private homes, which made them feel very uncomfortable." Filing 225, ¶¶ 111, 197, 199.

Accordingly, it is clear that Plaintiffs fail to show an injury-in-fact fairly traceable to Mr. Pull, and Plaintiffs lack standing to bring their Sex Trafficking, Prostitution, and Sexual Harassment claims against Mr. Pull.

Similarly, Plaintiffs lack standing to bring claims against Mr. Pull for Drug Trafficking or Conspiracy, because Plaintiffs fail to plead that they suffered an injury-in-fact traceable to conduct by Mr. Pull. Rather, Plaintiffs broadly allege that Mr. Pull distributes and consumes cocaine at Club 180 and that Plaintiffs have sustained damages "because cocaine is used to trade for sex acts at Club 180, which makes it more difficult for legitimate dancers like [Plaintiff] Hernandez and the other Dancer Plaintiffs to earn monetary tips" and makes it more difficult for Plaintiff American Dream to compete. Filing 225, ¶¶ 162-63. Plaintiffs further broadly allege that Mr. Pull has "engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, and witness intimidation," causing Plaintiffs damages in excess of $5,000,000, with no additional facts to support these allegations. *Id.* at ¶ 194.

In addition, Plaintiffs allege that Mr. Pull engaged in witness intimidation by threatening the lives of "witnesses, parties and their attorney" and that as a result, Plaintiffs have suffered

10

severe emotional distress.  Filing 225, ¶¶ 166, 191.  Plaintiffs lack standing to bring a RICO Witness and Attorney Intimidation claim because their only alleged damage is emotional distress, which is not recoverable under RICO.  *Id., see Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 145 S. Ct. 931, 221 L. Ed. 2d 475 (2025) (holding §1964(c) does not allow recovery for all harms and "by explicitly permitting recovery for harms to business and property, it implicitly excludes recovery for harm to one's person"); *Brown-Austin v. Chambers-Smith*, 2025 WL 2013585, at *5 (S.D. Ohio July 18, 2025) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property.").

Accordingly, Plaintiffs have not suffered an injury and lack standing to bring a Witness and Attorney Intimidation claim against Mr. Pull.  As a result of Plaintiffs' failure to establish that they, or any one of them, suffered an injury traceable to Mr. Pull, Plaintiffs lack standing and their claims against Mr. Pull must be dismissed.

### IV. IN THE EVENT THE COURT FINDS PLAINTIFFS HAVE STATED PLAUSIBLE STATE COMMON LAW CLAIMS, IT LACKS SUBJECT MATTER JURISDICTION OVER SUCH REMAINING CLAIMS.

The district courts may decline to exercise supplemental jurisdiction over claims in which they have original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."  *See* 28 U.S.C. § 1367(c)(3).  In the event this Court finds that the Second Amended Complaint is "well-pleaded" to satisfy the original jurisdiction requirement, this Court would have original jurisdiction over Plaintiffs' RICO claims pursuant to 18 U.S.C. §§ 1960-68.  Without these claims of original jurisdiction, there is no supplemental jurisdiction over any remaining state claims.

Due to Plaintiffs' failure to adequately plead RICO claims, all federal claims against Mr. Pull should be dismissed, leaving behind Plaintiffs' state claim for sexual harassment.  As set

11

forth above, Plaintiffs fail to state plausible claims against Mr. Pull, and they lack standing to bring all of their claims.

However, even if this Court finds that Plaintiffs adequately pleaded their sexual harassment claim against Mr. Pull, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). *See Crest Constr. II, Inc.*, 660 F.3d at 350 (affirming the district court's granting of the defendants' motion to dismiss a RICO claim and declining to exercise supplemental jurisdiction over the remaining state claims). As this Court has previously noted, in the Eighth Circuit "the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed." *Frenchman Cambridge Irr. Dist.*, 974 F. Supp. 2d at 1279 (citing *Bissada v. Arkansas Children's Hosp.,* 639 F.3d 825, 833 (8th Cir. 2011)). Accordingly, if the Court does not dismiss Plaintiffs' claims against Mr. Pull in their entirety, the Court should decline to exercise supplemental jurisdiction over any remaining state claims.

## CONCLUSION

Based on the foregoing, Plaintiffs have failed to state plausible claims for relief against Mr. Pull, and they lack standing to bring such claims. Mr. Pull respectfully requests this Court grant his Motion to Dismiss Plaintiffs' Second Amended Complaint, with prejudice.

Dated this 20th day of January, 2026.

          JAMES PULL, Defendant,

By:   */s/ Ryan M. Kunhart*
       Ryan M. Kunhart, #24692
       Alison C. Griffith, #27557
       Dvorak Law Group, LLC
       9500 W. Dodge Rd., Ste. 100
       Omaha, NE  68114
       402-934-4770
       402-933-9630 (facsimile)
       rkunhart@ddlawgroup.com
       agriffith@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2026 the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants.

          */s/ Ryan M. Kunhart*
          Ryan M. Kunhart