IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180, <br><br>Plaintiffs, <br><br>v. <br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN, <br><br>Defendants. | CASE NO: 8:25-cv-00241 <br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** |

COMES NOW Defendants, Evron, Inc. ("Evron"), Seven Oaks Investment Corporation ("Seven Oaks"), and Nancy Waggener ("N. Waggener"), by and through their undersigned counsel, and for their brief in support of their Motion to Dismiss

Plaintiffs' Second Amended Class Action Complaint for Failure to State a Claim under Rule 12(b)(6) state as follows.

## INTRODUCTION

Within their Second Amended Complaint, Plaintiffs define "Landlord Defendants" as Defendants Evron, Seven Oaks, N. Waggener and Paul Waggener. Doc. #225 at ¶ 1. At Paragraph 107 of the Second Amended Complaint, Plaintiffs allege that N. Waggener is a shareholder of Landlord Corporations.

Plaintiffs, comprising a competitor strip club, a former security guard, a former exotic dancer, a neighbor residing adjacent to Club 180, Jane Doe dancers, John Doe security guards, and John and Jane Doe customers, assert the following causes of action against Landlord Defendants: Civil Rico – Prostitution, Civil Rico – Sex Trafficking, Civil Rico – Drug Trafficking, negligence and nuisance.

In support of their claims against Landlord Defendants, Plaintiffs assert the following allegations:

- The Landlord Defendants were negligent, careless and reckless in allowing a mentally disabled person Paul Waggener to manage a multi-million property.

- As a result of the negligence of the Landlord Defendants, Paul Waggener allowed Matthew Longcor to open and operate a sex and drug trafficking enterprise with his blessing and consent, even after having knowledge of its operation.

- The Landlord Defendants were negligent careless and reckless in failing to screen Matthew Longcor and AM314, LLC, as tenants, as Mr. Longcor already had two out of state judgments in excess of $300,000 and was a widely known drug dealer.

- Landlord Defendants, by and through their attorneys Erickson Sederstrom, were negligent in allowing AM314, LLC to change from a bar and grill to an after-hours strip club.

- The Landlord Defendants' attorney Samuel Clark wrote to Defendant Matthew Longcor on July 27, 2023, that, "The premises have been rented to you for use as a Bar/grill. We assume you can operate your proposed enterprise without deviating from the expectations of that definition." This constitutes an act of legal malpractice as no after-hours strip club without a liquor license can operate as a "bar and grill."

- On March 6, 2024, the Landlord Defendants' attorneys filed a lawsuit to evict AM314, LLC and it was dismissed without an appeal.

- The lawsuit had few details and there were several more grounds for eviction than those pleaded by Erickson Sederstrom.

- For the last year, the Landlord Defendants and their attorneys have knowingly allowed AM314, LLC to operate in violation of its lease and Nebraska law.

- The Landlord Defendants were negligent in failing to inspect the strip club since December 22, 2023, during operating hours and when it was closed.

- The Landlord Defendants and their attorneys were also negligent, careless and reckless in failing to confirm that Defendant AM314, LLC, had liability insurance for their "private club" which opened December 22, 2023.

- It was foreseeable in 2023, when the Landlord Defendants allowed AM314, LLC to turn Two Fine Irishmen Bar & Grill into an after-hours all nude, BYOB strip club with prostitution and drugs, that damages would be caused to Plaintiffs.

- The Landlord Defendants were aware or should have been aware of the negative secondary effects of sexually oriented businesses.

- There were over 50 calls to 911 regarding Club 180 since December 2023, and the Defendant Landlord's took no action to have AM314, LLC ticketed or evicted over the past year when they could have after three violations under the Good Neighbor Ordinance.

- The Landlord Defendants had actual and constructive notice of dangers posed by their tenants at 18101 R Plaza, Suite 107, Omaha, 68135.

Doc. # 225 at ¶¶ 59-72.

For the reasons articulated below, these allegations are insufficient to state a claim upon which relief can be granted against Defendants Evron, Seven Oaks and N. Waggener.

