IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, *et al.*, | ) |
| | ) CASE NO. 8:25-cv-241-JFB-RCC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **BRIEF IN SUPPORT OF** |
| | ) **DEFENDANT PAUL WAGGENER'S** |
| CLUB 180, *et al.*, | ) **MOTION TO DISMISS, OR IN THE** |
| | ) **ALTERNATIVE, TO SEVER AND** |
| Defendants. | ) **REMAND** |

## INTRODUCTION

Defendant Paul Waggener submits this brief in support of his Motion to Dismiss. Defendant Waggener moves for dismissal of the Plaintiffs' negligence cause of action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Nebraska law does not recognize a duty on the part of a landlord to prevent economic harm or emotional distress absent physical injury.

Defendant Waggener further moves for dismissal of the Plaintiff Sarah Houston's nuisance claim as failing to state a claim because Defendant Waggener and the Landlord Defendants did not authorize or contribute to the alleged nuisance activity at Club 180.

Alternatively, Defendant Waggener moves to dismiss the nuisance claim pursuant to Fed. R. Civ. P. 21. The nuisance claim is misjoined because it involves facts and circumstances different from the RICO claims that predominate in the action.

## BACKGROUND

This action arises from conduct allegedly occurring at a strip club called "Club 180." The Plaintiffs in the action are (1) Chuck Streblow, a former security guard of Club 180, (2) Kimberly Hernandez, a former exotic dancer at Club 180, (3) Imagination Industries,

Inc., a strip club that is in competition with Club 180, (4) Sarah Houston, a neighbor of Club 180, and (5) former security guards and exotic dancers of Club 180 who are identified John and Jane Does. Second Amended Complaint, ¶¶ 76-80.

The Plaintiffs' Second Amended Complaint alleges the owners of Club 180 engage in a variety of illegal activity, including prostitution, sex trafficking, and drug tracking. The Plaintiffs allege they have been harmed by such activities because law-abiding exotic dancers at Club 180 who refused to participate in illegal activities earned less money, a competing strip club lost dancers, customers, and income, and a neighbor suffered lost property value. Second Amended Complaint, ¶¶ 121-23, 143-44, 162-63. Plaintiffs also allege Hernandez, Streblow, and the Jane Doe Dancers were subjected to a hostile work environment and that the illegal activity made it more difficult for individual dancers to compete in the marketplace. Second Amended Complaint, ¶¶ 201, 238.

The Second Amended Complaint includes ten "causes of action." Five of the causes of action arise under RICO statutes. The remaining causes of action are labelled sexual harassment, theft, negligence, unfair competition, and nuisance.

The Plaintiffs seek an order permanently closing Club 180, damages for nuisance and loss of property value to the neighbors of Club 180, damages for sexual harassment and a hostile work environment, and lost earnings. Second Amended Complaint, Request for Declaratory Relief and Prayer for Relief.

Defendant Waggener is one of the so-called "Landlord Defendants," consisting of Evron, Inc., 7 Oaks Investment Corp., and Nancy Waggener and Paul Waggener in their individual capacities. Second Amended Complaint, ¶ 1.  The causes of action directed against the Landlord Defendants are negligence and nuisance.

As is explained herein, Plaintiffs' negligence claim cannot lie because Nebraska law does not recognize a duty on the part of the landlord to protect third parties from the type of economic harm alleged in this case. Additionally, the Second Amended Complaint fails to state a cognizable claim for nuisance and, in any event, such a claim is misjoined.

## ARGUMENT

I. **THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR NEGLIGENCE BECAUSE THERE IS NO DUTY OWED TO THE PLAINTIFFS TO PREVENT ECONOMIC HARM OR EMOTIONAL DISTRESS.**

The threshold question in any negligence action is whether the defendant owed the plaintiff a duty. *Olson v. Wrenshall*, 284 Neb. 445, 450, 822 N.W.2d 336, 341 (2012). A duty is an obligation, to which the law gives recognition and effect, to conform to a particular standard of conduct toward another. *Id*. If there is no duty owed, there can be no negligence. *Id*.

Historically, a landlord's liability for the condition or use land is based on the risk of physical harm. *See*, The Restatement (Second) of Torts §§ 355-362, 377-379A (stating rules for lessor's liability for physical harm to persons on the land and outside the land). The Nebraska Supreme Court has not directly addressed whether a landlord owes a duty to third parties to protect them from purely economic damages in the absence of physical injury. When a state's highest court has not spoken on an issue, a federal court must predict what the state court would do if it were called upon to decide the issue. *Prime Foods for Processing and Trading v. Greater Omaha Packing Co.*, 2019WL 2358845, 2 (D. Neb.). Federal courts may consider relevant state precedent, analogous decisions, considered dicta, and any other reliable data. *Id*. In Nebraska, duty rules are meant to serve as broadly applicable guidelines for public behavior, i.e., rules of law applicable to

