In the United States District Court
For the District of Nebraska

| | |
|---|---|
| Chuck Streblow, Kimberly Hernandez, Imagination Industries, Inc. dba The American Dream Bar, Sarah Houston, Jane Doe Dancers #1–25, John Doe Security Guards #1–7, John & Jane Doe Customers #1–100, and all similarly situated residential and commercial neighbors of Club 180,<br><br>Plaintiffs,<br><br>vs.<br><br>Club 180, AM314, LLC, Matthew Longcor, Ayden Longcor, Eric Havermann, James Pull, Michael Alan Beene, Nicholas Scalise dba DJ Next1, Miroslava Kotsan, Abdul Rahmanzai, Toast, Inc., Evron, Inc., Seven Oaks Investment Corp., Paul Waggener, and Nancy Waggener<br><br>Defendants. | Case No. 8:25-cv-241<br><br>**Brief in Support of Defendants Eric Havermann's and Abdul Rahmanzai's Motion to Disqualify Evan Spencer as Counsel for Plaintiffs** |

**Table of Contents**


Introduction ........ 3

Factual Background ........ 3

Legal Standards ........ 5

The Court's ethical standards. ........ 5

The witness-advocate rule. ........ 5

Motions to disqualify counsel. ........ 6

Judicial admissions. ........ 7

Argument ........ 8

1. Evan Spencer violated the witness-advocate rule by making himself an alleged necessary witness to and alleged victim of a RICO predicate act alleged in the Second Amended Complaint. ........ 8

a. Evan Spencer should be disqualified as a necessary witness to the conduct of alleged attorney intimidation pled as a RICO predicate act in the Second Amended Complaint. ........ 10

b. No exception to the witness-advocate rule applies and disqualification will not work a substantial hardship on the Plaintiffs. ........ 11

2. Mr. Spencer should be disqualified from the case now, not at a later stage of the litigation. ........ 13

Conclusion ........ 14

Certificate of Compliance ........ 16

Certificate of Service ........ 16

## Introduction

Defendants Eric Havermann and Abdul Rahmanzai submits this brief in support of their motion to disqualify Evan Spencer as counsel for the Plaintiffs. Plaintiffs say Mr. Spencer, their only attorney throughout this litigation, was the subject of "witness and attorney intimidation," premising their claim for damages on conduct involving or directed at him. This makes him a necessary witness. He should be disqualified under applicable law and ethical rules. Alternatively, if the Court is disinclined to disqualify Evan Spencer outright and immediately, it should order him to show cause why he shouldn't be disqualified and establish an appropriate briefing, evidentiary, and scheduling order for that purpose.

## Factual Background

In June 2025, Plaintiffs asked the Court for leave to file a second amended complaint. (Filing No. 169). In November 2025, the Court granted Plaintiffs leave to do so. (Filing No. 222).

Mr. Spencer has been the only counsel of record for the Plaintiffs since this case's inception. (Filing No. 1: signed by Evan Spencer as "ATTORNEY FOR PLAINTIFFS"). No other lawyers have ever entered an appearance for or purportedly represented the Plaintiffs. Mr. Spencer remains Plaintiffs' counsel to date. *See, e.g.* (Filing No. 264: signed by Evan Spencer as "ATTORNEY FOR PLAINTIFFS").

Plaintiffs' Second Amended Complaint contains four alleged RICO predicates (Filing No. 225). The fourth is: "CIVIL RICO – WITNESS & ATTORNEY INTIMIDATION." (Filing No. 225 at 19). There and elsewhere, Plaintiffs say the following about this "cause of action":

- **Paragraph 92**: After being sued, Matt **threatened to kill Plaintiffs' counsel** and has refused to retain an attorney for himself or his employees. He is being investigated for Felony Terroristic Threats and other crimes. (Emphasis added.)

