IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et al.;<br>Plaintiffs,<br>vs.<br>CLUB 180, et al.,<br>Defendants. | **8:25CV241**<br><br>**ORDER** |

This matter comes before the court on Plaintiffs' Motion for Early Discovery pursuant to Fed.R.Civ.P. 26(d)(1) and Request for Extension to Respond to Defendant James Pull's Motion to Disqualify. (Filing No. 324). The court previously granted Plaintiffs' motion in part, staying the deadline for Plaintiffs to respond to Defendant Pull's Motion to Disqualify pending further order of the court. (Filing No. 328). Now being fully advised, the court denies Plaintiffs' Motion for Early Discovery.

Plaintiffs filed their Second Amended Complaint alleging ten causes of action, including civil RICO claims for prostitution, sex trafficking, drug trafficking, as well as claims for witness intimidation, conspiracy, among other things. (Filing No. 225). In response, many defendants filed motions to dismiss or motions to disqualify Evan Spencer ("Spencer") as counsel for Plaintiffs, which remain pending before the court. Specific to this motion, Defendant James Pull ("Pull") filed a Motion to Disqualify Spencer, alleging a pattern of misconduct and violations of the Nebraska Rules of Professional Conduct. (Filing No. 318). In support of that motion, Pull provided a police report from the Carter Lake Police Department in Iowa. (Filing No. 320, at p. 6). The police report involves both Spencer and Pull's interactions at a strip club, where Spencer is reportedly making threats and refusing to listen to police officer instructions to leave the scene.

In response to Pull's Motion to Disqualify, Plaintiffs seek leave to subpoena a police report from the Sarpy County Sheriff's Office in Nebraska. According to Spencer, the Sarpy County Sheriff will only release the report with a subpoena. Pull objects to this request. Plaintiffs claim the police report is relevant to their response to Pull's motion because it will go to Pull's credibility and conduct and involves "some form of abuse or sex crime by James Pull against one or more Club 180 dancers." (Filing No. 326, at paras. 15-16). He further states that "Pull's involvement in criminal acts against dancers at Club 180 demonstrates a motive for filing their motion to disqualify me from litigation this case against him." (Filing No. 351, at para. 9).

Under Federal Rule of Civil Procedure 26(d)(1), "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except…when authorized by court order." Fed.R.Civ.P. 26(d)(1). Plaintiff must show good cause to obtain a court order permitting expedited discovery. *Empirical Foods, Inc. v. Primus Builders, Inc.*, 2020 WL 5064220, at *15 (D. Neb. Aug. 27, 2020). Under that standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to the responding party. *Id.*

The court finds that Plaintiffs have not shown good cause to obtain early discovery. Counsel's request for the police report appears to be irrelevant to the pending motion and offered for an improper purpose. As the parties are undoubtedly aware, the disqualification motion is subject to a "particularly strict judicial scrutiny." *Macheca Transport Co. v. Philadelphia Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). In this instance, Pull has the burden of establishing the facts alleged to support Spencer's disqualification. *Bottoms v. Stapleton*, 706 N.W.2d 411, 419 (Iowa 2005). Because it is Spencer's conduct at issue in the motion, not Pull's, the court sees no reason why a police report that does not concern Spencer, or any of Spencer's conduct, is relevant. Pull is a defendant in this matter, not an attorney, and therefore his actions and motivations have no bearing on whether Spencer should be disqualified as counsel practicing law before this court. It may be true that the police report is relevant to support allegations against Pull in Plaintiffs' Second Amended

Complaint, but those determinations can be made after the parties have conferred according to Rule 26 and discovery begins.

ACCORDINGLY, IT IS ORDERED that Plaintiffs' Motion for Early Discovery is denied. (Filing No. 324). Plaintiffs shall have seven (7) days from the date of this order to respond to Pull's Motion to Disqualify. (Filing No. 318). Pull shall have seven (7) days thereafter to file any reply.

Dated this 30th day of January, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge