IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, BLAIKE KOCA, TOAST, INC., EVRON INC., 7 OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, ABDUL RAHMANZAI,<br><br>Defendants. | Civil Action No. 8:25-cv-00241<br><br><br>**DEFENDANT JAMES PULL'S REPLY BRIEF IN SUPPORT OF MOTION TO DISQUALIFY EVAN SPENCER AS COUNSEL FOR PLAINTIFFS** |

Defendant James Pull ("Mr. Pull") respectfully submits this Reply Brief in Support of his Motion to Disqualify Evan Spencer as Counsel for Plaintiffs (the "Motion"). Filing 318.

## INTRODUCTION

The reasons Evan Spencer ("Mr. Spencer") must be disqualified as counsel for Plaintiffs are once again made clear from Plaintiffs' Brief in Opposition to Defendant's Motion to Disqualify (the "Opposing Brief"), Filing 361, and the Declaration of Plaintiffs' Attorney Evan Spencer in Opposition to Defendant Pull's Motion to Disqualify ("Mr. Spencer's Declaration"). Filing 362. Plaintiffs' filings are rife with misrepresentations of fact and law. Rather than meaningfully responding to Mr. Pull's Motion, Mr. Spencer and Plaintiffs spend most of their briefing focusing

on "salacious factual allegations" regarding Mr. Pull's purported conduct. *See* Filing 130 at 4. This Court has already held that Mr. Pull's conduct is wholly irrelevant to the Motion. *See* Filing 354 at 2 ("Pull is a defendant in this matter, not an attorney, and therefore his actions and motivations have no bearing on whether Spencer should be disqualified as counsel practicing law before this court."). This smoke-and-mirrors approach to representation is a blatant abuse of judicial resources and further demonstrates the need for Mr. Spencer's disqualification. In addition, Mr. Spencer's Declaration consists of hearsay and improper opinions, and Mr. Spencer lacks foundation to testify to the various allegations in his Declaration. *See* Filing 362. Accordingly, Mr. Pull objects to Mr. Spencer's Declaration in its entirety and respectfully requests that the Court decline to consider it.

The Motion must be granted for two reasons. First, Mr. Spencer continues to make false statements, flouting his duty of candor to the court. Second, Mr. Spencer is a necessary witness in this matter and disqualification is proper at the pre-trial stage.

## ARGUMENT

**I.   MR. SPENCER MUST BE DISQUALIFIED BECAUSE HE CONTINUES TO MAKE MISREPRESENTATIONS OF FACT AND LAW.**

Throughout the Opposing Brief and Mr. Spencer's Declaration, Mr. Spencer and Plaintiffs make no attempt to meaningfully refute the instances identified in the Motion where they have misled the Court. *See generally* Filings 361, 362. In support of the Motion, Mr. Pull has shown that Mr. Spencer represented to the Court that Mr. Pull was under criminal investigation, while the relevant records reveal the opposite to be true. *See* Filing 319 at 4 (citing Filing 225 at ¶ 183). Although it would be difficult to refute an undisputed fact, Mr. Spencer makes no attempt to explain why he made such a claim when he knew it to be false. Instead, Mr. Spencer—without proper foundation and in reliance on hearsay evidence—claims the Carter Lake Police Department

did not investigate Mr. Pull because it has a conflict of interest with the business where the dispute allegedly occurred. *See* Filing 361 at 6; *see also* Filing 362 at ¶¶ 22-23. This position is untenable with the Second Amended Complaint. *Compare* Filing 225 at ¶ 183 (claiming the Carter Lake Police Department is "investigating" Mr. Pull) *with* Filing 362 at ¶¶ 22-23 (claiming the Carter Lake Police Department "sided with" Mr. Pull). At a minimum, Mr. Spencer appears to admit that he violated his duty of candor to the Court.

What is especially jarring is Mr. Spencer's claim that he has not been sanctioned by this Court. *See* Filing 362 at ¶ 35. This Court has very clearly sanctioned Mr. Spencer and his clients. *See Grove v. Meltech, Inc.*, No. 8:20-cv-193, 2021 U.S. Dist. LEXIS 74083, at *1 (D. Neb. April 15, 2021) (publisher's note stating "Evan Spencer" of "New York, NY" is counsel for defendants). The Court stated:

> The Court conducted a hearing . . . [and t]he parties and the Court discussed pejorative statements in a pleading filed **by the defendant**. Such pejorative information is clearly inappropriate, and the Court ordered the pleading sealed. The Court finds that sanctions in the form of an award of attorney fees to the plaintiffs for responding to the defendants' filing should be imposed, and the plaintiffs' motion for sanctions will be granted to that extent.

*Id.* at *1-2 (cleaned up) (emphasis added). It is difficult to imagine a more brazen attempt to mislead the Court than to deny the existence of a sanction that was expressly imposed by Judge Bataillon of this Court and memorialized in legal databases for all to see.

Accordingly, Mr. Spencer's continuous disregard for his duty of candor requires his disqualification as Plaintiffs' counsel in this matter.

