UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>         Plaintiffs,<br>versus,<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, JAMES PULL, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER and NANCY WAGGENER,<br><br>         Defendants. | Case No. 8:25-cv-00241-JFB-RCC<br><br><br><br>**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT JAMES PULL'S MOTION FOR SANCTIONS AND DISMISSAL** |

## INTRODUCTION

  Plaintiffs' counsel should not be sanctioned and Pull should not be dismissed because the failure to comply with the local rule was an honest mistake and Plaintiff did not violate any Order of the Court. Defendants also did not provide Plaintiffs with an FRCP Rule 11 notice or any warning that the local rule had been violated until they filed this motion. Plaintiffs' counsel researched the matter and concluded that a service of a Notice of Subpoena is necessary together with a subpoena. The reason Plaintiffs didn't wait longer was because they had a deadline to respond to Defendant Pull's motion to disqualify. However, as soon as Defendant Pull objected, Plaintiffs' counsel took no further action and never picked up or viewed the Sarpy County police report. Since Plaintiffs issued the subpoena before receiving an objection and before the Court ruled on the matter, Plaintiffs' counsel did not violate a Court Order. Therefore, Defendants'

1

motion for sanctions under FRCP 37(b)(2)(A) and (b)(2)(C), based upon violations of FRCP Rule 26(d)(1) and NECivR 45.1(b) should be denied.

## ARGUMENT

Plaintiffs' counsel admittedly and regrettably failed to wait seven days before serving the Sarpy County subpoena as required under local rule NECivR 45.1(b). This was an oversight. However, after Defendant Pull objected, Plaintiff took no further action. After the Court issued an Order the Plaintiffs did not violate it. The police report remains at the Sarpy County office and Plaintiffs' counsel will not obtain this or seek out any other early discovery in violation of FRCP 26(d)(1). Plaintiffs did not violate FRCP Rule 37(b)(2)(A) because Plaintiffs did not violate a Court Order, Plaintiffs mistakenly violated a local rule of this Court NECivR 45.1(b), which was a clerical oversight, not a direct violation of a Court Order. In fact, it is Defendant who is making misrepresentations to the Court by falsely accusing Plaintiffs of violating a Court Order. The Court Order was issued after Plaintiffs' counsel already went to the Sarpy County Office. There was nothing Plaintiffs' counsel could do after that, other than *not* pick up the police report absent an Order from the Court. The motion was denied and the police report remains in the possession of Sarpy County.

## PLAINTIFFS DID NOT VIOLATE A COURT ORDER

According to FRCP Rule 37. "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions (b) FAILURE TO COMPLY WITH A COURT ORDER.

(2) *Sanctions Sought in the District Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

2

  (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

  Plaintiffs should not be sanctioned because they did not violate a Court Order. The Court Order was issued after Plaintiffs' counsel had already served the subpoena. After the Defendant objected and the Court issued an Order, Plaintiffs took no action and did not pick up the police report. Plaintiffs did not serve the subpoena after receiving the Court Order. Since Plaintiffs did not obtain the police report and did not violate a Court Order, they should not be sanctioned: FRCP Rule 37(b)(2)C) authorizes the court to impose sanctions upon parties who fail to comply with discovery orders; however, dismissal may be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party. *Schoffstall v.. Henderson,* 223 F.3d 818, 823 (8th Cir.2000) In the present case, there was no order compelling discovery, there was no violation of a court order, and there was no prejudice to Defendant Pull.

## PLAINTIFFS DID NOT VIOLATE FRCP RULE 26

  Once Defendant Pull issued an objection to the subpoena and the Court entered an Order, Plaintiffs took no further steps to obtain the Sarpy County report or any other discovery. Pursuant to FRCP 26(d)(1) "TIMING AND SEQUENCE OF DISCOVERY. (1) *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Since Plaintiffs filed a motion to request an Order to obtain early discovery, they complied with FRCP Rule 26, which allows early discovery with a "court order."

## PLAINTIFFS NEVER RECEIVED AN FRCP RULE 11 NOTICE OR OTHER WARNING

Defendants filed their motion for sanctions on January 30, 2026, but they never gave Plaintiffs notice under FRCP Rule 11 or otherwise in good faith that the subpoena violated local rules and that if it wasn't withdrawn together with the motion for early discovery, that a motion for sanctions would be filed: "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 747 (8th Cir. 2018) (citation omitted). In the context of Rule 11, "appellate courts have forcefully suggested that trial courts consider which sanction constitutes the least severe sanction that will adequately deter the undesirable conduct." *Id.* (quotation omitted). George v. Wintroub, No. 8:23-CV-338, 2024 WL 1720893, at *7 (D. Neb. Apr. 22, 2024)

## NEBRASKA STANDARDS FOR DISCOVERY RELATED SANCTIONS

"Courts determining appropriate discovery sanctions consider several relevant factors, including (1) the prejudice or unfair surprise suffered by the party seeking sanctions, (2) the importance of the evidence which is the root of the misconduct, (3) whether the court warned the sanctioned party about the consequences of its misconduct, (4) whether the court considered less drastic sanctions, (5) the sanctioned party's history of discovery abuse, and (6) whether the sanctioned party acted willfully or in bad faith. Neb. Discovery R. 6-337." Bajjuri v. Karney, 319 Neb. 273, 21 N.W.3d 605 (2025) In the present case, there was no prejudice to Defendant Pull as the subject police report was never obtained or copied by Plaintiffs. Plaintiffs were never warned by the Court or Defendants regarding the 7-day waiting rule for a subpoena. There has been no prior or subsequent discovery abuse by Plaintiffs. Plaintiffs' mistake was an oversight not performed willfully or in bad faith.

## CONCLUSION

Since the failure to comply with the seven-day waiting period was a clerical oversight, Plaintiffs violated no Court Order and Defendants suffered no damages or prejudice, Defendant James Pull's motion for sanctions and dismissal should be denied in its entirety.

February 13, 2026

Respectfully Submitted,

By: /s/ *Evan Spencer*
Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of February, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.