UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180, <br><br> Plaintiffs, <br> versus, <br><br> CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, JAMES PULL, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER and NANCY WAGGENER, <br><br> Defendants. | Case No. 8:25-cv-00241-JFB-RCC <br><br><br> **DECLARATION OF PLAINTIFFS' ATTORNEY EVAN SPENCER IN OPPOSITION TO DEFENDANT PULL'S MOTION FOR SANCTIONS & DISMISSAL** |

Declaration of Plaintiffs' attorney Evan Spencer in opposition to James Pull's motion for sanctions and dismissal:

Evan Spencer, being first duly sworn upon oath, deposes and states as follows:

1) I am above the age of 19, am competent to testify, and have personal knowledge of all facts set forth herein.

2) I am the attorney for the Plaintiffs in this case and submit this Declaration in opposition to Defendant Pull's motion to sanction me for failing to comply with local rule NECivR 45.1(b), regarding the issuance of a subpoena.

3) It was never my intention to take on a case of this magnitude by myself, but the Defendants' attorneys' unethical tactics caused my co-counsel Chandler Conway to

1

withdraw from the case and leave me to litigate it alone against 20+ lawyers from eight of Nebraska's best law firms.

4) I only pursue this case out of my ethical duties to my clients, the community and the Court, and I am doing so to the best of my ability.

5) I should not be sanctioned because the failure to comply with the local rule NECivR 45.1(b) was an honest mistake and I did not violate any order of the Court.

6) The Order from this Court was issued after the subpoena had been served, but since I never picked up the Sarpy County police report (and never even viewed it), there was no harm or prejudice to the Defendants.

7) I recently spoke with a Jane Doe who told me that this 2024 Sarpy County police report would help with the case against James Pull.

8) Facing a motion to disqualify, I thought it would be prudent to obtain a copy of the police report.

9) Since Defendant Pull had submitted a police report with their motion, I didn't think they would object to having a police report submitted as an exhibit in my opposition.

10) I researched the matter without reading NECivR 45.1(b) and concluded that a service of a Notice of Subpoena is necessary together with a subpoena, but I found no waiting period.

11) I sent the subpoena and notice to all Defendants one day before it was served upon Sarpy County, but as soon as Defendant Pull objected, I took no further action.

12) I wasn't aware of the seven-day waiting period required under local rules, and for that I do sincerely apologize to the Court and the Defendants.

13) The reason I didn't wait longer was because I had a deadline to respond to Defendant Pull's motion to disqualify.

14) If Pull's attorneys had mentioned the seven-day local rule in their email, I would have withdrawn the motion for early discovery.

15) Since I never picked up the report and no one ever saw it, Defendant Pull suffered no damages or prejudice.

16) As soon as Defendant Pull objected to the subpoena, I took no further action and I never violated any Order of this Court.

17) Defense counsel mistakenly states that I issued the subpoena "after" receiving their objection and in defiance of a Court Order, but the subpoena was issued before.

18) I offered to file the subpoenaed police report with the Court under seal, so I didn't see any harm to Defendant Pull or anyone else.

19) Defendant Pull was not damaged because of this and if he wanted sanctions, they were required to file an FRCP Rule 11 safe harbor notice weeks ago or some written notice in good faith when I filed the motion for early discovery.

*I declare under penalty of perjury that the foregoing statement is true and correct.*

Sworn to this 13th day of February, 2026 by:

*s/Evan Spencer*
**Evan Spencer**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of February, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.