IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100 and all similarly situated residential & commercial neighbors of Club 180,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, JAMES PULL, TOAST, INC., EVRON INC., 7 OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, ABDUL RAHMANZAI,<br><br>Defendants. | Case No. 8:25-cv-00241<br><br>**DEFENDANT JAMES PULL'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendant James Pull ("Mr. Pull"), by and through his counsel of record, respectfully submits this Reply Brief in Support of his Motion to Dismiss Plaintiffs' Second Amended Complaint (the "SAC") pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) (the "Motion").

**INTRODUCTION**

In Plaintiffs' Consolidated Opposition to Defendants' Motions to Dismiss (the "Opposition"), Plaintiffs fail to offer any evidence to cure the legal deficiencies in the SAC. Instead, Plaintiffs repeatedly assert that "discovery is needed' and that the Defendants' Motions to Dismiss are "premature." Filing 364 at 1, 5, 9-14, 16, 18-19. Plaintiffs confuse their pleading

requirements, as Plaintiffs must plead sufficient facts to state a plausible claim for relief in the SAC and cannot claim a need for discovery as a substitute for adequate pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Accordingly, Plaintiffs lack standing to bring their claims, have failed to state a plausible claim for relief, and Mr. Pull must be dismissed from this lawsuit.

## I.    PLAINTIFFS HAVE NOT PLEAD SUFFICIENT RICO VIOLATIONS.

In the Opposition, Plaintiffs claim that they adequately plead their various RICO claims for (1) Prostitution, (2) Sex Trafficking, (3) Drug Trafficking, (4) Witness and Attorney Intimidation, and (5) Conspiracy, as well as (6) Sexual Harassment. Filing 364 at 6. However, rather than provide the Court with a meaningful argument, Plaintiffs defend their claims by broadly concluding that their allegations were sufficiently plead and merely restating the allegations in the SAC.

Plaintiffs' Opposition is woefully insufficient to cure its pleading deficiencies against Mr. Pull. Plaintiffs must adequately plead each element to state a RICO claim, and failing to adequately allege **any one of these elements** means the entire claim fails. *Crest Constr. II,* 660 F.3d at 355 (emphasis added). Plaintiffs' facts, as plead, do not establish a pattern of racketeering, an enterprise, or any form of continuity necessary to survive a motion to dismiss. *Id.*; *Salinas v. United States,* 522 U.S. at 65. They further fail to establish the "who, what, when, where, and how" requirement under the heightened pleading standard. *Crest Constr. II, Inc.*, 660 F.3d. at 353.

Instead of clearly pleading "who," Plaintiffs broadly assert their allegations against "Defendants" collectively, including Mr. Pull. Filing 364 at 8. In an attempt to satisfy the "what," Plaintiffs provide conclusory labels like "sex trafficking" and "drug trafficking" without sufficient factual context. Filing 364 at 10-11. Plaintiffs allege vague periods of time, or no timeframe at

all, in an attempt to satisfy the "when," broadly alleging that prostitution, sex trafficking, and drug trafficking took place "since December 22, 2023," when Club 180 opened. Filing 225, ¶ 111, 135, 155, 197. Plaintiffs' vague timeframe fails to establish the requisite continuity required to survive this Motion. *See Crest Constr. II,* 660 F.3d at 355; *see also Salinas v. United States,* 522 U.S. at 65.

Plaintiffs generally state "Club 180" for "where" without any specificity and broadly allege that Mr. Pull and two other Defendants traveled with women over state lines "in states including but not limited to Florida, Nevada, and Chicago." Filing 225, ¶¶ 111-112, 128, 131, 148. Plaintiffs' "how" is entirely absent as Plaintiffs' conclusory allegations fail to establish how Defendants are associated with each other or the alleged RICO enterprise. *See Crest Const. II, Inc.,* 660 F.3d at 355; (citing *C.N. v. Willmar Public Schools, Independent School District No. 347,* 591 F.3d 624, 629 n. 4 (8th Cir. 2010)).

The SAC fails to adequately plead a RICO claim under the broad pleading standards of Fed. R. Civ. P. 8, let alone the heightened standard required under Fed. R. Civ. P. 9(b). Accordingly, Plaintiffs' RICO claims against Mr. Pull are not sufficiently pleaded and must be dismissed.

## II. PLAINTIFFS HAVE NOT PLEAD A SUFFICIENT STATE LAW CLAIM AGAINST MR. PULL.

In the Opposition, Plaintiffs claim they adequately plead a state law claim against Mr. Pull for sexual harassment by alleging Mr. Pull created a "hostile work environment by having sexual relations with Club 180 dancers and/or engaging in inappropriate sexual activities at Club 180." Filings 364 at 15.

