IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, *et al.*, | ) |
| | ) CASE NO. 8:25-cv-241-JFB-RCC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **REPLY BRIEF IN SUPPORT OF** |
| | ) **DEFENDANT PAUL WAGGENER'S** |
| CLUB 180, *et al.*, | ) **MOTION TO DISMISS, OR IN THE** |
| | ) **ALTERNATIVE, TO SEVER AND** |
| Defendants. | ) **REMAND** |

## **INTRODUCTION**

Plaintiffs' theories of recovery against Defendant Paul Waggener and the Landlord Defendants are based in negligence and nuisance. As argued in Defendant Waggener's moving Brief, (1) the negligence claim must fail because Nebraska law does not recognize a duty on the part of a landlord to prevent economic harm or emotional distress, and (2) the nuisance claim fails because the allegations of the Complaint show that the landlord did not authorize the alleged nuisance activity at the time the lease was entered into. A landlord has no duty to evict a tenant who engages in nuisance activity *after* the lease is entered into.

The law is clear that no duty exists under the facts alleged in the Plaintiffs' Second Amended Complaint. Therefore, Defendant Waggener's Motion to Dismiss should be granted.

**ARGUMENT**

I. **PLAINTIFF'S NEGLIGENCE CLAIM FAILS BECAUSE THERE IS NO DUTY OWED TO THE PLAINTIFFS TO PREVENT ECONOMIC HARM OR EMOTIONAL DISTRESS.**

Plaintiffs argue in conclusory fashion that the Landlord Defendants were negligent in allowing Club 180 to become an all-nude strip club. (Plaintiff's Consolidated Brief in Opposition, p. 17). But Plaintiffs fail to address the threshold issue of duty. If there is no duty owed, there can be no negligence. *Olson v. Wrenshall*, 284 Neb. 445, 450, 822 N.W.2d 336, 341 (2012).

Plaintiffs' Brief does not address Defendant Waggener's arguments regarding duty, to wit: (1) Nebraska law has never recognized a duty on the part of a landlord to prevent economic harm to third parties, (2) recognizing such a duty would be a departure from traditional notions of premises liability, and (3) the Nebraska Supreme Court has been circumspect of expanding tort liability beyond the risk of physical harm.

Simply put, Nebraska law does not recognize a duty in negligence of the kind proposed by Plaintiffs, and this Court should decline to adopt any such duty. Because there is no duty on the part of a landlord to prevent economic harm or emotional distress, Plaintiffs' claim for negligence against Defendant Waggener and the Landlord Defendants should be dismissed.

II. **PLAINTIFFS' NUISANCE CLAIM FAILS BECAUSE A LANDLORD HAS NO DUTY TO EVICT A TENANT FOR NUISANCE ACTIVITY THAT WAS NOT AUTHORIZED AT THE TIME THE LEASE WAS ENTERED INTO.**

Plaintiff Sarah Houston's claim against the Landlord Defendants similarly fails because of the lack of duty. As explained in Defendant Waggener's moving Brief, a landlord is not liable for a nuisance created by the tenant unless the landlord authorized

or contributed to causing the nuisance. *Kaiser v. Western R/C Flyers, Inc.*, 239 Neb. 624, 629, 477 N.W.2d 557, 560 (1991). The landlord's authorization for the nuisance activity must be given *at or before* the time the lease was entered into. *See*, The Restatement (Second) of Torts § 837. A landlord has no affirmative duty to evict a tenant that creates a nuisance after the lease is entered into. *See*, *Id*.

Although Plaintiffs' Brief argues the Landlord Defendants "allowed" the Defendants to operate an all-nude strip club, the Second Amended Complaint makes clear the all-nude strip club known as Club 180 was not authorized by the original lease and began operating after the lease was entered into. The Second Amended Complaint alleges the premises was leased to the tenants in September 2022 for purposes of operating a bar and grill and that the tenants opened Club 180 in December 2023 after the bar and grill went out of business. Second Amended Complaint, ¶¶ 1, 5. The Second Amended Complaint acknowledges the strip club was not authorized by the lease, violated the terms of the lease, and was without permission from the landlord. Second Amended Complaint, ¶¶ 4, 6, 24.

Under such facts, the Landlord Defendants cannot be liable for the alleged nuisance created by Club 180. The business was not authorized by the original lease, and the Landlord Defendants have no duty to evict a tenant who creates a nuisance that is not authorized by the lease.

Because Defendant Waggener owed no duty to Plaintiff Huston to evict the tenants based on a changed use of the premises, he should be dismissed from the action.

**CONCLUSION**

In conclusion, Nebraska does not recognize a duty on the part of a landlord in negligence to protect third parties from economic harm, and a landlord is not liable for a nuisance condition that was not authorized at the time the lease was entered into.

For the foregoing reasons, Defendant Paul Waggener should be dismissed from the action. Alternatively, Defendant Paul Waggener reiterates his request for dismissal on the basis of misjoinder.

Dated this 23rd day of February, 2026.

                Respectfully submitted,

                PAUL WAGGENER, Defendant

        By: /s/ Damien J. Wright
              DAMIEN J. WRIGHT, #23256
              WELCH LAW FIRM, P.C.
              1299 FARNAM ST., SUITE 1220
              OMAHA, NE 68102
              (402) 341-1200
              (402) 341-1515 (FAX)
              damien@welchlawfirm.com

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing brief complies with NECivR 7.1(d)(4), as it was created using Microsoft Word version 2503 and contains 849 words, including the caption, headings, footnotes, and quotations. No generative artificial intelligence program was used in drafting the document.

                /s/ Damien J. Wright

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

                /s/ Damien J. Wright