IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 - 25, JOHN DOE SECURITY GUARDS #1 - 7, JOHN & JANE DOE CUSTOMERS #1 - 100 and all Similarly Situated Residential & Commercial Neighbors of Club 180, | Civil Action No. 8:25-cv-00241 |
| Plaintiffs, | |
| v. | **REPLY BRIEF IN SUPPORT OF ERIC HAVERMANN'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN, | |
| Defendants. | |

1

COMES NOW Defendant Eric Havermann ("Mr. Havermann"), by and through his counsel of record, and submits his Reply Brief in Support of his Motion to Dismiss Second Amended Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). For the reasons set forth below, Mr. Havermann respectfully requests this Court dismiss Plaintiffs' Second Amended Complaint ("SAC") with prejudice.

In their opposition brief, Plaintiffs commit the same fatal errors they made in their SAC. Plaintiffs merely re-assert a shotgun pleading which nakedly alleges claims without showing how any specific plaintiff suffered a specific and traceable concrete harm. Plaintiffs' SAC is especially improper considering the heightened pleading and standing requirements which are necessary to assert a RICO cause of action. Because Plaintiffs' opposition does nothing to cure their fatally flawed pleadings or even address Defendant's arguments, the Court must grant Defendant's Motion to Dismiss.

## I.    Argument

### A.  Plaintiffs' Opposition is Unresponsive to Defendant's Standing Argument

To assert a RICO private right of action, a plaintiff must have proximately suffered a concrete financial loss in their business or property which is directly traceable to the defendant. *See* Dkt. 260 at 10-11. Plaintiffs do not plead this in their SAC and do not make any reasonable attempt to respond to Defendant's arguments on this issue in their opposition. In the Eighth Circuit, a plaintiff who files an opposition to a motion to dismiss but fails to respond to certain arguments raised by the defendant is generally deemed to have waived or conceded the unaddressed arguments. *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023) ("Courts in the Eighth Circuit have consistently acknowledged that failure to respond to arguments raised in a motion to dismiss constitutes an abandonment of that claim or concession to the opposing

arguments"); *Spencer v. Moreno*, No. 4:02CV3049, 2003 WL 1043318, at *5 (D. Neb. Mar. 11, 2003) (failure to show or attempt to show right to pursue claim in response to arguments raised in defendants' motion appears to constitute an abandonment of the claim or a concession to defendants' argument); *Bethea v. Access Bank*, No. 8:17CV135, 2018 WL 3009114, at n.2 (D. Neb. June 15, 2018) ("Bethea did not address his retaliation claim in his opposition brief, and the Court infers from his silence an abandonment of that claim"); *Norfolk v. Houston*, 941 F. Supp. 894, 898 (D. Neb. 1995) (holding that under Local Rule 39.2(c), the failure to discuss an issue in the brief submitted may be treated as an abandonment of that party's position on any issue not discussed).

For example, Plaintiffs' SAC and opposition merely assert that Defendants generally engaged in a variety of activities that are predicates to assert a RICO claim. However, Plaintiffs do not allege specific examples of these acts and nor do they make any attempt to demonstrate how they have suffered a concrete financial loss to their business or property traceable to these acts. In fact, Plaintiffs admit this reality and concede that they would need to engage in discovery to do so. Dkt. 364 at 10. Plaintiffs' pleadings are flatly insufficient to establish standing to assert a RICO claim.

## B. Plaintiffs' Opposition Does Not Cure the SAC's Failure to State a Claim

To assert a RICO private cause of action, a plaintiff's complaint must conform to the statute's rigorous pleading standards. Here, Plaintiffs' do not. A RICO claim must be pleaded with particularity and demonstrate the "who, what, when, where, and how" of the acts alleged. Dkt. 260 at 10. In their SAC, Plaintiffs generally allege that Defendant engaged in sex trafficking, drug trafficking, and witness/attorney intimidation. However, Plaintiffs do not provide specific examples demonstrating when, where, or how these acts occurred—they merely assert that "Defendants obtain quantities of cocaine from outside Nebraska and deliver and distribute at Club

180" and that Defendants "pimp" and "recruit" dancers to "engage in illegal sex acts with customers." In Plaintiffs' opposition, Plaintiffs merely re-assert the vague and conclusory allegations of their SAC and do nothing to provide the Court with the "when, where, or how" of the acts alleged.

