IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC. d/b/a THE AMERICAN DREAM BAR, KIMBERLY HERNANDEZ, JANE DOE DANCERS #1-25, JOHN DOE SECURITY GUARDS #1-7, JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>      Plaintiffs,<br><br>vs.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE d/b/a DJ NEXT1, EVRON, INC., SEVEN OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, MIROSLAVA KOTSAN, JAMES PULL, ABDUL RAHMANZAI, TOAST, INC., ERIC HAVERMANN<br><br>      Defendants. | Case No. 8:25-cv-00241<br><br><br><br>REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT ON BEHALF OF DEFENDANT MIROSLAVA KOTSAN |

**Introduction**

On December 4, 2025, Defendant Kotsan timely filed her Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF 262). Thereafter, Plaintiffs filed its consolidated brief in opposition on February 10, 2025 (ECF 364), pursuant to the Briefing Schedule entered by this Court. See, ECF 289. Defendant Kotsan timely submits this Reply Brief in accordance with NECivR 7.1 and the Briefing Schedule.

**Argument**

Plaintiffs' opposition brief further demonstrates Plaintiffs have relied upon conclusory allegations and broad generalizations to allege liability against Defendant Kotsan. Plaintiffs failed to show specific conduct committed by Defendant Kotsan which is traceable to concrete harm to the Plaintiffs. Plaintiffs' opposition brief does not rectify the issues raised in Defendant Kotsan's

1

brief. Furthermore, Plaintiffs failed to response to the arguments raised by Defendant Kotsan. District courts in the Eighth Circuit have stated that a failure to respond to arguments raised in a motion to dismiss is deemed an abandonment of that claim or concession of the opposing argument. See, *Muller v. Blue Diamond Growers*, 683 F. Supp. 3d 933, 937 (E.D. Mo. 2023). Therefore, Defendant Kotsan requests this Court grant her Motion to Dismiss. (ECF 262).

1. **Plaintiffs failed to adequately establish they have standing to bring the civil RICO causes of action.**

To have standing under RICO, "the plaintiff must have been injured by conduct which constitutes a racketeering activity, that is, RICO predicate acts, and not by other conduct of the defendant." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.* 187 F.3d 941, 952 (8th Cir. 1999). See, *Sedima, S.P.R.L. v. Imrex Co. Inc.*, 473 U.S. 479, 496-97, 105 S.Ct. 3275, 3275 (1985). The Supreme Court refined standing to bring a RICO claim by refusing to read RICO expansively to allow all factually injured plaintiffs to recover. *Id*. See, *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 266-68, 112 S.Ct. 1311 (1992). The Supreme Court construed "RICO to require proximate cause, that is 'some direct relation between the injury asserted and the injurious conduct allected.'" *Id*. quoting *Holmes*, 503 U.S. at 268, 112 S.Ct. at 1311 (1992). Similarly, courts routinely reject injuries that are speculative, derivative, or rooted in personal harm rather than direct, out of pocket business or property loss. See, e.g., *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768-70 (2d. Cir. 1994) (no RICO standing where alleged losses were contingent and not yet realized); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461, 126 S.Ct. 1991 (2006) ("When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.").

Plaintiffs filed this action as a class action. Plaintiffs include a number of alleged former dancers of Club 180, commercial and residential neighbors of Club 180, and alleged former employees of Club 180. (ECF 364, p. 6). Plaintiffs allege they have standing to bring the RICO claims because they would no longer be subject to prostitution and trafficking. *Id*. Similarly, Plaintiffs allege the residential and commercial real estate neighbors because they will no longer suffer loss in profits or be subject to nuisance. *Id*. However, Plaintiffs include cursory allegations of financial harm. No facts are alleged to explain or quantify these alleged damages. No facts were alleged to demonstrate financial loss to their business or property that is traceable to the RICO

acts. Instead, Plaintiffs used cursory language to group Defendant Kotsan into the conduct of others to state a claim and establish damages. Plaintiffs failed to satisfy they have standing the bring the RICO claims.

