IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, KIMBERLY HERNANDEZ, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, DAVID EKDAHL, ERIC HAVERMANN, JAMES PULL, MICHAEL ALAN BEENE, NICHOLAS SCALISE dba DJ NEXT1, MIROSLAVA KOTSAN, BLAIKE KOCA, JESSICA RICHARDSON, ABDUL RAHMANZAI, TOAST, INC., EVRON, INC., SEVEN OAKS INVESTMENT CORP., PAUL WAGGENER, NANCY WAGGENER, BRAVO1 SECURITY, INC., and MICHAEL ELAYAN,<br><br>Defendants. | CASE NO: 8:25-cv-00241<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** |

COME NOW Defendants, Evron, Inc. ("Evron"), Seven Oaks Investment Corporation ("Seven Oaks"), and Nancy Waggener ("N. Waggener"), by and through their undersigned counsel, and for their reply brief in support of their Motion to

Dismiss Plaintiffs' Second Amended Class Action Complaint for Failure to State a Claim under Rule 12(b)(6), state as follows.

## INTRODUCTION

To support each of its causes of action against Defendants Seven Oaks, Evron, and N. Waggener, Plaintiffs rely on nothing more than conclusory allegations. These allegations are insufficient to avoid dismissal.

## ARGUMENT

### I.   PLAINTIFFS' RICO CLAIMS SHOULD BE DISMISSED.

In their brief in opposition, Plaintiffs do not dispute that RICO claims must be pleaded with particularity under Fed. R. Civ. P. 9(b). Instead, remarkably Plaintiffs argue they have adequately pled claims of RICO violations sufficient to withstand a motion to dismiss. "When facing a motion to dismiss, threadbare recitations of the elements of a RICO claim, 'supported by mere conclusory statements, do not suffice.'" *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 357 (8th Cir. 2011) (citation omitted). Additionally, Plaintiffs must allege each of the RICO elements to state a claim. *Id.* at 355 (citing *Gamboa v. Velez,* 457 F.3d 703, 705 (7th Cir. 2006)). As to the Landlord Defendants,[1] Plaintiffs' only allegation supporting its RICO claims of prostitution, sex trafficking and drug trafficking is that the Landlord Defendants were aware or should have been aware that such activities were occurring. Doc. # 225 at ¶¶ 114, 135, 155. While not contained within their Second Amended Complaint, Plaintiffs now add to these allegations the contention

---

[1] In the Second Amended Complaint, Plaintiffs define "Landlord Defendants" as Evron, Seven Oaks, N. Waggener and Paul Waggener. Doc. #225 at ¶ 1.

that the Landlord Defendants should have been aware because "information regarding the sex trafficking also circulated on social media." Doc. #364 at 12. These allegations are not only conclusory, but they fall woefully short of pleading facts sufficiently to satisfy each of the elements of a RICO claim.

> To plausibly allege a civil RICO claim, Plaintiffs must establish four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *H & Q Props., Inc. v. Doll*, 793 F.3d 852, 856 (8th Cir. 2015) (quoting *Nitro Distrib. Inc. v. Alticor, Inc.*, 565 F.3d 417, 428 (8th Cir. 2009)). Plaintiffs must plead each element with respect to each Defendant. *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008).

*Thanh Tam Nguyen v. Ramsey*, No. 25-1750, 2026 LX 46348, at *15 (D. Minn. Jan. 13, 2026); *See Crest Constr.,* 660 F.3d 346 (granting motion to dismiss because complaint contained conclusory allegations and failed to establish each of the elements of a RICO claim and refusing to exercise supplemental jurisdiction over remaining state law claims). Accordingly, Plaintiffs' RICO claims against Defendants Seven Oaks, Evron, and N. Waggener should be dismissed.

## II.    PLAINTIFFS DID NOT PLEAD A CONSPIRACY CLAIM AGAINST LANDLORD DEFENDANTS.

Within their Consolidated Brief in Opposition to Defendants' Motions to Dismiss, Plaintiffs argue they have adequately pled predicate acts of conspiracy and that landlords are jointly and severally liable as co-conspirators in the Club 180 enterprise. Doc. #364 at 12. However, within the Second Amended Complaint, Plaintiffs did not include a claim against the Landlord Defendants for conspiracy. To the contrary, within the Second Amended Complaint, Plaintiffs allege that

3

"Defendants Matt, Miro, Eric, and Jim have engaged in a conspiracy to commit prostitution, sex trafficking, drug trafficking, and witness intimidation…." Doc. #225 at ¶ 199. Now, for the first time in their Brief in Opposition to Defendants' Motion to Dismiss, Plaintiffs argue they have adequately pled predicate acts of conspiracy and that landlords are jointly and severally liable as co-conspirators in the Club 180 enterprise. Doc. #364 at 12. However, it is clear from a review of Plaintiffs' Second Amended Complaint, that Plaintiffs only pled their conspiracy cause of action against Defendants Matthew Longcor, Miroslava Kotsan, Eric Havermann and James Pull.

