UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

CHUCK STREBLOW, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180,

Plaintiffs,

versus,

CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, JAMES PULL, NICHOLAS SCALISE dba DJ NEXT1 and MIROSLAVA KOTSAN,

Defendants.

**Case No. 8:25-cv-00241-JFB-RCC**

**CORRECTED SECOND AMENDED CLASS ACTION COMPLAINT**

**JURY DEMANDED**

## INTRODUCTION

This lawsuit arises out of an illegal enterprise owned and operated by Defendants since December 2023, Club 180, and for some time prior thereto at other locations. Plaintiffs collectively request monetary damages, plus treble damages and declaratory relief, including the immediate closure of Club 180.

## SUMMARY OF FACTS

1) On or about September 2, 2022, Defendant Matthew Longcor, by and through his company AM314, LLC, (dba Two Fine Irishmen) entered a lease for the property located at 18101 R Plaza, Suite 107, Omaha, NE 68135.

2) The lease states in paragraph (e) "Tenants Trade Name: Two Fine Irishmen" and specifically limits the use of the premises as follows: "Permitted Use of Premises: Bar & Grill for dine-in and take out."

3) The Two Fine Irishmen Bar & Grill went out of business sometime in October 2023 and on or about December 22, 2023, Defendants Matt and his wife Miro and through their company AM314, LLC opened Club 180, an unlawful strip club that is engaged in an illegal enterprise, which has caused substantial harm to its customers and staff, the surrounding neighborhood, and at least two deaths.

4) The community protested against Club 180.

5) On that night, Plaintiff the American Dream Bar ("American Dream") had no dancers because they were all recruited by Club 180 and the next night there were only two dancers.

6) Christmas week of 2023 was the worst ever for Plaintiff the American Dream, as it grossed less than $3,000 when the bar would normally average between $16,000 - $20,000.

7) In all, the American Dream estimates that it has lost in excess of $200,000 as a result of unfair competition by Club 180 since December 2023.

8) The cover charge is typically $20, but Club 180 often lets customers in for free.

9) Although Club 180 advertises themselves as a "membership" club, the club does not actually provide memberships.

10) The membership designations are one of the ways Club 180 prevents law enforcement from entering the building.

11) Club 180 has operated primarily from Wednesday to Sunday nights from 5:00 or 6:00 pm – 4:00 am on Sunday, Wednesday and Thursday and closing 5:00 on Friday and Saturdays, as well as after-hours parties at various locations.

12) Club 180 is adjacent to a church, daycare, and a high school along with several other traditional and mainstream businesses as well as residential zoning.

13) Matt and Miro violated the lease by turning a bar and grill into a strip club, by allowing and participating in illegal activities, by failing to maintain $2 million in insurance per incident, by costing adjacent businesses hundreds of thousands of dollars and causing at least one establishment to go out of business, and by making renovations to the premises in excess of $2,500 without permission from the landlord.

14) Defendants lured dancers from the American Dream and other local gentlemen's clubs with drugs, cash, and false promises.

15) The American Dream has a roster of dancers around half the size it was before Club 180 opened.

16) In over 20 years of operation, the American Dream was never damaged as much by a competitor as it has been by Club 180 since December 2023, due to all the illegal activities that lure away dancers and customers.

17) A restaurant in R Plaza adjacent to Club 180, the Deviled Egg went out of business due to the strip club, which constitutes a direct violation of the Club 180 lease.

18) Dancers were harassed, bullied, and defamed by dancers including but not limited to Malibu, Violet, Persuasia, Amira, and Raine.

19) Defendant James Pull ("Jim") was accused of rape and sex trafficking by a Club 180 dancer who filed a police report with the Omaha Police Department on October 24, 2024, stating in part: "Pull sells her body for sex with his friends constantly."

20) Defendant Nicholas Scalise ("Nick") used his skills as a DJ, substantial social media influence on Facebook and other platforms, and relationships in the community to facilitate the opening and operating of Club 180.

