IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHUCK STREBLOW, et al.,

Plaintiffs,

vs.                                                            **8:25CV241**

CLUB 180, et al.,                                     **ORDER TO SHOW CAUSE**

Defendants.

This matter comes before the court on its review of Plaintiffs' Corrected Second Amended Complaint (the "CSAC"). (Filing No. 380). On April 2, 2026, the court ordered Plaintiffs to file a corrected pleading in strict compliance with its directions on or before April 16, 2026. (Filing No. 377). For the reasons stated below, Plaintiffs are now ordered to show cause why this case should not be dismissed for failure to obey the court's order.

On April 2, 2026, the undersigned resolved a series of related motions, including Defendant Abdul Rahmanzai's Motion to Strike the Second Amended Complaint, (Filing No. 269), which the court granted in part. (Filing No. 377). The court found that the Second Amended Complaint (the "SAC") filed November 12, 2025 (Filing No. 225) materially departed from the redlined proposed complaint the court had authorized as the basis for the operative pleading. (Filing No. 169-1). The court's order was specific. It directed Plaintiffs' counsel Evan Spencer ("Spencer") to file a corrected pleading that was compliant with its previously authorized redlined complaint, subject only to: (1) the removal of stricken paragraphs of Filing No. 225 identified in the order, (2) the removal of defendants and claims as previously ordered on November 6, 2025 (Filing No. 222); and (3) subject to specific instructions to retain dismissed defendants, specifically Beene, Ekdahl, Richardson, Elayan, and Bravo1 Security, who were to remain in the corrected pleading

because their dismissals were noted as a matter of record. (Filing No. 377, at pp. 13-14, fn. 4). The intention of those instructions was to ensure that Plaintiffs took no liberties with the court's directions. The court also provided an unambiguous warning:

> The corrected Second Amended Complaint shall contain no additions, revisions, or omissions beyond those expressly directed herein. If Plaintiffs fail to file a corrected Second Amended Complaint in strict compliance with this order, the undersigned will not hesitate to recommend that this action be dismissed in full with prejudice.

(Filing No. 377, at p. 14).

The court has now reviewed Plaintiffs' CSAC (Filing No. 380), SAC (Filing No. 225), and previously redlined complaint (Filing No. 169-1). The court's review identifies several distinct departures from the court's order, including the removal of active defendants without authorization, the omission of paragraphs the order expressly directed Plaintiffs to retain, and the introduction of new language into paragraphs that survived the strike order.

Federal courts have the authority to dismiss an action on their own motion where a plaintiff fails to comply with a court order. That authority rests on two independent foundations. The court's inherent power to manage its own proceedings and to sanction conduct that abuses the judicial process encompasses dismissal as an available remedy. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). Federal Rule of Civil Procedure 41(b) independently authorizes dismissal for a plaintiff's failure to comply with a court order, and the Eighth Circuit has interpreted that authority as coextensive with, rather than limiting of, the court's inherent power. *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) ("A court may so dismiss on its own initiative."); *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (affirming *sua sponte* dismissal with prejudice based on plaintiff's pattern of noncompliance with court orders).

In addition, Rule 11 sanctions may be warranted when a pleading is presented for any improper purpose, including causing unnecessary delay or a needless increase in the cost of litigation. Fed. R. Civ. P. 11(b)(1). Where a court considers imposing Rule 11

sanctions on its own initiative, it must first enter an order describing the specific conduct that appears to violate Rule 11(b) and direct the attorney to show cause why the rule has not been violated. Fed. R. Civ. P. 11(c)(1)(B); *see also Fuqua Homes, Inc. v. Beattie*, 388 F.3d 618, 623 (8th Cir. 2004).

Spencer has now filed four versions of Plaintiffs' complaint, each of which has required the court to undertake a time-consuming line-by-line comparison against prior authorized versions to identify unauthorized departures that Spencer did not disclose and did not seek leave to make. That burden is not a product of the complexity of this litigation. It is a product of Spencer's repeated failure to file what the court ordered him to file.

The CSAC's unauthorized removal of active defendants with pending motions has also placed those motions in procedural limbo. The court cannot evaluate the pending motions to dismiss against the operative pleading when the operative pleading does not comply with the court's order. The court is further concerned that the CSAC was filed under color of compliance with the April 2, 2026 Order while effecting substantive changes to the scope of this litigation that the order never authorized, which raises the question whether the filing served a purpose other than genuine compliance. The result is unnecessary delay for every party in this case and a needless increase in the cost of this litigation, including the costs of additional judicial resources managing these proceedings that a compliant filing would have rendered unnecessary. The CSAC appears to present the very kind of conduct Rule 11(b)(1) was designed to address, and Spencer is directed to show cause why sanctions under Rule 11 are not warranted on this basis.

Accordingly, Spencer is ordered to show cause, on or before May 5, 2026, why this case should not be dismissed under Rule 11, Rule 41(b), and the court's inherent authority. Spencer's response shall specifically address the following:

1. Identify, by paragraph, each change made in the CSAC that differs from the SAC.

2. For each identified change, verify whether it was authorized by the court's April 2, 2026 order (Filing No. 377) and if so, identify the specific provision of that order authorizing it.

3. Identify the impact or effect of those changes on the procedural posture of this case, including to the pending motions to dismiss, the status of each defendant that was named in the SAC and is not named in the CSAC, and Rahmanzai's role as directed by the court's order. To the extent Spencer intended to dismiss any active defendant, he shall explain why he did not file a voluntary notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A), as he has done before in this litigation. (*See* Filing No. 189, Filing No. 193, Filing No. 197). Spencer shall further explain why the omission of active defendants from the CSAC should not be treated as an unauthorized dismissal of parties in violation of the Federal Rules and the court's order, and why that conduct should not result in dismissal of this action or other sanctions.

Failure to respond fully and specifically to each item above, or with a response the court finds inadequate, will result in a recommendation to Senior United States District Judge Joseph F. Bataillon that this action be dismissed with prejudice under Rule 11, Rule 41(b) and the court's inherent authority, without further notice or opportunity to be heard.

Dated this 21st day of April, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge