IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>CLUB 180, et al.,<br><br>                    Defendants. | Civil Action No. 8:25-cv-00241<br><br>**DEFENDANT JAMES PULL'S BRIEF IN SUPPORT OF STATEMENT OF OBJECTIONS TO MAGISTRATE JUDGE'S ORDER** |

Defendant James Pull ("Mr. Pull"), by and through his undersigned counsel and pursuant NECivR 72.2(a) hereby submits this Brief in Support of Statement of Objections to Magistrate Judge Carson's Order (the "Objection"). *See* Filing No. 405.

**INTRODUCTION**

On April 2, 2026, Magistrate Judge Carson entered an Order granting in part Mr. Pull's Motion for Sanctions, ordering Plaintiffs to pay Mr. Pull's fees and costs in connection with responding to Plaintiffs' improperly issued subpoena, opposing Plaintiffs' frivolous Motion for Early Discovery, and preparing for and submitting his Motion for Sanctions (the "April 2 Order"). *See* Filing No. 377.  Mr. Pull and Plaintiffs were unable to reach an agreement as to the amount of fees Mr. Pull was entitled to recover, as Plaintiffs object to the entirety of Mr. Pull's sanctions award, except for $1,324.00.  Filing Nos. 383, 406.  On May 7, 2026, Mr. Pull filed his Motion for Assessment of Fees and Costs, *see* Filing No. 403, in accordance with the April 2 Order.  *See* Filing No. 377 at 34 ("If the parties do not agree on attorney fees and costs to be awarded . . . Pull shall file a motion for assessment of attorney fees and costs no later than May 7, 2026.").

Simultaneously with the litigation surrounding Mr. Pull's entitlement to attorneys' fees and costs, Magistrate Judge Carson ordered Plaintiffs to show cause why the case should not be dismissed due to their counsel, Mr. Evan Spencer's ("Mr. Spencer"), repeated failure to comply

with the Court's orders (the "Show Cause Order"). Filing No. 381. Plaintiffs and Mr. Spencer filed their response to the Show Cause Order, which consisted of a lack of compliance, failure to take accountability, and placing the blame on the Court. Filing Nos. 398, 399, 400.

Against this backdrop of consistent disobedience of the Court's orders and local rules, Magistrate Judge Carson correctly found that Plaintiffs and Mr. Spencer engaged in "pervasive and deliberate" misconduct which warrants dismissal of this matter with prejudice pursuant to the Court's inherent authority, Fed. R. Civ. P. 11, and Fed. R. Civ. P. 41(b). *See* Filing No. 405 at 13.

Mr. Pull does not object to the Magistrate's recommendation that this case be dismissed with prejudice and urges the Court to adopt it. However, even after entry of a dismissal with prejudice, this Court retains jurisdiction to award Mr. Pull his fees and costs. *See Peter v. Jax*, 187 F.3d 829, 832 (8th Cir. 1999). In the event this Court finds that Mr. Pull's Motion for Assessment of Fees shall be included as a pending motion to be denied as moot following dismissal of this matter with prejudice, Mr. Pull asserts the Objection to the portion of Magistrate Judge Carson's ruling recommending "that all pending motions be denied as moot," *id.* at 14, because, without qualification, such recommendation encompasses Mr. Pull's Motion for Assessment of Fees and Costs.

## STANDARD OF REVIEW

"A district court must make a de novo review of a magistrate judge's report and recommendation upon a party's written exceptions." *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996) (citing 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *see also Carr v. True*, No. 8:21-cv-117, 2023 U.S. Dist. LEXIS 12855, at *1 (D. Neb. Jan. 25,

2023) (Bataillon, J.) (applying de novo review to magistrate judge's recommendation to dismiss an action with prejudice as a sanction).

