UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, IMAGINATION INDUSTRIES, INC. dba THE AMERICAN DREAM BAR, SARAH HOUSTON, JANE DOE DANCERS #1 – 25, JOHN DOE SECURITY GUARDS #1 – 7, JOHN & JANE DOE CUSTOMERS #1 – 100, and all Similarly Situated Residential & Commercial Neighbors of Club 180, <br><br> Plaintiffs, <br><br> versus, <br><br> CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, ERIC HAVERMANN, JAMES PULL, NICHOLAS SCALISE dba DJ NEXT1 and MIROSLAVA KOTSAN, <br><br> Defendants. | **Case No. 8:25-cv-00241-JFB-RCC** <br><br><br><br><br> **BRIEF IN RESPONSE TO MAGISTRATE'S FINDINGS AND RECOMMENDATIONS** |

## <u>INTRODUCTION</u>

Plaintiffs submit this brief in in opposition to the Court's Findings and Recommendations (ECF No.405), wherein the Magistrate recommends dismissal of Plaintiffs' claims with prejudice sua sponte due to mistake or oversight by the Court. Plaintiffs' counsel was unable to satisfy the Magistrate in the manner in which the pleading was amended, so the case was dismissed with prejudice. This is not a just outcome since it was the Defendants' illegal, tortious, and unethical conduct that caused the dismissal of dozens of parties and created the unusual posture of the case along with errors by the Court. Plaintiffs request leave to file the corrected Second Amended Complaint (ECF No. 380), a motion to file a Third Amended Complaint, or leave to file the case in the District Court of Douglas County Nebraska for resolution of all state court claims by Plaintiffs.

1

## STATEMENT OF FACTS

1) This recommendation by the Magistrate for a sua sponte dismissal (ECF No. 405) was a direct result of errors by the Court, primarily the Court's adoption of ECF No. 169-1 as the operative complaint (ECF No. 222) and the refusal to admit this error after it was pointed out to the Court by Plaintiffs' counsel.

2) It was also a result of the discovery of Plaintiffs' counsel that one or more Defendants are a protected undercover informant for the DEA and Douglas County Sheriff's Office, making them above the law in and outside civil and criminal courts.

3) Thirdly, the 405 ECF court filings were due to Defendants evading service of process, failing to cooperate with Plaintiffs' counsel and the Court, and by their filing of frivolous motions to delay the case and wear down Plaintiffs' counsel as a sole practitioner, including motions to disqualify by four parties, motions to strike, and numerous motions to dismiss.

4) Almost a year ago, on June 9, 2025, Plaintiffs' counsel filed a motion to file a Second Amended Complaint ("SAC") (ECF No. 165) together with a brief (ECF No. 166), declaration (ECF No. 167), and an unsigned proposed 30-page SAC (ECF No. 167-1).

5) This proposed SAC essentially cut everything in half, including the length of the pleading, the number of Defendants, and the number of causes of action.

6) While the original complaint was supported by the evidence and law, it became clear that it would be unmanageable as a single case and it was edited accordingly.

7) It was co-drafted by a senior partner at one of Omaha's best law firms.

8) After the Court rejected the motion (ECF No. 168), Plaintiffs' counsel called the Court and was informed by a female clerk that everything filed was fine, except Plaintiffs had to file a

redline version of the Proposed SAC that demonstrated where all the changes were between the Amended Complaint and Proposed SAC.

9) The next day, Plaintiffs' counsel filed an **Amended Motion to Amend** (ECF No. 169).

10) He believed that in doing so, he could reference the documents contained in ECF No. 165 – 167).

11) As the Court will see, Plaintiffs' counsel requested leave in his amended motion to amend (ECF No. 169, P.2):

12) Plaintiffs motion states:

> "Plaintiffs respectfully file this amended motion in support of Plaintiffs' **motion to amend (ECF No. 165**) and in response to all six pending motions to dismiss by Defendants (ECF Nos. 102, 104, 119, 131, 141, and 156, filed 5/19, 5/20, 5/22, 5/23, 5/27, and 6/5), requesting an order allowing Plaintiffs to file a Second Amended Complaint (SAC) **(ECF No. 167 Exhibit #1)** pursuant to FRCP Rule 15 (a)(2)."

