IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, SARAH HOUSTON, IMAGINATION INDUSTRIES, INC., JANE DOE DANCERS #1-25, JOHN DOE SECURITY GUARDS #1-7, and JOHN & JANE DOE CUSTOMERS #1-100, and all Similarly Situated Residential & Commercial Neighbors of Club 180;<br><br>            Plaintiffs,<br><br>    vs.<br><br>CLUB 180, AM314, LLC, MATTHEW LONGCOR, AYDEN LONGCOR, NICHOLAS SCALISE, EVRON, INC., SEVEN OAKS INVESTMENT CORP., NANCY WAGGENER, PAUL WAGGENER, MIROSLAVA KOTSAN, JAMES PULL, ABDUL RAHMANZAI, TOAST, INC., and ERIC HAVERMANN,<br><br>            Defendants. | **8:25CV241**<br><br><br>**MEMORANDUM AND ORDER** |

This matter comes before the Court on the Findings and Recommendation of the Magistrate Judge, Filing No. 405; Defendant James Pull's Objections thereto, Filing No. 407; and Plaintiffs' Response to the Findings and Recommendation which the Court will construe as an objection, Filing No. 409. For the reasons stated herein, the Court grants Pull's Objection, denies Plaintiffs' Objection, adopts the Magistrate Judge's Findings and Recommendations in part, dismisses the case with prejudice, and refers Pull's Motion for Attorney Fees, Filing No. 403, to the Magistrate Judge.

## I.    BACKGROUND

The Magistrate Judge set out this case's lengthy and aggravating procedural history in great detail, and the Court need not repeat it here. *See* Filing No. 407 at 1–8.

1

Briefly summarized, Plaintiffs' counsel has repeatedly failed to follow the Court's orders, resulting in over 400 filings in a case that has yet to proceed past the pleading stage. Most recently, the Court ordered Plaintiffs to show cause, Filing No. 381, why the case should not be dismissed due to Plaintiffs' repeated noncompliance. Plaintiffs' counsel's response to the order to show cause failed to explain or take responsibility for the noncompliance and instead blamed the Court for his failure to follow directions and argued his errors were not as egregious as the Magistrate Judge represented. Filing No. 398. Finding this response unsatisfactory, the Magistrate Judge has recommended this case be dismissed with prejudice under the Court's inherent authority and Federal Rule of Civil Procedure 41(b). Filing No. 405 at 8–9. In recommending dismissal of the case, the Magistrate Judge also recommended that all pending motions be dismissed as moot. Filing No. 405 at 14.

Prior to the recommendation for dismissal, the Magistrate Judge determined Defendant James Pull was entitled to attorney's fees and costs because Plaintiffs had prematurely served a subpoena without Court authorization. *See* Filing No. 377 at 27–33. He ordered the parties to confer regarding the amount to be paid and to file a motion for fees if an agreement could not be reached. *Id.* at 34. The parties could not agree, so Pull filed his motion for fees on May 7, 2026. Filing No. 403. That motion remains pending.

II.      STANDARD OF REVIEW

The Court may designate a magistrate judge to submit proposed findings of fact and recommendations for disposition on case-determinative matters. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). A party is permitted to file an objection to a

magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). "[T]he [C]ourt shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A district court may also designate a magistrate judge to hear and determine a nondispositive pretrial matter. 28 U.S.C. § 636(b)(1)(A). A party may object to a magistrate judge's order on a nondispositive matter by filing an objection. Fed. R. Civ. P. 72(a). "A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

## III.    ANALYSIS

### A. Recommendation to Dismiss with Prejudice

The recommendation to dismiss the case with prejudice is a case-dispositive matter which the Court reviews under the procedures set forth in 28 U.S.C. § 636(b)(1)(C). Because Plaintiffs and Defendant Pull have objected to the recommendation to dismiss the case with prejudice, the Court reviews the objected-to portions of the Magistrate Judge's proposed findings and recommendation de novo.

As set forth in the Magistrate Judge's order, the Court possesses the authority to dismiss a case sua sponte for failure to comply with its orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) (Court's inherent authority to dismiss); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (Court's authority to dismiss sua sponte under Fed. R.

