IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et. al.; | |
| Plaintiffs, | **8:25CV241** |
| vs. | |
| CLUB 180, et al., | **ORDER** |
| Defendants. | |

This matter comes before the court on Defendant James Pull's Motion for Assessment of Attorney Fees and Costs. (Filing No. 403). On April 2, 2026, the court granted in part Pull's Motion for Sanctions arising from Plaintiffs' improper service of a subpoena (the "Sanctions Order"). (Filing No. 377). The Sanctions Order awarded Pull reasonable attorney fees and costs incurred in connection with three categories of work: (1) responding to the subpoena; (2) opposing Plaintiffs' Motion for Early Discovery; and (3) preparing and submitting Pull's Motion for Sanctions.

Pursuant to that order, Pull's counsel submitted an itemized billing statement regarding those three categories to Plaintiffs' counsel Evan Spencer ("Spencer") on April 16, 2026, reflecting attorneys' fees totaling $15,196.50. (Filing No. 404-1 at para. 5). Spencer disputed all but $1,324.00 of the requested fees. (Filing No. 404-1, at para. 6; Filing No. 404-3). The parties were thereafter unable to reach an agreement on fees, and Pull timely filed this motion on May 7, 2026. (Filing No. 403). On June 8, 2026, the court dismissed the case with prejudice on other grounds and referred this motion to the undersigned for resolution post-judgment. (Filing No. 411).

For the following reasons, the motion is granted in part. The court finds that some of the requested hourly rates exceed prevailing market rates in this district and will reduce them accordingly, but otherwise finds the time expended and the scope of the billing entries to be substantially reasonable.

## I.      LEGAL STANDARD

The determination of what constitutes a reasonable attorney's fee "is a matter peculiarly within the district court's discretion." *Marshall v. Anderson Excavating & Wrecking Co.*, 8 F.4th 700, 712 (8th Cir. 2021) (citation omitted). The most useful starting point for determining a reasonable fee is the lodestar: the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437.

After calculating the lodestar, the court determines whether adjustment is warranted considering the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 941 (8th Cir. 2021). Those factors include the time and labor required, the novelty and difficulty of the questions presented, the skill required, the customary fee, the experience and ability of the attorneys, and awards in similar cases, among others. *Id.* The court may also reduce a fee award for block billing, inadequate documentation, or duplication of effort. *Ryan Data Exch., Ltd. v. Graco, Inc.*, 913 F.3d 726, 736 (8th Cir. 2019). "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Woodward v. Credit Serv. Int'l Corp.*, 132 F.4th 1047, 1056 (8th Cir. 2025) (citation omitted).

## II.      ANALYSIS

Pull seeks $15,196.50 in attorney fees. Pull's billing reflects work by four people: Ryan M. Kunhart ("Kunhart"), Alison C. Griffith ("Griffith"), DDB, and SRF. Kunhart, a

partner at his firm, billed 0.40 hours at $475.00 per hour, for a subtotal of $198.00.[1] Griffith, a fourth-year associate, billed 36.00 hours at $375.00 per hour, for a subtotal of $13,500.00. DDB, a third-year law clerk, billed 5.10 hours at $235.00 per hour, for a subtotal of $1,198.50. SRF, a second-year law clerk, billed 1.50 hours at $200.00 per hour, for a subtotal of $300.00. Spencer disputes all but $1,324.00 of that amount. (Filing No. 404-3; Filing No. 406).

## A. Determination of Lodestar Amount

The most useful starting point for determining a reasonable fee is the lodestar, which is calculated by multiplying the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The court addresses each part in turn.

