IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHUCK STREBLOW, et al.;<br><br>        Plaintiffs,<br><br>   vs.<br><br><br>CLUB 180, et al.,<br><br>        Defendants. | **8:25CV241**<br><br><br>**ORDER** |

This matter comes before the court on four post-judgment motions for attorney fees filed by the remaining named Defendants against Plaintiffs' counsel, Evan Spencer ("Spencer"). (Filing No. 414, Filing No. 417, Filing No. 420, Filing No. 423). On May 19, 2026, the undersigned recommended dismissing this action with prejudice due to Spencer's lengthy pattern of intentionally disregarding this court's instructions. (Filing No. 405). On June 8, 2026, the district court adopted that recommendation and dismissed the case with prejudice. (Filing No. 411, Filing No. 412). The court does not revisit that history here except as necessary to resolve these motions. Each Defendant now seeks attorneys' fees, primarily under 28 U.S.C. § 1927, arguing that Spencer's conduct supporting dismissal also supports an additional award of attorneys' fees. Defendant James Pull ("Pull") further argues that fees are also warranted under Fed. R. Civ. P. 11.[1] Plaintiffs oppose each motion. (Filing No. 427). For the following reasons, the motions are denied.

---

[1] Each motion also invokes Rule 54(d) as a basis for recovering attorneys' fees. Under the American Rule, each party ordinarily bears its own attorneys' fees absent a statute, enforceable contract, or other recognized exception authorizing fee-shifting. *See Hage v. Gen. Serv. Bureau*, 306 F. Supp. 2d 883, 888 (D. Neb. 2003). But by its own terms, Rule 54(d)(2)'s procedural requirements do not apply to fee claims sought as sanctions under 28 U.S.C. § 1927 or the Federal Rules. *See Fed. R. Civ. P. 54(d)(2)(E); see also Franks v. Nebraska*, 2011 WL 5553612, at *2 n.1 (D. Neb. Nov. 15, 2011) (Rule 54(d)(2)(A)-(D) inapplicable to fees sought as a sanction for a rule violation). Because Defendants' claims rest on § 1927, and Pull's also on Rule 11, Rule 54(d) neither authorizes nor governs the fee requests here.

1.    <u>**28 U.S.C. § 1927**</u>

The defendants are not wrong about the record. The court already found that Spencer displayed a "lengthy pattern of intentionally disregarding the Court's instructions despite numerous rebukes from the Magistrate Judge." (Filing No. 411, at p. 4). His conduct forced the court to expend significant resources comparing several amended complaints line by line, required an Order to Show Cause, and ultimately warranted dismissal of the entire action with prejudice, one of the most severe sanctions a federal court can impose. *See Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (*quoting Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (dismissal with prejudice is a "drastic and extremely harsh sanction"). The court does not minimize any of that here. However, Defendants' motions do not ask whether Spencer's conduct was sanctionable. The court already determined it was. They ask whether this record warrants an additional monetary sanction under § 1927 on top of what has already been imposed. It does not.

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred by such conduct." 28 U.S.C. § 1927. The statute is penal in nature and is construed narrowly so it does not dampen an attorney's legitimate zeal in representing a client. *See Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999). Sanctions under the statute are "a serious matter [that] should be approached with circumspection." *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 (8th Cir. 1987). "Section 1927… authorizes the award of excess costs, expenses, and attorneys' fees *for the litigation as a whole*, reasonably incurred because of an attorney's unreasonable and vexatious multiplication of the entire proceedings, including fees-on-fees." *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017) (emphasis in original). The statute makes sanctions discretionary, not mandatory. *Burull v. First Nat'l Bank of Minneapolis*, 831 F.2d 788, 790 (8th Cir. 1987). At minimum, the attorney's conduct, viewed objectively, must manifest either intentional or reckless

2

disregard of the attorney's duties to the court. *Jones v. UPS, Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) (*citing Tenkku v. Normandy Bank*, 348 F.3d 737, 743 (8th Cir. 2003)).

The court already determined that dismissal with prejudice was the reasonable and proportionate sanction for Spencer's conduct, and it did not reach that conclusion lightly. As detailed at length in the Findings and Recommendation and the Memorandum and Order adopting it, the court proceeded incrementally: correcting pleadings, issuing warnings, and ordering Spencer to show cause before concluding that lesser measures had failed and that dismissal was the only sanction left available. (Filing No. 405, at pp. 9-13; Filing No. 411, at p. 4). Defendants point to nothing in this record, beyond the conduct already addressed through those sanctions, that justifies layering a further monetary award on top of them.

Havermann and Pull argue that Spencer recently admitted that the court lacks subject matter jurisdiction, thus indicating that the entire action was brought in bad faith. While the court does not approve with *how* Spencer dismissed parties or *how* he managed the pleadings, at no point did the court comment on the merits of Plaintiffs' claims. The dismissal instead rested entirely on Spencer's noncompliance with the court's discrete orders governing the pleadings. Some courts have noted that the purpose of §1927 sanctions is to shift the entire financial burden of an action's defense, but only "if the entire course of proceedings was unwarranted and should not have been commenced or pursued." *Blixseth*, 854 F.3d at 632. As another court concluded, "[p]unishment under th[e] statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir 1994) (internal quotation and citation omitted).