## ARGUMENT

### I. STANDARD OF REVIEW

In reviewing a motion under Rule 12(b)(6), the Court accepts as true all factual allegations in the light most favorable to the nonmoving party. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (citing *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014)). However, the Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts. *Id.* (citing *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990)).

"'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' 'Courts must not presume the truth of legal conclusions couched as factual allegations.'" *Jones v. City of St. Louis*, 104 F.4th 1043, 1046 (8th Cir. 2024) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013)).

"'Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading.' Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in a complaint and whose

authenticity no party questions, but which are not physically attached to the pleading.'" *Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) (internal citations omitted).

## II. PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD ANY RICO CLAIMS AGAINST LANDLORD DEFENDANTS.

"Section 1964(c) of the RICO Act provides that '[a]ny person injured in his business or property by reason of a violation of section 1962' may sue for threefold the damages sustained." *TNT Amusements, Inc. v. Torch Elecs., LLC*, No. 4:23CV330 JAR, 2024 U.S. Dist. LEXIS 33302, at *6 (E.D. Mo. Feb. 26, 2024). "Thus, '[a] civil RICO plaintiff must show injury "by reason of" a RICO violation, that is, injury "both factually and proximately caused" by the violation.'" *Id.* (quoting *UMB Bank, N.A. v. Guerin*, 89 F.4th 1047, 1053 (8th Cir. 2024 (citing *Regions Bank v. J.R. Oil Co. LLC*, 387 F.3d 721, 728 (8th Cir. 2004))).

> Proximate causation requires "some direct relation between the injury asserted and the injurious conduct alleged." "A link that is too remote, purely contingent, or indirect is insufficient." If an alleged loss "could have [occurred] for any number of reasons unconnected to the asserted pattern of fraud," proximate cause does not exist. Put differently, if an alleged set of predicate acts did not lead "'directly to the plaintiff's injuries' . . . [Plaintiff has] failed to meet RICO's 'requirement of a direct causal connection between the predicate offense and the alleged harm.'"

*TNT Amusements*, 2024 U.S. Dist. LEXIS 33302, at *6-7 (internal citations omitted).

Each of the Plaintiffs lack standing to assert a RICO claim because they have failed to allege sufficient facts to show some direct relation between any injuries asserted and the injurious conduct alleged. *Meccatech, Inc. v. Kiser*, No. 8:05CV570,

5

2008 U.S. Dist. LEXIS 30829, at *24 (D. Neb. Apr. 15, 2008) ("To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation.")

Additionally, Plaintiffs have failed to comply with the heightened pleading requirements under Rule 9(b).

> A RICO claim must be pleaded with particularity under Rule 9(b). "Under Rule 9(b)'s heightened pleading standard, allegations of fraud . . . [must] be pleaded with particularity. In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story."

*Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quoting *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011)). The only allegations against Landlord Defendants to support Plaintiff's civil RICO claims are Plaintiffs' conclusory allegations that Landlord Defendants had "actual and constructive notice" of co-Defendants' prostitution, sex trafficking and drug trafficking. Doc. #225 at ¶¶ 114, 135, 155. These conclusory allegations fail to meet the heightened pleading requirements of Rule 9(b).

Moreover, to sufficiently plead a RICO claim against Landlord Defendants, Plaintiffs must allege that Landlord Defendants have engaged in a "'pattern of racketeering activity' [which] requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity." 18 U.S.C.S. § 1961(5); *see H. J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232, 109 S. Ct. 2893, 2897 (1989) ("In order to prove a pattern of racketeering activity, a plaintiff or prosecutor must show at

least two racketeering predicates that are related *and* that amount to, or threaten the likelihood of, continued criminal activity.") The Second Amended Complaint is lacking any factual allegations to support that Landlord Defendants have engaged in a pattern of racketeering activity as defined by 18 U.S.C.S. § 1961(1).

For each of the above and foregoing reasons, Plaintiffs have failed to sufficiently plead any civil RICO claims against Landlord Defendants.