3

a category of cases. *Id* at 3. Thus, courts must be mindful of the fact that the determination of a legal duty is fundamentally based in public policy considerations and that it is generally the function of the legislature to declare what is the law and public policy of this state. *Id*. When asked to recognize a new legal duty, the Nebraska Supreme Court considers whether the parties have identified a relevant statute that is clearly indicative of legislatively approved policy. *Id*. Absent such a statute, courts should be reluctant to recognize a new legal duty. *Id.*

This Court should decline to recognize a new legal duty for several reasons. First, there is no Nebraska statute indicative of a legislatively approved policy recognizing a duty on the part of commercial landlords to act for the protection of the economic interests of third parties. Nebraska has adopted the Uniform Residential Landlord Tenant Act, but the act only applies to residential leases. It does not apply to commercial leases and does not indicate a legislative policy to allow third parties to recover in tort for economic harm or emotional distress.

Second, recognizing such a duty would be a departure from traditional notions of premises liability under Nebraska law and the law in most jurisdictions. The Nebraska Supreme Court has stated premises liability cases generally fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition of the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land. *Sundermann v. Hy-Vee, Inc.*, 306 Neb. 749, 947 N.W.2d 492 (2020). All the categories are predicated on physical injury to the plaintiff.

This is consistent with traditional notions of premises liability. All sections in the Restatement (Second) of Torts addressing a lessor's liability for the condition or use of land are predicated on physical harm. *See*, The Restatement (Second) of Torts §§ 355-362, 377-379A (all sections stating when a lessor may be subject to liability "for physical harm"). The Restatement (Third) of Torts notes that some courts have allowed emotional distress damages for *tenants* arising from a landlord's breach of a statutory duty or warranty of habitability, The Restatement (Third) of Torts § 53, *comment k*, but there does not appear to be any support for purely economic damages for third parties. The one case from another jurisdiction that can be found touching on the issue rejects such liability. *C.H. v. Pla-Fit Franchise, LLC*, 83 N.E.3d 633 (Ill. App. 2017)(rejecting premises liability theory against landlord for emotional distress damages in the absence of physical harm). The Nebraska Supreme Court is unlikely to recognize a new duty that departs dramatically from traditional notions of premises liability under Nebraska law and the general law of premises liability.

Finally, the Nebraska Supreme Court is circumspect of expanding tort liability beyond the risk of physical harm. For instance, in *Olson*, *supra,* a kidney donor brought suit against the physician who treated the kidney recipient, alleging the physician's improper post-transplant care of the recipient caused the kidney transplant to fail. Citing the Restatement (Third) of Torts § 7, the Court concluded no duty was owed by the physician to the kidney donor. The Court stated,

> [We have] adopted the duty analysis set forth in the Restatement (Third) of Torts. The Restatement (Third) of Torts § 7 states that an actor owes a duty when the actor's conduct creates a risk of physical harm. The proposed draft of Section 37 states the obverse of this rule and explains that an actor whose conduct has not created a risk of physical harm to another has no duty of care to the other.

*Id* at 453, 822 N.W.2d at 342-43.

The Court explained the donor was not at risk of any physical harm arising from the physician's post-transplant treatment of the recipient and, therefore, as matter of law, the physician did not owe a duty of care to the donor in negligence. *See also*, *Fournell v. Usher Pest Control Co.*, 208 Neb. 684, 305 N.W.2d 605 (1981)(rejecting liability absent physical harm based on the Restatement (Second) of Torts).

Given the Supreme Court's adoption of the duty analysis in The Restatement (Third) of Torts and its holding in *Olson*, the Court should conclude the Nebraska Supreme Court would not expand a landlord's premises liability to include purely economic damages suffered by third parties absent physical injury.

Finally, there is no compelling policy justification for imposing liability on a landlord for the type of economic and emotional harm alleged in this case. To the contrary, policy reasons counsel against such liability. The harm alleged is more properly remedied through civil actions that have been expressly adopted to remedy them: RICO statutes, state and federal wage payment laws, and unfair competition statutes. The comments to the Restatement (Third) of Torts § 7 explain that,

> … one reason the general duty of reasonable care stated in § 6 is limited to physical harm is that liability for purely economic harm in commercial cases often raises issues better addressed by contract law or by the tort of misrepresentation. Similarly, no-duty and limited-duty rules in cases involving owners and occupiers of land are influenced by issues that are important in property law. ….

The Restatement (Third) of Torts § 7, *comment d*.

For all of the foregoing reasons, this Court should decline to find the Landlord Defendants owed a duty to the Plaintiffs to evict Club 180 so as to prevent economic

harm. Because there is no duty, Plaintiffs' claim for negligence against the Landlord Defendants fails to state a claim, and the Landlord Defendants should be dismissed.