- **Paragraph 95**: After being sued [Eric Havermann] **threatened the life of Plaintiffs' counsel** and a misdemeanor warrant was issued for his arrest by the Douglas County Sheriff's office.
- **Paragraph 166**: to protect their illegal enterprise Club 180, Defendants Matt, Eric, and Jim, acting individually and on behalf of AM314, LLC, Ayden, Miro, Blaike, Nick, David, and Bravo1 Security, engaged in witness intimidation by threatening to send people to the homes of witnesses, parties **and their attorney in this action** to kill them to prevent them from testifying. (Emphasis added.)
- **Paragraph 168**: these threats have **caused emotional distress to Plaintiffs and their attorney** and have discouraged prospective Plaintiffs from joining the case and discouraged prospective witnesses from coming forward to assist Plaintiffs. (Emphasis added.)
- **Paragraph 170**: Matt made threats by text message and in person to employees at Club 180 and other individuals, all for the purpose of **intimidating** Plaintiffs, **Plaintiffs' counsel**, and witnesses. (Emphasis added.)
- **Paragraph 171**: Stormie told a fellow inmate in June 2025 that **Plaintiffs' counsel Evan Spencer would be, "dealt with next"** and that Matt was sending people to New York to kill Plaintiffs' counsel. (Emphasis added.)
- **Paragraph 172**: The Douglas County Sheriff's office is investigating Defendant Longcor for Felony Death Threats (DCSO20250012686) **against Plaintiffs' counsel**. (Emphasis added.)
- **Paragraph 173**: After **Plaintiffs' counsel filed for a restraining order**, Plaintiffs' Jane Doe witness was attacked in jail by other inmates at the direction and/or payment by Matt and Stormie. (Emphasis added.)
- **Paragraph 175**: Eric **physically threatened Plaintiffs' attorney** on March 27, 2025, at 6:00 p.m. (Emphasis added.)
- **Paragraph 176**: **Plaintiffs' counsel filed a report with the Douglas County Sheriff's Office against Eric** on March 31, 2025, (report #: DCSO2025008565) for violating NRS 28-1310

(Intimidation by telephone call or electronic communication) which is a Class I Misdemeanor, and a warrant was issued for his arrest. (Emphasis added.)

- **Paragraph 178**: on June 6, 2025, Defendant Eric filed a similar retaliatory defamation case in Nebraska state court **against Plaintiff's counsel** while evading service in this case. (Emphasis added.)
- **Paragraph 179**: Pulls' lawyers have also threatened to file an illegal, unethical retaliatory lawsuit **against Plaintiffs and their attorney**. (Emphasis added.)

The Second Amended Complaint also demands a jury trial. *See* (Filing No. 225 at 1: "JURY DEMANDED"). It remains Plaintiffs' operative pleading in this case to date. Nothing in it has been stricken, dismissed, altered, or further amended—yet.

## Legal Standards

### The Court's ethical standards.

An attorney who is admitted to practice in Nebraska's federal district court must comply with the Nebraska Rules of Professional Conduct and the court's local rules. See NEGenR 1.7(b) and 1.8(a). An attorney commits misconduct by failing to comply with the Nebraska Rules of Professional Conduct. NEGenR 1.8(a).

### The witness-advocate rule.

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. Neb. Ct. R. Prof. Cond. § 3-503.7. In Nebraska, a trial is defined as a "judicial examination of the issues, whether of law or of fact in an action." Neb. Rev. Stat. § 25-1103.

Combining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client. Neb. Ct. R. Prof. Cond. § 3-

503.7 cmt. [1]. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify from personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof. See *id.* cmt. [2].

Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client. It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. Neb. Ct. R. Prof. Cond. § 3-503.7 cmt. [4].

**Motions to disqualify counsel.**

"In cases where counsel is in violation of professional ethics, the court may act on motion of an aggrieved party . . . to disqualify." *O'Conner v. Jones*, 946 F.2d 1395, 1399 (8th Cir. 1991). The decision to grant or deny a motion to disqualify an attorney rests is discretionary. See *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999).