## II.     MR. SPENCER MUST BE DISQUALIFIED BECAUSE HE IS A NECESSARY WITNESS.

In their Opposing Brief, Plaintiffs and Mr. Spencer claim Mr. Spencer is not a necessary witness because "any and all material and relevant evidence is available from sources other than"

3

Mr. Spencer.  Filing 361 at 2.  Mr. Spencer and Plaintiffs claim to find support for this proposition from *Beller v. Crow,* 742 N.W.2d 230, 235 (Neb. 2007), *overruled on other grounds, Heckman v. Marchio,* 894 N.W.2d 296 (Neb. 2017).  While it is true that the *Beller* court stated counsel is generally a necessary witness when "the evidence is unattainable elsewhere," Plaintiffs and Mr. Spencer misrepresent the reach of this generality.  *Id.*  In *Beller*, the attorney was not the sole witness to the controversy at issue, and the court noted the existence of several different witnesses.  *Id.*  Nevertheless, the court held that the attorney was a necessary witness and his testimony was not identical to the other witnesses.  *Id.*  The court reasoned the attorney's "active participation" in the relevant altercations and relationship with the witnesses made it so the other witnesses could not "duplicate [his] perspective."  *Id.*

Similar to *Beller*, Mr. Spencer has been an active participant in the altercations giving rise to this case.  By his own admissions, he was present at the Spearmint Rhino during the alleged incident involving Mr. Pull.  *See, e.g.,* Filing 362 at ¶¶ 18-24.  Additionally, Plaintiffs allege no fewer than ten times throughout the Second Amended Complaint that Mr. Spencer was threatened or otherwise involved in the underlying claims.  *See* Filing 225 at ¶¶ 92, 95, 170-73, 175-76, 178, 181.  In his Opposing Brief and Declaration, Mr. Spencer's involvement is further evident as he alleges he filed this lawsuit because he lives "not far from Club 180," *see* Filing 362 at ¶ 6, and is concerned about alleged "lowering property values" associated with its operation.  *See* Filing 361 at 1.  Because Mr. Pull's testimony cannot be "duplicate[d]," he must be disqualified as a necessary witness.  *Beller v. Crow,* 742 N.W.2d at 235.

Plaintiffs and Mr. Spencer argue disqualification is not appropriate because Plaintiffs will face substantial hardship should he be disqualified, because they would be unable to continue to litigate this matter.  Filing 361 at 6.  However, Mr. Spencer's clients do not have the right to an

attorney in a civil case. In any event, Plaintiffs and Mr. Spencer have admitted another lawyer was previously willing to take the case, Filing 362 at ¶ 3, and that should the Court determine disqualification is appropriate, disqualification should occur before trial because "other attorneys can represent the Plaintiffs for trial." *Id.* at ¶ 40; *see also* Filing 225 at ¶ 167. Additionally, Plaintiffs' argument that disqualification would leave them with no remedy is meritless, as the United States Supreme Court held "an order disqualifying counsel in a civil case is not a final judgment on the merits of the litigation," implying the case will continue on without the disqualified lawyer. *See Richardson-Merrel, Inc. v. Koller*, 472 U.S. 424, 430 (1985). Accordingly, by Plaintiffs' own admission, there will be no substantial hardship should Mr. Spencer be disqualified, as there are other attorneys capable of stepping in.

Contrary to Plaintiffs' and Mr. Spencer's assertions, disqualification is proper at the pre-trial stage. Plaintiffs rely on *Droste v. Julien*, 477 F.3d 1030 (8th Cir. 2007) for the proposition that disqualification is improper in most jurisdictions until trial. *See* Filing 361 at 5. However, Plaintiffs fail to capture the nuance the *Droste* court observed. The court noted pretrial disqualification is "normally" the rule unless "pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *Id.* (quoting *World Youth Day v. Famous Artists Merchandising Exch.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994)). As set forth above, Mr. Spencer is directly involved in several allegations underlying this case. As he collects further evidence to support Plaintiffs' claims, the waters will only get muddier. Because the "roles of an advocate and of a witness are inconsistent," Mr. Spencer must be disqualified. *State ex. rel. Neb. State Bar. Assoc. v. Neumeister*, 449 N.W.2d 17, 22 (Neb. 1989).

## CONCLUSION

For the foregoing reasons, James Pull respectfully requests that this Court enter an order disqualifying Evan Spencer as Plaintiffs' counsel and for such other, further, and different relief as the Court deems appropriate.

Dated this 13th day of February, 2026.

JAMES PULL, Defendant,

By: /s/ *Ryan M. Kunhart*
Ryan M. Kunhart, #24692
Alison C. Griffith, #27557
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE  68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com
agriffith@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I hereby certify that this Reply Brief complies with the word count limitation provided under the rule and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 1,757 words. I further certify that to the extent any generative artificial intelligence programs were used in drafting this Brief, I have verified the accuracy of all generated text, including all citations and legal authority.

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 13, 2026, the foregoing was electronically filed with the Clerk of the Court, using the CM/ECF system, which will send notification of said filing to all CM/ECF participants.

      */s/ Ryan M. Kunhart*
      Ryan M. Kunhart