In defense of their sexual harassment claim, Plaintiffs rely on *Gavin v. Rogers Tech. Servs., Inc.* to set forth the standard for a hostile work environment and allege that they were subject to harassment in the workplace and that "their employer either knew or should have known" of the

3

harassment. *Id.* at 15; *see Gavin v. Rogers Tech. Servs., Inc.*, 276 Neb. 437, 443, 755 N.W.2d 47, 53 (2008). However, in *Gavin*, the Nebraska Supreme Court notes that "Title VII prohibits ***employers*** from discriminating against an employee based on the employee's sex." *Gavin*, 276 Neb. at 443 (emphasis added); *see also* 42 U.S.C. § 2000e–2(a)(1). Mr. Pull is not an employer of any of Plaintiffs and is not an owner or operator of Club 180. Therefore, Plaintiffs' sexual harassment claim against Mr. Pull on the basis of a hostile work environment fails and must be dismissed.

### III.  PLAINTIFFS LACK STANDING TO ASSERT THEIR CLAIMS AGAINST MR. PULL.

In the Opposition, Plaintiffs fail to address their lack of standing raised in the Motion. Instead, Plaintiffs state that they comprise a class between 75-100 members and that the SAC "extensively addresses the extent to which each co-conspirator named in this action has harmed them" and the cause of Plaintiffs' harms "is due to one factor only – the operation of Club 180." Filing 364 at 5.

Plaintiffs fail to adequately respond to the Motion or provide any argument that would tend to explain how they were harmed by Mr. Pull. Plaintiffs do not address and appear to concede that their sex trafficking claim against Mr. Pull, based on an October 2024 police report, was related to a former co-defendant, **and not a Plaintiff**, in this matter. Filing 338 at 9. Accordingly, Plaintiffs lack standing to assert a claim on behalf of an individual who is not a Plaintiff in this lawsuit.

Plaintiffs further fail to establish any proof of concrete financial loss or any injury-in-fact traceable to Mr. Pull to support their Sex Trafficking, Prostitution, Sexual Harassment, or Drug Trafficking claims to survive the Motion. In addition, Plaintiffs fail to show that they suffered more than emotional distress to support their witness and attorney intimidation claim. *See Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 145 S. Ct. 931, 221 L. Ed. 2d 475 (2025) (holding §1964(c)

implicitly excludes recovery for harm to one's person"); *Brown-Austin v. Chambers-Smith*, 2025 WL 2013585, at *5 (S.D. Ohio July 18, 2025) ("Recovery for physical injury or mental suffering is not allowed under civil RICO because it is not an injury to business or property.").

Accordingly, Plaintiffs have not suffered an injury-in-fact traceable to Mr. Pull to establish standing, and their claims against Mr. Pull must be dismissed.

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION.

As set forth in the Motion, in the event this Court finds that Plaintiffs' state claims survive the Motion, this Court should decline to exercise its supplemental jurisdiction. The district courts may decline to exercise supplemental jurisdiction over claims in which they have original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367(c)(3). In the Eighth Circuit, the preference is to decline to exercise supplemental jurisdiction after all federal claims are dismissed. *Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1279 (D. Neb. 2013). Due to Plaintiffs' failure to adequately plead RICO claims, all federal claims against Mr. Pull should be dismissed, leaving behind Plaintiffs' state claim for sexual harassment. As set forth above, Plaintiffs fail to state a plausible sexual harassment claim against Mr. Pull because he is not an employer of Plaintiffs, the sexual harassment claim is based on alleged conduct against a non-party to this case, and Plaintiffs fail to establish an injury-in-fact.

However, even if this Court finds that Plaintiffs adequately pleaded their sexual harassment claim against Mr. Pull, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state claims pursuant to 28 U.S.C. § 1367(c)(3). *See Crest Constr. II, Inc.*, 660 F.3d at 350 (affirming the district court's granting of the defendants' motion to dismiss a RICO claim and declining to exercise supplemental jurisdiction over the remaining state claims).

5

## CONCLUSION

Based on the foregoing, Plaintiffs have failed to state plausible claims for relief against Mr. Pull, and they lack standing to bring such claims. Mr. Pull respectfully requests this Court grant his Motion to Dismiss Plaintiffs' Second Amended Complaint, with prejudice.

Dated this 23rd day of February, 2026.

JAMES PULL, Defendant,

By:   */s/ Ryan M. Kunhart*
Ryan M. Kunhart, #24692
Alison C. Griffith, #27557
Dvorak Law Group, LLC
9500 W. Dodge Rd., Ste. 100
Omaha, NE  68114
402-934-4770
402-933-9630 (facsimile)
rkunhart@ddlawgroup.com
agriffith@ddlawgroup.com

Attorneys for Defendant.

## CERTIFICATE OF COMPLIANCE

Pursuant to NECivR 7.1(d)(4), I hereby certify that this Reply Brief complies with the word count limitation provided under the rule and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 1,711 words. I further certify that to the extent any generative artificial intelligence programs were used in drafting this Brief, I have verified the accuracy of all generated text, including all citations and legal authority.

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on February 23, 2026 the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants.

                */s/ Ryan M. Kunhart*
                Ryan M. Kunhart