Plaintiffs' opposition is woefully insufficient to cure its pleading deficiencies against Mr. Havermann. Plaintiffs must adequately plead each element to state a RICO claim, and failing to adequately allege **any one of these elements** means the entire claim fails. *Crest Constr. II Inc. v. Doe,* 660 F.3d 346, 355 (8th Cir. 2011) (emphasis added). As such, the pleadings do not conform with the rigorous standards required to assert the RICO private causes of action.

### C. Plaintiffs State Law Claims Should Be Dismissed

Like their RICO claims, Plaintiffs assert a myriad of state law claims supported by nothing more than conclusory and vague allegations.

#### i. Plaintiffs Failed to Plead Any Damages for Battery, Sexual Assault, and Unfair Competition

In their SAC for claims of Battery, Sexual Assault, and Unfair Competition, Plaintiffs do not plead any damages. Plaintiffs continue this theme in their opposition through their failure to even address Defendant's arguments on this issue, outside of asserting they "sustained losses of at least six-figures" through vague violations of the Unfair Competition Statute. Plaintiffs did not explain how Defendant was responsible for these losses. Thus, Plaintiffs have conceded to the arguments raised by Mr. Havermann, and these claims should be dismissed with prejudice. *See supra.*

#### ii. Plaintiffs Failed to Plead Sufficient Conduct to Give Rise to Their Claims of Theft, Negligence, and Nuisance

First, Plaintiffs do not plead in their SAC or argue in their opposition that Defendant specifically engaged in any theft activities. Second, Plaintiffs merely allege that Defendant

4

engaged in negligence by reincorporating the other tort claims. Plaintiffs do not demonstrate how Defendant was specifically negligent. Last, Plaintiffs do not plead in their SAC or argue in their opposition that Defendant specifically engaged in any nuisance activities. Accordingly, Plaintiffs fail to state these claims against Mr. Havermann, and these claims should be dismissed with prejudice.

### iii.    The Court Lacks Supplemental Jurisdiction

Defendant re-asserts the argument that because Plaintiffs lack standing and fail to state RICO claims upon which relief should be granted, this Court should decline to exercise supplemental jurisdiction. Plaintiffs do not address this argument in their opposition, other than re-asserting the validity of their RICO claims. For this reason, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## II.    <u>Conclusion</u>

The problem here is not a technical pleading defect that is readily curable by amending the SAC. The problem is an absence of *facts*; and Plaintiffs entirely fail to show how they sustained concrete damages traceable to Defendant. Plaintiffs' pleadings are a slew of conclusory allegations that do not tell the Court the "when, where, or how" of the acts alleged, and it would be a manifest injustice to allow Plaintiffs to move forward with a discovery witch hunt. Accordingly, the Court should grant Defendant's Motion and Plaintiffs' RICO claims should be dismissed with prejudice, and supplemental jurisdiction should be denied to any remaining state law claims.

Dated this 24th day of February, 2026.

ERIC HAVERMANN,
Defendant

By: *s/ Maggie L. Ebert*
    Maggie L. Ebert, #24394
    KUTAK ROCK LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE  68102
    Telephone:  (402) 346-6000
    Facsimile:  (402) 346-1148
    Maggie.Ebert@kutakrock.com

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this reply brief complies with the word limit requirement and generative artificial intelligence requirements of NECivR 7.1(d)(1). This brief includes 1475 words, including all captions, headings, footnotes, quotations, and certificates, which were counted by Microsoft Word 365. This reply brief complies with the generative artificial intelligence usage reporting requirement because, to the extent that a generative artificial intelligence program was used in drafting this brief, all generated text, including all citations and legal authority, have been verified for accuracy and approved by a human signatory of this brief.

*s/ Maggie L. Ebert*
Maggie L. Ebert

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2026, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which automatically sent notification to all CM/ECF participants.

*s/ Maggie L. Ebert*
Maggie L. Ebert

4937-9742-7855.1