    **2.    Plaintiffs failed to sufficiently plead the civil RICO claims against Defendant Kotsan.**

        a.    **Standard of Pleading Civil Rico claims**

To establish a RICO violation, the Plaintiff must allege and prove "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participating in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *Sinclair v. Hawke*, 314 F.3d 934, 943 (8th Cir. 2003) (quoting *United Healthcare Corp. v. Amer. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir. 1996) (internal quotations omitted). Failure to present sufficient evidence on any one element of a RICO claim means the entire claim fails. *Craig Outdoor Advert, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008). RICO claims must be pleaded with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). The heightened pleading means a Plaintiff setting forth a RICO cause of action must plead the who, what, when, where, and how. *Id*.

        b.    **Prostitution**

Plaintiffs' failed to sufficiently plead prostitution as a civil RICO claim against Defendant Kotsan. Section 1961(1) defines a racketeering activity to include violations of section 2421-2424. 18 U.S.C. § 2421 states any individual who "knowingly transports any individuals in interstate or foreign commerce…with the intent to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined …or imprisoned." 18 U.S.C. § 2421(a).

Plaintiffs failed to identify how Defendant Kotsan knowingly transported individuals in interstate or foreign commerce to engage in prostitution. Plaintiffs failed to allege how the actions of others were purportedly sanctioned and approved by Defendant Kotsan. Plaintiffs failed to allege with specificity when Defendant Kotsan's alleged actions occurred and where those alleged actions took place. Furthermore, Plaintiffs failed to specifically plead two related acts that Defendant Kotsan took to engage in prostitution. Instead, Plaintiff reiterates its boilerplate

3

language that Defendant Kotsan has been engaged in prostitution since December 2023 without any detail to satisfy the pleading requirements. Plaintiffs failed to sufficiently plead every element of the civil RICO cause of action for prostitution; therefore, this cause of action fails. *Outdoor Advert, Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1028 (8th Cir. 2008).

  **c. Sex Trafficking**

To sufficiently plead sex trafficking against Defendant Kotsan, Plaintiffs must have alleged Defendant Kotsan knowingly engaged in recruiting, transporting, harboring, soliciting, obtaining, or patronizing a person; (2) the trafficking activity affected interstate or foreign commerce; and (3) the actor knew or acted with reckless disregard of fact, by means of force, threat of force, fraud, coercion, or any combination, for the person to engage in a commercial sexual act. 18 U.S.C. § 1951(a).

Plaintiffs' allegations regarding Defendant Kotsan's involvement in sex trafficking is vague and conclusory. Plaintiffs' vague allegations amount to: (1) Defendant Kotsan and others have contributed to a pattern of sex trafficking. (ECF 364, p. 9); (2) Defendant Kotsan and other Defendants would "pimp" women to customers of Club 180. *Id*.; and (3) Defendants were engaged in sex trafficking since December 2023. (ECF 364, p. 10). Plaintiffs attempt to negate the heightened pleading requirement for civil RICO claims by alleging that some dancers of Club 180 recruited prostitutes. *Id*. at p. 9. Plaintiffs failed to plead how Defendant Kotsan knowingly recruited, transported, harbored, solicited, obtained or patronized a person. Plaintiffs failed to plead how Defendant Kotsan used interstate or foreign commerce to engage in sex trafficking. Plaintiffs failed to plead any allegations of when and where Defendant Kotsan used force, threat of force, fraud, coercion, or any combination to engage in sex trafficking. 18 U.S.C. § 1951(a). Lastly, Plaintiffs failed to demonstrate how Defendant Kotsan engaged in two acts to further sex trafficking. See, 18 U.S.C. § 1961(5). Plaintiffs only plead a generalization that Defendants have engaged in sex trafficking since December 2023. Plaintiffs failed to satisfy the heightened pleading requirement for the civil RICO claim of sex trafficking.