### III. PLAINTIFFS' STATE LAW CLAIMS ARE SUBJECT TO DISMISSAL.

Having failed to adequately plead a federal question claim against Landlord Defendants, this Court should decline to exercise its supplemental jurisdiction over Plaintiffs' state law claims. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (quoting *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004)). However, in the event the Court exercises its supplemental jurisdiction over Plaintiffs' state law claims, those claims remain subject to dismissal.

### A. Negligence Claim.

Plaintiffs argue that Evron, Seven Oaks and N. Waggener "owed a duty to Plaintiffs not to participate in illegal activities activities and to refuse tenants that

would cause a disruption to the strip mall in which Club 180 is located." Doc. #364 at 17. Plaintiffs make this assertion but fail to cite any law or agreement giving rise to such a duty. Plaintiffs cannot cite any law or agreement because no such duty exists. As argued in Evron, Seven Oaks and N. Waggener's initial brief in support of their motion to dismiss, Plaintiffs have failed to allege an actionable claim for negligence against Landlord Defendants.

Plaintiffs' negligence claim fails for the additional reason that Plaintiffs have failed to allege that any legal duty on the part of the Landlord Defendants to protect any of the Plaintiffs from injury was the proximate cause of damage to those Plaintiffs. *Brown v. Soc. Settlement Ass'n*, 259 Neb. 390, 393, 610 N.W.2d 9, 11 (2000) (citing *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Koltes v. Visiting Nurse Assn.*, 256 Neb. 740, 591 N.W.2d 578 (1999)).

### B. Nuisance Claim.

In an effort to avoid dismissal of their nuisance claim, Plaintiffs argue their Second Amended Complaint contained the following allegation: "Plaintiffs have alleged Defendants Evron, Inc., Seven Oaks Investment Corporation, Paul Waggener and Nancy Waggener authorized the nuisance created by Club 180 by allowing the remaining co-conspirator Defendants to operate Club 180, an all-nude after-hours strip club, which plays music extremely loud decibels nearly every night since December of 2023. (Doc. #225, ¶ 32)." Doc. #364 at 20. Contrary to Plaintiffs' argument, Paragraph 32 of Plaintiffs' Second Amended Complaint alleges the following: "Nick has also engaged in unlawful activities with dancers and repeatedly

violates noise ordinances by playing music at extremely loud decibels." Doc. #225 at ¶ 32. Yet again, Plaintiffs have misstated and attempted to expand the allegations of their Second Amended Complaint to avoid dismissal. Having failed to allege facts to support that the Landlord Defendants authorized or contributed to the causing or the maintaining of an alleged nuisance, Plaintiffs' nuisance claim against Landlord Defendants should be dismissed.

Moreover, because the only Plaintiff with standing to pursue a nuisance claim is Sarah Houston, the property owner who allegedly lives adjacent to Club 180, this Court should decline to exercise supplemental jurisdiction over this claim for this additional reason.

## CONCLUSION

For the reasons set forth herein and in Defendants' original brief, Defendants Evron, Inc., Seven Oaks Investment Corporation, and Nancy Waggener respectfully request that this Court enter an order sustaining their motion to dismiss and dismiss the Second Amended Class Action Complaint with prejudice as to Defendants Evron, Inc., Seven Oaks Investment Corporation, and Nancy Waggener and for such other and further relief as the Court deems just and equitable.

Dated this 24th day of February, 2026.

                              SEVEN OAKS INVESTMENT
                              CORPORATION, EVRON, INC., and
                              NANCY WAGGENER, Defendants,

By:    /s/ *Erin R. Robak*
          Erin R. Robak, #23407
          ERICKSON | SEDERSTROM, P.C.
          10330 Regency Parkway Drive, #100
          Omaha, NE 68114
          (402) 397-2200
          (402) 390-7137 Fax
          eroba@eslaw.com
          *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent a copy by electronic mail to all counsel of record.

                                                /s/ *Erin R. Robak*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word count and typeface requirements of NECivR 7.1(d)(4) (A). This Brief contains 1,571 words. To certify the word count, the undersigned relied upon the word-count function of Microsoft Office 365, applied to include all text, including the caption, headings, and signature block. The undersigned further certifies that the foregoing Brief was produced using 12-point Century Schoolbook font, with line spacing at 2.00.

                                                /s/ *Erin R. Robak*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1 (d)(4) (B), I hereby certify that no generative artificial intelligence program was used in drafting this brief.

                                                     /s/ *Erin R. Robak*