21) Nick has had sexual relationships with Club 180 dancers.

22) Nick repeatedly violates noise ordinances by playing music at extremely loud decibels.

23) Defendants including Matt, specifically told Club 180 security guards to look the other way when illegal activities were occurring; that certain security cameras shouldn't be watched at certain times; that certain people should not be frisked for weapons; and that certain people should not have to produce identification.

24) In the weeks before this lawsuit was filed, at least five Club 180 security guards quit due to Defendants' illegal activities and the unsafe working environment.

25) When dancers at Club 180 have a slow shift, they are sometimes paid to attend after-hours parties where they are expected to engage in prostitution.

26) In his brief tenure at Club 180, one security guard saw at least 3 or 4 dancers give customers hand jobs in private dances, which are illegal acts of prostitution.

## UNLICENSED ALCOHOL SALES & UNDERAGE CONSUMPTION

27) Defendant Matt purchases large amounts of alcohol at Costco Wholesale Corporation and illegally sells and gives away bottles of Kirkland brand Vodka, Tequila, and other alcohol for $60 - $100 per bottle to customers at Club 180.

28) Club 180 sells these bottles at all times of the night and early morning, including after 2:00 am when alcohol cannot be legally purchased anywhere in Nebraska.

29) Club 180 Defendants, including Matt and Ayden, create, provide, and accept fake IDs from customers and dancers between the ages of 17 – 20, and possibly younger.

30) Rose, who began working and drinking alcohol at Club 180 at age 19, consumed large quantities of alcohol at Club 180, and crashed while leaving on two separate occasions.

31) Non-party Persuasia's two fake IDs were confiscated at Club 180 by security guards, yet Matt, Miro, and Ayden allowed her to consume alcohol at Club 180.

**PATTERN OF ILLEGAL ACTIVITIES**

32) On the early morning of February 18, 2024, after being overserved alcohol at Club 180, Joshua Kuhl was driving home with a blood alcohol level of 0.192, when he crashed and killed another driver.

33) Club 180 also does not perform background checks on their dancers, many of whom have extensive criminal records.

34) The Defendants' lease requires AM314, LLC dba Club 180 to have at least $2 million in liability insurance per incident, which they do not have.

35) Upon information and belief, Defendants including Matt, Miro their friends, invite(d) customers and other individuals to sex parties at Club 180 and other locations where Defendants receive sex and cocaine in exchange for money.

36) Matt and other Defendants often hire security guards to work at these events.

**DEFENDANTS REFUSE TO STOP THEIR ILLEGAL ENTERPRISE**

37) Defendants had actual knowledge of all illegal and tortious activities alleged herein.

38) Plaintiffs' counsel sent Defendants' owner Matt a lengthy email and text message demanding that Club 180 cease all illegal activities and these requests were ignored.

39) Defendants' illegal enterprise poses dangers to its dancers and customers, together with its neighbors and the local community.

40) Defendants are jointly and severally liable for all damages caused by their illegal enterprise.

## JURISDICTION

41) This court has jurisdiction under Civil RICO and supplemental jurisdiction over the Nebraska State causes of action. Defendants' arbitration clause in their dancer contracts is unenforceable as it fails to comply with NRS 25-2602.02 (it does not contain the statutorily required statement by the signature block: THIS CONTRACT CONTAINS AN ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES)

## VENUE

42) The activities underlying this complaint arose in this district and the Plaintiffs and majority of Defendants and witnesses reside in this district.

## PARTIES

## PLAINTIFFS

43) Chuck (aka Charles) Streblow is a Nebraska resident and a former security guard of Club 180.

44) Sarah Houston is a Nebraska resident residing adjacent to Club 180.

45) Imagination Industries, Inc. dba the American Dream Bar is an Omaha bar with showgirls that is a competitor of Club 180.

46) John Doe Security Guards #1 – 7 are Club 180 former security guards who wish to remain anonymous.