## ARGUMENT

Magistrate Judge Carson erred in recommending that all pending motions—including the Motion for Assessment of Fees and Costs—be denied as moot because the Motion for Assessment of Fees and Costs may be ruled upon and fees awarded to Mr. Pull following a dismissal of this action with prejudice. Generally, a matter is moot when "changed circumstances already provide the requested relief and eliminate the need for court action." *Hillesheim v. Holiday Stationstores, Inc.*, 903 F.3d 786, 791 (8th Cir. 2018) (quoting *McCarthy v. Ozark Sch. Dist.*, 359 F.3d 1029, 1035 (8th Cir. 2004)).

Here, dismissal with prejudice and a failure to rule on Mr. Pull's Motion for Assessment of Fees will neither provide Mr. Pull the relief the Court has already determined he is entitled to nor eliminate the need for court action. Indeed, Mr. Pull was forced to incur attorneys' fees to combat Plaintiffs' and Mr. Spencer's "pervasive and deliberate" misconduct. *See* Filing No. 405 at 13. Although dismissal with prejudice is warranted, it will not undo the harm and financial burden Mr. Pull has been forced to take on as a result of Plaintiffs' and Mr. Spencer's documented failure to comply with the Court's orders and local rules.

Moreover, it is well-settled law that district courts retain jurisdiction to award attorneys' fees following the entry of final judgment. *Peter v. Jax*, 187 F.3d 829, 832 (8th Cir. 1999); *see also Hill v. St. Louis Univ.*, 123 F.3d 1114, 1120-21 (8th Cir. 1997) (affirming an award of attorneys' fees granted following the entry of summary judgment); *see also Budinich v. Beckton Dickinson & Co.*, 486 U.S. 196, 200-02 (1988). Thus, should the Court enter final judgment dismissing this case with prejudice in accordance with Magistrate Judge Carson's recommendation

before reaching the merits of the Motion for Assessment of Fees and Costs, the Court retains jurisdiction to award Mr. Pull attorneys' fees.

In the alternative, in the event this Court finds that Mr. Pull's Motion for Assessment of Fees is moot following a dismissal of this action with prejudice, Magistrate Judge Carson erred in recommending that the Court dismiss all pending motions—including the Motion for Assessment of Fees and Costs—as moot, and Mr. Pull requests an order from the Court awarding his costs and fees pursuant to Filing No. 377.

## CONCLUSION

WHEREFORE, Defendant James Pull respectfully requests that the Court enter an Order dismissing the Second Amended Complaint with prejudice and declining to accept the Magistrate Judge's recommendation that all pending motions be denied as moot as it relates to his Motion for Assessment of Fees and Costs, Filing No. 403.

Dated this 2nd day of June, 2026.

JAMES PULL, Defendant,

By:     */s/ Ryan M. Kunhart*
        Ryan M. Kunhart, #24692
        Alison C. Griffith, #27557
        Dvorak Law Group, LLC
        9500 W. Dodge Rd., Ste. 100
        Omaha, NE  68114
        402-934-4770
        402-933-9630 (facsimile)
        rkunhart@ddlawgroup.com
        agriffith@ddlawgroup.com

Attorneys for Defendant.

4

**CERTIFICATE OF COMPLIANCE**

Pursuant to NECivR 7.1(d)(4), I hereby certify that this Brief in Support of Statement of Objections to Magistrate Judge's Order complies with the word count limitation provided under the rule and further certify that the word count function was applied to include all text, including the caption, headings, footnotes, and quotations. This document was prepared using Microsoft Word and contains 1,264 words. I further certify that to the extent any generative artificial intelligence programs were used in drafting this Brief, I have verified the accuracy of all generated text, including all citations and legal authority.

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 2, 2026, the foregoing document was electronically filed with the Clerk of the Court, using the CM/ECF system, which sent notification to all CM/ECF participants, including the following:

Evan Spencer
305 Broadway, 7th Floor
New York, NY 10007
Evan@EvanSpencerEsq.com

*/s/ Ryan M. Kunhart*
Ryan M. Kunhart