13) **<u>The relief Plaintiffs requested was to file ECF No. 167-1 not ECF No. 169-1</u>**.

14) Thereafter, the Court made a mistake by directing Plaintiffs to file 169-1, "omitting the since-dismissed defendants and related causes of action, but otherwise ensuring that the complaint was "identical" to the redline proposed complaint at Filing No. 169-1 (Filing No. 222)."

15) The problem with this Order by the Court is that a Proposed SAC is supposed to be an unsigned identical draft of the proposed filing (see local rule 15.1).

16) ECF No. 169-1 was never intended to be filed, nor could it be filed.

17) It was not an "unsigned identical draft of the proposed filing," it was as far from that as one could imagine.

18) **It was a complex 64-page complex roadmap in black, red, and blue ink detailing how everything was changed from the 60-page Amended Complaint to the 30-page Proposed Second Amended Complaint (ECF No. 167-1).**

19) Since the Court ruled that the denial of Plaintiffs' motion to file a SAC (ECF Nos. 165 – 167), invalidated the motion, declaration, and brief, it also invalidated the Proposed SAC ECF No. 167-1.

20) If that's the case, ECF No. 169-1 should have been denied for technical reasons as well because it did not contain an unsigned version of the Proposed SAC (like ECF No. 165 – 167-1 did).

21) According to the local rules for civil pleadings Motion to Amend Pleading 15.1, there are two separate requirements.

22) The first is that, "the proposed amended pleading must be a complete pleading that, if allowed to be filed, supersedes the original pleading in all respects…"

23) The second is that, "The motion for leave to amend must (1) specifically state the proposed amendments…"

24) These two requirements are separate and cannot be satisfied by a single document; one is an example of the proposed pleading, the other is a redline edited version showing the edits.

25) Since the Court did not regard ECF No. 169 as an amendment to the motion to amend ECF No. 165 (despite the fact that the Motion was titled an "Amended Motion to Amend…"), then the Court should have either granted the relief requested (permission to file 167-1), or denied this motion (ECF No. 169) for failing to provide both a "proposed amended pleading" and a motion that, "specifically state(s) the proposed amendments."

26) If the clerk at the Court had given Plaintiffs' counsel proper instructions, he would have filed ECF No. 169 with the Proposed SAC ECF No. 167-1, rather than simply referencing it in the subsequent motion.

27) If the original motion to file a SAC (ECF No. 167) was defective and insufficient, the second one (ECF No. 169) was as well.

28) By approving a redline version (169-1) that included phrases like "modified and moved" and "condensed" it was impossible for the Court to see what they were approving without reference to Plaintiffs intended SAC (167-1).

29) When Plaintiffs' counsel wrote "modified and moved" the specific modifications were contained in ECF 167-1, because that is the pleading Plaintiffs' counsel thought he was always trying to file, but he discovered after the fact that the Court did not consider 167-1 as the Proposed SAC.

30) Then, rather than promptly ruling on Plaintiffs' motion, the Court waited five months to issue a ruling November 6, 2025 (ECF No. 222), directing Plaintiffs to file what they called a "corrected" SAC, and subsequently making a briefing schedule (ECF No. 289).

31) Then the Court waited another five months until April 2, 2026, to advise Plaintiffs' counsel that there were minor errors in the Corrected SAC that needed to be altered (ECF No. 377), but the Court gave vague instructions and did not precisely tell Plaintiffs' counsel what to change.

32) The Defendants did not identify anything in particular that needed to be changed either, they merely said that it did not comply with the Court's orders and that the changes were, "nonsensical.".

33) Plaintiffs filed the Corrected SAC (ECF No. 380) and the Court concluded that did not comply with the Court's Order.

34) In addition, this 10-month delay caused by the Defendants evasive tactics and delays by the Court in ruling on the motion to file the SAC, greatly benefited the Defendants, and caused Plaintiffs and witnesses to walk away from the case.