3

Civ. P 41(b)).  Dismissal with prejudice is appropriate where there is a clear record of intentional delay or contumacious conduct, where the litigant has been warned about failing to comply, or where there have been repeated rather than isolated violations.  *See* Filing No. 405 at 9 (Magistrate Judge's order collecting authority).

Plaintiffs' counsel argues his conduct was not so egregious as to warrant dismissal and his failure to follow Court orders was due in part to being confused by the Court's filing instructions.  Filing No. 409.  Like the Magistrate Judge, the Court does not credit these explanations.  This was not a one-time, accidental failure to follow the Court's order. Plaintiffs' counsel displayed a lengthy pattern of intentionally disregarding the Court's instructions despite numerous rebukes from the Magistrate Judge.  Any confusion was the result of the mess counsel himself made of the record and pleadings due to repeatedly failing to do as the Court asked.  Dismissal with prejudice is warranted under the Court's inherent authority.

Plaintiffs' counsel argues this Court should dismiss the case *without* prejudice instead.  Filing No. 409 at 9–10.  He argues "this Court *may* no longer have subject matter jurisdiction" because one of the plaintiffs has withdrawn which "*potentially* effected [sic] jurisdiction under Civil RICO," and because Defendants have moved for dismissal of the RICO claims which, if granted, would result in there being only state causes of action left in the case.  *Id.* (emphasis added).  As evidenced by counsel's own tentative language, any jurisdictional issue due to the withdrawal of one of the plaintiffs is purely speculative and Plaintiffs opposed Defendants' motions to dismiss the RICO claims rather than conceding there are no viable federal causes of action in this case.  The operative complaint establishes federal-question jurisdiction, and any argument against subject-

4

matter jurisdiction at this stage is little more than an end-run around the Magistrate Judge's sanctions recommendation. The Court is satisfied it has jurisdiction over the case and that dismissal with prejudice is proper.

### B. Defendant Pull's Objection

Defendant Pull objects to the Magistrate Judge's recommendation that all pending motions be dismissed as it applies to his pending motion for fees. Filing No. 407. The Court agrees. The Magistrate Judge has already determined Pull is entitled to an award of attorneys' fees, and it is appropriate to determine the proper amount of such an award.

The Court notes Plaintiffs filed a purported Motion to Set Aside the Magistrate Judge's order requiring them to pay Pull the attorneys' fees. Filing No. 383. The proper procedure would have been for Plaintiffs to file an objection to the Magistrate Judge's order, not a motion to set aside. *See* Fed. R. Civ. P. 72(a). However, even if the Court were to construe Plaintiffs' motion to set aside as an objection, the Magistrate Judge's decision to award attorneys' fees was not clearly erroneous or contrary to law. The Magistrate Judge clearly set out the reasons why the attorney's fee sanction was warranted under Federal Rule of Civil Procedure 37 due to Plaintiffs prematurely serving a subpoena before the Court had ruled on a request for early discovery and after Pull had served a written objection to the subpoena. *See* Filing No. 377 at 28–32. Plaintiffs' objection consists of claiming confusion and blaming the Court and Pull's counsel, excuses which fail to undercut the Magistrate Judge's determination that attorneys' fees were appropriate. *See generally* Filing No. 383. Accordingly, to the extent is can be construed as an objection, Filing No. 383 is denied, and the Magistrate Judge's fees order stands.

5

Accordingly,

IT IS ORDERED:

1) The Court adopts in part the Magistrate Judge's Findings and Recommendations, Filing No. 405, as follows:

2) Plaintiffs' Response to the Findings and Recommendations, construed as an objection, Filing No. 409, is overruled.

3) Defendant Pull's Objection to the Findings and Recommendation, Filing No. 407, is granted.

4) Plaintiffs' Motion to Set Aside the Magistrate Judge's, construed as an objection, Filing No. 383, is overruled.

5) Defendant Pull's Motion for Attorney Fees, Filing No. 403, shall remain pending and is hereby referred to the Magistrate Judge for resolution post-judgment.

6) All other pending motions (Filing No. 198; Filing No. 259; Filing No. 262; Filing No. 321; Filing No. 334; Filing No. 336; Filing No. 337; Filing No. 341; Filing No. 344; Filing No. 382; Filing No. 387; Filing No. 393; and Filing No. 396) are denied as moot.

7) This case is dismissed with prejudice.

8) The Court will enter a separate judgment.

Dated this 8th day of June, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

6