### 1. Hourly Rates

Spencer first argues that the rates are excessive. The court agrees that the requested rates for all four attorneys and law clerks require adjustment. "As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated.'" *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (citation omitted). The court "has great latitude to determine a reasonable hourly rate because it is intimately familiar with its local bar." *Benson v. City of Lincoln*, 774 F. Supp. 3d 1046, 1076 (D. Neb. 2024) (*quoting Jet Midwest Int'l Co. v. Jet Midwest Grp.*, LLC, 93 F.4th 408, 420 (8th Cir. 2024)). Recent fee applications in this district reflect that billing rates for experienced litigators in Nebraska range from $250 to $350 per hour. *BJ's Fleet Wash v. City of Omaha*, 2023 WL 2964432, at *5 (D. Neb. Mar. 8, 2023); *Benson,* 774 F. Supp. 3d at 1077. Rates above that ceiling have been reserved for attorneys with exceptional, documented experience beyond what the local market ordinarily commands. *See Benson*, 774 F. Supp. 3d at 1077-78. This court also recently found rates of $290 to $310 per hour reasonable for attorneys with approximately twenty

---

[1] The court notes that 0.40 hours at $475.00 per hour equals $190.00, not $198.00. The discrepancy of $8.00 does not affect the outcome below, however, as the court applies a reduced rate to Kunhart's entry.

years of experience. *Clayton Int'l, Inc. v. Neb. Armes Aviation, LLC*, 2025 WL 2466482 (D. Neb. Aug. 28, 2025).

The court first finds that Kunhart's requested rate of $475 per hour exceeds the prevailing range for experienced Nebraska litigators. Kunhart's declaration establishes that he has practiced commercial litigation for over fifteen years and became a shareholder at his firm in 2019. (Filing No. 404-1, at paras. 3-4). The court does not discount those qualifications, but the prevailing market rate in this district places $350 at the top of the range for experienced litigators absent some exceptional circumstance(s). The record here does not reflect the kind of specialized or exceptional experience that supports a rate above that ceiling. *See id*. at 1077. The court accordingly finds $350 per hour reasonable for Kunhart.

Griffith's requested rate of $375 per hour likewise exceeds what the market supports for an attorney with her experience. Griffith has approximately four years of experience, including one year of prior part-time practice. (Filing No. 404-1, at para. 4). That experience level does not support a rate approaching the upper end of the range reserved for senior practitioners in this district. *See id*. at 1079. The court finds $250 per hour reasonable for Griffith, placing her at the lower end of the prevailing range consistent with her years of practice.

As for DDB and SRF, Kunhart's declaration identifies them only by listing rates for "a second-year law clerk" and "a third-year law clerk." (Filing No. 404-1 at para. 7). The billing entries are consistent with law clerk work, i.e. legal research, analysis of filings, outlining briefs, and correspondence regarding strategy. Their requested rates of $200 and $235 per hour however exceed what the market supports for that type of work. The court in *Benson* found $100 per hour reasonable, expressly holding that rate is "fair compensation and consistent with the prevailing market rates for law clerks in the relevant community." *Benson,* 774 F. Supp. 3d at 1079-80. The court therefore finds $100 per hour reasonable for both DDB and SRF.

2. Hours Expended

The court next assesses whether the hours expended were reasonable. In doing so, the court "weigh[s] the hours claimed against [its] own knowledge, experience, and expertise of the time required to complete similar activities." *Paris Sch. Dist. v. Harter, 894 F.3d 885, 889 (8th Cir. 2018)* (citation omitted). The court is not required to accept counsel's submission as conclusive, but must instead weigh the nature of the work against the time claimed. *Fires v. Heber Springs Sch. Dist., 565 F. App'x 573, 575 (8th Cir. 2014).*

Pull's submission includes 59 billing entries regarding the three authorized categories across approximately five weeks of work. (Filing No. 404-2). The entries are, for the most part, clearly described and confined to a single discrete task, with individual time increments rather than lumped block entries. The court has no difficulty assessing what work was performed and whether the time claimed was appropriate. The entries demonstrate that Griffith performed most of the legal work, with meaningful contributions from the DDB and SRF, and limited additional time from Kunhart.