This same reasoning applies here. While the strength of some of the claims may have been questionable, the court never found the entire course of proceedings to be frivolous or unwarranted. *See NAACP Special Contribution Fund v. Atkins*, 908 F.2d 336, 340-41 (8th Cir. 1990) (affirming denial of § 1927 sanctions where the plaintiff pursued a

3

jurisdictional theory that ultimately failed). Moreover, the district court rejected Spencer's jurisdictional argument, finding it "little more than an end-run around the Magistrate Judge's sanctions recommendation." (Filing No. 411, at pp. 4-5). As the district court noted, any jurisdictional issue was purely speculative and nothing in the record suggested the court lacked jurisdiction at any point throughout the proceedings. The court was satisfied that it had jurisdiction over the case and that dismissal with prejudice was proper. (Filing No. 411, at pp. 4-5). Courts have declined to impose § 1927 sanctions on similar conduct even where the underlying action was ultimately dismissed. The court likewise declines to impose § 1927 sanctions on that basis here.

## 2.    **<u>Fed. R. Civ. P. 11</u>**

Pull also seeks fees under Fed. R. Civ. P. 11(b), arguing that the allegations against him lacked evidentiary support. (Filing No. 425, at pp. 4-5). Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). But Rule 11(b) does not stand alone. Subpart (c) governs how a party may seek sanctions in violation of 11(b), and it imposes a mandatory safe-harbor requirement:

4

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

Compliance with that safe-harbor requirement is a condition precedent to an award of fees under Rule 11. *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1030 (8th Cir. 2003). Pull's brief describes only a pre-suit letter that he sent Spencer on April 30, 2024, warning him of Pull's intent to seek Rule 11 relief. (Filing No. 425, at p. 1). That letter does not serve as a Rule 11 motion and does not satisfy the Rule's safe harbor requirement. *Caranchini v. Nationstar Mortg., LLC*, 97 F.4th 1099, 1102–03 (8th Cir. 2024). Because Pull did not satisfy the rule's requirements, the court finds that his request lacks merit and is therefore denied.[2]

### 3.    <u>The Court's Inherent Authority</u>

Pull also raises the court's inherent authority to sanction Spencer in his reply brief, but the court declines to exercise that discretion here. In *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), the Supreme Court held that federal courts possess inherent authority, independent of their own rules or statutes Congress passed, to fashion an appropriate sanction for conduct that abuses the judicial process. That authority was one of the original grounds for recommending dismissal of this case. (Filing No. 405, at p. 13). The court recognizes that it possesses the inherent authority to apply additional sanctions regarding Spencer's conduct, but declines to do so for the reasons already noted. Sanctions exist to deter misconduct and remedy its effects, not to multiply punishment for its own

---

[2] The court recognizes that it relied on Fed. R. Civ. P 11 as one basis for sanctions when it issued the Order to Show Cause and later recommended dismissal. (Filing No. 381, Filing No. 405).  The court does not intend to revisit that same conduct to impose a further sanction here. In any event, the court's invocation of Rule 11 does not excuse the parties from the rule's procedural requirements when they invoke it independently by motion.

sake. The court selected the sanction it considered necessary to serve that purpose and nothing in the record calls for more.

### 4.      Any Request for Costs Is Also Denied

Defendants Kotsan and Havermann make a passing reference to "costs" in their motions, and in particular in their prayers for relief (Filing No. 417, Filing No. 420, Filing No. 421, at pp. 1, 6). But neither separately requested nor substantively argued for an award of costs as its own category, nor did they include a bill of costs or file one with the court. Section 1927 authorizes only the "excess costs" reasonably incurred because of the sanctionable conduct, not the ordinary costs of litigation generally. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 757 fn. 3 (1980). Pull, meanwhile, never requested costs as a category at all, but his invoice was the only one that itemized any costs advanced ($132.90 for police report copies and postage). (Filing No. 426, at p. 5). But those charges predate the sanctioned conduct by nearly a year, and nothing ties those charges to it. Because no Defendant has shown that any specific costs were incurred because of Spencer's sanctionable conduct, the court declines to order the payment of any here. Moreover, and even if raised, the request was not properly made and is untimely. *See* NECivR. 54.1(b) and (d) (a party seeking costs must file a verifiable bill of costs within 30 days after entry of judgment. "A party failing to file a bill of costs within the time allowable waives taxable costs").

Accordingly, IT IS HEREBY ORDERED that the Defendants' Motions for Attorney Fees (Filing No. 414, Filing No. 417, Filing No. 420, Filing No. 423) are denied.

Dated this 21st day of July, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

6