### III. PLAINTIFFS HAVE FAILED TO ALLEGE AN ACTIONABLE CLAIM FOR NEGLIGENCE AGAINST LANDLORD DEFENDANTS.

Should the Court dismiss the civil RICO claims against Landlord Defendants, the only remaining claims against Landlord Defendants are Plaintiffs' claims of negligence and nuisance. No claims involving federal law will remain. Accordingly, it is within the Court's discretion to decline to exercise supplemental jurisdiction over Plaintiffs' claims of negligence and nuisance. *See Ehlers v. City of Rapid City*, 846 F.3d 1002, 1013 n.5 (8th Cir.2017) ("A district court generally has discretion to decline to exercise supplemental jurisdiction where it has dismissed all the claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009)).

However, in the event the Court exercises its supplemental jurisdiction, Plaintiffs' claims of negligence and nuisance are still subject to dismissal for failure to state a claim upon which relief can be granted. "For actionable negligence to exist, there must be a legal duty on the part of the defendant to protect the plaintiff from injury, a failure to discharge that duty, and damage proximately resulting from such undischarged duty." *Brown v. Soc. Settlement Ass'n*, 259 Neb. 390, 393,

610 N.W.2d 9, 11 (2000) (citing *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999)).

Here, Plaintiffs comprise the following categories of individuals: 1) current and former employees of Club 180; 2) Imagination Industries, Inc., a competitor of Club 180; 3) Sarah Houston, a resident residing adjacent to Club 180; and 4) John and Jane Doe customers of Club 180. Within their negligence claim, Plaintiffs allege as follows:

- The Landlord Defendants were negligent, careless and reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants.
- The Landlord Defendants' attorneys committed legal malpractice by failing to properly plead and litigate their eviction lawsuit against Club 180, which had no legal right to operate as a "Bar & Grill" or make over $2,500 in unauthorized renovations.
- The Landlord Defendants have been negligent in failing to use the 50 calls to 911 over the past 16 months as a basis for eviction.
- The Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants.
- Landlord was negligent in failing to require tenant to maintain $2 million per incident in liability insurance in accordance with their lease.
- The Landlord Defendants were also negligent in allowing elderly Defendants Paul and Nancy Waggener to manage their properties, including 18101 R Plaza in Omaha, rather than hiring a property management company.

Doc. # 225 at ¶¶ 216-221.

Plaintiffs' negligence claim fails as to the Landlord Defendants because Landlord Defendants owe no legal duty to Plaintiffs. "Generally speaking, our

premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land." *Sundermann v. Hy-Vee, Inc.*, 306 Neb. 749, 765, 947 N.W.2d 492, 504 (2020).

To establish a premise liability claim, Plaintiffs must be able to prove the following elements:

> (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

*Sundermann*, 306 Neb. at 766, 947 N.W.2d at 504-05. Plaintiffs' allegations that the Landlord Defendants were negligent "in failing to use 50 calls to 911 over the past 16 months as a basis for eviction," "were warned about the illegal activities taking place shortly after Club 180 opened, yet they took no action to evict their tenants," "in failing to require tenant to maintain $2 million per incident liability insurance in accordance with their lease," and "in allowing elderly Defendants Paul Waggener and Nancy Waggener to manage their properties," are insufficient to state a viable claim for negligence against Landlord Defendants.

### a. Landlord Defendants Owe No Duty to Plaintiffs to Evict Club 180.

Whether a commercial landlord is entitled to evict its tenant is a matter of contract. *AVG Partners I, LLC v. Genesis Health Clubs of Midwest, LLC*, 307 Neb. 47, 55-56, 948 N.W.2d 212, 225 (2020) ("A lease is a species of contract for the possession and profits of land and tenements, either for life or for a certain period of time, or during the pleasure of the parties.") For Landlord Defendants to have a duty to Plaintiffs to evict Club 180, Plaintiffs would have to be intended third-party beneficiaries of the Lease.

> "'A third-party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promisor and promisee. The right of a third party benefited by a contract to sue thereon rests upon the liability of the promisor, which must affirmatively appear from the language of the instrument when properly interpreted or construed; and the liability so appearing cannot be extended or enlarged on the ground alone that the situation and circumstances of the parties justify or demand further or other liability. . . .'"