## II. THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR NUISANCE.

Plaintiff, Sarah Houston, asserts a nuisance claim against Defendant Waggener and the Landlord Defendants based on the activities occurring at Club 180. The rule in Nebraska is that mere ownership of real property imposes no responsibility for a nuisance on it, unless the owner is instrumental in causing the nuisance. Kaiser v. Western R/C Flyers, Inc., 239 Neb. 624, 629, 477 N.W.2d 557, 560 (1991) quoting City of Omaha v. Hugh Murphy Construction Co., 114 Neb. 573, 577, 208 N.W. 667, 668 (1926). The tenant in possession is liable for a nuisance created on the landlord's premises. *Id*. The landlord is not liable for a nuisance created by the tenant unless the landlord authorized or contributed to the causing or maintaining of the nuisance. *Id.*

For liability to attach, the landlord's authorization must be given to the tenant at or before the time the lease was entered into. The Restatement (Second) of Torts § 837. If the landlord knows at the time of entering into the lease that the activity to be carried on will necessarily cause a nuisance, then he may be subject to liability. *Id*. But a landlord is not liable for activities that arise after the lease is entered into, and he has no affirmative duty to evict a tenant that creates a nuisance after the lease is entered into.

The Restatement (Second) of Torts states,

> … The lessor's liability does not extend to activities of the lessee that he neither consents to nor has reason to know are intended *at the time he makes the lease*. In respect to other activities of the lessee, the lessor has no duty to stop them, *nor is he bound to terminate* the lease even though he has a power to do so.

The Restatement (Second) of Torts § 837, *comment h* (emphasis added).

In this case, there is no allegation Defendant Waggener or the Landlord Defendants were instrumental or contributed to the nuisance, nor is there an allegation the Landlord Defendants authorized Club 180's conduct at the time the lease was entered into. In fact, the Plaintiffs' Second Amended Complaint acknowledges the premises was leased to the tenant in September 2022 for the purpose of operating a bar and grill known as "Two Fine Irishmen." Second Amended Complaint, ¶¶ 1, 4. The bar and grill went out of business in October 2023 and, in December 2023, the tenant opened the Club 180 strip club. Second Amended Complaint, ¶ 5. The Plaintiffs allege the Landlord Defendants failed to evict the tenant based on the changed nature of its business, Second Amended Complaint, ¶ 6, but the law does not require the landlord to act affirmatively to evict a tenant if the landlord does not contribute to the nuisance and had no reason to know at the time of leasing the tenant would conduct activities that would create a nuisance.

The Second Amended Complaint fails to state a claim in nuisance against Defendant Waggener, and he should therefore be dismissed from the action.

### III.     THE NUISANCE CLAIM IS MISJOINED AND SHOULD BE DISMISSED.

Assuming for argument's sake the Second Amended Complaint states a plausible claim for nuisance, the nuisance claim, or more specifically, the parties, are misjoined and the claim should therefore be dismissed.

Joinder of plaintiffs is permitted where: (a) a right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1).

Similarly, joinder of defendants is permitted where: (a) a right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences; <u>and</u> (b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

The only Plaintiff asserting a nuisance claim against the Landlord Defendants is Sarah Houston, and she does not share in the RICO, sexual harassment or theft claims asserted by the other Plaintiffs. If the negligence claim against the Landlord Defendants is dismissed, the nuisance claim will be a stand-alone claim between Plaintiff Houston and the Landlord Defendants that does not involve any federal question and is unrelated to the Plaintiffs' RICO claims. It would involve distinct facts and circumstances and would focus on interference with her use and enjoyment of property, while the RICO claims involve allegations of a pattern of racketeering activity. These claims do not share the logical relationship or transaction connection required under Rule 20(a), as they involve different legal theories, different factual predicates, and different plaintiffs asserting different types of injuries.

Rule 21 permits courts to drop a misjoined party at any time. The Rule also permits the Court to sever a claim, but in this circumstance, the Court would not have jurisdiction over an independent nuisance claim. Therefore, dismissal is appropriate.

## **CONCLUSION**

For the foregoing reasons, Defendant Paul Waggener should be dismissed from the action. Nebraska does not recognize a duty on the part of a landlord in negligence to protect third parties from economic harm. Dismissal with prejudice is appropriate as to such claim.

Additionally, Plaintiff Sarah Houston fails to state a cognizable nuisance claim against Defendant Waggener, and, in any event, such claim is misjoined. Dismissal is appropriate.

Dated this 20th day of January, 2026.

                Respectfully submitted,

                PAUL WAGGENER, Defendant

    By: /s/ Damien J. Wright
          DAMIEN J. WRIGHT, #23256
          WELCH LAW FIRM, P.C.
          1299 FARNAM ST., SUITE 1220
          OMAHA, NE 68102
          (402) 341-1200
          (402) 341-1515 (FAX)
          damien@welchlawfirm.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing brief complies with NECivR 7.1(d)(4), as it was created using Microsoft Word version 2503 and contains 2,740 words, including the caption, headings, footnotes, and quotations. No generative artificial intelligence program was used in drafting the document.

                /s/ Damien J. Wright

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

                /s/ Damien J. Wright