Violations of ethical guidelines may provide a basis for disqualifying an attorney, but the Eighth Circuit hasn't adopted a bright line rule requiring disqualification in all cases where an ethics violation has occurred or will occur. See *Harrington v. Hall Cnty. Bd. of Supervisors*, No. 4:15CV3052, 2015 WL 12697085, at *1 (D. Neb. Aug. 14, 2015). The burden of proof on a motion to disqualify is on the moving party and any such motion must be subjected to "particularly strict judicial scrutiny" because of the potential for abuse. See, e.g., *Midwest Motor Sports v. Arctic Cat Sales, Inc.*, 347 F.3d 693, 700–701 (8th Cir. 2003); see also *Harker v. Comm'r*, 82 F.3d 806, 808 (8th Cir. 1996). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed

only when absolutely necessary." *Macheca Transp. Co. v. Philadelphia Indem. Co.,* 463 F.3d 827, 833 (8th Cir. 2006) (quoting *Banque Arabe Et Internationale D'Investissement v. Ameritrust Corp.,* 690 F.Supp. 607, 613 (S.D. Ohio 1988)).

"When considering motions to disqualify, courts must balance [] public policy concerns and the court's responsibility to uphold the integrity of judicial proceedings with a parties' right to select his or her own counsel." *Hossaini v. Vaelizadeh*, No. 4: 11-cv-3052, 2011 WL 3422782, at * 2 (D. Neb. Aug. 4, 2011). It is the trial court's duty to make disqualification decisions based on the nature of the case, the applicable law, and the evidence offered in support of the motion. *McKenzie v. City of Omaha*, 12 Neb. App. 109, 114, 668 N.W.2d 264, 269 (2003). The grant of a motion to disqualify an attorney as counsel is reviewed for abuse of discretion. *United States v. Poe*, 428 F.3d 1119, 1123 (8th Cir. 2005); *McCully, Inc. v. Baccaro Ranch,* 279 Neb. 443, 446 (2010).

**Judicial admissions.**

A party's statements in pleadings constitute judicial admissions, unless they are withdrawn or amended. *Missouri Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1314 (8th Cir. 1990). A judicial admission in a pleading is binding and "acts as a substitute for evidence in that it does away with the need for evidence in regard to the subject matter of the judicial admission." *Warner Bros. Entm't v. X One X Prods*., 840 F.3d 971, 978 (8th Cir. 2016); see also *Wiget v. Becker*, 84 F.2d 706, 711 (8th Cir. 1936)).

A judicial admission thus differs from an evidentiary admission. The vital feature of a judicial admission is its conclusiveness on the party making it. *United States v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000). Judicial admissions are binding for the purpose of the case in which the admissions are made. *State Farm Mut. Auto. Ins. Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir. 1968); *In re Somerset Apts., Ltd.*, No. 8:06 CV 678, 2007 WL 552209, at *3 (D. Neb. Feb. 21, 2007).

## Argument

### 1. Evan Spencer violated the witness-advocate rule by making himself an alleged necessary witness to and alleged victim of a RICO predicate act alleged in the Second Amended Complaint.

The general rule is counsel can't serve as an advocate and a witness on material matters in the same case. *See* Neb. Ct. R. Prof. Cond. § 3-503.7(a). This has been true in Nebraska for at least 80 years. See *Sinnett v. Albert*, 188 Neb. 176, 180 N.W.2d 506 (1972); *In re Estate of Wiley*, 150 Neb. 898, 913, 36 N.W.2d 483 (1949); *McCormick v. McCormick*, 150 Neb. 192, 194, 33 N.W.2d 543, 545 (1948). A lawyer violates the rules of professional conduct by acting as a witness and an advocate in a litigated matter. *State ex rel. Nebraska State Bar Ass'n v. Neumeister*, 234 Neb. 47, 449 N.W.2d 17 (1989).