  **d. Drug Trafficking**

Plaintiffs failed to plead what actions were taken on behalf of Defendant Kotsan to engage in drug trafficking. Instead, Plaintiffs have conclusory alleged that all defendants were co-conspirators with Defendants Matthew Longcor, Eric Havermann, James Pull, and Abdul

Rahmanzai, to engage in drug trafficking. (ECF 364, p. 11). Plaintiffs further allege defendants obtained cocaine from outside Nebraska and delivered it to Club 180. *Id*. Plaintiff's opposition brief includes conclusory allegations without any factual content as to who, what, where, when and how as applicable to Defendant Kotsan. See, *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011); *Basile v. Los Angeles Film School, LLC*, 827 Fed. App. 649, 652 (9th Cir. 2020) (finding Plaintiff failed to state any plausible claim for RICO violations, civil rights violations, defamation, or conspiracy because Plaintiff either omitted required elements or rests each of those claims on unreasonable inferences or conclusory legal allegations). Lastly, Plaintiffs failed to demonstrate how Defendant Kotsan engaged in two predicate acts to further sex trafficking. See, 18 U.S.C. § 1961(5). Plaintiffs failed to satisfy the heightened pleading requirement for drug trafficking.

### e. Witness Intimidation

An individual violates the RICO statute for witness intimidation if an individual kills, or attempts to kill another person with intent to prevent the attendance or testimony of any person in an official proceeding, prevent the production of a record, document, or other object in an official proceeding, or prevent the communication by any person to a law enforcement officer or judge. 18 U.S.C. § 1512(a)(1)(B)-(C).

Plaintiffs' Second Amended Complaint and opposition brief conclusory pleads Defendants, including Defendant Kotsan, either individually, or on behalf of an organization, engaged in witness or attorney intimidation. (ECF 225, ¶ 166); (ECF 364, p. 11). There are no facts alleged as to what Defendant Kotsan did, where Defendant Kotsan's actions took place, when Defendant Kotsan's actions occurred, and how Defendant Kotsan's actions resulted in witness and attorney intimidation. Plaintiffs' factual allegations revolve around the alleged conduct of other Defendants, not Defendant Kotsan. Lastly, Plaintiffs failed to demonstrate how Defendant Kotsan engaged in two acts taken by Defendant Kotsan to engage in witness intimidation See, 18 U.S.C. § 1512(a)(1)(B)-(C). Plaintiffs failed to satisfy the heightened pleading requirement for drug trafficking.

### f. Conspiracy

To state a claim under Section 1962(d), a civil plaintiff must demonstrate the alleged co-conspirators knew about and agreed to facilitate a pattern of racketeering activity. *Salinas v. United*

*States*, 522 U.S. 52, 65 (1997). A RICO conspiracy claim "should be more than a conclusory add-on at the end of a complaint." *Mackin v. Auberger*, 59 F. Supp. 3d 528, 555 (W.D.N.Y Nov. 7, 2014) (quoting *Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 230 (E.D.N.Y. 2017)) (internal citations omitted).

In order to state a claim for civil RICO conspiracy, a plaintiff must allege facts to support an agreement to violate a substantive provision of the RICO statute. *Carter v. MGA, Inc.*, 189 Fed. App. 893, 894 (11th Cir. 2006). ("But plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiff's conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss"). Similarly, many federal circuits have held that if a Plaintiff fails to state a claim of the primary RICO violations, then the civil RICO conspiracy claim also fails. *GE Invest. Private Placement Partners II v. Parker,* 247 F.3d 543, 551 n1 (4th Cir. 2001); *Efron v. Embassy Suits, P.R., Inc.*, 223 F.3d 12, 21 (1st Cir. 2000); *Religious Tech. Ctr. V. Wollershiem*, 971 F.2d 364, 367 n.8 (9th Cir. 1992); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990).