47) Jane Doe Dancers #1 – 25 are Club 180 current and former dancers who wish to remain anonymous.

48) John and Jane Doe Customers #1 – 100 are Club 180 former customers who wish to remain anonymous.

## THE CLASS

49) Pursuant to Federal Rules of Civil Procedure 23, and 28 U.S.C. § 1332, Plaintiff Sarah Houston brings this action on behalf herself individually and on behalf of all other similarly situated neighbors of Club 180.

50) Excluded from the Class are the Defendants, and any firm, trust, corporation, or other entity in which any Defendant is an agent, beneficiary, officer, director, shareholder, or trustee, as well as the agents, representatives, officers, directors, subsidiaries, heirs, successors-in-interest, and assigns of any such excluded party.

51) The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believes that the Class consists of approximately 75 – 100 members.

52) The identity of every residential homeowner and commercial business owner can be obtained publicly by way of the Douglas County property records online.

53) Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

54) Commonality includes but is not limited to: (a) Nuisances caused by Defendants to members of the Class via music, vibrations, lights, litter, and motor vehicles; (b) Damages caused by Defendants' nuisances; and (c) Loss of property value and business revenue as a result of Defendants' illegal enterprise.

55) Since joinder of all members is impracticable, a Class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

56) Because the damages suffered by individual Class members may be small relative to the total damages suffered by the Class, the expense and burden of litigation make it impossible for members of the Class to individually redress the wrongs done to them.

57) There will be no difficulty in the management of this suit as a class action as Plaintiffs' counsel has experience in such matters.

` **DEFENDANTS**

58) Club 180 is an all-nude BYOB strip club located at 18101 R Plaza, Suite 107, Omaha, NE 68135, operating out of the Two Fine Irishmen Bar & Grill.

59) AM314, LLC is a corporate owner, co-owner, and/or operator or co-operator of Club 180 with a principal office address of 18101 R Plaza, Suite 107, Omaha, NE 68135.

60) Matthew Longcor ("Matt") is the co-owner and operator of Club 180 with a home address of 4913 South 192nd Ave., Omaha, NE 68135.

61) Ayden Longcor ("Ayden") is a co-owner and co-operator of Club 180 with a home address of 4913 South 192nd Ave, Omaha, NE 68135.

62) Eric Havermann ("Eric") is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees.

63) Nicholas Scalise dba DJ Next1 ("Nick") has been an employee and the primary DJ for Club 180 since it opened.

64) Miroslava Kotsan ("Miro") was the co-owner of Club 180 for the majority of its existence.

65) James Pull ("Jim") is a partner, agent and/or co-conspirator of Matt, Club 180, and its servants, agents, and employees who resides at 5901 S. 190th Terrace, Omaha, NE 68135.

## FIRST CAUSE OF ACTION

### CIVIL RICO VIOLATIONS – PROSTITUTION

66) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

67) Defendants Matthew Longcor, Miroslava Kotsan, Eric Havermann, James Pull, and some of the Dancers including Stormie, Rose, and Skyla engage and/or have participated in prostitution and/or recruiting innocent young women from the Omaha metropolitan area and groom them to be prostitutes.

68) Stormie admitted that prostitutes at Club 180 are branded with a special tattoo on their neck and that they have sex with customers in blind spots that the cameras can't see, typically for $800, but rates vary from $500 - $1,000 and higher.

69) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

70) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

71) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

72) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities affect interstate commerce.

73) As a result of this prostitution enterprise, Club 180, by and through the aforementioned Defendants while acting within the scope of their duties, did injure Plaintiffs.

74) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

75) When Jane Doe Dancers are offering legal services in an environment where other women are offering illegal oral sex and intercourse, it makes it much harder to compete and law-abiding Dancer Plaintiffs earn much less money as a result.

76) The American Dream has lost dancers, customers, and income due to Plaintiffs' prostitution.

77) The Neighbor Plaintiffs have suffered lost property value to their homes and businesses due to Defendants' prostitution enterprise.