35) Since the Court made errors by first giving Plaintiffs' counsel misinformation over the phone and then accepting filing 169-1, without an unsigned Proposed SAC draft in violation of local rule 15.1, Plaintiffs' should not be held to blame, and the Court should have approved the 23-page Corrected SAC as the operative pleading (ECF No. 380), or allow Plaintiffs to file a motion to file a Third Amended Complaint, which would be the same as the Corrected SAC but different in name only.

36) The remaining Defendants have already filed motions to dismiss: Havermann (ECF No. 259 – 261), Kotsan (ECF No. 262 – 263), Scalise (ECF No. 321 – 322), Longcor/AM314, LLC and Club 180 (ECF No. 334 – 335), and Pull (ECF No. 337 – 338) which the Court can rule upon after designating the operative complaint.

37) Alternatively, Plaintiffs should be permitted to pursue their state claims in the District Court of Douglas County or by way of counterclaims in the Havermann state court lawsuit.

38) The Court gave Plaintiffs an impossible task when they asked for Plaintiffs' counsel on multiple occasions to take the operative complaint (ECF No. 169-1), a 64-page version of a 30-page (and ultimately 23-page) proposed SAC, in black, red, and blue ink, and remove over 50 parties and 11 causes of action while otherwise keeping the pleading "identical."

6

39) With all the parties and over 25 defense lawyers, only one Rahmanzai identified a couple small accidental deviations between the red-line version of the Second Amended Complaint and the one filed by Plaintiffs (ECF No. 269).

40) If the Court found that an allegation was not authorized for whatever reason, they had the inherent authority to strike it from the proposed SAC.

41) The Defendants have not identified any specific violations of the Court's Order, other than to say the Corrected SAC doesn't comply with it.

42) A greater problem was created when the intimidation of Plaintiff Kimberly Hernandez by Defendants and their Gang caused her to withdraw from the case recently on April 15, 2026 (ECF No. 379), which greatly altered the Corrected SAC.

43) When six Landlord Defendants were dismissed with prejudice, the entire pleading was further altered April 22, 2026 (ECF No. 382).

44) In responding to the Court's Order to Show Cause, Plaintiff alternatively requested leave to file a motion to file a Third Amended Complaint and this was denied as well.

45) Since Plaintiffs have reduced the pleading substantially, they should be given the opportunity of filing a motion to file a Third Amended Complaint.

46) Since Plaintiffs Chuck Streblow, Sarah Houston, and Imagination Industries, Inc. still have viable claims under Nebraska state law, they should be permitted to pursue claims in that forum with an attorney/firm admitted to practice in the State of Nebraska.

47) In addition, since these same parties are being sued by Defendant Eric Havermann in Douglas County District Court, they should have the right to file counterclaims in that action without an Order from this Court that would prohibit them from doing so.

## LEGAL STANDARDS

### FRCP RULE 60

48) Pursuant to FRCP Rule 60. Relief from a Judgment or Order, a party maintain relief from a

Judgment or Order if:

(a)  CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The
court may correct a clerical mistake or a mistake arising from oversight or omission
whenever one is found in a judgment, order, or other part of the record. The court may do
so on motion or on its own, with or without notice…

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion
and just terms, the court may relieve a party or its legal representative from a final
judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
misconduct by an opposing party;

(6) any other reason that justifies relief.

49) We review a district court's decision regarding a motion for reconsideration pursuant to

Federal Rule of Civil Procedure 60(b) under an abuse-of-discretion standard. *Arnold v.*

*Wood,* 238 F.3d 992, 998 (8th Cir.2001). "Motions for reconsideration serve a limited

function: to correct manifest errors of law or fact or to present newly discovered evidence."

*Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988) Arnold v. ADT Sec.

Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010)

### SUA SPONTE DISMISSAL IS AN ABUSE OF DISCRETION

50) Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss
a case for failure to prosecute a claim or comply with court orders; unless otherwise
specified, such dismissal operates as an adjudication on the merits. Fed.R.Civ.P. 41(b). This
court reviews a Rule 41(b) dismissal under an abuse of discretion standard. When reviewing
**under this standard, this court employs a balancing test that focuses foremost upon
"the degree of egregious conduct which prompted the order of dismissal** and to a lesser
extent upon the adverse impact of such conduct upon both the defendant and the

8

administration of justice in the district court." Moreover, the sanction imposed by the district court must be proportionate to the litigant's transgression. "Dismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or ... persistent failure to prosecute a complaint." Rodgers v. Curators of Univ. of Missouri, 135 F.3d 1216, 1219 (8th Cir. 1998) (emphasis added – citations omitted)

51) Since the Court erred in its instructions and Plaintiffs' counsel did not deliberately violate a Court Order or fail to prosecute, the case should not be dismissed.

52) "We conclude that the district court abused its discretion in dismissing this action, *see Rodgers v. Curators of Univ. of Mo.,* 135 F.3d 1216, 1219 (8th Cir.1998) (standard of review), because the record does not show that Holly deliberately failed to comply with the June 28 order. Holly v. Anderson, 467 F.3d 1120, 1121 (8th Cir. 2006)"

## SUBJECT MATTER JURISDICTION

53) According to Federal Rule of Civil Procedure 12(h)(3), **"[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."** Fed. R. Civ. P. 12(h)(3); see also Bueford v. Resol. Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction[ ] ... may be raised at any time by a party to an action, or by the court *sua sponte.*"). For the reasons discussed below, this Court lacks subject-matter jurisdiction, and therefore dismisses the action without prejudice. Ellefson v. Ronke, No. 4:25-CV-04128-RAL, 2026 WL 594513, at *1 (D.S.D. Mar. 3, 2026)

54) Since Plaintiff Kimberly Hernandez withdrew from the case, 50 Defendants were dismissed, 35 pages and 11 causes of action were removed, Plaintiffs contend that this Court may no longer have subject matter jurisdiction.

55) At a minimum, the Court must address the issue of subject matter jurisdiction before dismissing a case with prejudice.

56) While the Defendant Toast, Inc., a Massachusetts corporation created minimal diversity for purposes of Nuisance claims under the Class Action Fairness Act, they were dismissed from the case so there is no basis for federal jurisdiction under "CAFA."

9

57) While there were many Jane Doe Plaintiff dancers involved in this lawsuit, Kimberly Hernandez was the only one brave enough to put her name on the case publicly.

58) However, after 11 months of harassment, threats, and defamation, Ms. Hernandez withdrew from the case in April 2026 (ECF No. 378).

59) Doing so, also potentially effected jurisdiction under Civil RICO.

60) The Defendants have argued in their motions to dismiss that the federal claims under Civil RICO are not viable and the Court never addressed this issue.

61) There is no jurisdiction under diversity either as all parties reside in Nebraska.

62) The remaining claims for the remaining Defendants are under Nebraska State law for claims including Sexual Harassment, Nuisance, Tortious Interference and Wrongful Competition.

63) Therefore, if the Court no longer has jurisdiction, the case should be dismissed without prejudice so that Plaintiffs have leave to file their case in the Douglas County District Court.

64) If the Court contends that it does have jurisdiction, for purposes of appeal Plaintiffs respectfully request the Court's rationale for exercising subject matter jurisdiction in this case.

## **CONCLUSION**

WHEREFORE, Plaintiffs request that the Court reconsider its ruling on the Order to Show Cause and either: (1) adopt the corrected SAC (ECF No. 380) as the operative complaint and rule on dismissal by the remaining Defendants (ECF Nos. 259 – 261, 262 – 263, 334 – 335, 321 – 322, 334 – 335, and 337 – 338), or (2) allow Plaintiffs to file a motion to file a Third Amended Complaint, or (3) dismiss the case without prejudice, giving Plaintiffs leave to pursue state claims for Sexual Harassment, Nuisance, Wrongful Competition, and Tortious Interference in the Douglas County District Court of Nebraska with a Nebraska state attorney or law firm.

Respectfully Submitted,

June 2, 2026

By: /s/ *Evan Spencer*

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of June, 2026, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

/s/Evan Spencer
Evan Spencer, Esq.