Spencer makes three objections. First, Spencer argues that his Motion for Early Discovery was made in good faith and the associated fees should not be recoverable. However, the Sanctions Order expressly determined that fees for opposing the Motion for Early Discovery were warranted, and the district court affirmed that determination. (Filing No. 377; Filing No. 411). The court declines to revisit that issue.

Spencer also objects to any fees related to DDB because his identity is unknown. As noted above, the court has identified DDB as a law clerk based upon representations made by Kunhart in his declaration and the nature of the work performed and has reduced his rate accordingly. The entries are adequately described and reflect legitimate research and analytical support. No additional exclusion is warranted on that basis.

Finally, Spencer objects to the 21 hours billed for the sanctions motion and reply, asserting that the work should have taken half the time and that Pull's counsel had form documents available. (Filing No. 406). The court is not persuaded. This case generated over

5

300 filings before Pull filed his motion. The motion required counsel to document and analyze Spencer's procedural conduct, research the applicable standards, and reply to Spencer's opposition. The hours billed are within the range the court would expect for this type of litigation activity. Accordingly, no reduction on that basis is warranted.

### 3.  Lodestar Calculation

Applying the reduced rates to the authorized entries, the court calculates the lodestar as follows. Kunhart billed 0.40 hours at the adjusted rate of $350 per hour, for a subtotal of $140.00. Griffith billed 36.00 hours at the adjusted rate of $250 per hour; after excluding Entries 18 and 19 (1.30 hours), her recoverable hours are 34.70, for a subtotal of $8,675.00. DDB billed 5.10 hours at the adjusted rate of $100 per hour, for a subtotal of $510.00. SRF billed 1.50 hours at the adjusted rate of $100 per hour, for a subtotal of $150.00. Adding those four subtotals together ($140.00, $8,675.00, $510.00, and $150.00) yields a lodestar of $9,475.00. That figure reflects the reasonable hours expended on the authorized categories of work, compensated at rates consistent with the prevailing market.

The court independently reviewed the billing entries and notes two entries should be excluded. Griffith billed 1.30 hours on January 19, 2026 for a "telephone call with client regarding lawsuit" and "follow-up regarding the same." (Filing No. 404-2, Entries 18-19). The court finds that these entries are not sufficiently tethered to any of the three authorized categories of work to be recoverable. Entries 18 and 19 are therefore excluded. With that exception, the court finds the remaining 57 entries reasonable in scope and reasonably connected to the authorized categories of work.

## B.  Johnson Factors

After calculating the lodestar, the court considers whether any upward or downward adjustment is warranted by the *Johnson* factors. *League of Women Voters*, 5 F.4th at 941. Many of those factors are already included in the lodestar determination itself, including the time and labor required, the skill requisite to perform the work, the customary fee, and the experience and ability of counsel. *See Benson*, 774 F. Supp. 3d at 1091. Spencer makes

no specific argument that any *Johnson* factor weighs against Pull's recovery, and the court finds none that would support a further reduction. The issues presented, while not novel, required factual and legal analysis given the volume of motion practice and Spencer's conduct generated. The lodestar amount adequately reflects the time and labor required, the skill of counsel as appropriately reduced to the new rates, and the results obtained. No further adjustment is necessary.

## III.    CONCLUSION

Based on the foregoing, the court finds that Pull is entitled to attorney fees of $9,475.00. In the Sanctions Order, the court permitted additional relief in the amount of $1,000.00 to Pull should further motion practice be necessary to address the fee issue, which of course it was. Accordingly, Pull will be awarded that additional amount.

Accordingly,

IT IS ORDERED:

1.  Defendant James Pull's Motion for Assessment of Attorney Fees and Costs (Filing No. 403) is granted in part. Pull is awarded attorney fees in the amount of $9,475.00 against Plaintiffs.

2.  Pull is awarded an additional $1,000.00 for preparing the instant motion, for a total award of $10,475.00.

Dated this 15th day of June, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

7