*Props. Inv. Grp. v. Applied Commc'ns, Inc.*, 242 Neb. 464, 470, 495 N.W.2d 483, 488 (1993) (quoting *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 639, 419 N.W.2d 518, 520 (1988)). However, the Lease is devoid of any language indicating that any of the Plaintiffs were intended third-party beneficiaries. Doc. #105 at ¶ 2, Ex. A.

Likewise, the lease requirement that required tenant to maintain a $2 million per incident liability insurance policy is for the benefit of the landlord. Specifically, Section 8.2 of the Lease states that "Tenant shall obtain and keep in force with respect to the Premises comprehensive public liability insurance in form customarily written *for the protection of owners, landlords, and tenants of real estate, with Landlord and Tenant as named insureds*, which insurance shall provide

coverage of not less than $2,000,000.00 for each occurrence of bodily injury, death or property damage. Doc. # 105 at ¶ 2, Ex. A at Section 8.2 (emphasis added). There is nothing within this provision itself, or any language elsewhere in the Lease, indicating that Plaintiffs are intended third-party beneficiaries. *Id.* Thus, the Landlord Defendants owe no duty to Plaintiffs to assure that Club 180 was maintaining insurance as required per the terms of the Lease.

Landlord Defendants' attorneys also owe no duty to Plaintiffs. "[I]n Nebraska, while a lawyer owes a duty to his or her client to use reasonable care and skill in the discharge of his or her duties, this duty ordinarily does not extend to third parties, absent facts establishing a duty to them. *Lecher-Zapata v. QBE Ins. Corp.*, No. 4:19-CV-3053, 2020 U.S. Dist. LEXIS 93756, at *12 (D. Neb. May 29, 2020) (citing *Perez v. Stern*, 279 Neb. 187, 777 N.W.2d 545, 550 (Neb. 2010)). "[T]he starting point for analyzing an attorney's duty to a third party is determining whether the third party was a direct and intended beneficiary of the attorney's services." *Lecher-Zapata* at *12. A third party who is adverse to the attorney's client cannot be a beneficiary of the attorney's services. *Id.* Clearly, Plaintiffs are adverse to Landlord Defendants; thus, Landlord Defendants' attorneys owed no duty Plaintiffs.

Furthermore, the allegation that Landlord Defendants were negligent in allowing alleged elderly Defendants Paul Waggener and N. Waggener to manage their properties, including 18101 R Plaza, in Omaha is irrelevant to the issue of whether Landlord Defendants owed a duty to Plaintiffs. As explained above,

Landlord Defendants' duty only arises if there was an injury caused by a condition on the land that the Landlord Defendants knew of and was the proximate cause of damage to lawful visitors. *Sundermann,* 306 Neb. at 766. The Landlord Defendants owe no duty to manage the property or evict Club 180 for the benefit of Plaintiffs.

### b. Plaintiffs Failed To Allege Facts Showing Landlord Defendants Had Knowledge of a Specific Condition or Activity that was the Proximate Cause of Damage to Plaintiffs.

The only allegation that comes anywhere close to an allegation regarding a condition or activity on the land is Plaintiffs' allegations contained in Paragraph 216 of the Second Amended Complaint: "The Landlord Defendants were negligent, careless and reckless in allowing their property to serve as a home for drugs, sex trafficking, underage alcohol consumption, and the unlicensed sale of alcohol, while receiving rent payments from the tenant Defendants." However, that allegation is still woefully insufficient to give rise to a duty owed by Landlord Defendants to Plaintiffs.

While Plaintiffs allege "the Landlord Defendants were warned about the illegal activities taking place shortly after Club 180 opened," significantly, they fail to allege what specific conditions the Landlord Defendants were aware of or should have been aware of. Plaintiffs also fail to allege facts to support that Landlord Defendants should have realized the specific condition involved an unreasonable risk of harm; that the Landlord Defendants should have expected Plaintiffs either would not discover or realize the danger; or that the Landlord Defendants failed to

use reasonable care to protect Plaintiffs[1] against the danger. *Sunderman,* 306 Neb. at 766.