For example, in *Mut. Grp. U.S. v. Higgins*, 259 Neb. 616, 611 N.W.2d 404 (2000), the Nebraska Supreme Court recognized the roles of witness and advocate are inconsistent, given the fundamental purpose of the advocate is to advance or argue the case of another, while the function of a witness is to state facts objectively; an advocate who becomes a witness is in the unseemly and ineffective position of arguing his or her own credibility.

Nebraska's trial courts have enforced this rule by disqualifying a party's counsel when counsel has first-hand knowledge about the facts and issues of the lawsuit, making his testimony at trial "essentially inevitable." *Beller v. Crow*, 274 Neb. 603, 604, 742 N.W.2d 230, 232 (2007), overruled on other grounds by *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017). On this basis, the Nebraska Supreme Court has affirmed disqualification, finding counsel in such a situation "is likely to be a necessary witness from his active participation in the events leading to the filing of [plaintiff's] complaint." *Id.*

In *Beller*, plaintiffs' counsel was an out-of-state lawyer who was "privy to interactions [plaintiff] had with many of the co-Defendants" and "[counsel was] believed to possess factual information pertaining to [plaintiff's] alleged emotional distress and alleged damage to

reputation." *Id*. at 605. Defense counsel later deposed plaintiff's counsel, who testified to:

- Becoming friends and maintaining a "close personal relationship" with the plaintiff;
- Personally observing certain defendants causing "emotional distress" and "hysteria" to the plaintiff;
- Being personally involved in underlying interactions with parties and other witnesses, including:
    - Being present at certain defendants' business premises;
    - Contacting and interacting with law enforcement about defendants' activities at those premises; and
    - Observing several phone calls by certain defendants that caused the plaintiff distress.

*Id*. at 604–06, 609.

The Nebraska Supreme Court found counsel's knowledge was "material and relevant to the issues being litigated" and defendants "cannot obtain [his] proposed testimony elsewhere" because he was personally involved in the parties' altercations and observed how they affected the parties' emotional states. *Id*. at 609, 742 N.W.2d at 235. And the Nebraska Supreme Court found no undue hardship in disqualifying counsel because: (1) he knew he had been personally involved as a witness but chose to file the complaint anyway; and (2) alternative counsel was available to assist the plaintiff with the litigation.

As explained below, it's difficult to imagine a better example of a situation in which an attorney violates the witness-advocate rule than Mr. Spencer's confirmation and judicial admissions of his personal involvement in matters scattered throughout the Second Amended Complaint. Thus, he should be disqualified.

**a. Evan Spencer should be disqualified as a necessary witness to the conduct of alleged attorney intimidation pled as a RICO predicate act in the Second Amended Complaint.**

Pretrial disqualification is generally inappropriate unless the lawyer is a "necessary" witness—that is, (a) the lawyer must be "necessary" in the sense that there are things to which he is the only one available to testify and (b) the jury will likely become aware of the lawyer's dual role. *Turner v. AIG Domestic Claims, Inc.*, 823 F. Supp. 2d 899, 907 (D. Neb. 2011). Disqualification can't be ordered simply upon opposing counsel's representation that the lawyer they seek to disqualify is a material and necessary witness. This is not to say that the assertions of counsel may not "set the stage" for a decision, but the key is still the evidence that the lawyer is a material and necessary witness. See *McKenzie v. City of Omaha*, 12 Neb. App. 109, 668 N.W.2d 264, 269 (2003). A party seeking to call opposing counsel can prove that counsel is a necessary witness by showing that (1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere. *Beller*, 274 Neb. at 609, 742 N.W.2d at 235.

Mr. Spencer knows and understands he's a necessary witness in this case because he's already offered his personal, substantive evidence on the merits of Plaintiffs' claims. *See* (Filing No. 123-7). *Beller* confirms Mr. Spencer's necessity as a witness and the materiality of his proposed testimony. Here, not only is Mr. Spencer a witness who was personally present at, observed, participated in, and reported to law enforcement on disputed events described in the Second Amended Complaint, he is an *alleged victim* of RICO predicate acts. *See* (Filing No. 225 ¶¶ 92, 95, 166, 168, 170–179).