In the present case, the conspiracy claim adds nothing other to state the Defendants conspired to commit RICO violations. The Second Amended Complaint only states that Defendants Matt, Miro…have engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, witness intimidation through the ownership and operation of Club 180. (ECF 225, ¶ 194). These statements add nothing more other than to state the Defendants allegedly conspired together. See, *Jackson v. BellSouth Telecomm*, 372 F.3d 1250, 1269 (11th Cir. 2004) (affirming the dismissal of a RICO conspiracy claim because the complaint failed to allege a substantive RICO claim, emphasizing that the RICO conspiracy claim added nothing because it concluded the defendants conspired and confederated to commit a RICO violation). There are no allegations to demonstrate Defendant Kotsan made an agreement with the remaining Defendants to violate the RICO statute nor do these statements create a reasonable inference that Defendant Kotsan made an agreement to violate the RICO statute. This is a conclusory allegation that is insufficient to survive a motion to dismiss. See, e.g. *Carter v. MGA, Inc.*, 189 Fed. App. 893, 894 (11th Cir. 2006). Plaintiffs failed to sufficiently plead this cause of action.

**3.     Plaintiffs failed to sufficiently plead the state law claims against Defendant Kotsan.**

### a. Sexual Harassment

Plaintiffs claim they have sufficiently plead sexual harassment as a cause of action against Defendant Kotsan. However, Plaintiffs' Complaint contains generalizations and conclusory allegation that Defendant Kotsan, as a co-conspirator Defendant, has created a hostile work environment by requiring Club 180 dances to engage in inappropriate sexual activities. (ECF 225, ¶ 197); (ECF 364, p. 15). Plaintiffs further allege "[e]ach member of the conspiracy had either constructive or actual notice of what was occurring at Club 180, yet took no action." (ECF 364, p. 15). This is a conclusory allegation. A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) by pleading merely legal conclusions, labels, and naked assertions. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Furthermore, Plaintiffs failed to plead any damages. Plaintiffs do not elaborate on what those damages were, how they were quantified, and the value of said damages.

### b. Theft

Plaintiffs continue to allege all Defendants were engaged in a theft without giving any context as to how, when, or where. This district court is not bound to accept as true "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *McDonough v. Anoka County*, 799 F.3d 931, 945 (8th Cir. 2015) citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, Plaintiffs failed to quantify the value of their damages. Plaintiffs failed to state a claim for theft.

### c. Negligence

Plaintiffs' opposition brief reiterates legal conclusions to state a claim against Defendant Kotsan. Plaintiffs assert; (1) Defendants were negligent, careless, and reckless in allowing the establishment to be an all-nude strip club next to churches and a high school; (2) Defendants failed to maintain a safe work environment; (3) Defendant Kotsan was negligent in allowing minors to consume alcohol; (4) Defendants were negligent in the hiring, training, and supervision of Club 180. (ECF 364, p. 17-18). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A trial court is not required to accept as true legal conclusions couched as factual allegations. *Id*.

There are no factual allegations to explain how Defendant Kotsan owes a duty to any of the plaintiffs. There are no factual allegations demonstrating how Defendant Kotsan encouraged, authorized, or had knowledge of prostitution. There are no factual allegations to demonstrate how Defendant Kotsan was negligent in hiring, training, and supervising Club 180. In fact, there are no allegations alleged to demonstrate how Defendant Kotsan had any control or authority over these decisions. Lastly, Plaintiffs failed to allege what their specific damages are and how their damages were quantified.

### d.   Unfair Competition

Plaintiffs allege Defendant Kotsan has been engaged in unfair competition by luring dancers away from a different established and have enticed customers with drugs, cash, and the sale of alcohol without a license. (ECF 364, p. 19); (ECF 225, ¶15-19, 232). This is a legal conclusion without detailing what specific actions are attributed to Defendant Kotsan. Plaintiffs further allege American Dream has suffered losses in the amount of six figures. However, American Dream is not a plaintiff in this matter. Plaintiffs failed to specify the damages they suffered and how it was quantified.

### e.   Nuisance

A private nuisance is a non-trespassory invasion of another's interest in the private use or enjoyment of land. *Hall v. Phillips*, 321 Neb. 269, 436 N.W.2d 139 (Neb. 1989). One is subject to liability for private nuisance if his or her conduct is a legal cause of an invasion of another's interest in the private use and enjoyment of the land and the invasion is intentional and unreasonable. *Stephens v. Pillen*, 12 Neb. App. 600, 606, 681 N.W.2d 59 (Neb. 2004).