78) As a direct and proximate result of Defendants' aforementioned racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

79) Wherefore, the Neighbor Plaintiffs, the Jane Doe Dancer Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' prostitution enterprise.

## SECOND CAUSE OF ACTION

## CIVIL RICO VIOLATION - SEX TRAFFICKING

80) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

81) Defendants, including Matt, Miro, Eric, and Jim have facilitated sex trafficking of young women by recruiting them at local establishments and across state lines in Iowa at the Spearmint Rhino.

82) Matt, Miro, and Eric pimp prostitutes to customers at Club 180.

83) Stormie admitted to recruiting dancers and prostitutes and getting them hooked on drugs.

84) Dancers at Club 180 that have sex with customers are branded with tattoos on their necks, including Defendants Stormie and Rose, so customers know who will have illegal sex acts.

85) Defendants Matt, Eric, and Jim travel with these young women across state lines for purposes of prostitution in states including but not limited to Florida, Nevada, and Chicago.

86) On one trip to Florida, Eric beat up a dancer Skyla who refused to have sex with him, which is documented with photos and text messages.

87) A Club 180 dancer filed a police report in October 2024, stating that Defendant James Pull was sex trafficking her.

88) Amy Hadan Fleming posted on social media that, "The old Two Fine Irishmen (180th & Q) is and has been a gentlemen's club DBA Club 180. I personally know a lady whose daughter was a dancer there and trafficked. She and others were offered (cocaine emojis) routinely and that's when they were taken advantage of. Allegations of SA, trafficking and physical assault. Everything has been reported to the police…"

89) The aforementioned activities violate 22 U.S.C. § 7102.

90) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

91) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

92) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

93) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities affect interstate commerce.

94) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

95) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

96) As a result of the foregoing, the Plaintiffs who are legitimate exotic dancers at Club 180 earn far less money because a large percentage of gross revenue is channeled toward the Defendants' sex trafficking, leaving far less money for stage tipping and private dances to be earned by the Jane Doe Plaintiffs.

97) The Neighbor Plaintiffs have suffered lost property value to their homes and businesses due to Defendants' sex trafficking enterprise and Plaintiff American Dream has lost dancers, customers and revenue.

98) Wherefore, the Jane Doe Dancer Plaintiffs, Neighbor Plaintiffs, and the American Dream request damages in the amount of lost earnings and lost property value as a result of Defendants' sex trafficking.

**<u>THIRD CAUSE OF ACTION</u>**

**CIVIL RICO - DRUG TRAFFICKING**

99) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

100) Defendants Matt, Eric, and Jim, distribute and consume cocaine at Club 180 in violation of the Controlled Substances Act.

101) Matt and other Defendants obtain large quantities of cocaine from sources outside the State of Nebraska who deliver it to Defendants at Club 180.

102) The aforementioned Defendants allow and encourage cocaine consumption and trafficking at Club 180 in the restrooms, the back room, and a blind spot in the hallway.

103) On New Year's Eve of 2024, many people were openly consuming cocaine at Club 180.

104) When cocaine is being consumed, Matt will instruct Club 180 security guards to ignore it and look the other way.

105) Plaintiff Chuck Streblow quit as head security guard on March 5, 2025, when Defendant Matt Longcor gave a female customer cocaine to snort in the front of the club in plain view of customers and security cameras.

106) On January 29 of 2024 or 2025, there was drug dealing in the Club 180 group chat between Stormie and non-parties.

107) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

108) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

109) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

110) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities effect interstate commerce.

111) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

112) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

113) Plaintiffs have sustained damages because cocaine is used to trade for sex acts at Club 180, which make it more difficult for legitimate exotic dancers like the Dancer Plaintiffs to earn monetary tips.

114) It also makes it more difficult for Plaintiff the American Dream to compete as they do not allow the sale or consumption of illegal drugs including cocaine.

115) Some Jane Doe Plaintiffs were introduced to cocaine by Defendants, and it has ruined their lives.