For example, in *S.I. v. Cutler*, 246 Neb. 739, 744-45, 523 N.W.2d 242, 245 (1994), the Nebraska Supreme Court, remanding for further proceedings, found that a landowner *could* be liable to an injured party based on the following allegations:

> that the assailant and other unknown persons had assaulted or otherwise threatened the [landowner's] business invitees on other occasions; that the [landowner's] knew or should have known that the assailant had been standing in the entrance of the building since 8 a.m. on July 5 and had previously been ejected from the building by a security guard for loitering; and that the assailant had assaulted patrons of the [landowner's] building several times prior to the attack on her….that the [landowner's] security guard knew that the assailant had been observed loitering around the building for 3 to 4 months and, specifically, had been observed 3 or 4 days prior to the attack on her.

*Id.* at 740. Unlike *Cutler*, Plaintiffs have failed to allege any facts showing any knowledge by Landlord Defendants of any specific condition, facts showing that Landlord Defendants failed to use reasonable care, or facts showing that the Landlord Defendants' failure to use reasonable care was the proximate cause of injury to Plaintiffs as lawful visitors of Club 180.

### c. Duties Allegedly Owed by Landlord Defendants Could Not be the Proximate Cause of Damage to Plaintiffs.

Even if Landlord Defendants had a duty to Plaintiffs to attempt to evict Club 180, Plaintiffs cannot show that any breach of the Landlord Defendants' duty is the proximate cause of any damage to Plaintiffs.

> To establish proximate cause, the plaintiff must show that "(1) [w]ithout the negligent action, the injury would not have occurred,

---

[1] Additionally, Plaintiffs Imagination Industries, Inc., a competitor, and Sarah Houston, a neighboring property owner, do not meet the definition of lawful visitors of Club 180.

13

>commonly known as the 'but for' rule; (2) the injury was a natural and probable result of the negligence; and (3) there was no efficient intervening cause."

*Pals v. Weekly*, 12 F.4th 878, 881 (8th Cir. 2021) (quoting *Wilke v. Woodhouse Ford Inc.*, 278 Neb. 800, 774 N.W.2d 370, 382 (Neb. 2009)). The injuries allegedly suffered by Plaintiffs were not proximately caused by the Landlord Defendants' inaction or failure to evict. Rather, as alleged by Plaintiffs, Plaintiffs' injuries were proximately caused by the actions of other Defendants or third persons engaged in the activities described in Plaintiffs' Second Amended Complaint.

### IV. PLAINTIFFS' NUISANCE CLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In their Second Amended Complaint, Plaintiffs allege that Defendants received "noise complaints," that "Defendants individually, and their friends and customers, drive hundreds of motor vehicles and motorcycles in and out of the Club 180 parking lot every week between, particularly after midnight, disturbing Plaintiff Sarah Houston and the entire neighborhood," that Defendants maintain an outdoor smoking area with lights that disturb the neighbors, and that Defendants litter the Club 180 parking lot and local properties with beer bottles, cigarette butts, urine, cans and other garbage and debris. Doc. #225 at ¶¶ 243-247. Plaintiffs further allege that Neighbor Plaintiff's property values have been lowered and have suffered damages by way of personal disturbances and lost use and enjoyment of their properties. *Id.* at ¶¶ 248-249. As to Landlord Defendants, Plaintiffs allege the "Landlord Defendants had actual and constructive notice of the nuisance caused to

14

the neighborhood and loss of property values to residential and commercial properties, yet neither they nor their attorneys took action." *Id.* at ¶ 250.

"To justify the abatement of a claimed nuisance, the annoyance must be such as to cause physical discomfort to one of ordinary sensibilities." *Johnson v. Knox Cnty. P'ship*, 273 Neb. 123, 132, 728 N.W.2d 101, 108 (2007). "Furthermore, with respect to a nuisance in the context of an action in equity, the invasion of or interference with another's private use and enjoyment of land need only be substantial." *Omega Chem. Co. v. United Seeds*, 252 Neb. 137, 143, 560 N.W.2d 820, 825 (1997). Plaintiff Sarah Houston, the only Plaintiff arguably with standing to pursue a nuisance claim, has failed to allege facts to support that the alleged noise, lights or debris from Club 180 have caused her physical discomfort or facts to support that the invasion or interference with the private use and enjoyment or her property has been substantial. Rather, Plaintiffs have merely alleged in a conclusory manner that Plaintiff Sarah Houston has been "disturbed" and that property values have been impacted. These conclusory allegations are insufficient to support a private claim of nuisance.