Going further, Mr. Spencer accuses Blaike and others of crimes to establish their civil liability, including treble damages and payment of *his* attorney fees. Mr. Spencer says he has submitted reports of alleged criminal activity to law enforcement *on his own behalf*, then pivots those reported incidents to allege RICO predicate acts occurred *involving him*. *Id.* Mr. Spencer claims threats directed at him caused him personal emotional distress and to feel threatened or targeted.

(Filing No. 225 ¶¶ 168, 172, and 176). Doing so, Mr. Spencer makes himself a witness in both the criminal investigations he claims are ongoing and this litigation. His perspective and perceptions as an alleged victim are unavailable from any other person in the world.

To be clear, Mr. Spencer's alleged involvement in the events stated in the Second Amended Complaint has real legal effects. Plaintiffs have now made judicial admissions conclusively binding them on Mr. Spencer's witness status. These admissions forego the need to prove Mr. Spencer's participation in and knowledge of the events alleged, though Mr. Spencer himself already offered such evidence to the Court. *See* (Filing No. 123-7).

And because Mr. Spencer is the *only* lawyer who's represented Plaintiffs here, only he possesses the facts needed to prove the RICO predicate of "attorney tampering." It is "essentially inevitable" Mr. Spencer will be a necessary trial witness because of his "active participation" in his alleged attorney tampering RICO predicate. *Beller*, 274 Neb. at 604, 742 N.W.2d at 232.

**b. No exception to the witness-advocate rule applies and disqualification will not work a substantial hardship on the Plaintiffs.**

There are three exceptions to attorney disqualification under the witness-advocate rule: (a) testimony on an uncontested issue; (b) testimony on the nature and value of legal services; and (c) substantial hardship. The first two of these don't apply. First, many Defendants already contest the merits of the allegations in the Second Amended Complaint, including Blaike. *See, e.g.,* (Filing Nos. 249, 254, 260, 263, and 266). And Mr. Spencer's alleged participation in the Second Amended Complaint's events pertain to his *own* conduct or reactions to conduct aimed at him, not the nature and value of legal services he provided *to others*. *See, e.g.,* (Filing No. 225 ¶¶ 166–179; Filing No. 123-7). That leaves Mr. Spencer with the last potential exception: substantial hardship.

Even if a lawyer is the only who can provide evidence, if the jury may not know of the lawyer's dual role at the time of trial, pretrial disqualification is inappropriate if the disqualification works a

substantial hardship upon the party employing that lawyer when that hardship is balanced against the interests of the adversary. *Turner,* 823 F. Supp. 2d at 907. Here, as in *Beller,* there's no substantial hardship for many reasons:

- This litigation is still young. It dates only to April 2025. There is no progression order, there have been no initial disclosures and discovery is unperformed. Plaintiffs haven't even served all Defendants. So there's little reason to think any new counsel would be unable to acquaint themselves with this case and its history going forward;
- Appropriately or not, Plaintiffs have demanded a jury trial. A jury is much more likely than this Court to misunderstand the differing roles of Mr. Spencer as an advocate and a necessary witness. As a witness, Mr. Spencer is likely to be vigorously cross-examined about his credibility, creating even more confusion if he were to act in dual roles. *See* (Filing Nos. 260–261). This risk of confusion lessens if Mr. Spencer is no longer Plaintiffs' counsel;
- Mr. Spencer is likely to testify in favor of Plaintiffs' allegations and against Defendants' interests. This increases potential prejudice to the Defendants and this litigation while he remains as attorney of record, as a jury may give undue weight or authority to his allegations. (Filing No. 225 ¶¶ 92, 95, 166, 168, 170–179);
- Mr. Spencer is likely to be deposed. If this occurs while he still represents Plaintiffs, it will lead to complex and needless discovery, protective orders, and privilege objections that may create additional conflicts of interest between Mr. Spencer and his clients. If Mr. Spencer is disqualified, the risk of these issues arising decreases;
- Mr. Spencer's testimony will conflict with that of other witnesses, adding to risks the witness-advocate rule is designed to prevent. *See, e.g.,* (Filing Nos. 249, 254, 260, 263, and 266);
- Prior co-counsel exists, as Mr. Spencer admits in the Second Amended Complaint. (Filing No. 225 ¶ 167). This demonstrates