Like the previous causes of action, Plaintiffs' Second Amended Complaint and opposition brief include legal conclusion by claiming Defendant Kotsan, as a co-conspirator, has contributed to the nuisance claim, which includes noise complaints, motor vehicle traffic, and smoking areas. (ECF 264, p. 20); (ECF 225, ¶ 32, 240-250). Plaintiff failed to plead how the actions of Defendant Kotsan created a nuisance that is unreasonable and intentional. Plaintiffs failed to plead how Plaintiffs private use of their land was invaded. Plaintiffs failed to plead how Plaintiff cannot enjoy the use of their land. Plaintiffs failed to identify their damages and quantify them. Plaintiffs failed to state a claim for nuisance against Defendant Kotsan.

**4. The Court should decline to exercise supplemental jurisdiction.**

A federal court has subject matter jurisdiction over specified state law claim, which the federal court may or may not choose to exercise under its supplemental jurisdiction powers. 28 U.S.C. § 1367(a), (c). A federal district court's decision to exercise jurisdiction [over state law claims] after dismissing every other claim over which it had original jurisdiction is discretionary. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, (2009).

The Eight Circuit has affirmed decisions by lower courts that declined to exercise supplemental jurisdiction over state law claims. In *Crest Const. II, Inc. v. Doe*, after dismissing all civil RICO claims, the district court declined to exercise supplemental jurisdiction over the remaining state law claim. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011). On appeal the Court of Appeals for the Eighth Circuit upheld the trial court's decision and found the lower court did not abuse its discretion. *Id.*; See, e.g. *Nuevos Destinos, LLC v. Peck*, 999 F.3d 64 (8th Cir. 2021) (Eighth Circuit Court of Appeals upheld the district court's decision to decline to exercise supplemental jurisdiction over state law claims after all civil RICO claims were dismissed).

Defendants do not address this argument other than reasserting the sufficiency of their pleading. If the trial court agrees with Defendant Kotsan and dismisses all civil RICO claims against Defendant Kotsan, this Court should decline to exercise its supplemental jurisdiction over any remaining state law claims, which would best be litigated in a Nebraska state court.

## Conclusion

For the aforementioned reasons, Defendant Miroslava Kotsan respectfully requests this Court grant Defendant Kotsan' Motion to Dismiss.

Dated this 24th day of February 2026.


MIROSLAVA KOTSAN, Defendant

By: *s/ Benjamin M. Belmont*
Benjamin M. Belmont #17951
Mariah E. Shaffer, #27726
BRODKEY, CUDDIGAN, PEEBLES, BELMONT & LINE, LLP
10855 West Dodge Road, Suite 100
Omaha, NE 68154
bbelmont@bcplaw.com
mshaffer@bcplaw.com
(402) 397-2000 | (402) 397-0803 (fax)
ATTORNEYS FOR DEFENDANT

### Certificate of Compliance Under NECiv. R. 7.1(d)

Pursuant to NECiv. R. 7.1(d), the undersigned counsel hereby certifies that this brief contains 3,465 words of 6,500 words for a reply brief based upon the word count function within the Word component of Microsoft 365 Apps for Business with which the Brief was created before conversion to pdf form. This count includes all text including the caption, headings, footnotes, and quotations.

The undersigned counsel hereby further certifies that no generative artificial intelligence program was used in drafting this document, or that to the extent such a program was used, a human signatory of the document verified the accuracy of all generated text, including all citations and legal authorities.

*s/ Mariah E. Shaffer*

### CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2026, the foregoing document was electronically filed with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system which will send electronic notifications to all CM/ECF participants.

*s/ Mariah E. Shaffer*
Benjamin M. Belmont #17951
Mariah E. Shaffer #27726
Attorneys for Miroslava Kotsan