116) Some Club 180 Dancers are so hooked on drugs, that they are willing to tolerate the physical and mental abuse of Defendants Matt, Eric and their friends just so they can get their cocaine.

117) Some of these drug addicted dancers have even said they will lie to protect Matt and Eric from criminal prosecution.

118) Wherefore, the Jane Doe Dancer Plaintiffs request damages in the amount of lost earnings, together with physical, emotional and mental damages caused as a result of Defendants' drug trafficking enterprise, the Residential and Commercial Neighbor Plaintiffs request damages for lost property value, and Plaintiff the American Dream requests damages for lost income.

## FOURTH CAUSE OF ACTION

## CIVIL RICO – WITNESS & ATTORNEY INTIMIDATION

119) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

120) To protect their illegal enterprise Club 180, Defendants Matt Longcor, Eric Havermann, and James Pull, acting individually and on behalf of Defendants AM314, LLC, Ayden Longcor, Miroslava Kotsan, and Nicholas Scalise engaged in witness intimidation by threatening to send people to the homes of witnesses, parties and their attorney in this action to cause them physical harm and prevent them from testifying.

121) As a result of these threats, Plaintiffs' co-counsel Chandler Conway withdrew from the case after executing a written co-counsel agreement with Evan Spencer Law, PLLC.

122) These threats have caused emotional distress to Plaintiffs and their attorney and have discouraged prospective Plaintiffs from joining the case and discouraged prospective witnesses from coming forward to assist Plaintiffs.

123) These threats were made to Plaintiff Chuck Streblow before Matt realized that Chuck was a Plaintiff in this case.

124) Matt made threats by text message and in person to employees at Club 180 and other individuals, all for the purpose of scaring and intimidating Plaintiffs, Plaintiffs' counsel, and witnesses in this case.

125) Stormie told a fellow inmate in June 2025, that Plaintiffs' counsel Evan Spencer would be, "dealt with next" and that Matt was sending people to New York to kill Plaintiffs' counsel.

126) The Douglas County Sheriff's office is investigating Defendant Longcor for Felony Death Threats (DCSO20250012686) against Plaintiffs' counsel.

127) After Plaintiffs' counsel filed for a restraining order, Plaintiffs' Jane Doe witness was attacked in jail by other inmates at the direction and/or payment by Matt and Stormie.

128) Matt has threatened some or all of the Jane Doe Dancer Defendants for the purpose of intimidating and silencing them.

129) Defendant Eric Havermann, acting individually and on behalf of AM314, LLC, Matthew Longcor, and all other Defendants, called Plaintiffs' attorney Evan Spencer on March 27, 2025, at 6:00 pm and essentially threatened his life.

130) A police report was filed with the Douglas County Sheriff's Office on March 31, 2025, at approximately 4:00 pm for the crime of Intimidation by Telephone Call (report #: DCSO2025008565) against Mr. Havermann.

131) A warrant was issued for Mr. Havermann's arrest due to the threats made to Plaintiffs' counsel.

132) Rose unknowingly told Plaintiff Chuck Streblow in March 2025, that she would "destroy" and "go after anyone" involved in the lawsuit against Club 180, for the purpose of deterring Plaintiffs and witnesses from participating in the lawsuit.

133) On June 6, 2025, Defendant Eric filed a retaliatory defamation case in Nebraska state court Plaintiffs' counsel while evading service in this case.

134) Pulls' lawyers have also threatened to file an illegal, unethical retaliatory lawsuit against Plaintiffs and their attorney.

135) The aforementioned Defendants are persons within the meaning of 18 U.S.C. § 1962(3).

136) Club 180 constitutes an enterprise within the meaning of 18 U.S.C. § 1961(4).

137) Club 180 has engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. 1961(5).

138) The aforementioned Defendants are associated with this enterprise, the enterprise engages in interstate commerce, and the enterprise's activities effect interstate commerce.