Moreover, with respect to the Landlord Defendants, Plaintiffs merely allege that "[t]he Landlord Defendants had actual and constructive notice of the nuisance caused to the neighborhood and loss of property values to residential and commercial properties, yet neither they nor their attorneys took action." Once again, these conclusory allegations are insufficient to state a nuisance claim against the Landlord Defendants.

15

> Mere ownership of real property imposes no responsibility for a nuisance on it, unless the owner is instrumental in causing the nuisance. A tenant in possession is liable for a nuisance by him created on the premises of his landlord, but the landlord is not liable for such a nuisance created by his tenant, unless the landlord authorized or contributed to the causing or maintaining of the nuisance.

*Kaiser v. W. R/C Flyers, Inc.*, 239 Neb. 624, 629, 477 N.W.2d 557, 560-61 (1991) (quoting *City of Omaha v. Hugh Murphy Construction Co.*, 114 Neb. 573, 577, 208 N.W. 667, 668 (1926)). Assuming for the sake of the argument only that Plaintiffs have otherwise sufficiently pled a cause of action for nuisance, Plaintiffs failed to allege facts supporting that the Landlord Defendants authorized or contributed to the causing or maintaining of the nuisance.

Directly to the contrary, Plaintiffs allege that Landlord Defendants filed a lawsuit to evict AM314, LLC. Doc. #225 at ¶ 64. Thus, the fact that the Landlord Defendants attempted to evict Club 180 demonstrates that the Landlord Defendants did not authorize or contribute to any alleged nuisance. Having failed to plead facts to support that the Landlord Defendants authorized or contributed to the causing or maintaining of any alleged nuisance, Plaintiffs' nuisance claim against Landlord Defendants should be dismissed.

### V. PLAINTIFFS' SECOND AMENDED COMPLAINT IS DEVOID OF ANY FACTUAL ALLEGATIONS TO SUPPORT A CLAIM AGAINST N. WAGGENER.

While Plaintiffs included N. Waggener as an individual Defendant, Plaintiffs' Second Amended Complaint is devoid of any allegations regarding any conduct of N. Waggener to support claims against her. The only allegation pertaining to N.

16

Waggener is the allegation that N. Waggener is a shareholder of "Landlord Corporations." Doc. #225 at ¶ 107. Having failed to allege any facts to support a claim for relief against N. Waggener individually, N. Waggener should be dismissed as an individual Defendant.

## CONCLUSION

For the foregoing reasons, Defendants Evron, Inc., Seven Oaks Investment Corporation, and Nancy Waggener respectfully request that this Court enter an order sustaining their motion to dismiss and dismiss the claims set forth in the Second Amended Class Action Complaint with prejudice against them and for such other and further relief as the Court deems just and equitable.

Dated this 20th day of January, 2026.

                      SEVEN OAKS INVESTMENT
                      CORPORATION, EVRON, INC., and
                      NANCY WAGGENER, Defendants,

By:   /s/ *Erin R. Robak*
       Erin R. Robak, #23407
       ERICKSON | SEDERSTROM, P.C.
       10330 Regency Parkway Drive, #100
       Omaha, NE 68114
       (402) 397-2200
       (402) 390-7137 Fax
       eroba@eslaw.com
       *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a copy by electronic mail to all counsel of record.

/s/ Erin R. Robak

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word count and typeface requirements of NECivR 7.1(d)(4) (A). This Brief contains 4,679 words. To certify the word count, the undersigned relied upon the word-count function of Microsoft Office 365, applied to include all text, including the caption, headings, and signature block. The undersigned further certifies that the foregoing Brief was produced using 12-point Century Schoolbook font, with line spacing at 2.00.

/s/ Erin R. Robak

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1 (d)(4) (B), I hereby certify that no generative artificial intelligence program was used in drafting this brief.

/s/ Erin R. Robak