Plaintiffs have access to alternate or substitute counsel despite Mr. Spencer's disqualification; and

- Mr. Spencer has continually violated this Court's rules and orders to date. This behavior degrades the integrity of the judicial process. And it caused substantial delays, increased costs, and inefficiency for all involved. *See, e.g.,* (Filings Nos. 130, 153, 203, 214, 215, 246, 258, 266, 268, 270). If anything, Mr. Spencer's disqualification will help Plaintiffs, not harm them.

For both the reasons above and those explained in *Beller*, 274 Neb. at 609, 742 N.W.2d at 235, Mr. Spencer's disqualification won't cause Plaintiffs undue hardship. The Court should view skeptically any justifications Mr. Spencer may advance for his continued involvement in this case.

**2. Mr. Spencer should be disqualified from the case now, not at a later stage of the litigation.**

"In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir.2007). "In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *Id*. (internal quotation & citations omitted). But in circumstances where the pretrial activity of the lawyer would result in the jury observing a lawyer act in dual capacities—as a necessary witness and as an advocate—then there is an exception to the general rule and pretrial disqualification may be warranted. *Id*. at 1035–1036 (citing *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994)). Nebraska embraced this exception in *Beller*.

Pre-trial disqualification is appropriate here. Because Plaintiffs have demanded a jury trial, there is substantial risk the jury will observe Mr. Spencer as both lawyer and advocate if he is not disqualified. The Court should minimize that risk by ordering his immediate disqualification. Alternatively, if the Court is disinclined to disqualify Evan Spencer outright and immediately, the Court should order him to show cause why he shouldn't be disqualified and establish

an appropriate briefing, evidentiary, and scheduling order for that purpose.

## Conclusion

Defendants Eric Havermann and Abdul Rahmanzai requests the Court: (1) disqualify Evan Spencer as counsel for all Plaintiffs in this case; (2) alternatively, if the Court is disinclined to disqualify Evan Spencer outright and immediately, order him to show cause why he shouldn't be disqualified and establish an appropriate briefing, evidentiary, and scheduling order for that purpose; and (3) grant her such other or further relief the Court deems just, equitable, or appropriate in response to this motion.

Dated this 20th day of January, 2026.

ERIC HAVERMANN, Defendant,

By: /s/ *Maggie L. Ebert*

Maggie L. Ebert, #24394
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE 68102
Telephone: (402) 346-6000
Facsimile: (402) 346-1148
Maggie.Ebert@kutakrock.com

*Attorneys for Defendant Eric Havermann*

ABDUL RAHMANZAI, Defendant,

By: */s/ Trevor J Lee*

Minja Herian, #24669
Trevor J Lee, #27063
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500
(402) 390-9005 facsimile
Minja.Herian@koleyjessen.com
Trevor.Lee@koleyjessen.com

*Attorneys for Defendant Abdul Rahmanzai*

**Certificate of Compliance**

I certify that this brief complies with NECivR. 7.1(d)(1), which requires a party's supporting or opposing brief not to exceed 13,000 words. This brief contains **4,154 words**, including all text, captions, headings, footnotes, and quotations in this brief except for this certificate. To determine the word count of this brief, the authors relied on the word count function of their word-processing software, Microsoft Word for Microsoft Office 365 (version 2510; December 9, 2025). I further certify that this brief complies with NECivR. 7.2(d)(2), in that it was not prepared using any generative artificial intelligence programs.

*/s/Trevor J Lee*

**Certificate of Service**

I certify that on January 20, 2026, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case. I further certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants: none.

*/s/Trevor J Lee*