139) Contra 18 U.S.C. § 1962(c), the aforementioned Defendants did knowingly agree to, and did knowingly, conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity proscribed by 18 U.S.C. § 1961(1).

140) As a direct and proximate result of the aforementioned Defendants' racketeering activities, Plaintiffs have been injured and are entitled under 18 U.S.C. 1964(c) to treble damages, attorney's fees, and all costs of bringing this action.

141) As a result of the foregoing, many prospective Dancer Plaintiffs and witnesses have been discouraged from joining or otherwise participating in this litigation, including many of the Club 180 dancers and other Club 180 employees.

142) Wherefore, Plaintiffs demand monetary damages and request an order prohibiting Defendants from future witness tampering.

## **FIFTH CAUSE OF ACTION**

## **SEXUAL HARASSMENT**

143) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

144) Plaintiff Chuck Streblow, the Jane Doe Dancer Plaintiffs, and other Plaintiff Security Guards, were sexually harassed by Matt, Eric, Jim, and Nick since Club 180 opened in December 2023.

145) Such harassment includes but is not limited to a hostile work environment created and maintained by Defendants as well as quid pro quo sexual harassment.

146) These Plaintiffs were required to watch and endure the sexual assault and battery of dancers and the demeaning and insulting of women.

147) These Plaintiffs were subjected to crude sexual language and inappropriate conduct.

148) One Security Guard was sexually assaulted by a dancer and the Dancer Defendants often behaved in a sexually inappropriate manner around the Security Guard Plaintiffs.

149) Club 180 dancers were forced to engage in sexual acts in exchange for keeping their job and/or receiving money and/or cocaine, creating a hostile work environment for Plaintiffs including but not limited to Streblow, and the Jane Doe Dancers.

150) Plaintiff Dancers and Security Guards request damages for sexual harassment.

## <u>SIXTH CAUSE OF ACTION</u>

## THEFT

151) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

152) Defendants, including but not limited to Matt and Ayden stole money from the Jane Doe dancers by intentionally shorting them on single dollar bills.

153) Plaintiffs have obtained numerous video recordings of these thefts and screenshots from Club 180 dancers complaining about thefts by management.

154) After receiving wrapped 100 dollars bundles from the bank, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

155) After counting singles in their money counter, Defendants including Matt and Ayden, would steal 10 singles (10%) from each bundle.

156) After stealing 10% from these bundles, Defendants would give customers and dancers $90 bundles wrapped with a $100 label while falsely claiming it was $100.

157) Defendants stole $10 from every $100 bundle of one-dollar bills.

158) Jane Doe Plaintiff Dancers and Customers routinely complained about being shorted.

159) Another method of stealing from dancers by Defendants was that after dancing on stage when money was scooped into a basket, Miro, Matt, or another manager would insist on counting the money and would often steal from the dancer.

160) In addition, multiple dancers reported receiving counterfeit $100 and $20 bills from the Club 180 front desk.

161) An employee was paid with six hundred-dollar bundles of one's and when the money was counted at the bank prior to deposit, it was revealed that there was only $540.

162) As a result of the foregoing, the Jane Doe Dancer Plaintiffs and Customer Plaintiffs are entitled to an accounting and to damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

163) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

164) Defendants were negligent in allowing minors under 21, some as young as age 17 or younger, to consume large amounts of alcohol at Club 180.

165) Defendants were negligent in getting intoxicated at Club 180 before driving to other destinations from Club 180.

166) Defendants were negligent in allowing Club 180 dancers to consume alcohol at Club 180 and drive home or to other destinations while intoxicated.

167) Defendants were negligent in allowing Club 180 dancers to overserve alcohol to customers.

168) Defendant Nick was negligent in playing Club 180 music too loud, such that it disturbs the entire neighborhood, especially 10:00 pm to 5:00 am on Friday and Saturday nights.

169) Defendants AM314, LLC and Matthew Longcor were negligent in the hiring, training, and supervision of Club 180 dancers, managers, and security guards.

170) As a result of the negligence of the aforementioned Defendants, Club 180 has been permitted to operate since December 2023, at the expense of its employees and neighbors, and at least two deaths have resulted.

171) As a result of the foregoing, Plaintiffs have sustained damages in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION – Neb. Rev. Stat. §59-1602

172) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

173) By providing customers with prostitution and drugs, Defendant Club 180 and other Defendants are engaging in unfair competition to Plaintiff the American Dream, that does in fact follow the law, as well as the Jane Doe Plaintiff dancers who offer legal adult entertainment services.

174) Defendants recruited 15 dancers from the American Dream and others from amongst the other five local strip clubs when they opened December 22, 2023.

175) Defendants offer dancers a place to do drugs and consume alcohol, as well as allowing dancers ages 18 – 20 to consume alcohol.

176) Defendants do not have a liquor license, yet they buy, sell, and give away alcohol at all times of the night and early morning, making it difficult for Plaintiff the American Dream who legally sells alcohol to compete.

177) Defendants including but not limited to Matt, Eric, and Jim provide their dancers with cocaine and other drugs and allow consumption of illegal drugs at Club 180.

178) Defendant Club 180 has a legal occupancy of only 85, yet they allow over 200 customers at any given time.

179) Since Defendants do not follow the law, it makes it far more difficult for Plaintiff the American Dream and individual dancers to compete in the marketplace.

180) Wherefore, Plaintiff the American Dream and the Jane Doe Dancers request monetary damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## NUISANCE

181) Plaintiff Sarah Houston ("Sarah") repeats and reiterate all previous paragraphs as if fully set forth herein.

182) Sarah has lived adjacent to the current site of Club 180 for 35 years and is a business owner in the neighborhood.

183) Club 180 has created a public nuisance for approximately 40+ hours per week from 8:00 pm – 5:00 am or later, Wednesday – Sunday nights for nearly 16 months.

184) Defendants have received dozens of noise complaints from the Omaha Police Department yet refused to lower their music and/or soundproof their building.

185) In fact, the 911 records reveal at least 48 calls since Club 180 opened, mostly anonymous noise complaints.

186) Defendants individually, and their friends and customers, drive hundreds of motor vehicles and motorcycles in and out of the Club 180 parking lot every week between, particularly after midnight, disturbing Plaintiff Sarah and the entire neighborhood.

187) Defendants maintain an outdoor smoking area with lights that disturb the neighbors.

188) Defendants and their friends and customers litter the Club 180 parking lot and local properties with beer bottles, cigarette butts, urine, cans and other garbage and debris, including soiled condoms.

189) As a result of the foregoing secondary effects and others, the Neighbor Plaintiff's property value and that of their Class has been collectively lowered by millions of dollars.

190) The Neighbor Plaintiffs have also suffered damages in the personal disturbances and lost use and enjoyment of their properties due to Defendants' loud music played from 9:00 pm – 5:00 am five nights per week.

**REQUEST FOR DECLARATORY RELIEF**

191) Plaintiffs repeat and reiterate all previous paragraphs as if fully set forth herein.

192) Due to all the criminal activities and torts committed by Defendants, Plaintiffs respectfully request the following declaratory relief:

a. An order from this Court permanently closing Club 180;

b. An order prohibiting Defendant Matthew Longcor from opening another bar, night club, or gentlemen's club in the State of Nebraska;

## PRAYER FOR RELIEF

I. Damages for nuisance and loss of property value to Sarah Houston and all residential and commercial neighbors of Club 180.

II. Damages for sexual harassment to Plaintiff Chuck Streblow, all Jane Doe Plaintiff Dancers and John Doe Security Guards at Club 180, including the creation of a hostile work environment and quid pro quo harassment.

III. Lost earnings for Chuck Streblow and the American Dream.

IV. Collective monetary damages in the amount of $5,000,000 plus treble damages for Plaintiffs and the classes' losses.

Respectfully Submitted,

April 16, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of April, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.